1   The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM', <br><br> Plaintiff, <br><br> v. <br><br> VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X, <br><br> Defendants. | No.  CV06-0204JCC <br><br> **DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** <br><br> NOTE ON MOTION CALENDAR: April 7, 2006 |

**I.   INTRODUCTION**

Defendants Virtumundo, Inc. ("Virtumundo"), Adknowledge, Inc. ("Adknowledge"), and Scott Lynn (collectively "Defendants") herein move to dismiss this action with prejudice for lack of personal jurisdiction. Defendants have had no contacts with Plaintiff, except Plaintiff randomly accessed in Washington emails he alleges Defendants initiated from out of this state.  Defendants Adknowledge, Inc. and Virtumundo, Inc. are out-of-state corporations, and do not have any physical presence in the State of

DEFS.' MOT. TO DISMISS FOR LACK OF JURISDICTION - 1 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Washington. Defendant Scott Lynn is a resident of the State of Missouri, and serves as Chief Executive Officer of Adknowledge. None of Defendants have availed themselves of this forum and haling them into Court would offend the constitutional principles of due process. Accordingly, the Court should dismiss this action.

## II. FACTS

Adknowledge is a Delaware corporation with its principal place of business located in the State of Missouri. See Declaration of Michael Geroe In Support Of Motion To Dismiss For Lack Of Personal Jurisdiction ("Geroe Decl.") at ¶ 3. Virtumundo is a Delaware corporation with its principal place of business located in the State of Kansas. See Declaration of Allen Brandt In Support Of Motion To Dismiss For Lack Of Personal Jurisdiction ("Brandt Decl.") at ¶ 5. Defendant Scott Lynn is a resident of Kansas City, Missouri, and serves as Chief Executive Officer of Adknowledge and sole shareholder of both entities.[1]

Adknowledge and Virtumundo advertise via email, but transmit email advertisements through the Internet to no particular destination. The email addresses to which emails are sent do not contain area codes or mailing addresses that would designate the location of the recipient. See Brandt Decl. at ¶ 24. Moreover, email can be accessed anywhere in the world via the Internet and, as a result, email cannot be sent to a particular geographic location. Id.; Geroe Decl. at ¶ 18. Accordingly, Adknowledge and Virtumundo have neither targeted any bulk email or other advertisements to the State of Washington (Geroe Decl. at ¶ 7), nor sought to provide any goods or services to the State of Washington (Brandt Decl. at ¶ 16).

---

[1] Neither Defendant Virtumundo, Inc. nor Defendant Scott Lynn were properly served with process in this action. Virtumundo, Inc. and Scott Lynn **do not** waive Plaintiff's obligation to serve valid process upon them.

DEFS.' MOT. TO DISMISS FOR LACK OF JURISDICTION - 2 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

To the contrary, both Adknowledge and Virtumundo have taken affirmative steps to avoid contact with Washington residents. Adknowledge provides permission-based marketing services wherein consumers may voluntarily provide their contact information if they are interested in receiving marketing offers regarding certain subject matter. See Geroe Decl. at ¶ 13. Customers can choose to provide varying amounts of information, including a city or state of residence if they wish. Id. Because of a desire to avoid litigation in Washington, Adknowledge adopted a practice in at least early 2004 of suppressing the transmission of commercial email to all consumers from its database who provide city or state information indicating residence in Washington. Id. at ¶ 15. The commercial email addresses which are suppressed from Adknowledge's database receive no further communication or contact from Adknowledge. Id. In fact, Adknowledge has suppressed approximately 1.3 million email addresses from individuals who self-reported that they are from Washington State over a period of several years. Id. at ¶ 16. Additionally, Adknowledge ceased adding email addresses to its database from people who reported a Washington residence in December 2004. Id. at ¶ 17.

Virtumundo has also taken proactive steps to avoid contact with Washington and the plaintiff. Virtumundo's General Counsel, Allen Brandt, after receiving notice from Adknowledge that Plaintiff James Gordon ("Plaintiff") was targeting litigation against out of state parties, caused Plaintiff's name to be removed from Virtumundo's database of consumers. See Brandt Decl. at ¶ 25. Virtumundo never made any contact with Plaintiff via email, for commercial purposes, or otherwise. Id. at ¶ 26.

Nor do Adknowledge or Virtumundo have other contacts with the State of Washington. Adknowledge does not have any offices in the State of Washington. See Geroe Decl. at ¶ 5. Adknowledge does not own or rent real

DEFS.' MOT. TO DISMISS FOR
LACK OF JURISDICTION - 3
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  property in the State of Washington.  Id.  All of Adknowledge's employees are
2  located in the States of Missouri, California, New York, and Texas.
3  Adknowledge has no employees in the State of Washington.  Id. at ¶ 6.
4  Adknowledge does not have any offices, statutory agents, telephone listings or
5  mailing addresses in Washington.  Id. at ¶ 7.  Adknowledge has no bank
6  accounts, licenses, or other operations in Washington.  Id.  Adknowledge is
7  not subject to taxation in Washington.  Id. at ¶ 9.  Adknowledge does not
8  advertise in any Washington newspapers or magazines or other Washington
9  print, radio or television media.  Id. at ¶ 10.  Adknowledge does not generate
10 any substantial percentage of its revenues from consumers clicking on its
11 email advertisements in the State of Washington.  Id. at ¶ 11.

12      Similarly, Virtumundo has no offices or employees in the State of
13 Washington.  See Brandt Decl. at ¶ 13.  Rather, all employees are located in
14 the State of Kansas.  Id. at ¶ 15.  Virtumundo does not own or rent real
15 property in the State of Washington.  Id. at ¶ 14.  Virtumundo has no office,
16 statutory agent, telephone listing or mailing address in Washington.  Id. at ¶
17 17.  Virtumundo does not have any vendors, bank accounts, licenses or other
18 operations in Washington.  Id. at ¶ 18.  Virtumundo is not subject to taxation
19 in Washington.  Id. at ¶ 19.  Virtumundo does not advertise in any
20 Washington newspapers or magazines, or other Washington media.  Id. at ¶
21 20.  Virtumundo does not have any Washington-based shareholders.  Id. at ¶
22 21.  None of Virtumundo's employees or agents have traveled to Washington
23 on official business.  Id. at ¶ 22.  Virtumundo does not generate any
24 substantial percentage of its revenue from activities in the State of
25 Washington.  Id. at ¶ 23.  In 2004, only 0.04% of Virtumundo's revenue was
26 generated from Washington.  Id.  In 2005, a mere 0.16% of Virtumundo's
27 revenue was generated from Washington.  Id.
28      Finally, Plaintiff has not alleged a business relationship with any of the

DEFS.' MOT. TO DISMISS FOR
LACK OF JURISDICTION - 4
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 Defendants. Plaintiff has not alleged that Defendants have provided him
2 goods or services. The only alleged relationship between Plaintiff and
3 Defendants is that Defendants distributed emails over the Internet which
4 Plaintiff fortuitously accessed while in the State of Washington.

## III.  ARGUMENT AND AUTHORITY

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides that a Court may dismiss a motion for "lack of jurisdiction over the person." FED. R. CIV. P. 12(b)( 2). The plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. See Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984); Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). When defendant's motion to dismiss is made as its initial response, plaintiff must make a prima facie showing that personal jurisdiction exists. See Data Disc, Inc. v. Sys. Technology Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. See WNS, Inc. v. Farrow, 884 F.2d 200, 203-04 (5th Cir. 1989).

The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, a defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." International Shoe Co. v. Korea, 326 U.S, 310, 316 (1945).

The purpose of the "minimum contacts" requirement is to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty

imposed by their status in the federal system. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 - 292 (1980). The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 560 (9th Cir. 1995) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)). The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum, and the litigation. Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Applying the foregoing standards to the instant motion requires dismissing this lawsuit.

### A. The Complaint Does Not Allege a Prima Facie Case of Specific Jurisdiction

Specific jurisdiction is satisfied only if the defendant has "*purposefully directed*" its activities at residents of the forum. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984) (emphasis added). Additionally, the litigation must result from injuries that "arise out of or relate to" those activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). In that respect, the Ninth Circuit uses a three-part test to determine whether a district court may exercise specific jurisdiction over a nonresident defendant:

> (1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections[;] (2) the claim must be one which arises out of or results from the defendant's forum-related activities[; and] (3) exercise of jurisdiction must be reasonable.

Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted)(emphasis added). Plaintiff must satisfy each element of the test articulated in Ballard to defeat this Motion to Dismiss.

///

### 1. Defendants did not "purposefully avail" themselves of the laws of the state of Washington.

The "purposeful availment" requirement is satisfied only where the plaintiff demonstrates that the defendant's contacts with the forum state create a "substantial connection" with the forum state, and where the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there. Burger King Corp., 471 U.S. at 474-75. Courts that have examined whether a defendant who sent emails accessed in the forum state is sufficient to establish purposeful availment have consistently held that emails alone are not enough. Central to this analysis is the fact that email addresses (as opposed to mail address and phone numbers) are location neutral. For example, the sender of an email to "jim@gordonworks.com" has no reason to conclude that the emails will be viewed in any particular forum.

The District Court of Utah recently held that where only three email addresses out of 400 received in Utah could be identified as Utah addresses, the sending of mass email to those 400 addresses were insufficient to establish purposeful availment. Hydro Engineering, Inc. v. Landa, Inc., 231 F.Supp.2d 1130 (D. Utah 2002). In contrast, the defendants in this case are not alleged to have sent an email to a single address with a geographic indication. (Complaint, 4:8-9, alleging emails were sent to one or more addresses through the domain "gordonworks.com".) See also, Barrett v. Catacombs Press, 44 F.Supp.2d 717, 729 (E.D.Pa. 1999) (holding that the exchange of three emails, without more, did not amount to purposeful availment); and Machulsky v. Hall, 210 F.Supp.2d 531, 542 (D.N.J. 2002) (email correspondence relating to a single purchase did not amount to "substantial connections" with the forum state). Recent State Court decisions further support the dismissal of Plaintiff's suit. See, e.g., Fenn v. Mleads

Enterprises, Inc., 2006 UT 8; 545 Utah Adv. Rep. 7; 2006 Utah LEXIS 8 (Utah February 10, 2006) (failing to find purposeful availment where marketing agency sent an email with no knowledge of geographic location where it would be retrieved); see also Metcalf v. Lawson, 148 N.H. 35 (N.H. 2002) (Holding that emails with a purchaser who bought an item through an online auction website, where the emails were sent without knowledge of purchaser's residence, were insufficient to establish minimum contacts).  In Fenn, the Utah Supreme Court recently considered whether email alone was sufficient to establish personal jurisdiction.  The Fenn Court considered that, "The main complication is that a defendant . . . is generally unaware of the geographic location to which it sends an email because that information is not necessarily provided with the email address." Fenn v. Mleads Enters., 2006 UT at 12.  The Fenn Court held that sending emails to location-neutral addresses did not pass constitutional muster to establish personal jurisdiction.

Applying the Ninth Circuit's standards and the overwhelming weight of authority addressing personal jurisdiction on the Internet also supports dismissal of the instant matter.  The Ninth Circuit addressed the issue of purposeful availment as applied to Internet websites in Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997).  The Cybersell Court held that in order for a website to give rise to personal jurisdiction, the website must have some presence in that jurisdiction and it is not sufficient that it merely operates a "passive" website.  In Cybersell, the Ninth Circuit held that registering a domain name identical to a trademark and posting a web site via such domain name on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another. See Cybersell, 130 F.3d at 418. There must be "something more" to demonstrate that the defendant purposefully directed his activity in a substantial way toward the forum state.

1  Id.  In Cybersell, defendant Cybersell, Inc. (a Florida corporation) registered
2  the domain name <cybersell.com>.

3  Plaintiff Cybersell, Inc. (an Arizona corporation) had submitted an
4  application to the United States Patent and Trademark Office to register the
5  name CYBERSELL as a service mark, and had previously operated a web site
6  using the mark. At the time Cybersell-FL registered the domain name,
7  Cybersell-AZ's web site had been taken down for reconstruction and the
8  application for the service mark had not yet been approved. When
9  Cybersell-AZ discovered defendant's web site, it filed a trademark
10 infringement action in the District of Arizona. The Court found that
11 defendant's use of the Cybersell name on an essentially passive web site
12 advertisement did not constitute purposeful availment of the privilege of
13 doing business in the state of Arizona because defendant had no contacts with
14 Arizona other than maintaining a web page accessible to anyone over the
15 Internet.  Id. at 419; see also Bensusan Restaurant Corp. v. King, 937 F.
16 Supp. 295 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2d Cir. 1997) (holding that
17 personal jurisdiction was improper as to a defendant who merely posted
18 information on its Website).

19  The Ninth Circuit's reasoning in Cybersell applies in the present
20 matter.  Like the defendant in that case, Defendants' actions are distributed
21 throughout the Internet without any purposeful direction towards any
22 particular forum.  Plaintiff's location can not be discerned from his email
23 addresses.  Further, Plaintiff can access his email accounts via any
24 Internet-enabled device located in any city, state or country on the planet.
25 Thus, Plaintiff's email address is in no way linked to the State of Washington.

26  Propagating information through email is no different than making
27 information available through a passive Website.  Email and Websites both
28 distribute content to individual computers via the Internet; they simply use

1  different transmission protocols.  Internet content is distributed across the
2  globe in the same technical fashion, regardless of whether the content is
3  transmitted as an Internet world wide web site through TCP/IP protocol, or
4  by email.  From a jurisdictional standpoint, Email and Websites are
5  indistinguishable.  Thus, the reasoning and holding in Cybersell controls.

6  Plaintiff alleges that his location could be determined "upon request" or
7  from "other public sources." (Complaint, 4:4-5.)  The law places no burden on
8  Defendants to research and discover Plaintiff's location.  The availability of
9  this information for parties who wish to research it is insufficient to establish
10 jurisdiction in Washington.  Indeed, if the Court adopted a rule whereby the
11 mere availability of information was sufficient to establish purposeful
12 availment then the history of personal jurisdiction jurisprudence would be
13 substantially different.  The Cybersell court dismissed this approach when it
14 considered that the defendant could have simply performed a trademark
15 search to determine the potential plaintiff in Arizona, but held that due
16 process does not require such a burden on those making information available
17 over the Internet.

18 In an unreported case, the Ninth Circuit ruled that email alone is
19 insufficient to establish personal jurisdiction.  In Siskiyou Properties, LLC v.
20 Bennett Holdings, LC, 13 Fed. Appx. 553, 2001 U.S. App. LEXIS 14429 (9th
21 Cir. 2001), the Ninth Circuit held that "dozens [of] telephone, mail, fax and
22 e-mail" sent to Oregon were not sufficient to establish purposeful availment
23 in Oregon.  The Ninth Circuit so held despite the fact that mail addresses
24 clearly indicate the state to which the mail is sent without having to resort to
25 a website.  The Ninth Circuit, citing Burger King, 471 U.S. 478, noted that "a
26 contract alone does not automatically provide the required minimum contacts
27 for the exercise of personal jurisdiction." Siskiyou Properties, 2001 U.S. App.
28 LEXIS at 6-7.

DEFS.' MOT. TO DISMISS FOR
LACK OF JURISDICTION - 10
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 Furthermore, it is well-settled in the Ninth Circuit and other circuits that phone calls, mailings and fascimile do not provide for personal jurisdiction. See Peterson v. Kennedy, 771 F.2d 1244, 1262 (9th Cir. 1985) (telephone and mail contacts alone are insufficient to satisfy the purposeful availment test); see also Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica, 614 F.2d 1247, 1254 (9th Cir. 1980) ("use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state"). For example, in Future Technology Today, Inc. v. OSF Healthcare Systems, 218 F.3d 1247 (11th Cir. 2000), the defendant and plaintiff engaged in regular, first-class mail, email, facsimile and telephone communications and the defendant performed services for the defendant, yet the Eleventh Circuit held that the defendant had not purposefully availed itself of the Plaintiff's jurisdiction. In Condon v. Flying Puck, LLC, 35 Fed. Appx. 173, 2002 U.S. App. LEXIS 9091 (6th Cir. 2002), the Sixth Circuit held that where an employee negotiated a contract with his future employer in the state of Ohio and exchanged emails, phone calls and faxes between California and Ohio, that the constitution mandated dismissal of plaintiff's case in Ohio. See also Bell Paper Box, Inc. v. Trans Western Polymers, Inc., 53 F.2d 920, 923 (8th Cir. 1995) (the use of mail or telephone from outside a state is insufficient alone to establish minimum contacts with the forum state); T.J. Raney & Sons, Inc. v. Sec. Sav. & Loan Assoc., 749 F.2d 523, 525 (8th Cir. 1984) (contact by phone or mail is insufficient to justify exercise of personal jurisdiction); Reynolds v. Int'l Amateur Athletic Fed'n, 23 F.3d 1110, 1119 (6th Cir. 1994) ("the use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process").

The foregoing authority demonstrates that contracts, mailings,

DEFS.' MOT. TO DISMISS FOR LACK OF JURISDICTION - 11 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 facsimiles, emails and telephone calls in which the defendant has an
2 established business relationship with the plaintiff is not sufficient to
3 establish personal jurisdiction. Applying the foregoing authority to the
4 present matter, Defendants would not have subjected themselves to
5 jurisdiction by postal mailing directly to Plaintiff at his home in Washington
6 the same advertisements to which Plaintiff objects in this case. In fact,
7 Defendants could have actually entered into a contract with Plaintiff without
8 being subject to Washington state jurisdiction. Therefore, *a fortiori*, sending
9 email messages over the Internet with no foreseeable destination cannot
10 purposefully avail the sender to a forum in which such email may be
11 accessed. For this reason alone, the instant Motion to Dismiss should be
12 granted.

        2.    *Defendants' alleged conduct did not arise out of this forum.*

14 If the Court finds that Defendants did not purposely avail themselves of
15 this forum, then it does not need to reach the second and third prongs of the
16 Ninth Circuit's specific jurisdiction test. If the Court does address those
17 prongs, it should find that Plaintiff cannot establish that the claim "arises out
18 of" actions in the state of Washington and that it is unreasonable to find
19 jurisdiction in Washington.

20 To determine whether a claim arises out of forum-related activities,
21 courts apply a "but for" test. <u>Ziegler v. Indian River County</u>, 64 F.3d 470, 474
22 (9th Cir. 1995). The Ninth Circuit has adopted a "but for" test for
23 determining whether a plaintiff's claim arises out of a defendant's forum
24 related activities. <u>Doe v. American Nat'l Red Cross</u>, 112 F.3d 1048, 1051 (9th
25 Cir. 1997). The "arising out of" requirement of the specific jurisdiction test is
26 met if "but for" the contacts between the defendant and the forum state, the
27 cause of action would not have arisen. See <u>Terracom</u>, 49 F.3d at 561. In
28 <u>Shute v. Carnival Cruise Lines</u>, the Ninth Circuit reasoned that:

DEFS.' MOT. TO DISMISS FOR
LACK OF JURISDICTION - 12
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> the 'but for' test is consistent with the basic function of the 'arising out of' requirement – it preserves the essential distinction between general and specific jurisdiction. Under this test, a defendant cannot be haled into court for activities unrelated to the cause of action in the absence of a showing of substantial and continuous contacts sufficient to establish general jurisdiction. . . . The 'but for' test preserves the requirement that there be some nexus between the cause of action and the defendant's activities in the forum.

Shute v. Carnival Cruise Lines, 897 F.2d 377, 385 (9th Cir. 1990) rev'd on other grounds, 499 U.S. 585 (1991)). Plaintiff cannot establish that "but for" the contacts between the Defendants and the forum state, the cause of action would not have arisen. To the contrary, Plaintiff's allegations arise from Defendant's alleged conduct in foreign jurisdictions. Defendants created email messages outside of Washington and distributed them through the Internet. Plaintiff does not allege any relationship between itself and Defendants, in Washington or otherwise other than the mere fortuitous fact that Plaintiff accessed the emails in Washington. Indeed, Plaintiff very well could have checked his email outside of this state. Even taking the allegations in the complaint as true, plaintiff cannot satisfy the Ninth Circuit's "but for" requirement to find specific jurisdiction.

        3.    *Personal jurisdiction over defendants is unreasonable.*

The reasonableness prong of the Ninth Circuit test requires that the Court's exercise of jurisdiction comport with "fair play and substantial justice." Burger King, 471 U.S. at 477-78. The factors that the Court must consider are:

> (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Id.

1  No one factor is dispositive, and the district court must balance all seven.
2  Core-Vent Corp. v. Nobel Indus., A.B., 11 F.3d 1482, 1488 (9th Cir. 1993).

3      The Ninth Circuit has held that "[t]he degree to which a defendant
4  interjects himself into the state affects the fairness of subjecting him to
5  jurisdiction." Data Disc, Inc., 557 F.2d at 1288.  Defendants' interjections into
6  Washington are attenuated and merely the result of the global availability of
7  the Internet.  Thus, the first factor weighs in favor of a finding of no personal
8  jurisdiction.

9      The second factor in the reasonableness test clearly weighs in favor of
10 dismissal.  Defendants' burden in proceeding in this forum is substantial.
11 The burden on the out-of-state defendants to litigate this claim in
12 Washington is significantly greater than the burden facing Plaintiff.
13 Defendants' principal places of business are in Missouri and Kansas.  See
14 respectively, Geroe Decl. at ¶ 3; Brandt Decl. at 5.  All the witnesses for
15 Defendants work and reside outside of Washington, in Missouri, Kansas,
16 California, New York, and Texas.  See Geroe Decl. at ¶ 6; Brand Decl. at ¶ 15.
17 Thus, considering the the number of witnesses that would be required to
18 travel to Washington, the burden on Defendants to litigate this claim is
19 significantly greater than the burden on Plaintiff.  Moreover, even if the
20 burdens were equal, this factor would tip in favor of the Defendants because
21 the law of personal jurisdiction is "primarily concerned with the defendant's
22 burden." Terracom, 49 F.3d at 561.

23     The efficiency of the forum also weighs against a finding of
24 reasonableness.  In evaluating this factor, the Ninth Circuit has looked
25 primarily at the location of the witnesses and evidence. Core-Vent Corp. v.
26 Nobel Indus., A.B., 11 F.3d 1482, 1489 (9th Cir. 1993).  In the present matter,
27 the majority of the witnesses are likely located in Missouri and Kansas.  The
28 Defendants' witnesses likely would be employees or agents of Adknowledge

DEFS.' MOT. TO DISMISS FOR LACK OF JURISDICTION - 14 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  and Virtumundo, located in Missouri, Kansas or one of the Defedants' other
2  offices. While litigating in any of these states would no doubt inconvenience
3  Plaintiff, "neither the Supreme Court nor [the Ninth Circuit] has given much
4  weight to inconvenience to the plaintiff." Core-Vent, 11 F.3d at 1490.

5  Weighing the interests of the parties and witnesses, it is clear that the
6  assertion of personal jurisdiction in Washington would impose a substantial
7  burden on the Defendants and would be unreasonable. Accordingly, the
8  "reasonableness" factor weighs in favor of granting Defendants' motion.

### B. Defendants Are Not Subject to General Jurisdiction Because There Is No Continuous or Systematic Contact

A court may assert either general or specific jurisdiction over a defendant. It is unclear whether Plaintiff has alleged general as well as specific jurisdiction. See Complaint at 2:21 - 24; 3:1 - 13. Regardless, Plaintiff cannot establish general jurisdiction over Defendants.

General jurisdiction exists when a defendant is domiciled in the forum state or when its activities there are "substantial" or "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). The standard for establishing general jurisdiction is "fairly high," Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986), and requires that the defendant's contacts be of the sort that approximate physical presence. See Gates Lear Jet Corp. v. Jensen, 743 F.2d 1325, 1331 (9th Cir. 1984). Plaintiff cannot establish that any of the Defendants had "substantial" and "continuous and systematic" activities within the forum state. Such activities must be pervasive in order to establish general jurisdiction. Data Disc Inc., 557 F.2d at 1287. "[P]laintiff bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court in personam jurisdiction." Mesalic, 897 F.2d at 699.

DEFS.' MOT. TO DISMISS FOR LACK OF JURISDICTION - 15 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Defendants simply do not have any contacts with Washington.
2 Adknowledge and Virtumundo have neither offices nor employees in the State
3 of Washington. See Geroe Decl. at ¶¶ 5, 6; Brandt Decl. at ¶ 13. They do not
4 own or rent real property in Washington, and they have no bank accounts,
5 licenses or other operations in Washington. See Geroe Decl. at ¶¶ 5, 8;
6 Brandt Decl. at ¶¶ 14, 18.  Nor do Defendants have any telephone listings,
7 mailing addresses or statutory agents in Washington. See Geroe Decl. at ¶ 8;
8 Brandt Decl. at ¶ 17. Neither Adknowledge nor Virtumundo is subject to
9 taxation in Washington. See Geroe Decl. at ¶ 9; Brandt Decl. at ¶ 19.
10 Virtumundo and Adknowledge do not place any advertisements in
11 Washington newspapers, magazines or other media. See Geroe Decl. at ¶ 10;
12 Brandt Decl. at ¶ 20. Neither Virtumundo nor Adknowledge generate any
13 substantial revenue from the State of Washington. See Geroe Decl. at ¶ 11;
14 Brandt Decl. at ¶ 23.

15  To the contrary, Defendants have taken proactive steps to prevent
16 contact with the State of Washington. Since at least early 2004 Adknowledge
17 has suppressed the transmission of commercial email to all consumers who
18 identify a city or state of residence in Washington, and accordingly has
19 suppressed approximately 1.3 million emails to Washington residents over a
20 period of several years. See Geroe Decl. at ¶¶ 15, 16. Adknowledge stopped
21 adding email addresses to its database entirely in December 2004 from people
22 who reported a Washington residence. Id. at ¶ 17. Adknowledge has taken all
23 commercially reasonable steps possible to refrain from contacting the State of
24 Washington. Virtumundo similarly took affirmative steps to avoid contact
25 with Washington and Plaintiff by removing Plaintiff from its database. See
26 Brandt Decl. at ¶¶ 25, 26.
27 ///
28 ///

DEFS.' MOT. TO DISMISS FOR LACK OF JURISDICTION - 16 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## IV. CONCLUSION

Defendants are not subject to jurisdiction in this forum. The only relevant jurisdictional facts are Plaintiff's allegation that he accessed certain emails from Defendants while he was fortuitously located in Washington State. There is no evidence that Defendants had knowledge that Plaintiff would access the emails in Washington. Emails are location neutral and do not have the embedded information contained in postal mailings or phone numbers. Courts have consistently held that postal mailings and phone numbers are insufficient to establish jurisdiction. It makes no sense that it would be sufficient to confer jurisdiction to send an email if printing out that email and mailing it to Plaintiff would not be sufficient to confer personal jurisdiction.

Defendants respectfully request this Court dismiss this action with prejudice for lack of personal jurisdiction, and award Defendants their reasonable attorney's fees pursuant to RCW 4.28.185(5).

DATED this 16th day of March, 2006.

Respectfully Submitted,

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants