**EXHIBIT A**

4

FILED ____ ENTERED
LODGED ____ RECEIVED

DEC 23 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                              DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL HODGELL, an individual,

    Plaintiff,

v.

MEMOLINK, INC., a New York corporation, TRIFECTA ADVERTISING, LLC, a Colorado Limited Liability Company, MINDSHARE DESIGN, INC., a California corporation, TOPICA, INC., a California corporation,

    Defendants.

No. C02-2183Z

ORDER

This matter comes before the Court on Defendants' motion to dismiss for lack of personal jurisdiction, docket no. 4. For the reasons stated herein, the motion is DENIED.

## Background

Defendants Memolink and Trifecta are nonresident businesses that market their goods and services through unsolicited commercial email ("spam" or "email") through the internet. See Defendants' Motion to Dismiss, docket no. 4, at 4. Defendants Mindshare and Topica, also nonresident businesses, assist customers in the transmission of commercial email. See id.

ORDER -1-

1       Defendant Memolink is a New York corporation with its principal and only place of
2 business in Colorado. See Asseoff Decl., docket no. 6, at 1. Memolink has an ownership
3 interest in Defendant Trifecta and these two companies share office space and have the same
4 President. See Hodgell Decl., docket no. 11, at 3. However, Trifecta's business is separate
5 and distinct from Memolink's business. See Asseoff Decl., docket no. 6, at 1-2. Defendant
6 Trifecta is a Colorado Limited Liability Company with its principal and only place of
7 business in Colorado. Trifecta is a customer of defendant Mindshare. Memolink and
8 Trifecta contend that "they have not purposefully sent any electronic mail" to plaintiff or
9 "ever targeted any bulk e-mails or other advertisements to the state of Washington," Asseoff
10 did at p. 2. However, neither defendant controverts plaintiff's allegations that unsolicited e-
11 mails reached plaintiff in Washington via the internet.
12       Defendant Mindshare is a California corporation with its principal and only place of
13 business in California. Mindshare is in the business of providing infrastructure to allow its
14 customers to manage their databases and send commercial email. See Bernard Decl., docket
15 no. 7, at 1. Mindshare does not cause transmissions of its customers' commercial email
16 itself. See id. Rather, Mindshare provides the technical means for its customers to transmit
17 spam to various recipients at the same time. See id. at 1-2. Defendant Trifecta is a former
18 customer of Mindshare. Memolink is not a customer of Mindshare. See id. at 2. Mindshare
19 also contends that it has not purposefully sent any spam to plaintiff or any other Washington
20 resident. See id. Mindshare also contends it has not targeted any spam, advertisements, or
21 other communications to the state of Washington. See id. Defendant Mindshare disputes
22 plaintiff's allegations that it conducts business in the state of Washington through spam
23 solicitations and Internet websites.
24       Defendant Topica is a Delaware corporation with its principal place of business in
25 California. See Hostelley Decl., docket no. 9, at 1. Topica has two business practices with
26 respect to email: (1) Topica offers free email list hosting for email list publishers (known as

ORDER -2-

1  "list server" or "ListServ") and (2) Topica sends email advertisements on behalf of paying
2  customers. With respect to Topica's first email business practice, its free ListServ service
3  allows individuals to discuss various topics and interests via email. See id. at 1-2. This
4  service handles subscription requests for mailing lists and distributes new messages and other
5  postings from the list's members to the entire list of subscribers. See id. at 2. After
6  subscribing to a particular ListServ, an individual will then receive all email sent from
7  members of that ListServ. See id. Plaintiff has declared that he did not subscribe to such a
8  ListServ; See Hodgell Decl., docket no. 11, at 8. Regarding its second email business
9  practice, Topica has customers who pay it to send email advertisements on their behalf.
10 Topica maintains that it has never purposefully sent any spam to Plaintiff. See Hostelley
11 Decl., docket no. 9, at 1-2. However, Topica doesn't declare that it hasn't sent bulk spam or
12 targeted spam, advertisements, or other communications to the state of Washington. Nor has
13 defendant Topica disputed plaintiff's allegations that Topica conducts business in the state of
14 Washington through spam solicitations and Internet websites.

15  Plaintiff alleges that defendants Memolink and Trifecta used defendant Mindshare's
16 Postmaster General and Topica's Email Publisher email list management services to send
17 their spam to the plaintiff. See Notice of Removal, docket no. 1, Ex. A, at 4. Plaintiff also
18 alleges that the true origin of dozens of Memolink's spam were sent from an unknown
19 Internet location, but were eventually sent through Mindshare's Postmaster General servers.
20 See id. at 5. However, plaintiff asserts that in dozens of the spam sent by or through
21 defendants, there was no way for the recipient to know the true identity and origin of the
22 customer sending the spam from either the email header or their spam's content. See id.
23 Defendants Memolink and Trifecta also sent spam from the domain name
24 "justforyounewsletter.com," which is registered to defendant Trifecta. See Notice of
25 Removal, docket no. 1, Ex. A, at 7. The spam sent to plaintiff from the
26 "justforyounewsletter.com" domain name were sent from untraceable, unassigned and

ORDER -3-

7

This case does not require the Court to issue a ruling as to whether sending commercial electronic mail over the Internet is sufficient to establish personal jurisdiction. There is evidence before the Court that plaintiff received spam from the defendants even after he informed them he was a Washington state resident, that he believed they were violating Washington state laws, and requested they stop sending him spam. Despite plaintiff's efforts, defendants continued to send spam to plaintiff even after being served with the Complaint in this lawsuit. By ignoring plaintiff's requests, defendants purposefully availed themselves to jurisdiction in Washington state.

3) **Harm Suffered in Forum State**:

   **B.    Claims Arising out of Defendants' Activities**

The Ninth Circuit has adopted a "but for" test for determining whether a plaintiff's claim arises out of a defendant's forum related activities. <u>Doe v. American Nat. Red Cross</u>, 112 F.3d 1048, 1051 (9th Cir. 1997). The "arising out of" requirement of the specific jurisdiction test is met if "but for" the contacts between the defendant and the forum state, the cause of action would not have arisen. See <u>Terracom v. Valley Nat. Bank</u>, 49 F.3d 555, 560 (9th Cir. 1995).

The Washington Supreme Court has held that deceptive spam harms individual Internet users. See <u>Heckel</u>, 143 Wn.2d at 835. The <u>Heckel</u> court stated:

> When a spammer distorts the point of origin or transmission path of the message, email recipients cannot promptly and effectively respond to the message (and thereby opt out of future mailings); their efforts to respond take time, cause frustration, and compound the problems that Internet Service Providers face in delivering and storing bulk messages. And the use of false or misleading subject lines further hampers an individual's ability to use computer time most effectively.

See <u>id</u>.

The parties agree that defendants sent spam that was received by plaintiff in Washington. 'But for' defendant's efforts, plaintiff would not have been harmed. Plaintiff can meet the 'but for' test.

ORDER -12-

8

### C. Reasonableness

Once it has been determined that a defendant purposefully established minimum contacts with a forum state, the burden shifts and the defendant must "present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." Dole Food Co., Inc., 303 F.3d at 1114. In determining whether the exercise of jurisdiction comports with fair play and substantial justice, and is therefore reasonable, seven factors are considered:

> (i) the extent of the defendant's purposeful injection into the forum state's affairs; (ii) the burden on the defendant of defending in the forum; (iii) the extent of conflict with the sovereignty of the defendant's state; (iv) the forum state's interest in adjudicating the dispute; (v) the most efficient judicial resolution of the controversy; (vi) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (vii) the existence of an alternative forum. Burger King, Corp. v. Rudzewicz, 471 U.S. 462, 477-478 (1985); Dole Food Co., Inc., 303 F.3d at 1114.

No one factor is dispositive, and the district court must balance all seven. Core-Vent Corp., 11 F.3d at 1488.

The Ninth Circuit has held that "[t]he degree to which a defendant interjects himself into the state affects the fairness of subjecting him to jurisdiction." Data Disc, Inc., 557 F.2d at 1288.

i) *Purposeful Interjection Into Forum State's Affairs*: Plaintiff alleges defendants sent, or caused to be sent, more than 550 spam messages for the purpose of conduct business. See Hodgell Decl., docket no. 11, at 2-5. Plaintiff received this spam at his email address registered to him as a Washington state resident. See id. As a result, defendants purposefully interjected themselves into Washington state affairs by sending, or causing to be sent, email to Washington residents.

### D. Conclusion of Jurisdictional Analysis

Because defendants were put on notice that they were sending spam to plaintiff and were informed that the spam may be in violation of Washington law, and because defendants

ORDER -13-

9

continued to send spam to the plaintiff, plaintiff has met the jurisdictional standards set out above. Defendants' motion to dismiss is DENIED

IT IS SO ORDERED.

DATED this 20th day of December, 2002.

THOMAS S. ZILLY
UNITED STATES DISTRICT JUDGE

ORDER -14-

10

DEC 30 2002

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOEL HODGELL and ED KONEK,

Plaintiffs,

v.

SAMSON DISTRIBUTING, INC., SDI, LEGALSTEROIDS.COM and SDI-LABS.COM,

Defendants.

No. C02-2184Z

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendants' Samson Distributing Inc., SDI, Legalsteroids.com and SDI-LABS.com, motion to dismiss for lack of personal jurisdiction, docket no. 3, is DENIED. Because defendants were put on notice that they were sending spam to plaintiff in Washington and were also informed that the spam may be in violation of Washington law, and because defendants continued to send spam to plaintiff, the Court has jurisdiction to consider the merits of plaintiff's complaint. See Order dated December 20, 2002, entered in the related case of Hodgell v. Memolink, Inc., et al., C02-2183Z, which is incorporated herein by reference.

(2) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this ___ day of December, 2002.

BRUCE RIFKIN, Clerk

By _____
Deputy Clerk

MINUTE ORDER -1-