**EXHIBIT B**

12

Dockets.Justia.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES S. GORDON, JR., an individual residing in Benton County, Washington,<br><br>Plaintiff,<br><br>v.<br><br>IMPULSE MARKETING GROUP, INC., a Nevada Corporation,<br><br>Defendant. | No. CV-04-5125-FVS<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

**THIS MATTER** came before the Court pursuant to Defendant's motion to dismiss, Ct. Rec. 2. Plaintiff is represented by Douglas McKinley. Defendant is represented by Floyd Ivey, Sean Moynihan, and Peter Glantz.

**BACKGROUND**

Plaintiff, James Gordon, is a Washington resident and the registered user of the internet domain name "Gordonworks.com". Defendant, Impulse Marketing Group, Inc., a Nevada corporation, is an electronic marketing company that transacts business with Washington by sending commercial electronic mail messages (email) to Washington state residents. Plaintiff's Complaint alleges Defendant violated Washington's Commercial Electronic Mail Act, RCW § 19.190 et seq., and Washington's Consumer Protection Act, RCW § 19.86 et seq., by

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 1

13

initiating and/or conspiring with others to initiate unsolicited commercial emails to various addresses at Plaintiff's domain, "Gordonworks.com".

*Related Action*

In December 2001, Plaintiff filed a complaint against Commonwealth Marketing Group, Inc. ("CMG") in Benton County Superior Court. That action (the "Related Action") was subsequently removed to the United States District Court for the Eastern District of Washington and dismissed with prejudice on October 20, 2004. *See* CV-04-5003-AAD.

On or about December 10, 2001, Defendant and CMG entered into a Website Development and Marketing Services Agreement ("Agreement"). Pursuant to the terms of that Agreement, Defendant contracted with CMG to market and advertise CMG's USA Gold Card program over the Internet ("the Program"). The Program allowed individuals to apply for a USA Gold Card online and use the Card to shop online. Pursuant to the terms of the Agreement, Defendant, under specific circumstances, agreed to indemnify and hold CMG harmless from and against any liability, claim, deficiency, loss, damage, penalty, or injury suffered or incurred by CMG under certain circumstances. When Plaintiff sued CMG in the Related Action, Defendant retained a lawyer to examine whether it had a duty to indemnify CMG in that action, but ultimately, Defendant did not defend, indemnify and/or hold CMG harmless in the Related Action.

**DISCUSSION**

Defendant moves to dismiss Plaintiff's Complaint under Federal

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 2

14

1  Rule of Civil Procedure 12(b)(6) on grounds that (1) Plaintiff's
2  claims are preempted by the federal law; (2) Plaintiff's Complaint
3  fails to plead a violation of the Washington statutes under which
4  this action is brought; (3) Plaintiff's Complaint fails to plead
5  allegations of fraud with particularity as required by Federal Rule
6  of Civil Procedure Rule 9(b); and (4) Plaintiff's claims are barred
7  by the doctrine of res judicata.

   ### I. Standard of Review

   A complaint should not be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). When the legal sufficiency of a complaint's allegations are tested with a motion under Rule 12(b)(6), "[r]eview is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from well-pleaded facts. *Tyler v. Cisneros*, 136 F.3d 603, 607 (9th Cir. 1998).

   As a general rule, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Rule

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 3

12(b)(6) expressly provides that "when matters outside the pleading are presented to and not excluded by the court, the motion *shall* be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b)(6) (emphasis added). There are, however, two exceptions to the requirement that consideration of extrinsic evidence converts a Rule 12(b)(6) motion to a motion for summary judgment. *Lee*, 250 F.3d at 688.

First, the Court "may consider material which is properly submitted as part of the complaint on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment." *Id.* If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Id.* at 689 (citations omitted).

Second, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). However, the Court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed.R.Evid. 201(b). Here, the Court takes judicial notice of the Related Action and will review the complaint and amended complaints in that action. These documents are found in Exhibits A - D attached to the Declaration of Phil Huston.

//

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 4

### II. Preemptive Effect of CAN-SPAM

Defendant contends Plaintiff's claims under Washington's Commercial Electronic Mail Statute, RCW § 19.190 et seq., and Washington's Consumer Protection Act, RCW § 1986 et seq., are preempted by the recently enacted federal law known as the Controlling the Assault of Non-Solicited Pornography and Marketings Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. § 7701 et seq. There are three circumstances in which state law is preempted by federal law: (1) express preemption, where Congress explicitly defines the extent to which its enactments preempt state law; (2) field preemption, where state law attempts to regulate conduct in a field that Congress intended the federal law exclusively to occupy; and (3) conflict preemption, where it is impossible to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purpose and objectives of Congress. *Indus. Truck Assoc., Inc. v. Henry*, 125 F.3d 1305, 1309 (9th Cir. 1997) (citing *English v. General Elec. Co.*, 496 U.S. 72, 78-80, 110 S.Ct. 2270, 2274-75, 110 L.Ed.2d 65 (1990). Here, Defendant argues the CAN-SPAM Act expressly preempts any state effort to regulate commercial emails.

The CAN-SPAM Act imposes limitations and penalties on the transmission of unsolicited commercial email, commonly known as spam, via the internet. More specifically, it prohibits spammers from sending deceptive or misleading information and using deceptive subject headings, requires them to include return addresses in their email messages, and prohibits them from sending emails to a recipient

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 5

17

after that recipient has indicated he or she does not wish to receive email messages from the spammer. *See* 15 U.S.C. § 7704(a). Similarly, Washington's Commercial Electronic Mail Act prohibits misrepresentation in the subject line or transmission path of any unsolicited commercial email message sent from a computer located in Washington, or sent to an email address that the sender knows or has reason to know is held by a Washington resident. RCW § 19.190.020. Defendant contends the CAN-SPAM Act preempts the Washington Commercial Electronic Mail Act because that statute also regulates unsolicited commercial email. Defendant bases its argument on the text of the CAN-SPAM Act, which states, in relevant part, that it

> supersedes any statute, regulation, or rule of a State...that expressly regulates the use of electronic mail to send commercial messages, *except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto.*

15 U.S.C. § 7707(b)(1)(emphasis added).

To some degree, the CAN-SPAM Act expressly preempts anti-spam legislation where a statute "expressly regulates the use of electronic mail to send commercial messages." However, the CAN-SPAM Act does *not* preempt state spam laws to the extent they "prohibit[] falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. 7707(b)(1).

Washington's Commercial Electronic Mail Act provides in pertinent part:

> (1) No person, corporation, partnership, or association may initiate the transmission of a commercial electronic mail

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 6

18

>       message from a computer located in Washington or to an
>       electronic mail address that the sender knows, or has
>       reason to know, is held by a Washington resident that:
>
>       (a) *Uses a third party's internet domain name without
>       permission of the third party, or otherwise misrepresents
>       any information in identifying the point of origin or the
>       transmission path of a commercial electronic mail message;*
>       or
>
>       (b) *Contains false or misleading information in the subject
>       line.*
>
>       (2) For purposes of this section, a person...knows that the
>       intended recipient of a commercial electronic mail message
>       is a Washington resident if that information is available,
>       upon request, from the registrant of the internet domain
>       name contained in the recipient's electronic mail address.

RCW § 19.190.020 (emphasis added).

The Court concludes that the plain language of the CAN-SPAM Act does not support Defendant's argument that Plaintiff's claims are preempted by the CAN-SPAM Act. Since subsection 1(a) prohibits misrepresentation in the transmission path or in identifying the point of origin, and subsection 1(b) prohibits false or misleading information in the subject line, the Court concludes that Washington's Commercial Electronic Mail Act is excepted from federal preemption because it prohibits "falsity and deception". Further, since it is a violation of Washington's CPA, RCW § 19.86, "to conspire with another person to initiate the transmission or to initiate the transmission of a commercial electronic mail message" that contains "false or misleading information in the subject line", RCW § 19.190.030(1), Plaintiff's claim that Defendant violated Washington's CPA is also excepted from federal preemption. Accordingly, to the extent Defendant's motion to dismiss is based on the assertion that Plaintiff's claims are preempted by federal law,

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 7

19

the motion is denied.

### III. Failure to State a Claim under Washington Law

Defendant argues Plaintiff's Complaint fails to assert a claim for a violation of Washington law. Specifically, Defendant asserts it "could not" have violated Washington's Commercial Electronic Mail Act because Plaintiff consented to receiving the emails at issue in this case and because Defendant did not know Plaintiff was a Washington resident.

#### A. Consent

Defendant contends Plaintiff consented to receiving commercial emails from Defendant and that this consent precludes any cause of action against Defendant for a violation of Washington's Commercial Electronic Mail Act as a matter of law. Defendant contends Plaintiff consented to or opted-in to receiving commercial email from Defendant, or one or more of Defendant's marketing partners. As proof of this consent, Defendant submits Exhibit F, attached to the declaration of Phil Huston. Plaintiff contests this assertion and further contends he immediately opted-out, thereby negating any consent provided by originally opting in.

The Court determines that whether Plaintiff "consented" to receiving the emails at issue is a contested question of fact, which cannot support the dismissal of Plaintiff's Complaint under Rule 12(b)(6). Factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688. Moreover, Defendant's

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 8

evidentiary support for its contention that Plaintiff consented to receiving the emails at issue may not be considered by the Court because it is found in materials outside the pleadings. *Id.* The Court does not consider Exhibit E to Phil Huston's Declaration because the Court cannot take judicial notice of the information contained within the exhibit and because Plaintiff's Complaint does not necessarily rely on this exhibit. Therefore, the exhibit does not fall within one of the two exceptions to the requirement that consideration of extrinsic evidence converts a Rule 12(b)(6) motion into a motion for summary judgment. *Lee*, 250 F.3d at 688. Accordingly, to the extent Defendant's motion to dismiss is based on the argument that Plaintiff "consented" to receiving the emails, the motion is denied.

B.   *Knowledge*

Washington's Commercial Electronic Mail Act prohibits the initiation or transmission of a commercial email message "from a computer located in Washington or *to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident*". RCW § 19.190.020(1) (emphasis added). Defendant argues that it could not have violated Washington's Commercial Electronic Mail Act because the Washington Association of Internet Service Providers (WAISP) database is insufficient to establish that Impulse knew, or had reason to know, that Plaintiff's email address was located in it. Defendant's argument is based on the assumption that the only way Plaintiff can prove Defendant "knew or had reason to know" Plaintiff was a Washington resident is by proving his email

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 9

address was listed at the WAISP website, "where Washington residents who do not wish to receive spam can register their email addresses, and thus where responsible e-commerce businesses can find lists of Washington email addresses." *State v. Heckel*, 122 Wn.App. 60, 64, 93 P.3d 189 (2004). However, this assumption is incorrect. Plaintiff does not appear to rely on the fact that his name was listed on the WAISP website to prove Defendant "knew or had reason to know" Plaintiff was a Washington resident.[1]

Plaintiff's Complaint appears to rely on RCW § 19.190.020(2) to prove Defendant "knew or had reason to know" Plaintiff was a Washington resident. To prove facts satisfying this section of Washington's Commercial Electronic Mail Act, Plaintiff has to present evidence to demonstrate the information regarding Plaintiff's Washington residency was available upon request from the registrant of the internet domain name of Plaintiff's email address. Plaintiff's Complaint states that he is the registrant of the internet domain name "Gordonworks.com" and that this information was available on request. Complaint, ¶ 3.2. Therefore, if the Court accepts the allegations in the Complaint as true and draws all reasonable inferences in Plaintiff's favor, the Court must assume, for purposes of Defendant's Rule 12(b)(6) motion to dismiss, Plaintiff can prove Defendant knew or had reason to know Plaintiff's

---

[1] Therefore, the Court does not address Defendant's argument that requiring an out-of-state "email marketer" to check the WAISP registry before sending commercial emails violates its due process rights.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 10

status as a Washington resident.

Although Plaintiff's Complaint does not assert "actual knowledge", Plaintiff now contends Defendant had actual knowledge Plaintiff was a Washington resident. Specifically, Plaintiff argues Defendant had actual knowledge of Plaintiff's status as a Washington resident because Defendant participated in Plaintiff's previous suit against CMG by providing documents and examining pleadings and discovery. The Court determines that whether Defendant knew or had reason to know Plaintiff was a Washington resident is a disputed question of fact. Therefore, the Court cannot resolve this question within the parameters established by Rule 12(b)(6). Accordingly, to the extent Defendant's motion to dismiss is based on Plaintiff's inability to prove Defendant "knew or had reason to know" Plaintiff was a Washington resident, the motion is denied.

### III. Failure to Plead With Particularity

Defendant contends the claims in Plaintiff's Complaint sound in fraud and thus, must meet the requirements of Federal Rule of Civil Procedure 9(b). Defendant moves to dismiss Plaintiff's Complaint on the basis that it does not meet the Rule 9(b) threshold. *See Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003) ("A motion to dismiss a complaint or claim 'grounded in fraud' under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.").

//

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 11

23

Federal Rule of Civil Procedure 9(b) states:

In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

Fed.R.Civ.P. 9(b).

Even with regard to complaints that do not specifically plead fraud, the Ninth Circuit has consistently held that cases that are "grounded in fraud" or "sound in fraud" must satisfy the particularity requirement of Rule 9(b), regardless of whether the substantive law at issue is federal or state. *Vess*, 317 F.3d at 1103-04. The parties disagree on whether a complaint for a violation of RCW § 19.190 "sounds in fraud" and triggers the heightened pleading requirements of Rule 9(b). Plaintiff contends the heightened pleading requirements of Rule 9(b) do not apply to his Complaint because RCW § 19.190 is a strict liability statute and a cause of action under the statute does not contain any element of fraud.

The elements of fraud consist of (1) a false representation (2) in reference to a material fact (3) made with knowledge of its falsity (4) and with the intent to deceive (5) with action taken in reliance on the misrepresentation. *Hart v. McLucas*, 535 F.2d 516, 519 (9th Cir. 1976) (citing *Pence v. United States*, 316 U.S. 332, 338, 62 S.Ct. 1080, 1083, 86 L.Ed. 1510 (1942)). A violation of RCW § 19.190.020 occurs when a person sends, or conspires with another to send, a commercial email to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident

ORDER DENYING DEFENDANT'S MOTION TO DISMISS - 12