**EXHIBIT C**

40

FILED
2004 MAR 19 PM 12: 20
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| JOEL HODGELL, | Cause No.: 03-2-36850-4SEA |
| Plaintiff | [PROPOSED] ORDER DENYING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| VIRTUMUNDO, INC. a Delaware corporation, and "John Doe" Spammers, | |
| Defendants | |

THIS MATTER having come upon the Defendants' Motion To Dismiss, and the Court having considered the evidence therein and the declarations in support thereof, and being fully advised in the premises, NOW THEREFORE,

IT IS HEREBY ORDERED that Defendants' Motion To Dismiss is DENIED.

DONE this _19_ day of _MAR_, 2004.

_____
The Honorable Bruce Hilyer

[PROPOSED] ORDER DENYING
DEFENDANTS' MOTION TO DISMISS - 1

LAW OFFICES OF DIETRICH BIEMILLER
8420 DAYTON AVENUE NORTH
SEATTLE, WA 98103
TEL. NO. (206) 547-1000
FAX NO. (206) 297-5990

ORIGINAL

41

FILED
2004 FEB 17 PM 4:35
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

The Honorable Bruce Hilyer
Hearing Date: **March 19, 2004, 9:30AM**
Moving Party: **Virtumundo, Inc. (Defendant)**

IN THE SUPERIOR COURT
FOR THE STATE OF WASHINGTON, COUNTY OF KING

| | |
|---|---|
| JOEL HODGELL,<br><br>Plaintiff,<br><br>v.<br><br>VIRTUMUNDO, INC. a Delaware Corporation<br><br>Defendant. | NO. 03-2-36850-4SEA<br><br>**MOTION TO DISMISS**<br><br>[CLERK'S ACTION REQUIRED:<br>Note for<br>Motion: March 19, 2004, 9:30AM]<br><br>**ORAL ARGUMENT REQUESTED** |

### I. RELIEF REQUESTED

Defendant Virtumundo, Inc. ("Virtumundo") respectfully requests that this Court dismiss the claims of Plaintiff Joel Hodgell ("Hodgell") in their entirety, based on (1) lack of personal jurisdiction, (2) failure to state a claim upon which relief can be granted, and (3) immunity owing to Section 230 of the Communications Decency Act (47 U.S.C. § 230). Virtumundo is a permission-based marketing company that markets products on behalf of third party clients. Plaintiff Joel Hodgell, who has a history of filing frivolous spam lawsuits, filed this form complaint without any allegations particular to this case. Virtumundo lacks any contacts with the State of Washington or its residents. Moreover, Plaintiff's bare allegations without any reference to specific facts of this particular case, fail to state a claim. Plaintiff's CPA claim and tort claims are similarly deficient—Washington law does not support those claims. Finally, as an interactive computer service provider, Section 230 of the Communications Decency Act immunizes

VIRTUMUNDO'S MOTION TO DISMISS - 1
[NO. 03-2-36850-4SEA]

**ORIGINAL**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

8
42

Virtumundo from liability relating to content created by third parties–i.e., Virtumundo's clients. For the foregoing reasons, the Court should dismiss this lawsuit in its entirety and grant Virtumundo its attorneys' fees and costs with respect to defending against this action.

## II. STATEMENT OF FACTS

**A.  Background and Washington Contacts**

    1.    <u>Virtumundo business activities during the time-period underlying the lawsuit.</u>

Virtumundo provides its permission-based marketing service to various third party clients. (See Declaration of Keith Enright ("Enright Decl.") dated February 4, 2004, ¶ 3.) Consumers who indicate that they are interested in receiving marketing offers regarding certain subject matter voluntarily provide their information to Virtumundo or its marketing partners. (Enright Decl. ¶ 4.) Either Virtumundo or its marketing partners notify these consumers prior to registration that the information the consumers provide would be used by these marketing partners and those affiliated with them to market to them via the Internet. (Enright Decl. ¶ 5.) Virtumundo's clients generally supply Virtumundo with content and subject lines for the e-mail advertisements; Virtumundo is not responsible for any of the foregoing. (Enright Decl. ¶ 6.) Virtumundo plays an insignificant role in the creation of content or the subject lines associated with the e-mail received by consumers. Nor does Virtumundo perform any significant substantive editing of the content provided by its clients. Virtumundo merely sends out an e-mail (to consumers who have opted in to receive marketing offers) consisting of content provided by Virtumundo clients which in turn link to the clients' web sites.

    2.    <u>Virtumundo lacks any contacts with the State of Washington.</u>

Virtumundo is organized under the laws of the State of Delaware and has its principal place of business in the State of Missouri. (Enright Decl. ¶ 11.) Virtumundo does not have any offices in the State of Washington or any employees in the State of Washington. (Enright Decl. ¶ 12.) All of Virtumundo's employees are located in the State of Missouri. (Enright Decl. ¶ 13.) Virtumundo did not focus any sales efforts with respect to its underlying clients to the State of Washington. (Enright Decl. ¶ 14.)

VIRTUMUNDO'S MOTION TO DISMISS - 2
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

43

**B. Deficiencies in the Underlying Claims**

The Complaint purports to allege violations of Washington's commercial e-mail statute (RCW § 19.190.010, et seq. (the "Statute")) based on e-mails allegedly transmitted by Virtumundo. The Complaint does not include any of the allegedly offending e-mails (the "E-mails"). Further, the Complaint does not allege any specific facts about any of the E-mails, including but not limited to the dates and times of their alleged receipt. The Complaint merely recites verbatim the text of the Statute, along with some conclusory allegations. The Complaint does not contain any facts showing how the E-mails violate the Statute. For example, the Complaint states that the "defendants obscured and misrepresented the identifying information for the point of origin" of the messages. (Complaint, ¶ 4.3.) The Complaint similarly alleges in conclusory fashion that Virtumundo "used third party Internet domain name HOTMAIL.com without their permission". (Complaint, ¶ 4.4.) Finally, without highlighting any particular subject line from a particular e-mail, the Complaint alleges that the Virtumundo "used subject lines that contained false and misleading information." (Complaint, ¶ 4.5.)

### III. STATEMENT OF ISSUES

I.  Whether the State of Washington lacks personal jurisdiction over Virtumundo, where Plaintiff has failed to make any showing of purposeful availment, contacts, or actions directed towards the State of Washington or its residents.

II. Whether Plaintiff fails to state a claim under the Statute where Plaintiff merely parrots the language of the Statute, without attaching copies of the offending e-mails or offering any specific facts with respect to this particular lawsuit and otherwise where Plaintiff's allegations do not support a cause of action under the Statute.

III. Whether Plaintiff fails to state a Consumer Protection Act claim where Plaintiff fails to allege any facts other than those conclusory allegations relating to the alleged Statutory violations.

IV. Where Plaintiff fails to state a common law tort claim where the quantity of allegedly offending e-mails was clearly not sufficient to cause denigration to Plaintiff's servers.

VIRTUMUNDO'S MOTION TO DISMISS - 3
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

44

V.   Whether Section 230 of the Communications Decency Act immunizes Virtumundo against claims relating to content which it neither controls nor selects.

## IV. EVIDENCE RELIED UPON

Plaintiff relies upon the Complaint, and other pleadings and papers previously filed with this Court, along with the declaration of Keith Enright attached herewith.

## V. AUTHORITY

Defendant moves the Court to dismiss Plaintiff's Complaint pursuant to CR 12(b)(2) and 12(b)(6), and pursuant to Section 230 of the Communications Decency Act.

### A. This Court Lacks Personal Jurisdiction Over Virtumundo as Virtumundo Lacks Any Contacts with the State of Washington

The Plaintiff bears the burden of proof on necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. Farmers Ins. Exchange v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990); Flynt Distrib. Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir. 1984). The "minimum contacts" requirement serves to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-292 (1980). The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through 'random,' 'fortuitous,' or 'attenuated' contacts.'" Terracom v. Valley Nat'l Bank, 49 F.3d 555, 560 (9th Cir. 1995) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum, and the litigation. Shaffer v Heitner, 433 U.S. 186, 204 (1977). Specific jurisdiction[1] is satisfied only if

---

[1] General jurisdiction has not been alleged and is not at issue in this case.

VIRTUMUNDO'S MOTION TO DISMISS - 4
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1 | the defendant has "purposefully directed" its activities at residents of the forum.[2] See Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984) (iterating purposeful availment requirement).

1. **Plaintiff fails to satisfy his jurisdiction burden, having put forth no evidence of purposeful availment.**

In offering proof of personal jurisdiction, "the mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident defendant." Cummings v. WTLA, 133 F.Supp. 2d 1144, 1154 (D. Ariz. 2001) (quoting Chem Lab Products, Inc., v. Stepanek, 554 F.2d 371, 372 (9th Cir. 1977)). The plaintiff has the burden to "come forward with facts, by affidavit or otherwise supporting personal jurisdiction". Amba Marketing Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977).

Plaintiff has proffered no allegations supporting a prima facie showing of jurisdiction. In contrast, Virtumundo shows by relevant and admissible evidence that it had no contacts at all with the State of Washington and did not target its activities to the State of Washington. (See Enright Decl. ¶¶ 3-5.) Virtumundo did not have any offices or employees in the State of Washington. (Id.) Virtumundo did not focus any solicitation efforts with respect to underlying clients in the State of Washington. (Id.) Absent some evidence showing purposeful availment, Plaintiff fails to put forth enough to support the exercise of jurisdiction.

2. **Plaintiff has made no showing of purposeful availment by Virtumundo; rather Plaintiff seeks to base jurisdiction on the fortuity of where Plaintiff opens his e-mail.**

To establish specific jurisdiction, the Plaintiff has the burden of satisfying three elements: (1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of the action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and the extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the

---

[2] The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, a defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." International Shoe Co. v. Korea, 326 U.S, 310, 316 (1945). Because the United States Constitution sets thresholds for the exercise of personal jurisdiction, this Court should give weight to federal authority.

VIRTUMUNDO'S MOTION TO DISMISS - 5
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

respective parties, and the equities of the situation. International Shoe Co. v. Washington, 326 U.S. 310, 317-319 (1945); CTVC of Hawaii, Co., Ltd. v. Shinawatra, 82 Wn. App. 699, 709-710, 919 P.2d 1243 (1996). The CTVC court discussed these elements:

> To satisfy the first factor, the plaintiff must establish that the nonresident defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws." The focus of the inquiry is on the defendant's activities in the forum. The sufficiency of the contracts is determined by the quality and nature of the defendant's activities, not the number of acts or mechanical standards.

CTVC, 82 Wn. App. at 710. Merely advertising a product does not satisfy the minimum contact requirements. In order to have transacted business in this state, a defendant has to intentionally exploit marketing opportunities within the forum state. Lewis v. Curry College, 89 Wn.2d 565, 571, 573 P.2d 1312 (1978).

The Ninth Circuit addressed the constitutionality of jurisdiction solely based on Internet-contacts in the seminal case, Cybersell, Inc. v. Cybersell, Inc., 130 F.3d 414, 416 (9th Cir. 1997). The Cybersell Court held that, in order for a website to give rise to personal jurisdiction, the website must have some presence in that jurisdiction more than merely operating a website that can be accessed from that jurisdiction. In Cybersell, the Ninth Circuit held that registering a trademark as a domain name and posting a website on the Internet is not sufficient to satisfy constitutional due process—i.e., there must be "something more" to demonstrate that the defendant purposefully directed his activity in a substantial way toward the forum state. See Cybersell, 130 F.3d at 418. The Court found that defendant's use of the Cybersell name on an essentially passive website advertisement did not constitute purposeful availment of the privilege of doing business in a state because defendant had no contacts with that state other than maintaining a web page accessible to anyone over the Internet. Id. at 419. See also Bensusan Restaurant Corp. v. King, 937 F. Supp. 295, 301 (S.D.N.Y. 1996), aff'd, 126 F.3d 25 (2nd Cir. 1997) (holding that personal jurisdiction was improper as to a defendant who merely posted information on its Web page).

The Ninth Circuit's reasoning Cybersell applies in the present matter. Virtumundo has no contacts with the State of Washington relevant to this case other than the allegedly offending e-mails accessed by Plaintiff. Plaintiff can access his e-mail from anywhere in the world. Entities

VIRTUMUNDO'S MOTION TO DISMISS - 6
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

and persons, such as Virtumundo lack ability to differentiate from where an electronic mail will be accessed. Like the website in Cybersell, Virtumundo's contacts with Washington, is merely a function of the fact Plaintiff fortuitously accessed his e-mail account from Washington State. To find jurisdiction on this basis alone would be to require an Internet merchant to apprised itself of and comply with a patchwork of state (and international) laws without specifically directing any activity in the jurisdiction. This proposition has been flatly rejected by the Ninth Circuit Court of Appeals.

### B. Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Under CR 12(b)(6), a complaint can be dismissed for failure to state a claim upon which relief can be granted. A dismissal under this rule is granted if it appears beyond doubt that the Plaintiff cannot prove any set of facts which would justify recovery. See Tenore v. AT & T Wireless, 136 Wn.2d 322, 330 (1998). In the present instance, the Complaint fails to allege any facts relative to this case. Even assuming the bare allegations in the Complaint are true, they fail to make out a claim: (1) merely parroting the language of the Statute without any reference to specific facts of this case does not state a sufficient basis for a claim; (2) Plaintiff's CPA claim either rests on his deficient Statutory claim or alleges facts not amounting to any violation; and (3) Plaintiff's common law claims, even if recognizable under Washington law require allegation of large quantities of e-mails causing denigration to Plaintiff's servers–Plaintiff does not, and cannot, make those allegations or offer any supporting evidence of these facts.

#### 1. Plaintiff's allegations fail to make out a claim under the Statute.

While the Complaint is not clear, there appear there allegations going to liability under the Statute: (1) misrepresentation of the identifying information for the point of origin (Complaint, ¶ 4.3); (2) unauthorized use of a third party (recipient's) domain name (Complaint, ¶ 4.4); and (3) false or misleading subject lines (Complaint, ¶ 4.5). These allegations and arguments fail to state a claim under the Statute.

##### a. misrepresentation of identifying information

Plaintiff first alleges that Virtumundo "obscured and misrepresented the identifying information for the point of origin of [the e-mails] by using generic names (e.g., "Web Hosts", []

VIRTUMUNDO'S MOTION TO DISMISS - 7
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

"Free Quote" [and other similar names]) in the "from" field of the e-mails. Plaintiff argues that recipients of e-mail messages generally utilize the from name (as opposed to the e-mail address) to separate personal mail from commercial e-mail and solicitations and, as such, the E-mails violate the Statute. Plaintiff's arguments have no basis in Washington law.

The Statute provides for liability for a sender who "misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message". The Statute is aimed at prohibiting the practice of manually altering the transmission path (e.g. re-routing the message to pass through an off-shore server) of an e-mail message or altering the header information to show that the message came from a computer or an Internet Service Provider other than the one it actually came from. The Statute does not, however, reach the practice of changing the "from" or "sender" field of an e-mail message, which people routinely do, and which most e-mail programs, whether web-based, or otherwise, allow consumers to do. For example, a hypothetical "Robert Smith" who sends a message from Robertsmith@yahoo.com can indicate that the message is from "Bob Smith," from "Robert S. Smith," "Robert S. Smith, Jr." or from "Cool Bob" or "Hip Bob." The possibilities are endless and the e-mail programs freely allow users to create their own names in the from field (as opposed to altering the from e-mail address). (See Enright Decl. ¶ 11.)

      b.    use of domain name without permission

Plaintiff next argues that Virtumundo "used third party Internet domain name HOTMAIL.COM without their permission, in the "to" field, which is part of the transmission path, and thus, clearly violated RCW 19.190.020(1)(a)." (Complaint, ¶ 4.4).

The Statute provides for liability for a sender who "[u]ses a third party's internet domain name without permission of the third party." The Statute is aimed at prohibiting the practice of "domain name hijacking," i.e., utilizing a third party domain name to send (i.e., transmit) a message. Most companies that provide e-mail accounts, including Hotmail, anticipate that commercial e-mail will reach its users. When the Statute speaks to use of a domain name without permission, the Statute looks to the domain name through which the e-mail message is transmitted, not the domain name of the recipient. If the Statute looked to the domain name of the recipient when asking the question of whether the use of the domain name is authorized,

VIRTUMUNDO'S MOTION TO DISMISS - 8
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

every single e-mail message that is unsolicited would violate the Statute, rendering the other sections superfluous. Plaintiff's reading of the Statute to provide for liability based on unauthorized use of a domain name with reference to the recipient's domain name; this interpretation strains the language of the Statute to the point of absurdity.

      c.    false and misleading subject lines

Plaintiff alleges that Virtumundo "used subject lines that contained false and misleading information". Plaintiff fails to attach any actual E-mails, but offers a survey of allegedly false and misleading subject lines. (Complaint, ¶ 4.5.)

The Statute prohibits the transmission of any commercial e-mail message which "contains false or misleading information in the subject line". See, e.g., State v. Heckel, 143 Wn.2d 824, 829 (2001) (providing a factual example of the type of subject lines prohibited under RCW § 19.190.030(1)(b).). In Heckel, the court remanded to the trial court a case in which the e-mails at issue stated in the subject line, "Did I get the right e-mail address?" and "For your review-- HANDS OFF!" Id. The court observed that, "[i]n the State's view, the first subject line falsely suggested that an acquaintance of the recipient was trying to make contact, while the second subject line invited the mis-perception that the message contained classified information for a particular recipient's review." Id.

Here, testimony submitted by Virtumundo shows that all e-mails transmitted by Virtumundo contain accurate information in the subject line. Virtumundo employs processes to screen each message that it transmits. (See Enright Decl. ¶ 10.) Additionally the Enright Declaration attaches sample e-mail messages sent by it. (See Enright Decl., **Exhibit A**) The subject lines of those e-mails clearly speak to the subject matter of the content of the e-mails. Plaintiff's claim that he is entitled to relief because of the misleading nature of the subject lines in the E-mails fails.

    2.    <u>Plaintiff's CPA claim piggybacks on the deficient Statutory Claim.</u>

Plaintiff's CPA allegations fail to state claim under Washington's Consumer Protection Act (RCW § 19.86.020, et seq.). Plaintiff states one principal allegation in connection with his CPA claim: that Virtumundo falsely claims that recipients of e-mails "opted in" or "subscribed" to receive the e-mails, and this allegedly false claim by Virtumundo constitutes a deceptive

VIRTUMUNDO'S MOTION TO DISMISS - 9
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

practice. Neither caselaw nor statute supports this theory of CPA liability. As Virtumundo's evidence shows, the recipients of the e-mails actually opted in to receive the messages. Second, even if Virtumundo's claim in this regard were false, Virtumundo is not asking the recipients to take any action based on this false claim—Virtumundo does not seek to influence the recipients of messages to take any action by virtue of the fact that they are opt in recipients of e-mails. Consequently, Plaintiff's CPA claim fails to state a valid cause of action.[3]

    3.    <u>Plaintiff fails to state a trespass to chattels, nuisance or other common law tort claim.</u>

Finally, Plaintiff argues some sort of common law trespass/nuisance theory. These claims similarly have no support under Washington law.

Some courts recognize a common law cause of action (in the nature of trespass or nuisance) relating to commercial e-mail. The courts that do recognize this type of cause of action, however, only do so in the context of massive quantities of e-mails that clog up the servers of an ISP or other (usually business) entity that passes along those messages through third parties. See <u>Intel Corp. v. Hamidi</u>, 30 Cal. 4th 1342, 1356 (2003) (rejecting Intel's argument that thousands of e-mail messages over six month period constituted trespass to chattels). The <u>Hamidi</u> court noted explicitly that the volume of messages received by an ISP or other entity that routes mail is exponentially higher than the quantity of e-mail received by a person or a business. In that case, the court refused to recognize a trespass claim, requiring Intel to show actual impairment of its servers in order to support a trespass claim (the court noted that this would be difficult even in Intel's case, notwithstanding the receipt of thousands of messages over a six month period. <u>Hamidi</u>, 30 Cal. 4th at 1356-58. Neither Washington law, nor the law of other jurisdictions support a cause of action for nuisance or trespass to chattels based on anything less than massive amounts of e-mails–<u>i.e.</u>, amounts that are sufficient to clog up servers utilized by Internet Service Providers. Plaintiff does not, and could not, make any such allegations in this case. Consequently, his claim for nuisance and trespass to chattels fails.

C.    **Virtumundo is an Interactive Computer Service Provider and thus Entitled to the**

---

[3] Plaintiff's CPA claim fails to the extent that claim is predicated on the violation of the Statute. As set forth in Section B.1, <u>infra</u>, Plaintiff's claims based on the Statute fail.

VIRTUMUNDO'S MOTION TO DISMISS - 10
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

51

**Protection of Section 230 of the Communications Decency Act**

Section 230 of the Communications Decency Act of 1996 (CDA) immunizes interactive computer service providers from liability arising from content not created or edited by them. 47 U.S.C. § 230; Schneider v. Amazon.com, Inc., 108 Wn.App. 454, 459 (2001). Section 230 trumps state law and extends to all lawsuits based on third party information. See, e.g., Green v. America Online, Inc., 318 F.2d 465, 471 (3rd Cir. 2003) (holding that Section 230 immunity extends to claims such as tort law claims involving damage to a computer, relating to content, not just to defamation and libel). As articulated by Division One of the Washington Court of Appeals, three elements underlie Section 230 immunity: (1) the defendant must be a "provider or user of an interactive computer service"; (2) the claims must related to content; and (3) that content must be provided by a third party. Schneider v. Amazon.com, Inc., 108 Wn.App. 454, 459 (2001).

1.  Interactive computer service.

Schneider interpreted an "interactive computer service" to mean a "service that [] enables access by multiple users to a server." Schneider, 108 Wn. App. at 461. In that case, the court held that Amazon provided an information service enabling multiple users to access a server in that its web site enabled visitors to view and create comments about authors and books. Id. Virtumundo transmits messages which allow users to click and access the web site of Virtumundo's clients. While Amazon allowed customer access via Amazon's web site, Virtumundo does so through the e-mails transmitted by it. Thus Virtumundo falls squarely within the definition of an interactive computer service user or provider.

2.  Hodgell's claims relate to the content of the e-mails.

Plaintiff's claims clearly relate to the content of the e-mails. While the Statute may in some cases support claims unrelated to the content of the e-mails (i.e., improperly routed e-mails or e-mails sent through hijacked third party domains), Plaintiff's claims in this case all relate to the content of the E-mails. These include Plaintiff's claims relating to allegedly improper from lines, and false and misleading subject lines.

3.  Virtumundo's clients and not Virtumundo are the information content provider in this case.

VIRTUMUNDO'S MOTION TO DISMISS - 11
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

52.

1. Section 230 treats "any person or entity that is responsible in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service" as an information content provider. See Schneider, 108 Wn.App. at 466. Even some limited editing of third party information does not turn an entity into an information content provider. See Ben Ezra, Weinstein, & Co. v. AOL, 206 F.3d 980, 986 (10th Cir. 2000).

In the present instance, unrefuted testimony from Virtumundo shows that Virtumundo does not create or develop the information contained in the e-mails. While Virtumundo may perform some limited editing functions, that editing does not convert Virtumundo into an information content provider.

   4. Section 230 of the CDA immunizes Virtumundo against claims relating to content in the E-mails.

Virtumundo thus satisfies the three prerequisites of immunity under Section 230 of the CDA. Protecting Virtumundo against claims additionally furthers the policies underlying the CDA, of encouraging the interactive functioning of the Internet by protecting those who merely transmit information on behalf of third parties. In this case, Hodgell seeks to hold Virtumundo liable for content created by Virtumundo's clients, bringing this case squarely within the immunity provisions of the CDA.

### V. CONCLUSION

Virtumundo respectfully requests this Court dismiss with prejudice Plaintiff's claims in their entirety based on (1) lack of personal jurisdiction, (2) failure to state a claim upon which relief can be granted, and (3) immunity owing to Section 230 of the Communications Decency Act (47 U.S.C. § 230). Virtumundo is a permission-based marketing company that markets products on behalf of third party clients. Plaintiff Joel Hodgell, who has a history of filing frivolous lawsuits, filed this form complaint without any allegations particular to this case. Virtumundo lacks any contacts with the State of Washington or its residents. Moreover, Plaintiff's bare allegations without any reference to specific facts of this particular case, fail to state a claim. Plaintiff's CPA claim and tort claims are similarly deficient—Washington law does not support those claims. Finally, as an interactive service provider, Section 230 of the Communications Decency Act immunizes Virtumundo from liability relating to content created

VIRTUMUNDO'S MOTION TO DISMISS - 12
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1 by third parties—i.e., Virtumundo's clients. For the foregoing reasons, the Court should dismiss
2 this lawsuit in its entirety and grant Virtumundo its attorneys' fees and costs with respect to
3 defending against this action.

5    DATED this 16th day of February, 2004.

        Respectfully Submitted,

        NEWMAN & NEWMAN,
        ATTORNEYS AT LAW, LLP

        By: _____

        Derek A. Newman, WSBA No. 26967
        Venkat Balasubramani, WSBA No. 28269
        505 Fifth Ave, South, Suite 610
        Seattle, Washington 98104
        Telephone Number   (206) 274-2800
        Facsimile Number   (206) 274-2801

        **Attorneys for Virtumundo, Inc.**

VIRTUMUNDO'S MOTION TO DISMISS - 13
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

**The Honorable Bruce Hilyer**
Hearing Date: **March 19, 2004, 9:30AM**
Moving Party: **Virtumundo, Inc. (Defendant)**

IN THE SUPERIOR COURT
FOR THE STATE OF WASHINGTON, COUNTY OF KING

| | |
|---|---|
| JOEL HODGELL,<br><br>Plaintiff,<br><br>v.<br><br>VIRTUMUNDO, INC. a Delaware Corporation<br><br>Defendant. | NO. 03-2-36850-4SEA<br><br>**PROPOSED ORDER ON MOTION TO DISMISS**<br><br>[CLERK'S ACTION REQUIRED:<br><br>**Note for Motion: March 19, 2004, 9:30AM]** |

THIS MATTER comes before the Court on the Motion to Dismiss of Virtumundo, Inc. ("Virtumundo"). Based upon the Court's review of the Complaint, the submissions of the parties, the declaration of Keith Enright, and pleadings previously filed herein, the Court finds that:

1. Plaintiff fails to allege any basis for the assertion of personal jurisdiction over Defendant; Defendant lacked any contacts with the State of Washington and is not subject to jurisdiction in this State;

2. Plaintiff fails to allege any basis for violation of RCW § 19.190.020: (1) the e-mails at issue contain subject lines that are not misleading as a matter of law; and (2) the allegations in the Complaint which allege unauthorized use of a third party domain name with reference to the recipient's domain name have no basis in law; and (3) alteration of

PROPOSED ORDER ON
MOTION TO DISMISS - 1
[NO. 03-2-36850-4SEA]

**ORIGINAL**

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

55

1  the from line without any misrepresentation of the point of origin (i.e., e-mail address) or
2  obfuscation of the transmission path does not amount to a violation of the Statute;
3  3. Plaintiff fails to state a valid CPA claim. The claim either piggybacks on Plaintiff's
4  deficient claim under the Statute, or the facts alleged do not amount to an unfair or
5  deceptive trade practice;
6  4. the Complaint does not allege any basis for recovery for unsolicited e-mail under
7  tort/negligence/nuisance theory;
8  5. Finally, Virtumundo is an interactive computer service provider, and as such, entitled to
9  immunity under Section 230 of the Communications Decency Act owing to content
10 neither created or supplied by it. It merely transmitted content created by its third party
11 clients and as such, Vitrumundo falls squarely within the provisions of Section 230 of the
12 CDA; and
13 6. Virtumundo is entitled to their reasonable attorneys' fees and costs in defending this
14 lawsuit—Virtumundo is directed to file an accounting with respect thereto and Plaintiff
15 may respond within 7 calendar days of that accounting.

It is HEREBY ORDERED

DATED this ___ day of February 2004.

_____
KING COUNTY SUPERIOR COURT JUDGE

PROPOSED ORDER ON
MOTION TO DISMISS - 2
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1 | Presented by:
2 |
3 |
4 | NEWMAN & NEWMAN,
  | ATTORNEYS AT LAW, LLP
5 | By: _____
  | Derek A. Newman, WSBA #26967
6 | Venkat Balasubramani, WSBA #28269
7 | NEWMAN & NEWMAN ATTORNEYS AT LAW, LLP
  | 505 Fifth Ave South, Suite 610
8 | Seattle, WA 98104
  | Phone (206) 274-2800
9 | FAX (206) 274-2801
10 | **Attorneys for Virtumundo, Inc.**

PROPOSED ORDER ON
MOTION TO DISMISS - 3
[NO. 03-2-36850-4SEA]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Ave, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

57