**EXHIBIT E**

119
Dockets.Justia.com

| | |
|---|---|
| MERKLE SIEGEL & FRIEDRICHSEN, P.C.<br>1325 Fourth Ave., Suite 940<br>Seattle, Washington 98101-2509<br>Phone (206)-624-9392<br>Fax (206) 624-0717 | THE HONORABLE<br>JOHN C. COUGHENOUR |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, JR, a married individual d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, and his marital community; and JOHN DOES, I-X,<br><br>Defendants, | NO. CV-06-0204JCC<br><br>[FIRST AMENDED]<br>COMPLAINT FOR DAMAGES UNDER THE CAN-SPAM ACT OF 2003 [15 U.S.C. §7701, *et seq.*]; WASHINGTON CONSUMER PROTECTION ACT (RCW 19.86); THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT (RCW 19.190); THE IDENTITY CRIMES ACT (RCW 9.35); RCW 19.170 et seq., and Injunctive Relief<br><br><br>[JURY DEMANDED] |

COME NOW, Plaintiffs James S. Gordon, Jr., and Omni Innovations, LLC., and bring this COMPLAINT against defendants named herein. Plaintiffs allege the following on information and belief:

NO. CV-06-0204JCC
FIRST AMENDED COMPLAINT
Page 1 of 14
MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

120

## 1. PARTIES

1.1     Plaintiff James S. Gordon, Jr. ("Gordon") is a married individual who is and was a resident of Benton and/or Franklin County, Washington, and who was doing business as an interactive computer service/internet access service as 'gordonworks.com', during the time of all acts complained of herein.

1.2     Plaintiff Omni Innovations, LLC ("Omni"), is a Washington limited liability company, whose primary place of business is Pasco, Washington, and which is the interactive computer service/internet access service that is the registered owner of the internet domain 'Gordonworks.com'.

1.3     Defendants Virtumundo, Inc., and Adknowledge, Inc., collectively (together with Scott Lynn) referred to herein as "Defendants" upon information and belief, are Delaware corporations, with their principle places of business located in Kansas City, Missouri, and/or Kansas.

1.4     Scott Lynn is an individual who is an officer, director and majority or sole shareholder of Virtumundo, Inc., and Adknowledge, Inc., whose primary residence is in Kansas City, Missouri, and who had knowledge of, and participated in the unlawful acts of the corporate Defendants. All acts and practices undertaken by Schran on behalf of Ascentive are and were for the benefit of his marital community.

1.5     Defendants reside in the States of Missouri and Kansas and transact or have transacted business in the State of Washington, and in the Western District of Washington.

1.6     The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions of which each defendant had

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 2 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

knowledge and that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions each defendant assisted and/or participated in, and are actions for which each defendant is liable. Each defendant aided, abetted, assisted, and conspired with the actions of each other defendant herein in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the other defendants, and in committing those acts herein alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## II.    JURISDICTION

2.1    This Court has original jurisdiction of the causes of action herein which are brought under the CAN-SPAM Act of 2003 – 15 U.S.C. §7701, *et seq.*, 15 U.S.C. §7707(g)(1).

2.2    The unlawful actions of the defendants were committed in the States of Washington, Missouri, Kansas, and in the judicial district of this Court.

2.3    The Defendants regularly transact business within the State of Washington by virtue of the fact that they regularly send commercial bulk emails into the State, which emails are received on computers and other electronic devices owned and maintained by residents of the State in the State. As a result of the Defendants' acts and transactions within the State of Washington, this Court has personal jurisdiction over the Defendants under RCW 4.28.185(1)(a).

2.4    The causes of action complained of herein include allegations that commercial electronic messages sent by or on behalf of the Defendants to the Plaintiffs violate RCW

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 3 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

122

19.190 et seq., the Washington Commercial Electronic Mail Act (CEMA) and RCW 19.86 et seq. the Washington State Consumer Protection Act (CPA), the Washington Identity Crimes Act (RCW 9.35 et seq.)

2.5    This Court has diversity jurisdiction as Plaintiffs and defendants are residents of different states, and the complaint includes a prayer for relief in excess of $75,000, exclusive of interest and costs.

2.6    Jurisdiction to commence this action is conferred by 15 U.S.C. §7701, *et seq.*, 15 U.S.C. §7707(g)(1); RCW 19.86.080, 19.86.090, 19.86.160, RCW 19.190.030 and RCW 4.12.020-.025.

### III. General Allegations

3.1    Plaintiffs reallege and incorporate as though fully set forth herein, all prior paragraphs herein.

3.2    Plaintiff Gordon is the registrant of the internet domain "gordonworks.com", and is an interactive computer service as that term is defined in 15 U.S.C. §7703(11); 47 USC 231(e)(4); and RCW 19.190.010 (7).

3.3    Plaintiff Omni d/b/a 'gordonworks.com', is the owner of an internet domain server on which the domain 'gordonworks.com resides, as well as others, and is an interactive computer service as that term is defined in 15 U.S.C. §7703(11); 47 USC 231(e)(4); and RCW 19.190.010 (7)

3.4    Gordon provides or enables computer access by multiple users to a computer server that hosts the "gordonworks.com" domain name and further provides electronic mail accounts to individuals utilizing their personal domain names for electronic

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT
Page 4 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

123

messaging, including individuals residing within the Federal judicial district in which this case is brought.

3.5    Plaintiff Gordon is also a user of the interactive computer service provided by Omni and 'gordonworks.com', and maintains electronic mail message accounts with 'gordonworks.com, including under the address jim@gordonworks.com as well as the domain name "rcw19190020.com".

3.6    At all times relevant to this action, each of the Plaintiffs' status as Washington residents is and was public knowledge and available to defendants upon request from the Plaintiffs, their domain registrar information, the Washington WAISP, and other readily accessible sources. Further, Plaintiff Gordon communicated directly with Defendants on numerous occasions notifying them of his Washington residency, and demanding that they cease and desist from sending commercial emails to him.

3.7    The Defendants have initiated the transmission of numerous commercial email messages directed to and through Plaintiff Omni's interactive computer service, and/or to and through Plaintiff Gordon's domain 'gordonworks.com', and/or further addressed to Plaintiff Gordon's email address jim@gordonworks.com, as well as to other users of Omni's interactive service.

IV.    **Causes of Action**

4.1    **First Cause of Action**

**Violations of the Federal Can-Spam Act of 2003** [15 U.S.C. §7701 et seq.]

Plaintiff realleges all preceding paragraphs and incorporates them herein as if set forth in full:

4.1.1    Plaintiffs have received hundreds of commercial electronic mail messages from or on behalf of defendants, sent to its electronic mail server located in Benton and Franklin

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 5 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

124

Counties, Washington, and/or to its registered domains, including 'gordonworks.com' in violation of the CAN-SPAM Act of 2003, 15 U.S.C. §7701 et seq.

4.1.2  Plaintiffs further allege that they received numerous items of electronic mail from the defendants sent to 'gordonworks.com' domain name and servers, and to email addresses served thereby, that were responded to with specific requests not to receive future commercial electronic mail messages, which requests went unheeded for a substantial amount of time during which defendants continued to send unlawful email to Plaintiff in violation of 15 U.S.C. §7704(a)(4).

4.1.3  Plaintiffs further allege that the defendants sent at least one (1) separate item of electronic mail to the Plaintiffs to an address most likely harvested from domain name registration and/or by other means of anonymous internet information harvesting. Said conduct was in violation of 15 U.S.C. §7704(b)(1)(A)(i), and (ii).

4.1.4  Plaintiffs further allege that defendants initiated the transmission of commercial electronic mail to Plaintiffs at and through the 'gordonworks.com' domain and server, and to individual email accounts at that domain and on its server, which electronic mail included materially misleading subject lines, which constitutes a violation of 15 USC 7704(a)(2).

4.1.5  Plaintiffs further allege that defendants initiated the transmission of commercial electronic mail to Plaintiff at and through the 'gordonworks.com' domain and server, and to individual email accounts served thereby, which electronic mail failed to provide a functioning mechanism, clearly and conspicuously displayed, that a recipient may use, in a manner specified in the message, to request not to receive further messages from the sender, which constitutes violations of 15 USC 7704(a)(3)(A), and 7704(a)(4)(A)(ii).

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 6 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

126

4.1.6   Plaintiffs further allege that defendants initiated the transmission of commercial electronic mail to Plaintiff at and through the 'gordonworks.com' domain and server to individual email accounts served thereby, which electronic mail failed to provide clear and conspicuous notice that the mail is an "advertisement", which constitutes a violation of 15 USC 7704(a)(4)(A)(i).

4.1.7   Plaintiffs further allege that defendants initiated the transmission of commercial electronic mail to Plaintiff at and through the 'gordonworks.com' domain and server, and to individual email accounts served thereby, which electronic mail constitutes a violation of 15 USC 7704(a)(2).

4.1.8   Plaintiffs further allege that defendants initiated the transmission of commercial electronic mail to Plaintiff at and through its 'gordonworks.com' domain and server, and to individual email accounts served thereby, which electronic mail failed to include a physical postal address, which constitutes a violation of 15 USC 7704(a)(4)(A)(iii).

4.1.9   As a proximate result of said unlawful conduct by said defendants, Plaintiffs Omni and Gordon are entitled to damages for the actual monetary loss incurred or statutory damages in the amount of up to $100.00 in the case of violation of Section 5(a)(1) or up to $25.00 in the case of each violation of the other subsections of Section 5 in the form of statutory damages as set forth in 15 U.S.C. §7707(g)(1) and (3)(A).

4.1.10   Plaintiffs furthermore seek a preliminary and permanent injunction against the defendants for their current and future violations of the CAN-SPAM Act of 2003 as it and members of the general public will continue to incur damages as a result of the unlawful conduct of said defendants. The seeking of injunctive relief by the Plaintiff is specifically authorized by 15 U.S.C. §7707(g)(1)(A).

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 7 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

4.1.6   Plaintiffs furthermore seek their attorney fees and costs against the defendants pursuant to 15 U.S.C. §7707(g)(4).

## 4.2   Second and Third Causes of Action

### Violations of the Washington CEMA [RCW 19.190. et seq.]

### and the Washington Consumer Protection Act [RCW 19.86 et seq.]

Plaintiffs reallege all preceding paragraphs and incorporates them herein as if set forth in full:

4.2.1   It is a violation of RCW 19.190.020(1)(a)(b) and 19.190.030(1)(a)(b) to initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that uses a third party's internet domain name without permission of the third party, or otherwise misrepresents or obscures any information in identifying the point of origin or the transmission path of a commercial electronic mail message, or contains false or misleading information in the subject line.

4.2.2   Defendants initiated the transmission, or assisted and/or conspired to transmit numerous commercial electronic mail messages to Plaintiffs' domain and server, and to Plaintiff Gordon's 'gordonworks.com domain, and to his individual email account which defendants knew, or had reason to know were located in the state of Washington, which emails misrepresented or obscured information identifying the point of origin or the transmission path, and/or which contained false or misleading information in the subject line, which constitutes violations of RCW 19.190 et seq.

4.2.3   It is further a violation of RCW 19.190.080 to "solicit, request, or take any action

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Page 8 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

127

to induce a person to provide personally identifying information by means of a web page, electronic mail message, or otherwise using the internet by representing oneself, either directly or by implication, to be another person, without the authority or approval of such other person." Numerous emails sent by Defendants and received by Plaintiffs violated this provision of the CEMA.

4.2.4   Pursuant to RCW 19.190.020(1)(a)(b), each email sent in this Second Cause of Action is a separate and distinct violation of RCW 19.190, and pursuant to RCW 19.190.030(1)(a)(b), (2), and (3) constitutes a separate and distinct violation of the Consumer Protection Act, RCW 19.86.

4.2.5   Further, defendants' acts herein alleged, constitute separate and distinct violations of RCW 19.86 as they constitute unfair or deceptive acts and practices, occurring in the regular course of defendants' conduct of trade and commerce, and are unfair methods of competition, which acts have been, or are likely to be perpetrated against other residents of the State.

Plaintiffs have been damaged as a result of Defendants' statutory violations as set forth herein, in an amount to be proven at trial.

### 4.3   Fourth Cause of Action
### RCW 19.170 et seq.

Plaintiff realleges all preceding paragraphs and incorporates them herein as if set forth in full:

4.3.1   RCW 19.170 et seq. makes it unlawful under Washington State law to deceptively

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 9 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

128

advertise or promote "free" prizes, gifts, awards, travel coupons or certificate, free item, or any other item offered in a promotion that is different and distinct from the goods, service, or property promoted by a sponsor. The statute makes a violation of RCW 19.170 a per se violation of the State Consumer Protection Act (RCW 19.86 et seq.)

4.3.2  Numerous email advertisements, ie., "spam" which Defendants transmitted to Plaintiffs, as described herein, violated RCW 19.170 et seq., in the following ways: In violation of RCW 19.170.030:

(a) The offending emails contained offers, and promotions for prizes, gifts, and awards which failed to identify the name and address of the promoter and the sponsor of the promotion; and/or,

(b) failed to state the verifiable retail value of each prize offered in it; and/or,

(c) failed to disclose the verifiable retail value and odds for each prize which must be stated in immediate proximity on the same page with the first listing of each prize in type at least as large as the typeface used in the standard text of the offer; and/or

(d) failed to conspicuously disclose, if a person is required or invited to view, hear, or attend a sales presentation in order to claim a prize that has been awarded, may have been awarded, or will be awarded, the requirement or invitation must be conspicuously disclosed under subsection (7) of this section to the person in the offer in bold-face type at least as large as the typeface used in the standard text of the offer; and/or,

(e) or failed to otherwise comply with RCW 19.170.030 which requires that "No item in an offer may be denominated a prize, gift, award, premium, or similar term that implies the item is free if, in order to receive the item or use the item for its intended purpose the intended recipient is required to spend any sum of money, including but not limited to shipping fees, deposits, handling fees, payment for one item in order to receive another at no charge, or the purchase of another item or the expenditure of funds in order to make meaningful use of the item awarded in the promotion. The payment of any applicable state or federal taxes by a recipient directly to a government entity is not a violation of this section."

In violation of RCW 19.170.040:

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 10 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

129

(a) included a prize in an offer when the promoter or sponsor knows or has reason to know that the prize will not be available in a sufficient quantity based upon the reasonably anticipated response to the offer.

(b) failed to comply with subsection (5) which provides: "If the prize is not available for immediate delivery to the recipient, the recipient shall be given, at the promoter or sponsor's option, a rain check for the prize, the verifiable retail value of the prize in cash, or a substitute item of equal or greater verifiable retail value."

(c) failed to comply with subsection 5(b), which provides: "If the rain check cannot be honored within thirty days, the promoter or sponsor shall mail to the person a valid check or money order for the verifiable retail value of the prize described in this chapter."

(d) failed to comply with subsection (6), which provides: "A sponsor shall fulfill the rain check within thirty days if the person named as being responsible fails to honor it."

(e) failed to comply with subsection (7), which provides: "The offer shall contain the following clear and conspicuous statement of recipients' rights printed in type at least as large as the typeface used in the standard text of the offer:" If you receive a rain check in lieu of the prize, you are entitled by law to receive the prize, an item of equal or greater value, or the cash equivalent of the offered prize within thirty days of the date on which you claimed the prize." ".

(f) failed to comply with subsection (8), which provides: "It is a violation of this chapter to misrepresent the quality, type, value, or availability of a prize."

5. **Demand for jury.**   Plaintiff demands that this cause be tried to a jury.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

That the Court adjudge and decree that defendant has engaged in the conduct complained of herein.

That the Court adjudge and decree that the conduct complained of herein constitutes violations of the Federal Can-Spam Act of 2003, 15 U.S.C. §7705, and that Plaintiffs are

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 11 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

130

1  entitled to all damages provided for thereunder, as may be proved at trial;

2  That the Court adjudge and decree that the conduct complained of herein constitutes

3  violations of the Washington Commercial Electronic Mail Act, RCW 19.190 et seq., and

4  that Plaintiff is entitled to all damages provided for thereunder, as may be proved at trial,

5  including but not limited to treble damages of up to three times the per statutory damages

6  provided therein for each violation committed by the defendants, in an amount to be proven

7

8  at trial;

9  That the Court adjudge and decree that the conduct complained of herein constitutes

10  violations of RCW 19.170 et seq. and that Plaintiff is entitled to all damages provided for

11  thereunder, as may be proved at trial, including but not limited to aggravated damages under

12  RCW 19.170.060 of up to three times the amount of statutory damages for these violations

13  committed by the defendants willfully and knowingly, and for defendants' unlawful

14

15  activity.

16  That the Court adjudge and decree that the conduct complained of herein constitutes

17  violations of the Washington Consumer Protection Act, RCW 19.86 et seq., and that

18  Plaintiff is entitled to all damages provided for thereunder, as may be proved at trial;

19  That the Court adjudge and decree that the conduct complained of herein further

20  constitutes violations of the Washington Consumer Protection Act, RCW 19.86 et seq., and

21

22  that Plaintiffs are entitled to all damages provided for thereunder, as may be proved at trial;

23  That the Court assess civil penalties, pursuant to 19.190.040(1) of five hundred dollars

24  ($500) per violation against defendant for each and every one of the commercial electronic

25  mail messages sent to Plaintiff Gordon in violation of RCW 19.190.020.

26  That the Court assess civil penalties, pursuant to 19.190.040(1) one thousand dollars

27

28  NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Page 12 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

[13]

1  ($1,000) per violation against defendant for each and every one of the commercial
2  electronic mail messages sent through Plaintiff Gordon's interactive computer service, and
3  one thousand dollars ($1,000) for each and every one of the commercial electronic mail
4  messages sent through Omni's interactive computer service in violation of RCW
5  19.190.020.

   That the Court assess civil penalties in the way of treble damages pursuant to RCW
   19.86.140, of two thousand dollars ($2,000) for each and every one of the violations of
   RCW 19.86 caused by the conduct complained of herein.

   That the Court enter judgment pursuant to RCW19.86.140 providing that Plaintiff has
   been injured by the conduct complained of herein, and ordering that Plaintiff recover from
   the defendant the costs of this action, including reasonable attorney's fees.

   That the Court order such other relief as it may deem just and proper to fully and
   effectively remedy the effects of, and prevent future instances of, the conduct complained of
   herein, or which may otherwise seem proper to the Court.


RESPECTFULLY SUBMITTED, this 3rd day of April, 2006.


MERKLE SIEGEL & FRIEDRICHSEN, P.C.

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs


NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED
COMPLAINT

Page 13 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717

132

## Certificate of Service

I, hereby, certify that on April 3, 2006, we filed this pleading with this Court. The Clerk of the Court will provide electronic notification system using the CM/ECF, which will send an electronic copy of this Notice to: Derek Newman, Newman & Newman, attorneys for Defendants.

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

NO. CV-05-5079-FVS
PLAINTIFF'S FIRST AMENDED COMPLAINT

Page 14 of 14

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101-2509
Phone: 206-624-9392
Fax: 206-624-0717