The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM', <br><br> Plaintiff, <br><br> v. <br><br> VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X, <br><br> Defendants. | No. CV06-0204JCC <br><br> **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)** <br><br> NOTE ON MOTION CALENDAR: April 7, 2006 |

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Dockets.Justia.com

# TABLE OF CONTENTS

I. INTRODUCTION ........................................... 1

II. ARGUMENT AND AUTHORITY ............................ 2

    A. Plaintiff's Evidence is Fundamentally Flawed ................ 2
        1. Plaintiff's opposition and supporting declaration contain material inconsistencies and constitute a Rule 11 violation. ............................... 2
        2. Most emails attached to Plaintiff's declaration are irrelevant. ................................................ 3
        3. Plaintiff does not allege any facts relating to Defendants other than Virtumundo. ................... 4

    B. Plaintiff's Authority Does Not Support His Opposition ........ 5

    C. CAN-SPAM Requires Only That Defendants Provide an Unsubscribe Link ............................................ 6

III. CONCLUSION ............................................. 8

## I. INTRODUCTION

Defendants Virtumundo, Inc. ("Virtumundo"), Adknowledge, Inc. ("Adknowledge"), and Scott Lynn (collectively "Defendants") should be dismissed from this lawsuit for lack of personal jurisdiction[1]. Plaintiff's Response in Opposition to Motion to Dismiss (Dkt. No. 11, the "Opposition") contains numerous inconsistencies, mischaracterizations and inaccurate citations to his own unsubstantiated declarations. For example, the Opposition "categorically" claims Plaintiff never opted-in to receive emails, whereas he testifies in his declaration (Dkt. No. 11 at 2:5-8) that he did opt-in.

Plaintiff has supplied only a handful of emails, the majority of which have nothing to do with any of the defendants. Plaintiff relies on only two emails from Defendant Virtumundo, which do not demonstrate purposeful availment. He does not contend in his Opposition that any of the other defendants sent him any email messages.

Plaintiff argues that Defendants purposefully availed themselves because he sent emails to various email addresses at "virtumundo.com", but he admits he refused to unsubscribe through the unsubscribe link provided on Virtumundo emails. 15 U.S.C. § 7701 *et seq.* ("CAN-SPAM") provides that an unsubscribe link is the federally mandated means to opt-out of receiving commercial emails. CAN-SPAM puts the onus on email marketers and recipients to follow the unsubscribe process in order to put the sender on notice that the recipient wishes to opt-out. Virtumundo was entitled to rely on CAN-SPAM in managing its email lists, and Plaintiff's alleged communication(s) other than "in a manner specified in the [commercial email]

---

[1] Subsequent to filing his Opposition, Plaintiff filed a First Amended Complaint. The jurisdictional facts are materially the same and Defendants request that the Court deem the underlying Motion to apply to the First Amended Complaint.

DEFS.' REPLY RE MOT. TO
DISMISS ON JURISDICTION - 1
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

message" is insufficient to constitute notice. 15 U.S.C. § 7704(a)(3)(A)(i). Emails to random addresses at "virtumundo.com" fail to put any defendant on jurisdictional notice because even if Plaintiff sent them, the defendants never received them.

Finally, Plaintiff lumps each of the defendants together as a single entity, but alleges *no facts* relevant to any defendant other than Virtumundo. The motion to dismiss by defendants other than Virtumundo should be granted because it is effectively unopposed. Virtumundo should be dismissed because it could not have foreseen being haled into court here.

## II. ARGUMENT AND AUTHORITY

### A. Plaintiff's Evidence is Fundamentally Flawed.

The facts alleged in support of Plaintiff's Opposition are inconsistent and unsupported. Plaintiff's only evidence of putting any defendant on jurisdictional notice is a self-serving declaration claiming he sent 200 emails to various email addresses at the Virtumundo.com domain (but to no other defendants), and that he registered his residency at the website located at WAISP.org. However, Plaintiff fails to attach a single email or any other evidence substantiating his claims. Moreover, the law does not impose a burden on foreign residents to query the WAISP.org website. *See e.g.*, *Cybersell v. Cybersell*, 130 F.3d 414 (9th Cir. 1997) (court does not have jurisdiction over defendant in trademark owner's home state even though defendant could have searched the United States trademark office database to determine trademark owner's residency).

*1. Plaintiff's opposition and supporting declaration contain material inconsistencies and constitute a Rule 11 violation.*

Plaintiff's declarations contain blatant inconsistencies and his Opposition contains material falsehoods. The Opposition falsely states that

DEFS.' REPLY RE MOT. TO DISMISS ON JURISDICTION - 2 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 Plaintiff "wholly" and "categorically" denies having subscribed to receive
2 emails. Opposition at pp. 3:3 & 4,n.1 (Dkt. No. 11). However, Plaintiff
3 testifies explicitly in his declaration that "**this next sentence is not true -**
4 **italicized)** *[Plaintiff has] never 'opted-in', 'subscribed', or 'co-registered', in*
5 *any manner with Virtumundo nor, to my knowledge, any of their 'affiliates', or*
6 *'partners'.*" Gordon Decl. (Dkt. 12) at ¶ 4 (emphasis in original)[2]. Plaintiff
7 subsequently filed a second Declaration omitting the false statement. *See*
8 Second Gordon Decl., Dkt. 16 at ¶ 4. However, Plaintiff did not bother to
9 correct the material misstatement in the Opposition and, instead, asserts the
10 false statement emphatically. This falsehood calls into question Plaintiff's
11 veracity and the reliability of all of his unsupported testimony.

12     The Opposition proffers that Plaintiff sent cease and desist memos to
13 Virtumundo "literally thousands of times." Opposition at p. 3:25. However,
14 the Gordon Decl. contradicts the Opposition by limiting the number of such
15 memos to "approximately 200 direct requests to Virtumundo to cease and
16 desist." Gordon Decl. at ¶ 7. This inconsistency and the lack of documentary
17 support for the Opposition speak for themselves. Indeed, Plaintiff testifies he
18 sent 200 requests, but he does not attach any copies of such requests, and he
19 fails to cite a single specific occasion when he sent any communication to
20 Virtumundo or any other defendant.

        *2.    Most emails attached to Plaintiff's declaration are irrelevant.*

23     The emails attached to Plaintiff's declaration (Dkt. No. 16) are either
24 irrelevant, inadmissible, and/or without authentication. For example, emails

---

[2] Defendants have evidence which indicates that recipients from the Gordonworks.com domain opted-in to receive emails from computers located in Richland, WA. Plaintiff Gordon admits that he resides in Benton County, WA, which includes Richland. First Amended Complaint at ¶ 1.1.

DEFS.' REPLY RE MOT. TO
DISMISS ON JURISDICTION - 3
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   from unrelated third parties from domains like "03.mdsa.com" (page 11[3]),
2   "g.ew01.com"(page 12), "b.hm02.com"(page 13), "mindsharedesign.com"(page
3   16), and "prefersend.com" (page 23-24) are not in the least bit germane to this
4   matter.  Plaintiff's reliance on an email to an unrelated recipient, "5-
5   katie@ehahome.com"(page 26-27), is peculiar considering the recipient of the
6   email is not a party or witness to this case.
7       Plaintiff does not explain the relevance of these emails and the Court
8   should disregard them.  In truth, Plaintiff acknowledges that he is relying on
9   "email ads from Virtumundo *and other spammers.*"  Gordon Decl. at ¶ 5
10  (emphasis added).  It is axiomatic that alleged unlawful conduct by other
11  parties is not relevant to a lawsuit against specific defendants.  Similarly,
12  Plaintiff relies on a generic memo to an unnamed "Email Marketer", but
13  supplies no evidence that this memo was sent to any defendant, other than
14  his self-serving declaration that the letter is an "example request."  Gordon
15  Decl. at ¶ 7.  Like the emails to "other spammers" the Court should disregard
16  the generic memo.

17
18              *3.    Plaintiff does not allege any facts relating to Defendants other than Virtumundo.*

19      The only evidence Plaintiff submits pertaining to any defendant in this
20  matter are a few emails apparently from Virtumundo, which are insufficient
21  to establish any jurisdictional nexus.  Gordon Decl. at page 14-15, 18.
22  Plaintiff does not attach or claim to have received emails from any other
23  defendant.  Ironically, Plaintiff attempts to distinguish this case from the
24  recent Utah Supreme Court decision in *Fenn v. Mleads Enterprises, Inc.*, 2006
25  UT 8; 545 Utah Adv. Rep. 7 because "that case involved the sending of only
26  one (1) single email by" the defendant.  However, in the present matter,
27
28      [3]Citations to page numbers are to the Gordon Decl. (Dkt. 16).

| DEFS.' REPLY RE MOT. TO DISMISS ON JURISDICTION - 4 (CV06-0204JCC) | **NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP** | 505 Fifth Ave. S., Ste. 610 Seattle, Washington 98104 (206) 274-2800 |
|---|---|---|

1 Plaintiff only supplies two emails related to one of the defendants in this
2 lawsuit[4], and no emails from any other.

3 Plaintiff attempts to impeach Defendants' Motion because Defendants
4 "nowhere flatly deny Plaintiff received the emails in question." However,
5 Plaintiff has supplied only the few emails attached to his declarations, most
6 of which are wholly irrelevant to any Defendant. Moreover, sending emails to
7 recipients who have opted-in to receive email solicitations or have not
8 unsubscribed to email lists is not unlawful. In light of Plaintiff's constructive
9 admission that he opted-in to receive emails, Virtumundo had the right to
10 send Plaintiff these messages, and Plaintiff's efforts to cast the defendants in
11 a negative light ring hollow.

**B. Plaintiff's Authority Does Not Support His Opposition.**

13 Consistent with his approach to the facts, Plaintiff cites to law which
14 does not stand for the propositions for which they are cited. For example,
15 Plaintiff relies heavily on an order by Judge Zilly which purportedly supports
16 his Opposition. However, Plaintiff fails to advise the Court that Judge Zilly's
17 decision was subsequently reconsidered and the decision was materially
18 changed. See *Hodgell v. Memolink*, W.Dist.Wa., No. CV02-2183Z, Dkt.
19 No. 23. Judge Zilly initially denied the motion to dismiss by all defendants
20 collectively, and Plaintiff cited only that order. On reconsideration, however,
21 Judge Zilly considered the jurisdictional facts as to each defendant and
22 dismissed two of them for lack of personal jurisdiction. As applied to the
23 present matter, Judge Zilly's opinion supports the parsing of jurisdictional

---

[4] Plaintiffs other attempt to distinguish the *Fenn* case relies on differences between the Utah and Washington laws. However, *Fenn* was decided primarily based upon the fourteenth amendment to the United States Constitution, and the instant motion pertains to the federal constitutional constraints of due process which are unrelated to the state law. Under either state or federal law, the Court does not have personal jurisdiction over the defendants unless it finds that the email marketer purposefully availed itself of the forum under applicable federal due process principles.

DEFS.' REPLY RE MOT. TO DISMISS ON JURISDICTION - 5
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  facts against Virtumundo, Inc., Adknolwedge, Inc., Scott Lynn and his
2  marital community and the ten John Does separately.  The only arguable
3  jurisdictional facts advanced by Plaintiff pertain to Virtumundo and no other
4  Defendant, and even those facts do not establish a relationship between
5  Virtumundo and the state of Washington.

6  Plaintiff also cites to the resolution of his own Motion to Dismiss in the
7  Eastern District of Washington in a different case.  Plaintiff only excerpted a
8  portion of that order.  *See* Siegel Decl. at Exh. B.  In truth, personal
9  jurisdiction was not at issue in that motion; rather, the issue was whether the
10 plaintiff had failed to state a claim.  Accordingly, the Eastern District of
11 Washington case is wholly irrelevant to the instant motion.

### C. CAN-SPAM Requires Only That Defendants Provide an Unsubscribe Link.

14 Plaintiff argues that Defendants have purposefully availed themselves
15 because he sent emails to various email addresses at "virtumundo.com",
16 although he refused to unsubscribe through the unsubscribe link provided on
17 Virtumundo emails[5].  Plaintiff argues that his emails "were much clearer and
18 specific than would be a questionable request to 'unsubscribe'".  Opposition at
19 4:4-6.  However, the CAN-SPAM Act, 15 U.S.C. § 7701 *et seq*, provides an
20 unsubscribe link is the federally mandated means to opt-out of receiving
21 commercial emails.[6]  Pursuant to CAN-SPAM, email marketers may not send

---

[5]Plaintiff acknowledges that he did not click on the functional unsubscribe link to these emails, but that he did unsubscribe to emails sent from unrelated third parties.  *See* Gordon Decl. at page 16.

[6]*See, e.g.*, 15 U.S.C. § 7704 (a): "(3) Inclusion of return address or comparable mechanism in commercial electronic mail-
    (A) IN GENERAL- It is unlawful for any person to initiate the transmission to a protected computer of a commercial electronic mail message that does not contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that--
        (i) a recipient may use to submit, in a manner specified in the message, a reply

DEFS.' REPLY RE MOT. TO
DISMISS ON JURISDICTION - 6
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

messages to the recipients more than 10 days after they opt-out, and the unsubscribe link must remain functional for 10 days[7].

Virtumundo was entitled to rely on CAN-SPAM in managing its email lists and the unsubscribe process. Plaintiff posits that his "Dear Email Marketer" memo is clearer than the unambiguous Federal law providing for a uniform process for unsubscribing to email lists. This theory is specious. The very purpose of a uniform Federal law is to allow business to ensure compliance in every state. Plaintiff's argument is like an airline refusing to comply with Federal Aviation Administration regulations because the airline thinks its practices are safer.

In fact, it is likely Plaintiff did not properly unsubscribe because he wished to pursue litigation to collect statutory damages from email marketers. Plaintiff admits he opted-in to receive emails, but he refused to opt-out. He claims he sent communications to Virtumundo to request it stop sending messages, but he does not provide any evidence that Virtumundo received the alleged requests. Defendants submit that Plaintiff did everything he could to *avoid* cessation of emails because if the emails stopped, then Plaintiff's alleged damages also would stop. Plaintiff probably opted-in

---

electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received; and
     (ii) remains capable of receiving such messages or communications for no less than 30 days after the transmission of the original message."

[7]*See* 15 U.S.C. § 7704(a)(4): "PROHIBITION OF TRANSMISSION OF COMMERCIAL ELECTRONIC MAIL AFTER OBJECTION-
     (A) IN GENERAL- If a recipient makes a request using a mechanism provided pursuant to paragraph (3) not to receive some or any commercial electronic mail messages from such sender, then it is unlawful--
     (i) for the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message that falls within the scope of the request;
     (ii) for any person acting on behalf of the sender to initiate the transmission to the recipient, more than 10 business days after the receipt of such request, of a commercial electronic mail message with actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that such message falls within the scope of the request"

because he wished to create a cause of action; and he refused to opt-out because he wished to increase his damages.  If Plaintiff sent emails to random "virtumundo.com" email addresses, he did so likely knowing Defendants would not receive them, and to support a form-over-substance argument of a jurisdictional nexus where none exists.  Plaintiff's refusal to follow the CAN-SPAM process, in favor of his alleged (without documentary support) emails to random Virtumundo email addresses, does not satisfy the due process requirements of personal jurisdiction.

## III.    CONCLUSION

Defendants are not subject to jurisdiction in this forum.  Plaintiff does not submit any facts indicating any defendant could reasonably foresee it was sending messages to the state of Washington.  Plaintiff's Opposition pertains only to Virtumundo.  There are no alleged jurisdictional facts pertaining to any of the other Defendants.  Therefore, Defendants respectfully request this Court dismiss this action with prejudice for lack of personal jurisdiction, and award Defendants their reasonable attorney's fees pursuant to RCW § 4.28.185(5).

DATED this 7th day of April, 2006.

Respectfully Submitted,

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

DEFS.' REPLY RE MOT. TO DISMISS ON JURISDICTION - 8
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800