THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company;<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | No. CV06-0204JCC<br><br>PROTECTIVE ORDER [PROPOSED] |

**STIPULATION**

The preparation and trial of this action may involve the discovery of documents, information, and other materials that contain confidential and trade secret information belonging to Plaintiff and other parties, which, if disclosed to the public, the parties'

---

**PROTECTIVE ORDER [PROPOSED]**  1  NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98150
phone: (206) 274-2827
fax: (206) 274-2801

competitors, and, in some cases, to the parties themselves, may unfairly and adversely affect competition. To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect material entitled to be kept confidential, the parties hereby stipulate and agree there is a need for a Protective Order in this case, and they further consent and agree to entry of the following protective order pursuant to the Court's authority under Fed. R. Civ. P. 26(c).

DATED this 24th day of August, 2006.

| NEWMAN & NEWMAN, LLP | MERKLE SIEGEL & FRIEDRICHSEN, P.C. |
|---|---|
| Attorneys for Defendants | Attorneys for Plaintiffs |
| By _____ <br> Derek A. Newman, WSBA # 26967 <br> Roger M. Townsend, WSBA # 25525 | /s/ Robert Siegel with authorization <br> By _____ <br> Robert J. Siegel WSBA# 17312 |

**PROTECTIVE ORDER**

Pursuant to stipulation of counsel, and Fed. R. Civ. P. 26(c); it is hereby ORDERED, as follows:

1. Except as otherwise ordered by this Court, this Order shall apply to all documents, interrogatories, testimony, information and pleadings produced, given or filed in this action which are designated by a party, including any third party, as "CONFIDENTIAL INFORMATION" in accordance with the terms hereof.

2. Any party, including third parties, may designate as "CONFIDENTIAL INFORMATION" pursuant to the terms of this Order:

(a) Information contained in a document, answer to interrogatory, answer to request for admission, response to request for production of documents or other writing may be designated by stamping or otherwise marking (in such a manner as will not interfere with the legibility of the document) the first page of the document containing confidential information with an appropriate notation substantially in the form:

"CONFIDENTIAL INFORMATION"

Unless a party intends to designate all of the information contained within the document as "CONFIDENTIAL INFORMATION," the party should indicate in a clear fashion that portion of the document which the party intends to designate as containing "CONFIDENTIAL INFORMATION." In any court filing or written discovery response, the supplying party shall note on the cover page of the document that all or a portion of the document contains "CONFIDENTIAL INFORMATION" designated pursuant to this Order and shall furnish such information to the Clerk under seal pursuant to Paragraph (6) hereof.

(b) Information contained or revealed in a deposition whether in a question, answer or exhibit, may be designated by noting a claim of confidentiality pursuant to this Order on the record at the time of the depositions, whenever reasonably possible. The confidential portion shall be identified as such in the caption or title of the transcript and on each page, as CONFIDENTIAL. The claimant of confidentiality or the person obligated to maintain and protect confidentiality under this Order shall, on the record, advise all persons present at the deposition that the information is confidential and is subject to a Protective Order governing its use. Before the disclosure of previously designated CONFIDENTIAL INFORMATION in a deposition, all persons who have not theretofore been made subject to this Order shall be given a copy of this Order and shall acknowledge on the record of such deposition that he or she has read the Order and agrees to be bound by its terms. When the claim of confidentiality is not made in advance of disclosure or at the time of the deposition, it may be made within a reasonable time thereafter, at which point the designated material shall be accorded confidential treatment pursuant to this Order and counsel for the party making the claim of confidentiality shall ensure that the preceding provisions of this subparagraph concerning the transcription and identification of confidential material are complied with.

3. The following types of information, if discoverable because such information is necessary or essential to any claims or defenses in the action, shall be regarded as "CONFIDENTIAL INFORMATION":

    (a) Any personally identifying information, including but not limited to telephone numbers and e-mail addresses.

    (b) Any agreements between Defendants, their vendors, customers or other third parties, any financial or other terms therein, or the fact of their existence.

    (c) Any passwords to any accounts, intranet sites, FTP sites, domain names or the like.

    (d) To the extent discoverable, any information about, concerning, or pertaining to Defendants's business plans, assessment of the market, its competition, its plans or strategies for meeting competition, its prospective clients or customers, its marketing or advertising plans, or any budget or other information about its current, or planned or expected revenue, pricing policies, or costs of operation.

    (e) To the extent discoverable, any document that a party, including any third party, designates as "CONFIDENTIAL INFORMATION" subject to the right of a party to challenge such CONFIDENTIAL INFORMATION designation pursuant to paragraph 10 of this Order.

4. "CONFIDENTIAL INFORMATION" subject to this Order shall be used solely and exclusively for purposes of this case in accordance with the provisions of this Order. Such information shall not be used in or for other cases, proceedings, or disputes, or for any personal, commercial, business, competitive, or other purpose whatever.

5. It is the responsibility of counsel for each party to this action to maintain materials containing CONFIDENTIAL INFORMATION obtained from a party in a secure and

appropriate manner so as to allow access to CONFIDENTIAL INFORMATION only to such persons as permitted pursuant to Paragraphs 7, 8 and 9 of this Order.

6. To the extent that CONFIDENTIAL INFORMATION is contained in or attached to materials filed with the Court, such materials shall be filed under seal and shall be maintained in a secure, segregated facility. No one, other than the Court, its agent and employees, and persons authorized by this Order or any subsequent order of the Court or agreement of the parties, shall have access to such sealed materials.

7. Except with the prior written consent of the party asserting confidential treatment or prior Order of Court, after notice as provided hereunder, any CONFIDENTIAL INFORMATION, and any information contained in, or derived from, any such information, may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than:

    (a) No more than three (3) employees of each party, solely for the purpose of the prosecution, defense, and/or appeal of this action, provided that the requirements of paragraph 8 are met. The two identified employees of each party cannot be changed during the pendency of the litigation unless their employment terminates, in which case they may be replaced by another employee of the relevant party.

    (b) Counsel for the parties, including in-house counsel, counsel for any insurer, indemnitor, indemnitee, or other counsel in which the communication is privileged. Counsel, as used in this Protective Order, shall include partners, associates, paralegals, and secretarial and clerical employees of such counsel who have a need to know CONFIDENTIAL INFORMATION for purposes of this litigation only, and who shall be required to abide by the terms of this Protective Order.

    (c) Bona fide independent experts who are not employed by a party in this litigation and who have agreed to be bound by the terms of this Protective Order.

      (d)      The Court and Court Personnel under such safeguards as the Court may direct so as to preserve and protect the confidentiality of information designated by any party and to prevent harm to any party.

      (e)      Any deposition or trial witnesses and their counsel of record, but only to the extent that such CONFIDENTIAL INFORMATION was written by or to such witness, refers to such witness or his employer, and where counsel believes in good faith that disclosure is necessary in connection with the examination or preparation of such witnesses.

ALL PERSONS TO WHOM CONFIDENTIAL INFORMATION AND/OR DOCUMENTS ARE DISCLOSED ARE HEREBY ENJOINED from using same except in the preparation for trial and trial of this action (under such safeguards as the Court may require) and from disclosing same to any other person except as provided herein. No person receiving or reviewing such CONFIDENTIAL INFORMATION shall disclose it or its contents to any person other than those described in this paragraph and for the purposes specified and in no event shall such person make any other use of such document or transcript.

8.      Any person who is given access to Confidential Information pursuant to paragraph 7 shall, prior to being given any such material, be informed of the provisions of this Order, read this Order, and execute a sworn declaration, in the form annexed hereto as Exhibit A, indicating that he or she has read this Order and will abide by its terms. The original of such sworn statements shall be retained by counsel for each party who intends to or does provide such persons any such material, until the conclusion of this action, including any appeals. At such time, counsel for each party shall serve a copy of such declarations upon counsel for each other party. The parties agree not to use these declarations for any purpose other than monitoring and enforcing compliance with this Order. The parties further agree to treat the declarations as "Confidential" material within the meaning of this Order.

9.      If a producing party desires to obtain confidentiality protections other than those provided by this Order with respect to specific information or categories of information, it shall advise the obtaining party of the protections desired and the information to which the same

shall be applicable. If the parties fail to agree concerning the confidential treatment sought, after conferring in good faith with respect thereto, then the parties shall proceed in accordance with Paragraphs 10 or 11 of this Order and the subject information shall be produced in accordance with the Order of Court resulting from such procedures.

10. Any party shall be free to move to modify this Order.

11. Any party who wishes to challenge another party's designation of information as "CONFIDENTIAL INFORMATION" may proceed as follows:

    (a) Counsel for such parties shall confer in a good faith effort to resolve by agreement any differences as to the use or designation of information as "CONFIDENTIAL INFORMATION";

    (b) Failing agreement of the parties, the objecting party may file an appropriate motion with the Court with respect to the information in question and shall:

        (i) Certify that he or she has sought in good faith to confer with opposing counsel and has been unable to resolve the dispute by agreement;

        (ii) Identify by category or document number the information as to which relief is sought; and

        (iii) Identify the reasons why such information is not or should not be treated as CONFIDENTIAL INFORMATION pursuant to the terms of this Order.

    (c) Within seven business days, the party designating such information as CONFIDENTIAL shall respond to the motion by:

        (i) Showing with particularity with respect to each challenged item of confidential information the reasons why such information has been properly designated as "CONFIDENTIAL INFORMATION"; and

        (ii) Showing why the further disclosure or use of the particular information might result in harm or injury to the designating party.

      (d)      If a response is timely made as provided in Paragraph 9(c), until the application for modification with respect to specific "CONFIDENTIAL INFORMATION" is ruled upon by the Court, the designation of confidentiality shall remain in full force and effect and the information shall continue to be accorded the treatment required by this Order.

12.    A failure to challenge the propriety of a designation of confidentiality at the time the designation is made shall not preclude or detract from a subsequent challenge thereto.

13.    All materials containing CONFIDENTIAL INFORMATION that are submitted to the Court or used in any pretrial proceeding before this Court shall remain confidential and shall be accorded in camera treatment.

14.    Within ten (10) days after the conclusion of this case, including any appellate proceedings, all confidential materials obtained (including copies thereof) shall be destroyed or returned to the producing party, at the election of the opposing party.  All notes, drafts, memoranda, work papers and other materials that contain confidential information obtained from a party (whether prepared by outside counsel, in-house attorneys, or other persons specified in this Order), may be destroyed or retained by outside counsel for the obtaining party, and, if so retained, shall be preserved as confidential in accordance with the terms of this Order.  Compliance with this paragraph shall be confirmed in an affidavit.

15.    The inadvertent or unintentional disclosure of confidential information shall not be construed to be a waiver, in whole or in part, of:

      (a)      The supplying party's claims of confidentiality either as to the specific information disclosed or as to any other information relating thereto;

      (b)      The obtaining party claims of confidentiality for its information pursuant to this Order.

16. A breach of the provisions of this Protective Order shall be subject to sanctions, in the discretion of the Court, as authorized by any statute, rule or inherent power of the Court, or as otherwise provided by law.

17. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation.

18. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

19. This Court retains jurisdiction, both before and after the entry of final judgment in this case (whether by settlement or litigation), to construe, enforce and amend the provisions of this order. The treatment of confidential information to be introduced at trial shall be the subject of a later order.

20. This Protective Order is entirely without prejudice to the rights of any nonparty to apply to the Court for any further Protective Order relating to any CONFIDENTIAL INFORMATION, or for an order permitting the disclosure of any CONFIDENTIAL INFORMATION.

1   DATED this ____ day of _____, 2006.

2

3

4                                             _____
                                              THE HONORABLE JOHN C. COUGHENOUR
                                              UNITED STATES DISTRICT JUDGE
5

6   Presented by:

7   MERKLE SIEGEL & FRIEDRICHSEN, P.C.
    Attorneys for Plaintiff
8

9

10

11  By: /s/ Robert Siegel with authorization
        Robert J. Siegel WSBA# 17312

12

13

14  NEWMAN & NEWMAN, LLP
    Attorneys for Defendants

15

16  By: _____
        Derek A. Newman, WSBA # 26967
17      Roger M. Townsend, WSBA # 25525

18

19

20

21

22

23

24

25

26