1    The Honorable John C. Coughenour

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**
9              **WESTERN DISTRICT OF WASHINGTON**
                              **AT SEATTLE**

10   JAMES S. GORDON, Jr., a married          No.  CV06-0204JCC
11   individual, d/b/a
     'GORDONWORKS.COM',                       **DEFENDANTS' MOTION TO**
12                                            **DISMISS**
              Plaintiff,
13                                            NOTE ON MOTION CALENDAR:
              v.                              September 15, 2006
14
     VIRTUMUNDO, INC, a Delaware
15   corporation d/b/a
     ADNOWLEDGEMAIL.COM;
16   ADKNOWLEDGE, INC., a Delaware
     corporation, d/b/a
17   ADKNOWLEDGEMAIL.COM;
     SCOTT LYNN, an individual; and
18   JOHN DOES, 1-X,

19            Defendants.

20

21

22

23

24

25

26

27

28

                    **NEWMAN & NEWMAN,**        505 Fifth Ave. S., Ste. 610
                    **ATTORNEYS AT LAW, LLP**   Seattle, Washington 98104
                                                       (206) 274-2800

# TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

II.  FACTS ALLEGED IN FIRST AMENDED COMPLAINT . . . . . . .   2

    A.   Plaintiffs' CAN-SPAM and CEMA allegations . . . . . . . . . . . . . .   2

    B.   Plaintiffs' alleged actual damages . . . . . . . . . . . . . . . . . . . . . . . .   3

III. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

    A.   The first and second causes of action should be dismissed
        for failure to plead with particularity . . . . . . . . . . . . . . . . . . . . .   4

    B.   The third and fourth causes of action should be dismissed
        as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6) . . . . . . .   8

        1.   Fed. R. Civ. P. 12(b)(6) Standard of Review. . . . . . . . . . . .   8

        2.   Plaintiffs' CPA claims fail because there is no nexus
            between the alleged violations and alleged damages. . . . .   9

        3.   Plaintiffs' claim under RCW 19.170 et seq. fails
            because Plaintiffs did not allege damages arising out
            of a promotional advertising of prizes. . . . . . . . . . . . . . . . .   11

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   12

DEFS.' MOT. TO DISMISS - i
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I.    INTRODUCTION

Plaintiffs seek statutory damages arising out of emails allegedly received from Defendants (the "Emails").  Plaintiffs are in the business of signing up for lists to receive solicitations by email, refusing to unsubscribe to the lists through the prescribed process, and filing lawsuits under 15 U.S.C. 7705 *et seq.* ("CAN-SPAM") and the Washington Commercial Electronic Mail Act, RCW 19.190 *et seq.* ("CEMA").  Plaintiffs have filed dozens of such suits and, upon information and belief, these lawsuits are their sole source of income.  In this case, Plaintiffs also allege claims under the Washington Consumer Protection Act, RCW 19.86 ( the "CPA") and the Washington state law governing the promotional advertising of prizes, RCW 19.170 *et seq.* (the "Prize Statute").

Defendants bring this motion to dismiss on two grounds.  First, Plaintiffs fail to plead how each of the Emails allegedly violate CAN-SPAM and CEMA (together, the "Email Statutes").  Plaintiffs are required to plead with particularity because their claims arise under fraud based theories.  However, Plaintiffs merely parrot the elements of the Email Statutes and follow that litany with a conclusory sentence stating that Defendants have violated the statutes.  These allegations are not enough to provide Defendants a fair opportunity to receive notice and an opportunity to respond to the allegations in this Lawsuit.

Furthermore, Plaintiffs have a demonstrated history (in this lawsuit and others) of misrepresenting facts before the Court and refusing to describe the alleged violations of the Email Statutes.  This Court has previously warned Plaintiffs that their "tendency to exaggerate claims in its briefing" may give rise to sanctions under Fed. R. Civ. P. 11.  (Order, Dkt. No. 24 at p. 3.n5).  Requiring that Plaintiffs articulate their theories with particularity will prevent the parties and the Court from engaging in unnecessary and

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  protracted discovery disputes merely to understand Plaintiffs' allegations.

2      Furthermore, Defendants seek an order pursuant to Fed. R. Civ. P.

3  12(b)(6) dismissing Plaintiffs' third and fourth causes of action with prejudice

4  for failure to state a claim.  Both the CPA and the Prize Statute require that

5  the plaintiff be actually damaged from a violation of the statute.  Plaintiffs

6  failed to plead any causal link between the alleged conduct and the nature of

7  the alleged damages.  Accordingly, Plaintiffs' claims under the CPA and the

8  Prize Statute should be dismissed as a matter of law.

9  **II.    FACTS ALLEGED IN FIRST AMENDED COMPLAINT**

10      **A.    Plaintiffs' CAN-SPAM and CEMA allegations.**

11      The gravamen of Plaintiffs' First Amended Complaint (Dkt. No. 15,

12  "FAC"), is for alleged violations of the Email Statutes.  However, the

13  allegations are so vague and conclusory that Defendants do not have a

14  reasonable opportunity to present a defense.   Plaintiffs merely allege,

15  without elaboration or explanation, that the Emails violate CEMA because

16  they:

17      (i)    obscure any information in identifying the point of origin or the

18          transmission path of a commercial electronic mail message; (FAC

19          at ¶ 4.2.1)

20      (ii)   contain false or misleading information in the subject line; (FAC

21          at ¶ 4.2.2) and

22      (iii)  solicit, request, or take any action to induce a person to provide

23          personally identifying information by means of a web page,

24          electronic mail message, or otherwise using the internet by

25          representing oneself, either directly or by implication, to be

26          another person, without the authority or approval of such other

27          person. (FAC at ¶ 4.2.3).

28  Plaintiffs similarly parrot the elements of CAN-SPAM, alleging that:

DEFS.' MOT. TO DISMISS - 2
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1      (i)    Plaintiffs have received "hundreds" of commercial electronic mails

2              messages from or on behalf of defendants.  (FAC at ¶ 4.1.1);

3      (ii)   Defendants initiated the transmission of commercial electronic

4              mail "included materially misleading subject lines."  (FAC at p.

5              4.1.4)' and

6      (iii)  Some of the Emails failed to include adequate notice of the nature

7              of the communication, a functioning unsubscribe link, a physical

8              postal address.  (FAC at ¶ 4.1 *et seq.*).

9      Plaintiffs do not allege how, which, or how many of the Emails violate

10  either of the Email Statutes.  It is not clear whether the Emails allegedly

11  include false and misleading subject lines, have obscured transmission paths,

12  utilize IP address spoofing, or any other theory of liability under the Email

13  Statutes.  The FAC did not attach any copies of Emails and, without pleading

14  how each of the Emails violates the Email Statutes, Defendants cannot

15  ascertain the nature of Plaintiffs' allegations.

16      **B.**   **Plaintiffs' alleged actual damages.**

17      The only actual damages Plaintiffs allege are interference with

18  computer "bandwidth" and the purported loss of computer usage service.  (See

19  Dkt. No. 28).  The damages allegedly arise out of the mere act of receiving the

20  Emails (and not as a result of the content of the emails themselves).

21  Plaintiffs do not plead that they read any of the Emails, opened the Emails,

22  navigated from the Emails to a website, purchased any products or services

23  offered in the Emails, or otherwise responded to the Emails in any way.

24  Plaintiffs simply had to expend the time to click "delete" on their email

25  program.

26      In regard to the Prize Statute, Plaintiffs do not allege any damages

27  related to the promotional advertising of prizes.  Specifically, Plaintiffs do not

28  allege that they attempted to redeem a prize, entered into a contest, attended

DEFS.' MOT. TO DISMISS - 3
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   a promotional seminar, received a prize that was a lower value than

2   represented in the promotion, entered into a contest in which the odds of

3   success were misrepresented, or otherwise responded to a promotional

4   advertising of prizes in any way.  Plaintiffs' only contention about the alleged

5   Prize Statute violation is that Plaintiffs received an undisclosed number of

6   Emails that allegedly violate the statute's disclosure requirements.

7       With regard to the CPA, Plaintiffs do not allege any economic loss or

8   any damages that are causally related to violations of CEMA.  Plaintiffs <u>do</u>

9   <u>not allege</u> that they were deceived by false and misleading subject lines in the

10  Emails that caused them to respond to the Emails.  Plaintiffs <u>do not allege</u>

11  that the allegedly obscured information in identifying the point of origin or

12  the transmission path of the Emails caused them any damages.  Plaintiffs <u>do</u>

13  <u>not allege</u> that the purported action to induce Plaintiffs to provide personally

14  identifying information actually caused Plaintiffs to provide such information

15  or otherwise damaged Plaintiffs.

16
    **III.   ARGUMENT**

17
        **A.   The first and second causes of action should be dismissed**
18          **for failure to plead with particularity.**

19      Plaintiffs have failed to identify any theory linking any violation of

20  CAN-SPAM and CEMA to any specific emails or conduct.  The FAC is so

21  vague that Defendants do not have a fair opportunity to respond.  The FAC

22  merely parrots the Email statutes and tacks on a conclusory sentence that

23  Defendants have violated the statute.  Plaintiffs respectfully request that the

24  Court require Plaintiffs to articulate, on an email by email basis, which of the

25  Emails violate which component of CAN-SPAM and CEMA.

26      The Ninth Circuit and appellate courts in the State of Washington have

27  yet to address whether the heightened pleading requirements of Fed. R. Civ.

28  P. 9(b) apply to claims under CAN-SPAM or CEMA.  In a separate case

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 brought by Plaintiffs against Impulse Marketing Group, Inc. in the Eastern

2 District of Washington, the court held that CEMA was not a fraud-based

3 cause of action and, therefore the heightened pleading requirements of Fed.

4 R. Civ. P. 9(b) did not apply.  <u>Gordon v. Impulse Marketing Group, Inc.</u>, 375

5 F. Supp. 2d 1040 (E.D. Wash. 2005).  The docket in that case has reached <u>402</u>

6 filings and Gordon has still refused to articulate a theory as to why and how

7 many emails violate applicable statutes.  A review of the docket indicates that

8 many of those filings reflect efforts by the Defendants to simply understand

9 the allegations against them.

10    Other courts have recognized the peril of permitting anti-spam

11 plaintiffs to proceed based merely on conclusory allegations.  The Northern

12 District of California reviewed and rejected the Eastern District of

13 Washington's <u>Gordon</u> decision.  <u>Asis Internet Servs. v. Optin Global, Inc.</u>,

14 2006 U.S. Dist. LEXIS 46309 (June 30, 2006 N.Dist.Cal.).  In that case, Judge

15 Wilken concluded that "Rule 9(b) does not necessarily apply to Plaintiff's

16 claims." <u>Id.</u> at 13.  However, because the Plaintiff "does specifically allege

17 that the contents of the emails themselves, including their headers and

18 subject line information, were fraudulent, and the Court therefore concludes

19 that Rule 9(b) applies to those averments of fraud." <u>Id.</u> at 14.  Judge Wilkin

20 found:

> aspects of Plaintiff's allegations of fraud are not plead with
> particularity. Plaintiff alleges that Defendants sent email with
> subject lines that "were false and misleading and would be likely to
> mislead a recipient," P 36, but does not provide an example or
> otherwise specify the manner in which the subject lines were false
> and misleading. In addition, Plaintiff charges "Defendants,"
> collectively, with responsibility for sending the allegedly fraudulent
> emails. Ascribing to all Defendants the act of sending the allegedly
> fraudulent email also runs afoul of Rule 9(b).

26 <u>Id.</u> at 15.  Similarly, Judge Wilkin applied the heightened pleading

27 requirements of Fed. R. Civ. P. 9(b) to CAN-SPAM because the plaintiff was

28 required to prove that defendants "acted either with actual knowledge, or by

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   consciously avoiding knowing, that the [] Defendants' acts were illegal."

2   Consequently, the Northern District of California granted the motion to

3   dismiss and required that the plaintiff plead its allegations with

4   particularity.

5       This Court should follow the Asis Internet decision.  In the present

6   matter, Plaintiffs have alleged violations of the Email Statutes based upon

7   fraudulent "spoofing" of Internet protocol addresses, fraudulently obscuring

8   the point of origin of the Emails, that defendants fraudulently induced a third

9   party to provide personally identifying information, and that the Emails

10  contained false or misleading information in the subject line.  (FAC at ¶¶ 4.1

11  & 4.2).  Defendants cannot begin to sort out the scope of the alleged violations

12  and have fair opportunity to marshal a defense in this lawsuit without

13  Plaintiffs articulating how each of the Emails allegedly violate CAN-SPAM

14  and CEMA.  The public policy underlying heightened pleading in fraud cases

15  applies here.  Without a pleading of particularity, Defendants cannot defend

16  this case or analyze whether they may have violated the Email Statutes.

17      Moreover, from their filings to date, it is clear that Plaintiffs

18  themselves do not have a cognizable theory as to how Emails violate the

19  Email Statutes.  The Court has expressly noted "Plaintiffs tendency to

20  exaggerate claims in its briefing."  (Order, Dkt. No. 24 at p. 3.n5).  The FAC

21  alleges that Plaintiffs received "hundreds" of emails from Defendants.

22  Plaintiff subsequently represented to the Court that there were 6,000 emails

23  that violate the Email Statute.  (Id. at p.3; l.3)  In their Amended Initial

24  Disclosures (Dkt. No. 28), however, Plaintiffs' claim receipt of 11,000 emails

25  from Defendants (and claim only statutory damages and no actual damages).

26  Similarly, Plaintiffs have filed conflicting declarations (Compare Dkt. No. 12,

27  ¶ 4 with Dkt. No. 16, ¶ 4), but failed to notify the Court of the significant

28  change in the declarations and its relevance to the motion then before the

DEFS.' MOT. TO DISMISS - 6
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    Court.  (See Dkt. No. 11).  The majority of Emails in the record were from

2    third parties wholly unrelated to Defendants.  (See Dkt. Nos. 12, 16 & 17).

3          If the Court declines to apply Fed. R. Civ. P. 9(b) to the present matter,

4    Plaintiffs' FAC nonetheless fails to comply with the liberal pleading

5    requirements under Fed. R. Civ. P. 8(a).  Plaintiffs' allegations merely parrot

6    the prohibitions in CEMA and Plaintiffs do not articulate how any of the

7    specific Emails actually violate the Email Statutes.  This is plainly

8    inadequate under Fed. R. Civ. P. (8)(a).  <u>Gen-Probe, Inc. v. Amoco Corp.</u>, 926

9    F. Supp. 948, 961 (D. Cal. 1996) (providing that, "Even under liberal notice

10   pleading, the plaintiff must provide facts that 'outline or adumbrate' a viable

11   claim for relief, not mere boilerplate sketching out the elements of a cause of

12   action.").  Judge Lasnik recently held that Fed. R. Civ. P. 8(a) requires that

13   the complaint must give notice of the basic events and circumstances giving

14   rise to plaintiffs' claims to afford defendants a meaningful opportunity to

15   respond.  <u>In re Network Commerce Secs. Litig.</u>, 2006 U.S. Dist. LEXIS 30945,

16   *15 (W.D.Wash. May 16, 2006) (Lasnik, J.) (concluding that plaintiffs' bald

17   assertions were "so vague that defendants cannot meaningfully respond"); <u>see</u>

18   <u>also</u> <u>United States ex rel. Karvelas v Melrose-Wakefield Hosp.</u>, 360 F.3d 220

19   (1st Cir. 2004) <u>cert den</u> 543 US 820 (2004).  In the <u>Karvelas</u> decision, the First

20   Circuit noted that,

> Even under liberal pleading requirements of Fed. R. Civ. P. 8(a),
> plaintiff must set forth factual allegations, either direct or
> inferential, respecting each material element necessary to sustain
> recovery under some actionable legal theory; simply parroting
> language of statutory cause of action, without providing some
> factual support, is not sufficient to state claim.

25   <u>Id.</u> at 226; <u>see also</u> 5 Charles Alan Wright et al., Federal Practice and

26   Procedure § 1216 at 156-59 (1990) (a complaint must contain "either direct

27   allegations on every material point necessary to sustain a recovery on any

28   legal theory . . . or allegations from which an inference may fairly be drawn

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  that evidence on these material points will be introduced at trial").  It is a

2  fundamental matter of due process that a defendant cannot defend himself

3  against allegations that the plaintiff refuses to articulate.  <u>Cleveland Board of</u>

4  <u>Education v. Loudermill</u>, 470 U.S. 532, 546 (1985) (providing that the

5  "essential requirements of due process" are "notice and an opportunity to

6  respond."); <u>see also</u> <u>State of Cal. ex rel. Lockyer v. FERC</u>, 329 F.3d 700, 710

7  (9th Cir. 2003) (same).

8      Defendants request that the Court require Plaintiffs to articulate their

9  theories and identify the manner and form each of the Emails violates which

10  statutes in order to afford Defendants a fair opportunity to understand the

11  allegations made against them.

12
13  **B.    The third and fourth causes of action should be dismissed
       as a matter of law pursuant to Fed. R. Civ. P. 12(b)(6).**

14      *1.    Fed. R. Civ. P. 12(b)(6) Standard of Review.*

15      A complaint should be dismissed for failure to state a claim upon which

16  relief may be granted under Federal Rule of Civil Procedure 12(b)(6) if it

17  "appears beyond doubt that the plaintiff can prove no set of facts in support of

18  his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41,

19  45-46 (1957). When the legal sufficiency of a complaint's allegations are

20  tested with a motion under Rule 12(b)(6), "[r]eview is limited to the

21  complaint." <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274 (9th Cir. 1993).

22  All factual allegations set forth in the complaint are taken as true and

23  construed in the light most favorable to the plaintiff.  <u>Epstein v. Wash.</u>

24  <u>Energy Co.</u>, 83 F.3d 1136, 1140 (9th Cir. 1996).  However, "[w]hile a court

25  must accept all material allegations in the complaint as true and construe

26  them in the light most favorable to the nonmoving party, conclusory

27  allegations of law or unwarranted inferences of fact urged by the nonmoving

28  party are insufficient to defeat a motion to dismiss." <u>Segal Co. v. Amazon,</u>

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

280 F. Supp. 2d 1229, 1232 (W. D. Wash. 2003) (Coughenour, J.).

        2.    *Plaintiffs' CPA claims fail because there is no nexus between the alleged violations and alleged damages.*

In order to make a claim under the Washington Consumer Protection Act, Plaintiffs must allege they have incurred injury to business or property caused by a statutory violation.  RCW 19.86.090.  To establish a claim under the Washington Consumer Protection Act, a plaintiff must prove each of the following five elements:

> (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to the party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act.

Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 784-85 (1986).

CEMA states, as a matter of law, emails which violate the CEMA requirements are "an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act, chapter 19.86 RCW."  19.190.100.  This provision of CEMA, however, only satisfies the first element of the five Hangman Ridge elements. A violation of CEMA is not a per se violation of the CPA.  Rather, Plaintiffs must also plead the other four CPA elements, including that the violations of CEMA caused Plaintiffs economic injury to Plaintiffs' business or property. Without such a link, the CPA (and its heightened damages) does not apply to the present matter.

Washington Courts are clear that "[d]amages under the CPA depend on facts relevant to the CPA violations."  Smith v. Behr Process Corp., 113 Wn. App. 306, 337 (Wash. Ct. App. 2002); see also Sign-O-Lite Signs v. Delaurenti Florists, 64 Wn. App. 553 (Wash. Ct. App. 1992) ("The case law is clear that treble [under the CPA] damages may only be based upon actual damages."); Edmonds v. Scott Real Estate, 87 Wn. App. 834, 850 (Wash. Ct. App. 1997)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    (the CPA "award must be based on the party's actual damages").  Similarly,

2    this Court has previously held that there must be a causal link between and

3    amongst the <u>Hangman Ridge</u> factors to sustain a CPA claim.  <u>Segal Co. v.</u>

4    <u>Amazon</u>, 280 F. Supp. 2d 1229, 1233 (D. Wash. 2003) (Coughenour, J.) (re:

5    connection between violation and effect on public interest).  Plaintiffs fail to

6    so plead because they incurred no actual damages as a result of the alleged

7    CEMA violations.

8        Even assuming that the Emails do somehow violate CEMA's precepts,

9    Plaintiffs do not – and cannot – plead a causal relationship between the

10   CEMA violation and Plaintiffs' alleged actual CPA damages. In order to bring

11   a claim under CEMA and CPA, Plaintiffs would have to plead that the

12   obscuring of transmission paths, false and misleading subject lines, etc. were

13   the cause of Plaintiffs' alleged actual damages.  However, Plaintiffs only

14   alleged damages result from the receipt of the Emails and the annoyance

15   resultant from the receipt of Emails.  Mere annoyance and inconvenience are

16   insufficient to survive a claim under the CPA.  *See e.g.*, <u>Keyes v. Bollinger</u>, 31

17   Wn. App. 286 (1982) (providing that, "the reasoning of the federal decisions

18   and the language of RCW 19.86.090 persuade us that 'mental distress,

19   embarrassment, and inconvenience,' without more, are not compensable

20   under the Consumer Protection Act"); <u>see also</u> <u>White River Estates v.</u>

21   <u>Hiltbruner</u>, 134 Wn.2d 761, 765 n.1 (1998); <u>Wash. State Physicians Ins. Exch.</u>

22   <u>& Ass'n v. Fisons Corp.</u>, 122 Wn.2d 299, 318 (1993).

23       Plaintiffs failure to allege that they read the Emails or responded to the

24   Emails in any way is fatal to their Third Cause of Action.  Plaintiffs have not

25   pled that the Emails caused injury to their business and property and that

26   the injury is causally linked to the allegedly false and deceptive nature of the

27   Emails.  Accordingly, Plaintiffs' CPA claims must be dismissed as a matter of

28   Law.

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1

2

>    3.    *Plaintiffs' claim under RCW 19.170 et seq. fails because*
>           *Plaintiffs did not allege damages arising out of a*
>           *promotional advertising of prizes.*

3    Plaintiffs baldly allege that some of the Emails do not comply with the

4    disclosure requirements in RCW 19.170.030[1].  (See FAC at ¶ 4.3.2).   Like the

5    CEMA claims, Plaintiffs' allegations are a mere parroting of the disclosure

6    requirements set forth in the statute without any analysis, application to

7    Plaintiffs, or otherwise allege a consequence from the alleged violation.

8    Plaintiffs cannot bring a cause of action under RCW 19.170 *et seq.*

9    because Plaintiffs do not allege damage from the alleged promotional

10   advertising of prizes.  Plaintiffs do not allege that they entered a contest,

11   responded to the promotional advertising of prizes, or even read the Emails

12   allegedly including promotional advertising of prizes.  Plaintiffs only allege

13   that some of the Emails included promotional offers that did not comply with

14   the disclosure requirements of the Prize Statute.

15   The standing requirement to bring a private cause of action under the

16   Prize Statute is specific and does not permit bringing a claim merely because

17   the plaintiff received a promotion.  Pursuant to the Prize Statute, "A person

18   who suffers damage from an act of deceptive promotional advertising may

19   bring an action against the sponsor or promoter of the advertising, or both."

20   RCW 19.170.060 (1) (emphasis added).   The plain language of the standing

21   requirement under the Prize Statute requires that the plaintiff be damaged

22   from the prize offering.[2]  In the present matter, Plaintiffs do not allege that

23

24   ───────────────

[1]Plaintiffs' allegations under the Prize Statute, like the allegations under the Email

25   Statutes, suffer from a fundamental failure to afford Defendants a fair opportunity to understand
     and defend against the allegations.  Plaintiffs do not articulate how any single email violates any

26   provision of the Prize Statue.  In the event that the Court denies Defendants Motion to Dismiss
     claims under the Prize Statute, Defendants respectfully request that the Court order Plaintiffs to

27   plead allegations under the Prize Statue with particularity and identify which of the Emails
     violate which provisions of the Prize Statute.

28   [2]Counsel was able to locate only two cases citing the Washington promotional advertising
     of prizes act, Wascisin v. Olsen, 90 Wn. App. 440, 444 (Wash. Ct. App. 1997) and Gordon v.

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   they suffered any actual damages as a result of the allegedly deceptive

2   promotional advertising.  Plaintiffs did not attempt to "claim a prize, attend a

3   sales presentation, meet a promoter, sponsor, salesperson, or their agent, or

4   conduct any business in this state."  RCW 19.170.010.  To the contrary,

5   Plaintiffs merely allege that they received the Emails.

6       The Prize Statute provides a private right of action for damages only to

7   those individuals injured by a violation of the law's substantive provisions.

8   The statute does not provide a broad reaching claim to sue for damages

9   merely because the Plaintiffs received or viewed a promotion that did not

10  comply with the disclosure requirements.  Rather, Plaintiffs must pursue the

11  offered prize and be damaged as a result failure to comply with the disclosure

12  requirements (e.g., that the prize had a lesser value, that the odds of winning

13  were not accurately stated, etc.).  Damages in a private cause of action cannot

14  be realized merely from viewing an email or other promotional offer; there

15  must be some additional step taken to redeem the offer.

16

17  **IV.    CONCLUSION**

18      For the foregoing reasons, Defendants respectfully request that the

19  Court dismiss Plaintiffs' First Amended Complaint.  Plaintiffs' allegations are

20  merely bald recitations of the elements of CAN-SPAM and CEMA and do not

21  afford Defendants a fair and reasonable opportunity to respond.  Plaintiffs

22  should be required to identify how each Email violates CAN-SPAM and

23  CEMA.

24      Furthermore, Plaintiffs' claims under the CPA and the Prize Statute

25  should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiffs

26

27

28  Impulse Mktg. Group, Inc., 2006 U.S. Dist. LEXIS 32005 (D. Wash. 2006).  The later case is
    another spam litigation case brought by Plaintiffs in this case.  However, none of the cases
    provide any substantive analysis of RCW 19.170 et seq.

DEFS.' MOT. TO DISMISS - 12
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   have not plead any causal connection between the alleged violations under

2   and any actual damages incurred.

3

4   DATED this 24th day of August, 2006.

5

6                                   Respectfully Submitted,

7                                   **NEWMAN & NEWMAN,**
                                    **ATTORNEYS AT LAW, LLP**

8

9                   By:   _____

10                        Derek A. Newman, WSBA No. 26967
                          Roger M. Townsend, WSBA No. 25525

11

12                        Attorneys for Defendants
                          Virtumundo, Inc.

13                        Adknowledge, Inc.
                          Scott Lynn

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFS.' MOT. TO DISMISS - 13
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800