The Honorable John C. Coughenour

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC, a Washington limited liability company;<br><br>       Plaintiff,<br><br>  v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>       Defendants. | No. CV06-0204JCC<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE FIRST AMENDED COMPLAINT** |

Defendants VIRTUMUNDO, INC. ("Virtumundo"), ADKNOWLEDGE, INC. ("Adknowledge") and SCOTT LYNN ("Lynn")(collectively, "Defendants") answer Plaintiffs' First Amended Complaint ("FAC") and assert affirmative defenses as follows:

## I. ANSWER

1.1. Defendants are without knowledge and information sufficient to form a belief with respect to the veracity of the allegations contained in

DEFTS' ANSWER - 1
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 Paragraph 1.1 of Plaintiffs' FAC, and therefore DENY the same.

2      1.2.    Defendants are without knowledge and information sufficient to
3 form a belief with respect to the veracity of the allegations contained in
4 Paragraph 1.2 of Plaintiffs' FAC, and therefore DENY the same.

5      1.3.    Defendants ADMIT that Adknowledge is a Delaware corporation
6 and has its principal place of business in the state of Missouri. Defendants
7 ADMIT that Virtumundo is a Delaware corporation and has its principal
8 place of business in the state of Kansas.  Defendants DENY all other
9 allegations contained in Paragraph 1.3 of Plaintiffs' FAC.

10      1.4.    Defendants ADMIT Scott Lynn is an individual and a resident of
11 Kansas City, Missouri.   Defendants ADMIT Scott Lynn is a director of
12 Adknowledge.  Defendants ADMIT Scott Lynn a shareholder in Virtumundo
13 and Adknowledge.  Defendants are without knowledge and information
14 sufficient to form a belief with respect to the veracity of the following
15 allegations and therefore DENY the same: "All acts and practices undertaken
16 by Schran on behalf of Ascentive are and were for the benefit of his marital
17 community."  Defendants DENY all other allegations contained in Paragraph
18 1.4 of Plaintiffs' FAC.

19      1.5.    Defendants ADMIT Lynn is a resident of Missouri.  Defendants
20 DENY all other allegations contained in Paragraph 1.5 of Plaintiffs' FAC.

21      1.6.    Defendants DENY the allegations contained in Paragraph 1.6 of
22 Plaintiffs' FAC.

23      2.1.    Defendants ADMIT the Court has original jurisdiction over
24 causes of action brought under the CAN-SPAM Act, 15 U.S.C. § 7701 *et seq*.
25 ("CAN-SPAM").  Defendants DENY all other allegations contained in
26 Paragraph 2.1 of Plaintiffs' FAC.

27      2.2.    Defendants DENY the allegations contained in Paragraph 2.2 of
28 Plaintiffs' FAC.

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

2.3.    Defendants ADMIT they send emails to persons who have affirmatively indicated their desire to receive those emails.  Defendants are without knowledge and information sufficient to form a belief with respect to the veracity of Plaintiffs' allegations that Defendants' emails "are received on computers and other electronic devices owned and maintained by residents of the State in the State", and therefore DENY the same.  Defendants DENY all other allegations contained in Paragraph 2.3 of Plaintiffs' FAC.

2.4.    Defendants ADMIT Plaintiffs' FAC contains various allegations, but provide those allegations speak for themselves; accordingly, Defendants DENY all other allegations contained in Paragraph 2.4 of Plaintiffs' FAC.

2.5.    Defendants are without knowledge and information sufficient to form a belief with respect to the veracity of the allegations contained in Paragraph 2.5 of Plaintiffs' FAC, and therefore DENY the same.

2.6.    Defendants provide the statutes cited in Paragraph 2.6 of Plaintiffs' FAC speak for themselves, and Plaintiffs' interpretation of those statutes is not a factual allegation which must be admitted or denied. Defendants DENY all allegations contained in Paragraph 2.6 of Plaintiffs' FAC.

3.1.    Defendants incorporate their answers to Paragraphs 1.1 through 2.6 above as though fully stated herein.  Defendants DENY any allegations contained in Paragraph 3.1 of Plaintiff's FAC.

3.2.    Defendants DENY Plaintiff James S. Gordon, Jr. ("Gordon") is an interactive computer service pursuant to the statutes cited in Paragraph 3.2 of Plaintiffs' FAC or any other definition of "interactive computer service". Defendants are without knowledge and information sufficient to form a belief with respect to the veracity of the remaining allegations contained in Paragraph 3.2 of Plaintiffs' FAC, and therefore DENY the same.

3.3.    Defendants DENY Plaintiff Omni Innovations, LLC ("Omni") is

DEFTS' ANSWER - 3
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  an interactive computer service pursuant to the statutes cited in Paragraph

2  3.3 of Plaintiffs' FAC or any other definition of "interactive computer service".

3  Defendants are without knowledge and information sufficient to form a belief

4  with respect to the veracity of the remaining allegations contained in

5  Paragraph 3.3 of Plaintiffs' FAC, and therefore DENY the same.

6      3.4.    Defendants are without knowledge and information sufficient to

7  form a belief with respect to the veracity of the allegations contained in

8  Paragraph 3.4 of Plaintiffs' FAC, and therefore DENY the same.

9      3.5.    Defendants are without knowledge and information sufficient to

10  form a belief with respect to the veracity of the allegations contained in

11  Paragraph 3.5 of Plaintiffs' FAC, and therefore DENY the same.

12      3.6.    Defendants DENY the allegations contained in Paragraph 3.6 of

13  Plaintiffs' FAC.

14      3.7.    Defendants DENY the allegations contained in Paragraph 3.7 of

15  Plaintiffs' FAC.

16      4.1.    **FIRST ALLEGED CAUSE OF ACTION**

17      Defendants incorporate their answers to Paragraphs 1.1 through 3.7 of

18  Plaintiffs' FAC as though fully stated herein.  Defendants DENY any

19  allegations contained in the unnumbered first paragraph of Section 4.1 of

20  Plaintiffs' FAC.

21      4.1.1. Defendants DENY the allegations contained in Paragraph 4.1.1 of

22  Plaintiffs' FAC.

23      4.1.2. Defendants DENY the allegations contained in Paragraph 4.1.2 of

24  Plaintiffs' FAC.

25      4.1.3. Defendants DENY the allegations contained in Paragraph 4.1.3 of

26  Plaintiffs' FAC.

27      4.1.4. Defendants DENY the allegations contained in Paragraph 4.1.4 of

28  Plaintiffs' FAC.

DEFTS' ANSWER - 4
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    4.1.5. Defendants DENY the allegations contained in Paragraph 4.1.5 of

2    Plaintiffs' FAC.

3    4.1.6. Defendants DENY the allegations contained in the first

4    "Paragraph 4.1.6" of Plaintiffs' FAC.

5    4.1.7. Defendants DENY the allegations contained in Paragraph 4.1.7 of

6    Plaintiffs' FAC.

7    4.1.8. Defendants DENY the allegations contained in Paragraph 4.1.8 of

8    Plaintiffs' FAC.

9    4.1.9. Defendants DENY the allegations contained in Paragraph 4.1.9 of

10    Plaintiffs' FAC.

11    4.1.10.    Defendants ADMIT Plaintiffs seek injunctive relief but

12    DENY Plaintiffs are entitled to any such relief.  Defendants DENY all other

13    allegations contained in Paragraph 4.1.10 of Plaintiffs' FAC.

14    4.1.11.    Defendants ADMIT Plaintiffs seek their "attorney fees and

15    costs" but DENY Plaintiffs are entitled to them.  Defendants DENY all other

16    allegations contained in the second paragraph of Plaintiffs' FAC numbered

17    "4.1.6".

18    4.2.    **SECOND AND THIRD ALLEGED CAUSES OF ACTION**

19    Defendants incorporate their answers to Paragraphs 1.1 through the second

20    Paragraph "4.1.6 " of Plaintiffs' FAC as though fully stated herein.

21    Defendants DENY any allegations contained in the unnumbered first

22    paragraph of Section 4.2 of Plaintiffs' FAC.

23    4.2.1. Defendants provide the statutes cited in Paragraph 4.2.1 of

24    Plaintiffs' FAC speak for themselves, and Plaintiffs' interpretation of those

25    statutes is not a factual allegation which must be admitted or denied.

26    Defendants DENY all allegations contained in Paragraph 4.2.1 of Plaintiffs'

27    FAC.

28    4.2.2. Defendants DENY the allegations contained in Paragraph 4.2.2 of

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Plaintiffs' FAC.

2  4.2.3. Defendants provide the statute cited in Paragraph 4.2.3 of

3  Plaintiffs' FAC speaks for itself, and Plaintiffs' interpretation of that statute

4  is not a factual allegation which must be admitted or denied.  Defendants

5  specifically DENY the following allegation: "Numerous emails sent by

6  Defendants and received by Plaintiffs violated this provision of the CEMA",

7  and further DENY all other allegations contained in Paragraph 4.2.3 of

8  Plaintiffs' FAC.

9  4.2.4. Defendants DENY the allegations contained in Paragraph 4.2.4 of

10  Plaintiffs' FAC.

11  4.2.5. Defendants DENY the allegations contained in Paragraph 4.2.5 of

12  Plaintiffs' FAC.

13  4.2.6. Defendants DENY the allegations contained in the unnumbered

14  final paragraph of Section 4.2 of Plaintiffs' FAC.

15  4.3.    **FOURTH ALLEGED CAUSE OF ACTION**

16  Defendants incorporate their answers to Paragraphs 1.1 through the

17  unnumbered final paragraph of Section 4.2 of Plaintiffs' FAC as though fully

18  stated herein.  Defendants DENY any allegations contained in the

19  unnumbered first paragraph of Section 4.3 of Plaintiffs' FAC.

20  4.3.1. Defendants provide the statutes cited in Paragraph 4.3.1 of

21  Plaintiffs' FAC speak for themselves, and Plaintiffs' interpretation of those

22  statutes is not a factual allegation which must be admitted or denied.

23  Defendants DENY all allegations contained in Paragraph 4.3.1 of Plaintiffs'

24  FAC.

25  4.3.2. Defendants DENY the allegations contained in Paragraph 4.3.2 of

26  Plaintiffs' FAC.

27  5.    Defendants provide Plaintiffs' jury demand is not a factual

28  allegation which must be admitted or denied.  Defendants DENY all

DEFTS' ANSWER - 6
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    allegations contained in Paragraph 5 of Plaintiffs' FAC.

2

3              **II.  AFFIRMATIVE DEFENSES**

4         Without admitting any allegations contained in Plaintiffs' FAC,

5    Defendants assert the following affirmative defenses:

6         6.1.   Plaintiffs are barred from obtaining any relief sought in the FAC

7    because the FAC fails to state any claim upon which relief may be granted.

8         6.2.   Plaintiffs are barred from obtaining any relief because Plaintiffs

9    failed to mitigate their alleged damages, if any.

10        6.3.   Plaintiffs are barred from obtaining any relief because Plaintiffs

11   subscribed to receive commercial emails on which Plaintiffs base their FAC.

12        6.4.   Plaintiffs are barred from obtaining any relief sought in the FAC

13   by reason of their own unclean hands.

14        6.5.   Plaintiffs are barred from obtaining any relief sought in the FAC

15   because Plaintiffs failed to unsubscribe utilizing unsubscribe links in the

16   emails or other means reasonably calculated to communicate to Defendants

17   an intent to unsubscribe.

18        6.6.   Plaintiffs waived their claims.

19        6.7.   Plaintiffs are not entitled to damages from Defendants where

20   Plaintiffs have already been compensated by another entity for alleged

21   damages allegedly caused by Defendants.

22        6.8.   Plaintiffs consented to all actions they complain about in their

23   FAC, and therefore Plaintiffs are not entitled to any relief.

24        6.9.   Plaintiffs ratified and approved all actions they complain about in

25   their FAC, and therefore Plaintiffs are not entitled to any relief.

26        6.10.  Plaintiffs' claims, and each of them, are barred by the doctrine of

27   estoppel.

28        6.11.  Plaintiffs' claims, and each of them, are barred by the doctrine of

1    laches.

2    6.12.  The damages alleged in Plaintiffs' FAC, if any, were not caused

3    by Defendants, or any of them; rather, any damages suffered by Plaintiffs

4    were caused by one or more third parties whose activities were not approved,

5    ratified, or controlled by any Defendant.

6    6.13.  Plaintiffs have failed to join one or more necessary and

7    indispensable parties.

8    6.14.  Defendants established and implemented, with due care,

9    commercially reasonable practices and procedures designed to effectively

10   prevent the violations alleged in the FAC.

11   6.15.  Defendants made commercially reasonable efforts to maintain

12   compliance with their practices and procedures designed to effectively

13   prevent the violations alleged in the FAC.

14   6.16.  To the extent any action by Defendants violate CAN-SPAM,

15   Defendants, each of them, acted without actual knowledge, or knowledge

16   fairly implied on the basis of objective circumstances, of the act or omission

17   that constitutes the violation.

18

19   ### III.  PRAYER FOR RELIEF

20   WHEREFORE, Defendants VIRTUMUNDO, INC., ADKNOWLEDGE,

21   INC. and SCOTT LYNN respectfully request that the Court enter judgment

22   against Plaintiffs JAMES S. GORDON, Jr. and OMNI INNOVATIONS, LLC,

23   and in favor of Defendants, as follows:

24   1.    Judgment Dismissing Plaintiffs' Claims. That the Court enter a

25   judgment dismissing Plaintiffs' claims against Defendants alleged in the FAC

26   and denying Plaintiffs' requested relief.

27   2.    Attorneys' Fees and Costs.  That the Court award Defendants

28   their reasonable attorneys' fees and costs incurred in defending this lawsuit.

DEFTS' ANSWER - 8
(CV06-0204JCC)

1        3.    <u>Other Equitable Relief</u>.  That the Court grant such other and

2    further relief to Defendants as the Court shall deem just and equitable.

3

4        DATED this 29th day of August, 2006.

5

6                         Respectfully Submitted,

7                         **NEWMAN & NEWMAN,**
                          **ATTORNEYS AT LAW, LLP**

8

9

10          By:    _____

11                        Derek A. Newman, WSBA No. 26967
                          Roger M. Townsend, WSBA No. 25525

12                        Attorneys for Defendants
                          VIRTUMUNDO, INC., ADKNOWLEDGE, INC.

13                        and SCOTT LYNN

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFTS' ANSWER - 9
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800