1    MERKLE SIEGEL & FRIEDRICHSEN, P.C.            THE HON. JOHN C. COUGHENOUR
     Robert J. Siegel
2    1325 Fourth Ave., Suite 940
     Seattle, WA 98101
3    (206) 624-9392

4

5

6

7

8

9                          UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON, SEATTLE
10

11   **JAMES S. GORDON, Jr., a married**       **NO.  CV06-0204JCC**
     **individual; OMNI INNOVATIONS,**
12   **LLC., a Washington limited**
     **liability company;**
13                                             **PLAINTIFF'S RESPONSE IN**
                            **Plaintiffs,**    **OPPOSITION TO DEFENDANTS'**
14                                             **[Second] MOTION TO DISMISS**
           v.
15                                             **[Hearing Noted Without Oral**
     **VIRTUMUNDO, INC, a Delaware**           **Argument for Sept. 15, 2006]**
16   **corporation, d/b/a**
     **ADNOWLEDGEMAIL.COM;**
17   **ADKNOWLEDGE, INC., a Delaware**
     **corporation, d/b/a**
18   **ADKNOWLEDGEMAIL.COM;**
     **SCOTT LYNN, an individual; and**
19   **JOHN DOES, I-X,**

20                            **Defendants.**

21

22   Plaintiff James S. Gordon, Jr., by and through his attorney of record, responds to

23   Defendants' Motion To Dismiss as follows:

24

25
     PLAINTIFF'S RESPONSE IN OPPOSITION TO          **MERKLE SIEGEL & FRIEDRICHSEN**
     DEFENDANTS' [SECOND] MOTION TO DISMISS           **1325 Fourth Ave., Suite 940**
       -1                                               **Seattle, WA 98101**
     GORDON v. VIRTUMUNDO, INC., ET AL              **Phone: 206-624-9392**
                                                    **Fax: 206-624-0717**

1

2

### I.    **Introduction**

3

This case involves a private citizen of Washington State, James Gordon, Jr.,

4

who is a regular user of the internet, provides internet access services to a group of

5

customers, and who seeks to enforce his rights under the State and Federal anti-spam

6

statutes in an effort to stem the tide of what has become the bane of internet users, and

7

particularly of internet access/service providers, ie. unsolicited commercial electronic

8

email, a/k/a "spam".  Defendants Virtumundo and AdKnowledge ("Defendants") are

9

some of the largest and most notorious spammers in the country.  Plaintiffs themselves

have now received in excess of 17,000 offending emails from Defendants.  (See

Declaration of James S. Gordon, Jr.).

10

This Court has already considered and denied Defendants' 12(b)(2) motion to

11

dismiss.  Defendants now seek to dismiss certain causes of action asserted in Plaintiff's

12

First Amended Complaint ("FAC").

13

A.    Defendants supposititiously contend that the heightened pleading

requirements of FRCP 9(b), for actions sounding in fraud should apply to

14

Plaintiff's allegations under the Federal CAN-SPAM Act, and the

15

Washington CEMA (together the "Email Statutes"), and that Plaintiff has

16

failed to plead with sufficient "particularity" to satisfy his burden

17

thereunder.

Plaintiff maintains that the Email Statutes are consumer

18

protection statutes, are wholly intended to proscribe certain conduct on the

19

part of those sending commercial Email, and were never intended to be

20

subject to the heightened pleading requirements of actions sounding in

21

fraud.  And further, that requiring Plaintiffs, who are in receipt of many

22

thousands of offending Emails from a particular defendant to "articulate"

the details of each alleged violation of each offending Email, at this early

23

stage of the litigation would effectively put an onerous and undue burden

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-2
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1
2
3
4
5
6

on them, requiring them to effectively provide their trial preparation, and perform Defendants' analytical work for them.  The imposition of such an onerous burden would only serve to dissuade private citizens from seeking to enforce their private right of action under the Email Statutes, an unintended and unfair result, particularly since it was Defendants who actually caused the offending Emails to be sent, or initiated them in the first place.

7
8
9
10

B.    Defendants speciously contend that Plaintiff has failed to plead with sufficient detail in order to meet the requirements of FRCP 8(a). Plaintiff has clearly met his burden under the liberal pleading requirements of FRCP 8(a).  There is nothing unduly "vague" about the detailed allegations contained in Plaintiffs' FAC.

11
12
13
14

C.    Defendants further contend that Plaintiff has failed to meet his burden under FRCP 12(b)(6) insofar as claims under the Washington Consumer Protection Act, RCW 19.86.090 (the "CPA"), arguing that a a causal connection between a statutory violation and damages to Plaintiff is required.

15
16
17
18
19

Plaintiff contends that he has met the requirements of 12(b)(6) in this regard, as, notwithstanding that he has suffered "actual" damages, it is well established that a plaintiff must only allege "injury", and not "damage" as a result of a CPA violation, and that the loss of time, or good will, or other nonspecific or relatively minor monetary injury will satisfy this requirement under the CPA.

20
21
22
23

D.    Defendants claim that Plaintiffs have failed to satisfactorily allege damages as a result of violations of RCW 19.170 et seq. the "Deceptive Offers".   To the extent that is true, Plaintiffs request leave to amend and cure what appears to have been an apparent oversight in the perfunctory recitation of a statement that Plaintiffs have been "damaged" from the

24
25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-3
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

receipt of emails containing promotional advertisements in violation of the
RCW 19.170.

E.    In the alternative, in the event that the Court deems that Plaintiff's First
Amended Complaint is somehow deficient on the pleadings, it should grant
the Plaintiff a continuance during which to conduct discovery on the issues
raised, and/or allow him an opportunity to correct by further amendment.

## II.    Facts

Plaintiffs wholly and unequivocally deny Defendants' unfounded, and disparaging
statement that "Plaintiffs are in the business of signing up for lists to receive
solicitations by email, refusing to unsubscribe to the lists through the prescribed
process, and filing lawsuits…"  In fact, as evidenced by the 322,601 cease and desist
electronic notices Plaintiff has sent to "all" spammers, approximately 2,900 of which
were sent to Defendants, and the 11,000 separate electronic complaints to regulators –
government and internet service providers, the dozens of certified letters sent to
spammers, and other steps taken by Plaintiffs, Plaintiffs would love nothing more than
to be left alone, and to stop the flow of unwanted spam, which has had an enormously
damaging impact on their interactive computer service business.  Such is the purpose
of this lawsuit. (See Declaration of James S. Gordon, Jr.)

Plaintiffs are compelled here to make an effort to clarify what has become
Defendants' battle cry in this litigation, to wit, the Court's statement in its order Denying
Defendants' 12(b)(2) Motion To Dismiss that Plaintiff has a "tendency to exaggerate
claims in its briefing". The Court clearly found so in response to certain apparent
contradictory statements found in Plaintiffs' pleadings.  However, the Court should note

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-4
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1    that, although inconsistent, those statements were hardly exaggerations.  For instance,

2    the Court noted the discrepancy between a statement in Plaintiff's Response In

3    Opposition To Motion To Dismiss claiming that Plaintiff sent "literally thousands" of

4    cease-and-desist emails, and Mr. Gordon's statement in his Declaration where he

5    claims to have sent "200" cease-and-desist emails. As the Declaration of James S.

6    Gordon, Jr. in support hereof explains, the discrepancy was a result of a

7    mischaracterization of Plaintiffs' notices to Defendants, some of which are more

8    correctly characterized as "cease-and-desist" notices, while others were simply email

9    complaints.  In fact, as the Declaration of James S. Gordon, Jr. submitted herewith

10    makes clear, Plaintiffs have actually received in excess of 17,000 offending emails from

11    Defendants.  They have sent 322,601 cease and desist notices to all spammers, and

12    approximately 2,900 of these cease and desist notices were sent to defendants

13    requesting an end to Defendants' unwanted emails. (Declaration of James S. Gordon,

14    Jr.).  Defendants have been supplied with a dvd, which contains copies of these

15    voluminous complaints by Plaintiff, examples of which are attached as exhibits to the

16    Gordon Declaration. Thus, Plaintiff respectfully begs the pardon of the Court for its

17    inadvertently inconsistent statements, but reminds the Court that it has caused no

18    harm, or even prejudice to Defendants here.

## III.    Argument and Authority

Defendants' Motion is plainly frivolous.  As the Court will come to see,

aside from some inconsequential issues as to the form of the pleadings, Defendants'

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-5
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1
2
3

arguments are wholly without merit, and are posed for no other reason but to intimidate and harass Plaintiffs, and unfortunately resulting in a waste of valuable judicial time and resources.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

**3.1    Dismissal Of Actions Under Rule 12(b)(6) Are Disfavored - The Court Should Consider Only Plaintiff's Allegations In A Light Most Favorable To Them.**

A complaint may be dismissed as a matter of law for only two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory. (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533 34 (9th Cir. 1984) (citing 2A J. MOORE, ET AL., MOORE'S FEDERAL PRACTICE ¶ 12.08 at 2271 (2d ed. 1982)).) "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (*Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *see also Argabright v. United States*, 35 F.3d 472, 474 (9th Cir. 1994).) Motions to dismiss generally are viewed with disfavor under this liberal standard and are granted rarely. (*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).) For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. (*Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Argabright*, *supra*, 35 F.3d at 474.) "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." (*Hughes v. Tobacco Institute, Inc.,* 278 F.3d 417, 420-21 (5th Cir.2001).).  In fact, the complaint need not necessarily identify a particular legal theory at all.  *Williams v.*

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-6
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1
2
3
4
5
6
7
8
9
10

*Seniff,* 342 F. 3d 774, 792 (7th Cir. 2003); *Barrett v. Tallon,* 30 F. 3d 1296, 1299 (10th Cir. 1994). A claim will not generally be dismissed, even though the asserted legal theories are not cognizable or the relief sought is unavailable, as long as other tenable legal claims are evident on the face of the complaint, or the pleader is otherwise entitled to any type of relief under another possible legal theory. *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L. Ed. 2d 80 (1957); *See also Barrett v. Talon, supra.* For purposes of a motion under FRCP 12(b)(6), even the mere "possibility" of a cognizable claim is sufficient to defeat dismissal. *Carparts Distrib. Ctr. v. Automotive Wholesaler's Ass'n. of Ne England, Inc.,* 37 F. 3d 12, 17 (1st Cir. 1994).

11
12
13
14
15

Further, in considering a Rule 12(b)(6) motion, the court should be particularly hesitant to dismiss at the pleading stage those claims asserting novel legal theories, where the claims could be better examined following the development of the facts through discovery. *McGary v. City of Portland,* 386 F. 3d 1259, 1270 9th Cir. 2004); *Baker v. Cuomo,* 58 F.3d 814, 118-819 (2d. Cir. 1995).

16
17
18
19
20
21
22
23
24

Here, it is clear from a reading of Plaintiffs' FAC that they have easily satisfied the requirements of pleading under FRCP 12(b)(6). Defendants complain that Plaintiffs merely parrot the applicable statutory language in describing the statutory violations set forth in the FAC. However, to the extent that is accurate, there is certainly nothing wrong, or otherwise deficient in so doing. Plaintiffs' claims are in fact statutorily based, and the Statutes set forth the basic elements of a claim brought thereunder. Accordingly, despite Defendants' dissatisfaction with this style of complaint, it is patently appropriate to quote, or paraphrase the statutory language in setting out such a claim.

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-7
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1

2
**3.2      The Heightened Pleading Requirements Of FRCP 9(b) Do Not Apply**
3
**To The Plaintiffs' Claims Under The Statutes Because The Plaintiffs' Claims**
**Under The Statutes Are Not "GROUNDED IN FRAUD".**
4

5
The Plaintiff's complaint does not allege fraud. Instead, the Plaintiff's complaint
6
alleges that the Defendant violated the provisions of RCW 19.190 et seq. and certain
7
provisions of the CAN-SPAM Act of 2003, 15 U.S.C. §7701 et seq. (collectively referred
8
to herein as the "Statutes"). FRCP 9(b) provides: "In all averments of fraud or mistake,
9
the circumstances constituting fraud or mistake shall be stated with particularity. Malice,
10
intent, knowledge, and other condition of mind of a person may be averred generally."
11
Thus, the question before the court is whether alleged violations of the Statutes
12
constitute "averments of fraud or mistake" and thus trigger the applicability of FRCP
13
9(b). A comparison of the elements of fraud and the requirements of a violation of the
14
Statutes makes plain that they do not.

15
The elements of fraud consist of 1) a false representation in reference to 2) a
16
material fact made with 3) knowledge of its falsity and with 4) the intent to deceive with
17
5) action taken in reliance upon the representation. Hart v. McLucas, 535 F.2d 516, 519
18
(9th Cir.1976) (citing Pence v. United States, 316 U.S. 332, 338, 62 S.Ct. 1080, 86
19
L.Ed. 1510 (1942)). In contradistinction, a violation of both RCW 19.190.020 and RCW
20
19.190.030 occurs when a person initiates the transmission, conspires with another to
21
initiate the transmission, or assists the transmission, of a commercial electronic mail
22
message from a computer located in Washington or to an electronic mail address that
23
the sender knows, or has reason to know, is held by a Washington resident that:
24
(a) Uses a third party's internet domain name without permission of the third party, or

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-8
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1  otherwise misrepresents or obscures any information in identifying the point of origin or

2  the transmission path of a commercial electronic mail message; or

3      (b) Contains false or misleading information in the subject line.

4      And a violation of the Federal Can-Spam Act occurs when a commercial Email is

5  initiated to a protected computer that:

6  "…contains, or is accompanied by, header information that is materially false or

7  materially misleading.", 15 U.S.C. §7704(1)(a), or

   "…if such person has actual knowledge, or knowledge fairly implied on the basis of

8  objective circumstances, that a subject heading of the message would be likely to

   mislead a recipient, acting reasonably under the circumstances, about a material fact

9  regarding the contents or subject matter of the message…". 15 U.S.C. §7704(2).

10

11      Accordingly, there is no requirement that the Plaintiff establish the elements of

12  fraud to prove a violation of the Anti-Spam Statutes, which do not require that anyone

13  actually be deceived, or defrauded by a particular offending Email.  RCW 19.190 does

14  not require that the sender "know" that the information in the subject line or transmission

15  path is "false or misleading."  The Statutes do not require that "false or misleading

16  information" in the subject line or transmission path be "material."  RCW 19.190 does

17  not require that the person who sent the message have "knowledge" of the "falsity" in

18  the subject line or transmission path.  The Statutes do not require that the person

19  sending an email that violates the Statute do so with "the intent to deceive."  The

20  Statutes do not require that the recipient of an email that violates the statute take any

21  "action" in "reliance upon the representation."  In short, the Statutes require virtually

22  none of the scienter, intent, damages, or interplay between the actors, that are all

23  required in an action for fraud.

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-9
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1   Instead, the Statutes are proscriptive, and are directed to prohibit certain conduct

2   on the part of the senders/initiators of commercial Email, and those conspiring with and

3   assisting them.  The Statutes effectively impose strict liability for violations. What

4   Defendants refer to as allegations of "fraud" or "misrepresentation" are more

5   appropriately characterized as conditions or specifications, defined in detail in the

6   Statutes. Neither intent on the part of the sender, nor reliance or actual damages on the

7   part of the recipient, are required.  All a successful complaint for a violation of the

8   Statutes must allege is that a commercial electronic mail message was sent that

9   violated the technical requirements of the Statutes, and in the case of the Washington

10  CEMA, that it was received by a Washington resident.  Applying the heightened

11  pleading requirements of FRCP 9(b) would thus force the Plaintiff to plead numerous

12  facts that the Plaintiff will NOT be required to prove at trial to establish that the Plaintiff

13  is entitled to relief under the Statutes.  Such a result is plainly not warranted under

14  FRCP 9(b).

15   In addition to RCW 19.190.020, Plaintiff has also complained of violations of

16  RCW 19.190.030, and RCW 19.86, the Washington Consumer Protection Statute.

17  However, all of these statutes amount to the same complaint, as the language of RCW

18  19.190.030 simply repeats RCW 19.190.020, and defines a violation of RCW

19  19.190.030 as a violation of   RCW 19.86.  RCW 19.190.030 also extends liability those

20  who "assist in the transmission of a commercial electronic mail message, when the

21  person providing the assistance knows, or consciously avoids knowing, that the initiator

22  of the commercial electronic mail message is engaged, or intends to engage, in any act

23  or practice that violates the consumer protection act."  Liability for "providing assistance"

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
 -10
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1    to one violating RCW 19.190.030 and RCW 19.86 is thus triggered by "knowing" that
2    the initiator is violating the statute, but it can also be triggered simply by "consciously
3    avoiding knowing." And under 15 U.S.C. §7704(2) "…if such person has actual
4    knowledge, or knowledge fairly implied on the basis of objective circumstances, that a
5    subject heading of the message would be likely to mislead a recipient, acting
6    reasonably under the circumstances, about a material fact regarding the contents or
7    subject matter of the message…" Accordingly, this element of the Plaintiff's complaint
8    also does not trigger the heightened pleading requirements of FRCP 9(b), as it is also
9    not an allegation of fraud, and it further falls squarely within the exception of the second
10   sentence in the rule; "Malice, intent, knowledge, and other condition of mind of a person
11   may be averred generally." (underline added)

12      In setting forth Defendants' argument, lacking controlling authority, Defendants
13   rely on a recent Northern District Court of California decision *Asis Internet Services v.*
14   *Optin Global, Inc., et al.,* No. C-05-5124 CW. However, Asis is readily distinguished
15   from the instant case, and, as a decision of the US District Court for the Northern
16   District of California is not binding precedent on this Court even if it were not.
17   Nonetheless, the Court in *Asis* actually found that most of that Plaintiff's claims did
18   withstand the 12(b)(6) motion, granted Plaintiff opportunity to amend its complaint, and
19   focused its dismissal on a few very limited allegations. For instance, with regard to the
20   issue of initiation of the offending Emails there, the Court found that:

21      …"multiple Defendants may be held liable under the CAN-SPAM Act if they
22   "initiated" illegal emails, including either actually sending the message or paying or
     inducing another to send the message while consciously avoiding knowledge that the
23   messages violated the law. Plaintiff's averments of fraud do not extend to the initiation
     of the allegedly fraudulent commercial emails, but only to their content. Therefore, the
24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-11
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1   Court finds that Plaintiff need not plead with particularity the circumstances surrounding
2   the initiation of the alleged email; for instance, Plaintiff need not plead particular facts
    showing a business relationship between the Mortgage Defendants and the Spammer
3   Defendants." *Id at p. 5.*

4       To the knowledge of the undersigned, no United States Court of Appeals has

5   decided whether a complaint for a violation of either a State anti-spam statute, or the

6   Federal Can-Spam Act triggers the heightened pleading requirements of FRCP 9(b).

7   However, the 9th Circuit Court of Appeals did consider the application of FRCP 9(b) to a

8   diversity class action complaint against psychiatric associations and manufacturers of

9   prescription pharmaceuticals alleging that defendants increased sales of particular

10  prescription drug in violation of California Consumers Legal Remedies Act (CLRA) and

11  California's unfair business practice laws.  In Vess v. Ciba-Geigy Corp., 317 F.3d 1097,

12  (9TH Cir. 2003), 54 Fed.R.Serv.3d 1032, 3 Cal. Daily Op. Serv. 970, 2003 Daily Journal

13  D.A.R. 1265 the Ninth Circuit established the framework for analyzing the applicability of

14  FRCP 9(b).  In pertinent part, the Court states:

15          "The text of Rule 9(b) requires only that in "all *averments of fraud* ..., the
16          circumstances constituting fraud ... shall be stated with particularity."
            Fed.R.Civ.P. 9(b) (emphasis added). The rule does not require that allegations
17          supporting a claim be stated with particularity when those allegations describe
            non-fraudulent conduct."  Id. at 1104.

18

19      Plainly, the Statutes both impose liability for non-fraudulent conduct, and the only

20  claims the Plaintiff has set forth in his complaint are for violations of the Statutes.

21  Accordingly, the rule does not require that allegations supporting these claims be stated

22  with particularity.  Finally, the Plaintiff would bring to the attention a recent decision by

23  the United States District Court for the Southern District of New York, In re: Initial Public

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-12
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1  Offering Securities Litigation, 241 F.Supp.2d 281, Fed. Sec. L. Rep. P 92,282, which

2  analyzed the 9th Circuit's opinion in Vess v. Ciba-Geigy Corp.. while considering a case,

3  such as the one now before this Court, where a defendant sought to have the Court

4  extend the pleading requirements of FRCP 9(b) to cases which do not allege fraud.

5  Beginning with a quote from the United States Supreme Court, New York's Southern

6  District Court observed:

7      "Whatever merits these and other policy arguments may have, it is not the
       province of [the courts] to rewrite the statute [or Rules] to accommodate them."
8      Artuz v. Bennett, 531 U.S. 4, 10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). *See*
       *also* Badaracco v. Commissioner, 464 U.S. 386, 398, 104 S.Ct. 756, 78 L.Ed.2d
9      549 (1984) ("Courts are not authorized to rewrite a statute because they might
       deem its effects susceptible of improvement."). Indeed, in the last decade the
10     Supreme Court has *twice* admonished the lower courts for augmenting federal
       pleading requirements: "A requirement of greater specificity for particular claims
11     is a result that *'must* be obtained by the process of amending the Federal Rules,
       and *not* by judicial interpretation.' " Swierkiewicz, 534 U.S. at 515, 122 S.Ct. 992
12     (quoting Leatherman, 507 U.S. at 168, 113 S.Ct. 1160) (emphasis added). In
       fact, in Swierkiewicz, the Defendant tried to persuade the Court on policy
13     grounds by asserting that "allowing lawsuits based on conclusory allegations of
       discrimination to go forward will burden the courts and encourage disgruntled
14     employees to bring unsubstantiated suits." *Id.* at 514, 122 S.Ct. 992. The Court
       responded: "Whatever the practical merits of this argument, the Federal Rules do
15     not contain a heightened pleading standard for employment discrimination suits."
16     *Id.* at 514-15, 122 S.Ct. 992. Id. 340-341.

17     Just as the Southern District Court in New York analyzed our own 9th Circuit

18  opinion in Vess v. Ciba-Geigy Corp. to find that the Court should not allow the

19  heightened pleading standard for certain violations of securities law, so also should this

20  Court decline to extend the heightened pleading standard for violations of the anti-spam

21  Statutes at issue here.

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-13
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**3.3      Plaintiff's First Amended Complaint Easily Satisfies The Liberal Notice Pleading Requirements Of FRCP 8(a).**   Under FRCP 8(a) notice pleading, litigants are generally required only to provide their opponent with fair notice of their claim and the grounds upon which that claim rests.  *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 102, L.Ed.d 80 (1957).   These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." *Conley v. Gibson,* supra.

Here, it is nothing short of specious for Defendants to argue that Plaintiffs' FAC fails to provide them with fair and sufficient notice under FRCP 8(a).  This is apparently a throw-away issue frivolously raised by Defendants.

Washington is a notice pleading state, and even if Plaintiff had merely stated "Virtumundo sent me emails that violate 15 U.S.C. §7704, RCW 19.190, 19.170, and 19.86," this would have been sufficient to put Virtumundo on notice of what the nature of the claim was, sufficient to mount whatever defense was necessary.

However, Plaintiffs did not make such a complaint.  Instead, they filed an extensive complaint, clearly and specifically detailing the claims against Virtumundo, using the applicable statutory language.

For Defendants, themselves admittedly in the "internet marketing" business, who have been sued before for violations of anti-spam statutes, to claim that they

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-14
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1    have no idea of why, or for what they are being sued here is simply preposterous.

2    The basic allegations of Plaintiffs' FAC are more than sufficient to meet Plaintiff's

3    burden under notice pleading standards. Some examples of Plaintiffs' allegations in

4    his FAC include:

5

6    "The Defendants have initiated the transmission of numerous commercial
     email messages directed to and through Plaintiff Omni's interactive computer

7    service, and/or to and through Plaintiff Omni's domain 'gordonworks.com', and/or
     further addressed to Plaintiff Gordon's email address jim@gordonworks.com, as well

8    as to other users of Omni's interactive service.

9    "Plaintiffs have received thousands of commercial electronic mail messages from
     or on behalf of defendants, sent to Omni's electronic mail server located in

10   Benton and Franklin Counties, Washington, and/or to its registered domains,
     including 'gordonworks.com' in violation of the CAN-SPAM Act of 2003, 15 U.S.C.

11   §7701 et seq."

12

13   "Plaintiffs Omni and Gordon further allege that they received numerous items
     of electronic mail from the defendants sent to the 'gordonworks.com' domain on

14   Omni's server, and to email addresses served thereby, that were responded to with
     specific requests not to receive future commercial electronic mail messages, which

15   requests went unheeded for a substantial amount of time during which defendants
     continued to send unlawful email to plaintiff in violation of 15 U.S.C. §7704(a)(4)."

16

17   "Defendants initiated the transmission, or assisted and/or conspired to
     transmit numerous commercial electronic mail messages to Plaintiff's domain and

18   server, and to Plaintiff Gordon's individual email account which defendants knew, or
     had reason to know were located in the state of Washington, which emails

19   misrepresented or obscured information identifying the point of origin or the
     transmission path, and/or which contained false or misleading information in the

20   subject line, which constitutes violations of RCW 19.190 et seq."

21

22   "It is further a violation of RCW 19.190.080 to "solicit, request, or take any
     action to induce a person to provide personally identifying information by means of a

23   web page, electronic mail message, or otherwise using the internet by representing
     oneself, either directly or by implication, to be another person, without the authority

24

25
     PLAINTIFF'S RESPONSE IN OPPOSITION TO          **MERKLE SIEGEL & FRIEDRICHSEN**
     DEFENDANTS' [SECOND] MOTION TO DISMISS         **1325 Fourth Ave., Suite 940**
      -15                                           **Seattle, WA 98101**
     GORDON v. VIRTUMUNDO, INC., ET AL              **Phone: 206-624-9392**
                                                    **Fax: 206-624-0717**

1

or approval of such other person." Numerous emails sent by Defendants and received by Plaintiff violated this provision of the CEMA."

2

The foregoing allegations, only a portion of those in the FAC, in and of

3

themselves are surely sufficient to put Defendants on notice of what they are being

4

sued for, and the basis for such claims. Not only can Plaintiff articulate a set of facts

5

that would justify recovery, he fully expects to prevail on his arguments to do so.

6

7

Defendants correctly cite authority which states that a complaint may contain

8

allegations from which an inference may fairly be drawn that evidence on the

9

material allegations will be introduced at trial. Here, not only have Plaintiffs satisfied

10

their initial notice pleading burden, but Plaintiffs have also provided Defendants with

11

Initial Disclosures pursuant to FRCP 26(a)(1) which include copies of the thousands

12

of offending Emails, and thousands of pages of analyses of the offending Emails in

13

digital format, on a CD. (See Docket No. 28). Additionally, Plaintiffs have recently

14

supplemented their discovery responses with a yet more detailed analysis of the

15

offending Emails, a legend explaining the analysis and what is included on the DVD

16

17

is attached to the Gordon Declaration. The most recent analyses include a

18

breakdown of the offending Emails into categories referenced by particular domains

19

and/or IP addresses from which the Emails were sent, and a highlighting of the

20

portions, or elements of the Emails alleged to violate the referenced statutes. (See

21

Declaration of James S. Gordon, Jr. submitted herewith). (A copy of that DVD can

22

be made available to the Court upon request). Accordingly, Defendants' claim that

23

they have not received fair or sufficient notice under FRCP 8(a) must fail.

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-16
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**3.4    Plaintiffs' CPA Claims Should Stand.**  Defendants argue that Plaintiffs' CPA claims should fail because Plaintiff has not sufficiently pled a nexus between the alleged violations and alleged damages.

Although Defendants ask this Court to ignore the clear language of the CEMA, making violations of it *per-se* violations of the Washington Consumer Protection Act, Defendants may be independently liable under the CPA.  Defendants argue that Plaintiffs have failed to put forth any evidence to support a CPA claim.  However, Defendants' misleading statements in their Emails containing promotional offers from third parties constitute misleading, and deceptive statements; made in the course of trade or commerce (advertising goods and services); with a public impact (Defendant admits to sending *millions* of emails, many presumably to Washington residents against their wills); that injured Plaintiff in his business and property (Plaintiff was forced to deal with a large volume of unwanted, illegal spam that cost him time away from his work, bandwidth, and other costs associated with ISP time, not to mention the costs associated with enforcing his rights under the Statutes, all of which are recoverable damages. (*See Declaration of James S. Gordon, Jr.*).

Defendants are either confused, or once again attempt to mislead this Court as to the requirements to establish the "injury" element of a CPA claim.  With regard to the fourth element, the CPA claimant must establish a specific injury to his business or property. "The injury involved need not be great, but it must be established." *Hangman Ridge*, 105 Wn.2d at 792.  As the Washington Court of Appeals noted in *Besel v. Viking*

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
 -17
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1  *Ins. Co. of Wisconsin,* 105 Wn. App. 463, 21 P. 3d 293, rev. granted 144 Wn. 2d 1016,

2  32 P. 3d 283, reversed on other grounds, 146 Wn. 2d 730, 49 P. 3d 887 (2002):

3

4  Moreover, the term "injury" is separate from "damages." See Mason **v.** Mortgage
Am., Inc., 114 Wn.2d 842, 854, 792 P.2d 142 (1990). A "nonquantifiable" injury, such as

5  loss of good will, or a nonspecific or relatively minor monetary injury such as some
diminution in value of property or money will suffice to satisfy the injury requirement. Id.

6  "Damages" pertains to treble damages based upon "actual damages" awarded under
the CPA. Id. at 855.

7  Thus, it is well settled under Washington law that no monetary damages need be

8  proven to establish the "injury" element of the CPA, but it  is sufficient that plaintiff is

9  deprived of use of his property as a result of an unfair or deceptive act or practice.

10  *Sorrel v. eagle Healthcare, Inc.* 110 Wn. App. 290, 38 P. 3d 1024 (2002).  And further,

11  that damages may be only inconvenience and, for instance the deprivation of the use

12  and enjoyment of an automobile. A consumer who must defend an action under the

13  CPA will generally sustain such damages as inconvenience, loss of time in helping

14  prepare the case, actual time spent in court, and litigation costs for attorney fees, etc.

15  *St. Paul Fire & Marine Ins. Co., v. Updegrave,* 33 Wn. App. 653, 656, P. 2d 1130

16  (1983).  Here, that would certainly be the case.  And further, once the fact of "injury" or

17  damage is established, the precise amount need not be shown with mathematical

18  certainty. *Haner v. Quincy Farm Chemicals, Inc.* 29 Wn. App. 93, 627, P. 2d 571, rev.

19  granted, affirmed in part, reversed in part 97 Wn. 2d 753, 649 P. 2d 828 (1981).

20  Plaintiffs' claims under the Washington CPA should stand.

21

22  **3.5     Plaintiffs' Claims Under RCW 19.170 the Deceptive Prize**

23  **Statute Should Stand.**        Defendants point to an apparent oversight, or

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
 -18
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

scrivner's error in Plaintiffs' FAC.  That is, Plaintiffs apparently inadvertently omitted the recital of damages in their Fourth cause of action under RCW 19.170 et seq. Plaintiffs respectfully request leave to file a Second Amended Complaint to remedy the noted omission.

Notwithstanding the foregoing, here again Defendants' analysis is flawed for purposes of a 12(b)(6) motion.  Here again, RCW 19.170 et seq. (the "Statute") is a consumer protection, "truth in labeling" type statute. The Statute is both proscriptive in that it prohibits certain deceptive conduct on the part of a "sponsor" and/or "promoter", and also places upon them certain requirements, which must be met in the form and content of a promotional offer made to a person in this State.  Like the CEMA, pursuant to RCW 19.170.010(2) the Statute makes violation of it a per se violation of the CPA.  Defendants glaringly misinterpret, and seek to rewrite the Statute.  They argue that "Plaintiffs must pursue the offered prize and be damaged…", and "Damages in a private cause of action cannot be realized merely from viewing an email or other promotional offer; there must be some additional step taken to redeem the offer."  However, they offer no support for such a contention, which is contrary to the very language of the Statute, which states at 19.170.060(1):

"A person who suffers damage from an act of deceptive promotional advertising may bring an action against the sponsor or promoter of the advertising, or both.  Damages include, but are not limited to, fees paid in violation of RCW 19.170.030(6) and the dollar value of a prize represented to be awarded to a person, but not received by that person."

Clearly, the language of the Statute contemplates a broad array of possible damages, and leaves the possibility open for a Plaintiff to prove same.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' [SECOND] MOTION TO DISMISS -19
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Here, Plaintiff received numerous commercial Emails from Defendants promoting products on behalf of third party advertisers, purporting to offer "free" prizes, and other promotional incentives.  (See Gordon Declaration).  Some of these so-called "offers" contained violations of RCW 19.170 on their face, which did not comply with the requirements of the Statute. Further, pursuant to the Declaration of James S. Gordon, Jr. submitted herewith, Plaintiffs did indeed suffer damages as a result of their receipt of the offending promotional ads via the internet, in the way of time and effort spent in reviewing, sorting, investigating the emails containing the ads, as well as the bandwidth and server space taken up by such unsolicited spam. Plaintiffs allegations, taken as true for purposes of this 12(b)(6) Motion should serve to more than satisfy the liberal requirements under FRCP 8(a), and Defendants' Motion should be denied.

## CONCLUSION

The Court should find that none of the Defendants' purported grounds for dismissal under FRCP 12(b)(6) has any basis in law or fact, and that Defendant's purported grounds for dismissal under FRCP 9(b) and FRCP 8(a) are also without merit.  Plaintiff therefore respectfully requests that the Court deny the Defendant's motion to dismiss in its entirety.

In the event that the Court determines that the Plaintiff's FAC is subject to the heightened pleading requirements of FR 9(b), or is otherwise deficient, the Plaintiff respectfully requests that the Court grant the Plaintiff sixty days leave to conduct any pertinent discovery, and to further amend their Complaint.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-20
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1

2    **RESPECTFULLY SUBMITTED**  this 11th day of September, 2006.

3

4    **MERKLE SIEGEL & FRIEDRICHSEN, P.C.**

5

6    /s/ Robert J. Siegel
     Robert J. Siegel, WSBA #17312
7    Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' [SECOND] MOTION TO DISMISS
-21
GORDON v. VIRTUMUNDO, INC., ET AL