1
2
3
4
5
6
7

The Honorable John C. Coughenour

8
9

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

10
11
12
13
14
15
16
17
18
19

JAMES S. GORDON, Jr., a married
individual, d/b/a
'GORDONWORKS.COM',

           Plaintiff,

      v.

VIRTUMUNDO, INC, a Delaware
corporation d/b/a
ADNOWLEDGEMAIL.COM;
ADKNOWLEDGE, INC., a Delaware
corporation, d/b/a
ADKNOWLEDGEMAIL.COM; SCOTT
LYNN, an individual; and JOHN DOES,
1-X,

           Defendants.

No.  CV06-0204JCC

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO**
**DISMISS**

NOTE ON MOTION CALENDAR:
September 15, 2006

20
21

**I.    INTRODUCTION**

22        Defendants bring this motion in an effort to understand Plaintiffs' claims under 15

23   U.S.C. §§ 7705 *et seq.* and the Washington Commercial Electronic Mail Act, RCW

24   Chapter 19.190 (collectively, the "Email Statutes").  Plaintiffs have pled violations of the

25   Email Statutes in the vaguest possible manner, merely by listing the various ways in

26   which the Email Statutes can be violated.  This is plainly insufficient for Defendants to

27   understand the claims against them and advance a defense.  As a matter of fundamental

28   fairness and due process of law, Defendants request that Plaintiffs plead the violations of

REPLY RE: DEFS.' MOT. TO DISMISS - 1
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  the Email Statutes with particularity. Defendants must understand the alleged ways in

2  which the statutes were violated in order to fashion a defense, present documents and

3  retain expert witnesses.

4       Plaintiffs claims under the Washington Consumer Protection Act, RCW Chapter

5  19.86 (the "CPA") and the Washington state law governing the promotional advertising

6  of prizes, RCW Chapter 19.170 (the "Prize Statute") do not allege a causal relationship

7  between the statutes and the alleged damages. Plaintiffs merely allege damages from

8  having to "deal with" emails. However, Plaintiffs do not allege that they were injured

9  from a false and deceptive act in commerce, as required by the CPA. Similarly, Plaintiffs

10  do not allege that they were injured from a violation of the Prize Statute. Accordingly,

11  Defendants respectfully request that the Court dismiss Plaintiffs' claims under the CPA

12  and the Prize Statute with prejudice.

13
14
## II.    PLAINTIFFS REFUSE TO ARTICULATE THE BASIS OF THEIR ALLEGATIONS UNDER THE EMAIL STATUTES

15       In the First Amended Complaint (FAC), Plaintiffs claimed damages based on

16  "hundreds" of emails, which was subsequently increased to 6,000 emails (Opposition to

17  Motion to Dismiss for lack of personal jurisdiction, Dkt. # 11), 11,000 emails (Initial

18  Disclosures, Dkt. # 25), and Plaintiffs now allege the Defendants have sent 17,000 emails

19  (Opposition to Motion to Dismiss, Dkt. # 33). Despite continuously exaggerating their

20  claims, Plaintiffs steadfastly withhold any description of the basis for alleged violations

21  of the Email Statutes or the theory pursuant to which the emails violate the statutes.

22  Without a cognizable theory of the case, Defendants cannot begin to fashion a defense.

23  As a matter of fundamental fairness and due process of law, Plaintiffs should be required

24  to articulate how the emails allegedly sent by Defendants violate the Email Statutes.

25       This Court should follow the reasoning in Asis Internet Servs. v. Optin Global,

26  Inc., 2006 U.S. Dist. LEXIS 46309 (June 30, 2006 N.Dist.Cal.), because the Plaintiff

27  "does specifically allege that the contents of the emails themselves, including their

28  headers and subject line information, were fraudulent, and the Court therefore concludes

REPLY RE: DEFS.' MOT. TO DISMISS - 2
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

that Rule 9(b) applies to those averments of fraud." <u>Id.</u> at 14.  The Email Statutes are

complicated and technical in nature and the basis for the alleged violations will dictate

the relevant documents, expert witnesses and fact witnesses necessary to defend against

Plaintiffs' allegations.  The Email Statutes can be violated in numerous different ways,

some of which are technical (e.g., obscures a transmission path or "spoofing" domain

names, see RCW § 19.190.020(1), or contains header information that fails to identify

accurately a protected computer used to initiate the message, see 15 U.S.C. §

7704(a)(1)(C)) and others of which are more traditional (e.g., including a false and

misleading subject line, see RCW § 19.190.020(1)(b)).  Whether a particular email

allegedly violates the Email Statutes because it was sent with an obscured transmission

path or included a false and misleading subject line requires different witnesses,

documents and arguments.  This is but one example of the many ways in which the Email

Statutes could be violated.  At trial, Plaintiffs will have to present a finite number of

emails, in a readable form, and articulate a theory of how the emails violate the Email

Statutes.  The FAC, however, merely lists all the elements of the Email Statutes followed

by a conclusory statement that the Defendants are liable.  In the present motion,

Defendants simply request that they receive notice of what specific claims are asserted

against them.

　　　　As will be established at trial, Defendants have taken great efforts to comply with

the Email Statutes by, amongst other things, ensuring that their emails have valid

unsubscribe links and postal addresses, that the email recipients opted-in to receive

emails, and that Defendants have complied with the other proscriptions of the Email

Statutes.  As of this filing, Defendants have absolutely no understanding why and how

their emails allegedly violate the Email Statutes.  Moreover, Plaintiffs have established a

reputation for advancing novel theories of liability under the Email Statutes, including the

wild theory that any commercial email violates the Email Statutes.  In the face of such an

unlimited scope of theories of liability, Defendants are hamstrung in their defense.

　　　　This Court should not permit Plaintiffs to sandbag Defendants and the Court by

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   withholding the alleged violations by Defendants.  The relief sought by Defendants is fair

2   and reasonable: Defendants simply seek to understand the claims against them.  Without

3   a cognizable theory of the case, this case, discovery, motion practice and the trial will be

4   disorganized, inefficient, unnecessarily expensive, prolonged, and Defendants will not

5   have a fair opportunity to defend the claims against them.  Accordingly, Defendants

6   respectfully request that the Court require Plaintiffs to articulate how Defendants emails

7   allegedly violate the Email Statutes.

8

9   **III.    THERE IS NO CAUSAL RELATIONSHIP BETWEEN THE ALLEGED
         CONSUMER PROTECTION ACT VIOLATIONS AND DAMAGES**

10          Plaintiffs allege that they were damaged by Defendants' Emails because Plaintiffs

11  were forced to "deal with" the emails, "taking time away from his work, bandwidth, and

12  other costs associated with ISP time, not to mention the costs associated with enforcing

13  his rights under the Statutes, all of which are recoverable damages."  Opposition at

14  17:13-18.    These allegations do not satisfy the damages requirement of the Washington

15  Consumer Protection Act ("CPA").  Plaintiffs merely allege damages based upon the

16  receipt of emails, not the content of the emails.  The CPA, however, is a content-based

17  regulation that  prohibits "unfair methods of competition and unfair or deceptive acts or

18  practices in the conduct of any trade or commerce." RCW 19.86.  Plaintiffs' alleged

19  damages are not resultant from any deceptive acts or practice in the conduct of any trade

20  or commerce.

21          Plaintiffs merely allege that they were damaged from the receipt of emails from

22  Defendants.  This is not sufficient to constitute a CPA violation.  Smith v. Behr Process

23  Corp., 113 Wn. App. 306, 337 (Wash. Ct. App. 2002); see also Sign-O-Lite Signs v.

24  Delaurenti Florists, 64 Wn. App. 553 (Wash. Ct. App. 1992); and Edmonds v. Scott Real

25  Estate, 87 Wn. App. 834, 850 (Wash. Ct. App. 1997).  For a violation of the Email

26  Statutes to rise to the level of a CPA violation, the theory must be that the content of the

27  emails were false and deceptive in a manner that damaged Plaintiffs.  The damages

28  alleged by Plaintiffs are based only on the receipt of emails and the effort to "deal with"

1  the emails (i.e., clicking delete). Plaintiffs were not allegedly damaged by a false and

2  deceptive act in commerce, only from the alleged delivery of false and deceptive emails.

3  Without acting on the false and deceptive nature of the emails, Plaintiffs claims do not

4  constitute a CPA violation. Accordingly, Plaintiffs' CPA claims should be dismissed as a

5  matter of law.

6
7  **IV.    PLAINTIFFS ADMIT THAT THERE IS NO CAUSAL RELATIONSHIP
        BETWEEN THE PRIZE STATUTE VIOLATIONS AND DAMAGES**

8          Plaintiffs admit that they have incurred no damages resultant from the alleged

9  failure to comply with the Prize Statute. Rather, Plaintiffs claim the same damages (i.e.,

10  "dealing with" emails) that they allege under the Email Statutes. Plaintiffs concede that

11  they have not responded to the alleged promotional advertising in any way, or alleged any

12  damages directly resultant from the Prize Statute. Plaintiffs have not pled that they are

13  "A person who suffers damage from an act of deceptive promotional advertising" RCW

14  19.170.060 (1) (emphasis added). Failure to so plead is fatal to Plaintiffs' Fourth Cause

15  of Action.

16          Like the CPA, the Prize Statute is a content-based regulation. See RCW § 19.170

17  (re: "Promotional advertising of prizes"). However, Plaintiffs do not plead damages

18  based upon the content of the alleged promotional offer of prizes. Under Plaintiffs'

19  theory of liability, a person who was handed a leaflet containing a promotional

20  advertising of prizes and took the effort to throw that leaflet away would be damaged by

21  the promotional advisement of a prize. Of course, this result would be absurd. Rather,

22  the Prize Statute protects plaintiffs who are damaged because they acted in reliance on

23  deceptive promotional advertising, not just for damages related to the act of discarding or

24  "dealing with" the promotion.

25          Furthermore, Plaintiffs fail to cite a single case in which a plaintiff successfully

26  brought claims under the Prize Statute where the alleged damages bore no relationship to

27  the elements of the statute. This Court should reject Plaintiffs' broad construction of the

28  Prize Statute and dismiss that claim.

1

**V.    CONCLUSION**

2

As a matter of fundamental fairness and due process of law, Defendants deserve an

3

opportunity to understand the allegations against them.  Defendants respectfully request

4

that the Court require Plaintiffs to plead the alleged violations of the Email Statutes to

5

permit Defendants to understand the claims made against them.

6

Additionally, Defendants respectfully request that the Court dismiss Plaintiffs

7

claims under the CPA and the Prize Statute for failure to plead damages which are

8

causally related to the alleged violations of those statutes.

9

10

DATED this 15th day of September, 2006.

11

12

Respectfully Submitted,

13

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

14

15

16

By:    _____

Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

17

Attorneys for Defendants

18

19

20

21

22

23

24

25

26

27

28