UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,

Plaintiffs,

v.

VIRTUMUNDO, INC., a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a AKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1–X,

Defendants.

CASE NO. C06-204JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

The Court declines to sign the parties stipulated proposed protective order (Dkt. No. 29). The Court will not sign stipulated protective orders to authorize documents to be filed under seal simply based on the fact that they were marked by the parties as confidential in the course of discovery. "There is a strong presumption of public access to the court's files and records which may be overcome only on a

MINUTE ORDER – 1

compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review." Local Rule CR 5(g)(1). The parties have not made a compelling showing that the public and the parties' interests in protecting the documents marked "confidential information" from public review outweigh the public's right of access. Moreover, the requests, particularly in paragraphs(3)(a), (3)(b), and (3)(e) of the parties' proposed protective order, are too broad and the terms of the proposed order give too much discretion to the parties to designate documents subject to the protective order, which can then later be sealed without further motion. Any protective order incorporating a sealing provision and entered by the Court must be narrowly drawn and clearly identify the class or type of documents subject to the order. Further, the provision of paragraph (2) allowing third parties to designate "confidential information" is overly broad and impermissible. Finally, the proposed order must contain a provision that the Court may change the terms of the protective order on its own motion after notice to the parties and an opportunity to be heard.

Parties seeking an order to seal any documents must provide a specific description of particular documents or categories of documents they seek to protect and "*a clear statement of the facts* justifying a seal and overcoming the strong presumption in favor of public access." Local Rule CR 5(g)(2) (emphasis added). The facts supporting any motion to seal must be provided by declaration or affidavit. To obtain a court order sealing documents attached to a nondispositive motion, the parties must make a particularized showing under the "good cause" standard of FED. R. CIV. P. 26(c). *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). To obtain a court order sealing documents attached to a dispositive motion, such as a summary judgment motion, the parties must meet a "compelling reasons" standard and not the lesser "good cause" standard. *Id.* at 1177–79; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

The parties may agree on confidentiality among themselves, but when they ask that the Court be involved in approving future filing of sealed documents, they must make the requisite showing. The stipulated protective order received by the Court will remain on the docket, but will not be signed and

MINUTE ORDER – 2

entered by the Court in its present form.

The parties may submit a revised proposed stipulated protective order that complies with the requirements outlined above.

The Clerk is directed to send a copy of this Minute Order to all counsel of record.

DATED this 21st day of September, 2006.

              BRUCE RIFKIN, Clerk of Court

             By   /s/ C. Ledesma
                Deputy Clerk

MINUTE ORDER – 3