MERKLE SIEGEL & FRIEDRICHSEN, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 624-9392

THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, I-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>PLAINTIFFS' MOTION FOR RELIEF FROM DEADLINE<br><br>NOTED FOR HEARING<br>November 14, 2006 |

PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE RE: RESPONSE TO MOTION FOR AN
UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC.
- 1

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

## I. INTRODUCTION

Defendants have filed a Motion For An Undertaking Pursuant To 15 U.S.C. sect. 7706(g)(4), seeking to require Plaintiffs to post a bond for attorney fees, which is noted for hearing on November 17, 2006. As a predicate to deciding the Defendant's Motion, the Court must determine which party is "likely to succeed" on the merits of the case. Toward the end of convincing the Court that the Defendants are more "likely to succeed" Defendants' motion admits several facts. In so doing, the Defendants have rendered the entire matter ripe for summary judgment.

Given the facts admitted in the Defendant's motion, Plaintiffs intend to file exactly such a summary judgment motion, which will result in the resolution of the ultimate issues in this case, including, but not limited to, all of the issues raised in Defendants' pending motion. Accordingly, in order that the Court have the opportunity to be fully apprised on the substantive issues in this matter, and in order to provide Plaintiffs with a full and fair opportunity to respond to Defendants' Motion in the most efficient and effective manner, and for the reasons set for the more fully below, Plaintiffs request relief from what would otherwise be the deadline for a response to Defendants' Motion.

## II. FACTS AND ARGUMENT

Defendants have brought a motion under the Federal Can-Spam Act (the "Act") essentially requesting the Court to determine that certain of the commercial emails they now admit to sending do not violate the Act. In order for the Court to grant Defendants' motion, the Court would necessarily have to find that the emails referenced in the motion were both fairly

PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE RE: RESPONSE TO MOTION FOR AN
UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC.
- 2

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

representative of the many thousands of emails at issue in this matter, and are not, as a matter of law, likely to be found to violate the Statute. Thus, Defendants' pending motion already requires the Court evaluate and consider the likelihood that the Plaintiff will prevail on the merits of the Plaintiff's claims under the Act. Given the Defendant's concessions, the Court should instead simply decide the merits of the Plaintiff's claims under the Act.

In their Motion, Defendants have now admitted that they created and sent at least a portion of the emails that form the basis of the Plaintiff's complaint. Since there is no longer any dispute as to whether or not these emails were created and sent by Defendants, all that remains is for the Court to determine if the emails violate the Act. As such, tremendous gains in judicial economy will be achieved if the Plaintiffs are given the opportunity to establish that as a matter of law those and other emails sent by, or on behalf of Defendants, do in fact violate the Act.

If provided the opportunity, Plaintiffs would agree to file Plaintiff's summary judgment motion within 30 days. In this manner, instead of merely ruling that one side or the other is more "likely to prevail," the Court will be afforded the opportunity to decide which side has actually prevailed.

Accordingly, the Plaintiff respectfully requests that the Court enter an Order relieving the Plaintiff from having to respond to the Defendant's pending motion, and instead Ordering the Plaintiff to file a motion for summary judgment within 30 days, which will then be consolidated with the Defendant's pending motion.

PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE RE: RESPONSE TO MOTION FOR AN
UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC.
- 3

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1

2

**RESPECTFULLY SUBMITTED** this 3rd day of November, 2006, at Seattle, Washington.

3

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**

4

5

/s/ Robert J. Siegel
ROBERT J. SIEGEL, WSBA #17312
6
Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFFS' MOTION FOR RELIEF FROM
DEADLINE RE: RESPONSE TO MOTION FOR AN
UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC.
- 4

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717