The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | No. CV06-0204JCC<br><br>**DEFENDANTS' RESPONSE TO MOTION FOR RELIEF FROM DEADLINE**<br><br>NOTE ON MOTION CALENDAR:<br>November 15, 2006 |

## I.    INTRODUCTION

Defendants Virtumundo, Inc., Adknowledge, Inc., and Scott Lynn (collectively "Defendants") respectfully request this Court deny the motion (Dkt. No. 42) of plaintiffs James Gordon and Omni Innovations, LLC (together, "Plaintiffs") for relief from their November 13, 2006 deadline to file an opposition to Defendants' Motion for an Undertaking (Dkt. No. 38) pursuant to 15 U.S.C. § 7706(g)(4).  Instead of responding to Defendants' timely and proper motion, Plaintiffs moved for relief on the ground that they

DEFS.' RESP. TO MOT. FOR RELIEF FROM DEADLINE - 1
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 intend to move for summary judgment within thirty (30) days.  The two motions are
2 unrelated.  Plaintiffs' request that the Court not consider Defendants' pending motion is
3 improper and without basis in fact or law.  Plaintiffs propose that they will not have to
4 respond to Defendants' Motion for Undertaking, effectively requesting that the Court
5 strike Defendants' motion.  Motions to strike have been abolished in this district.  LR
6 7(g).  Defendants respectfully request the Court deny Plaintiffs' motion for relief from a
7 deadline and require that Plaintiffs timely oppose Defendants' motion for an undertaking
8 or waive any response.

## II.  ARGUMENT

### A. Defendants' motion for an undertaking is not tantamount to a motion for summary judgment.

Plaintiffs' argument that Defendants' motion for an undertaking necessitates a motion for summary judgment is nonsensical.  Plaintiffs base their argument entirely on the fact that Defendants "admit" that they sent the six emails analyzed in the motion for the undertaking (three of which were from Adknowledge and three of which were from Virtumundo).  This is a non-sequitur.  A motion requiring that Plaintiffs post an undertaking to secure fees and costs is wholly independent of a motion for summary judgment.  Summary judgment is intended to provide judicial efficiency where no reasonable trier of fact could dispute liability. Fed. R. Civ. P. 56.  The principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24, 106 S. Ct. at 2553.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim.)

On the other hand, a motion for an undertaking has a lower standard and an entirely different purpose.  The Court should require an undertaking under 15 U.S.C. § 7706(g)(4) if there is a possibility that the Court will ultimately award the attorneys' fees and costs provided for under CAN-SPAM.  *See* Motion for Undertaking, Dkt. No.

DEFS.' RESP. TO MOT. FOR
RELIEF FROM DEADLINE - 2
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

38, at p.2-3. The purpose of an undertaking is to protect against litigants asserting frivolous claims or defenses for nuisance or settlement value. Id. Congress enacted CAN-SPAM to include an undertaking to protect parties against vexatious litigants. This case is the quintessential case meriting an undertaking. Plaintiffs have filed a frivolous lawsuit over emails that comply with CAN-SPAM and refuse to articulate a theory of liability[1].

Resolution of Defendants' motion for an undertaking will not resolve Plaintiffs' proposed summary judgment motion, nor will resolution of Plaintiffs' summary judgment motion resolve the motion for an undertaking. In its motion for an undertaking, Defendants assert that Plaintiffs cannot make a *prima facie* case of liability. The emails Plaintiffs proffer are either unrelated to Defendants or, on their face, comply with CAN-SPAM. On this basis alone, the Court should require that Plaintiffs post an Undertaking.

In contrast, to grant Plaintiffs' proposed motion for summary judgment, the Court must consider substantially more questions of law and fact at a higher standard. For example, Plaintiffs must authenticate each of the 17,000 emails in dispute and connect those emails to Defendants. The Court must engage in an email-by-email analysis of the 17,000 messages in dispute. Plaintiffs must prove, as a matter of law, that (i) they were damaged by the emails; and (ii) that they are an "Internet access service." 15 U.S.C. § 7706(g)(1) (providing that "A provider of Internet access service adversely affected by a violation" may bring a civil action). Plaintiffs must demonstrate that each email contains false and misleading transmission information, subject headings, or that each included a "return address or comparable mechanism" that permitted Plaintiffs to opt-out from receiving future emails. 15 U.S.C. § 7704.

---

[1] As described in Defendants' Motion for an Undertaking, Plaintiffs claims are unlikely to prevail at trial. Plaintiffs have grossly over-pled this lawsuit alleging that Defendants' emails violate every provision of CAN-SPAM. Defendants emails are fully CAN-SPAM compliant. Defendants, through motion practice and discovery, have inquired why Plaintiffs' believe that Defendants' emails violate CAN-SPAM; but Plaintiffs refuse to advance any theory in support of their case.

DEFS.' RESP. TO MOT. FOR RELIEF FROM DEADLINE - 3 (CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    Furthermore, Plaintiffs must establish that Defendants' affirmative defenses cannot
2 prevail as a matter of law. Plaintiffs' actions amount to statutory entrapment, namely
3 Plaintiffs opted-in to receive emails from Defendants for the purpose of establishing a
4 cause of action under CAN-SPAM and Washington State law. Plaintiffs did not
5 unsubscribe "in a manner specified" in any of the messages which they received. CAN-
6 SPAM, 15 U.S.C. § 7704(a)(3)(A) & (4). Defendants will certainly prove these facts, but
7 until discovery is complete the issues remain in contention and prevent either party from
8 preparing a successful summary judgment motion. Indeed, Defendants have sixteen (16)
9 affirmative defenses, and most cannot be resolved without some discovery.

10    Summary judgment requires a substantial effort and expense by the parties because
11 they must present all evidence in support of their case and demonstrate that no reasonable
12 trier of fact would not rule in their favor. In contrast, Defendants' Motion for
13 Undertaking requires a narrow determination whether there is a reasonable likelihood that
14 Defendants will be the prevailing party in Plaintiffs' CAN-SPAM claims. Defendants'
15 motion for an undertaking is not equal procedurally nor substantially to Plaintiffs'
16 proposed motion for summary judgment.

17    **B.    Summary judgement is not ripe.**

18    The discovery cutoff in this case is December 15. Fed. R. Civ. P. 16(f). No
19 depositions have been taken. (*See* Townsend Decl at ¶ 2). Expert witness reports have
20 not been exchanged. (*See* Townsend Decl at ¶ 2). The expert witness's report will be
21 based upon a consideration of Plaintiffs' deposition testimony, which has not been
22 established.

23    Plaintiffs' claim that summary judgment is ripe is disingenuous. Plaintiffs have
24 not deposed Defendants' witnesses, have no knowledge regarding Defendants' efforts to
25 comply with CAN-SPAM, their unsubscribe process, or the merits of any of Defendants'
26 affirmative defenses. Likewise, Plaintiffs have not been subject to a deposition to
27 determine whether they were legitimately damaged by Defendants' alleged emails,
28 whether they even received the emails, whether they are proffering duplicate emails to

increase damages, whether Plaintiffs are an "Internet access service" provider, whether Plaintiffs were mislead by the subject matter of Defendants' emails, or whether any of the other elements of a CAN-SPAM violation can be satisfied as a matter of law. Plaintiffs assert that the only disputed question of fact is whether Virtumundo or Adknowledge initiated the transmission of "at least a portion" of the emails alleged by Plaintiffs. (*See* Motion, Dkt. No. 42, at 3:6-8). Their argument is specious because a claim under CAN-SPAM requires analysis of several factors more than whether a Defendant initiated a portion of the emails in question.

### C. Plaintiffs proposed relief will not increase judicial economy.

Plaintiffs make the present motion waving the flag of judicial economy. In truth, granting Plaintiffs' proposed relief will increase the costs on the parties and the court. Due to the timing of Plaintiffs' proposed motion for summary judgment, the motion would be filed at the end of the discovery period so that the parties will nonetheless have to incur the expense of preparing for and taking depositions. Additionally, the legal expenses (and the magnitude of the Court's involvement) are substantially greater in filing, opposing, and resolving a motion for summary judgment.

The motion for an undertaking only pertains to Plaintiffs' claims under CAN-SPAM. Even if the Court resolves the CAN-SPAM issues, Plaintiffs' state law claims remain. The state law claims have different elements and defenses. The motion for an undertaking is narrow and intended by Congress to resolve before the parties expend substantial resources in a frivolous CAN-SPAM lawsuit. Plaintiffs' effort to expand a narrow motion into a full-blown resolution of Plaintiffs' claims under CAN-SPAM under the guise of judicial economy should be rejected.

### D. The Court should forbid multiple attempts at summary judgment.

Even if Plaintiffs could prevail at some juncture, they do not have the evidence to sustain the summary judgment standard at this time. Consequently, after their summary judgment motion is denied, presumably they will file a second summary judgment motion once discovery is complete. The Court should not allow for duplicative litigation that

DEFS.' RESP. TO MOT. FOR
RELIEF FROM DEADLINE - 5
(CV06-0204JCC)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  consumes unnecessary resources.

2      Plaintiffs' instant motion for relief is based on the pretense that an early summary
3  judgment motion would increase judicial economy. Any purported benefit in conserving
4  resources would be wiped out if Plaintiffs are later permitted to file a second motion for
5  summary judgment. The Court should not permit two attempts at a summary judgment
6  motion on the same issues.

7  **III.  CONCLUSION**

8      Plaintiffs' proposed summary judgment motion is not germane to Defendants'
9  pending motion for an undertaking. If Plaintiffs believe they can prevail as a matter of
10 law, then they can file for summary judgment at any time in this litigation without regard
11 for the Defendants' pending motion. Plaintiffs should not be permitted to use their
12 contemplated motion for summary judgment as a mechanism for striking Defendants'
13 legitimate motion for an undertaking. Accordingly, this Court should deny Plaintiffs'
14 motion for relief (Dkt. No. 42) and require Plaintiffs to file a timely response to
15 Defendants' pending motion for an undertaking (Dkt. No. 38) or waive any response.

17     DATED this 9th day of November, 2006.

                      Respectfully Submitted,

                      **NEWMAN & NEWMAN,**
                      **ATTORNEYS AT LAW, LLP**

By: _____
     Derek A. Newman, WSBA No. 26967
     Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants