UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES S. GORDON, Jr., a married individual,
d/b/a 'GORDONWORKS.COM'; OMNI
INNOVATIONS, LLC., a Washington limited
liability company,

                    Plaintiffs,

          v.

VIRTUMUNDO, INC., a Delaware Corporation,
d/b/a ADNOWLEDGEMAIL.COM;
ADKNOWLEDGE, INC., a Delaware
Corporation, d/b/a
ADKNOWLEDGEMAIL.COM; SCOTT LYNN,
an individual; and JOHN DOES, 1-X,

                    Defendants.

CASE NO. 06-0204-JCC

ORDER

This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. No. 30) for failure

to state a valid claim under Federal Rule of Civil Procedure 12(b)(6) and failure to properly plead under

Federal Rules of Civil Procedure 8(a) and 9(b), Plaintiffs' Response (Dkt. No. 32), and Defendants'

Reply (Dkt. No. 34). This Court has reviewed the materials submitted by the parties, as well as the

complete record, and determined that oral argument is not necessary. For the following reasons,

Defendants' motion is hereby DENIED IN PART, and GRANTED IN PART, and Plaintiffs are granted

ORDER – 1

Dockets.Justia.com

1  leave to amend their Complaint to cure identified deficiencies.

2  **I.    BACKGROUND**

3         Plaintiffs James S. Gordon ("Gordon") and Omni Innovations, LLC ("Omni") have brought this

4  action for alleged violations of the Federal CAN-SPAM Act of 2003, 15 U.S.C. §§ 7701–7711; the

5  Washington Commercial Electronic Mail Act ("CEMA"), WASH. REV. CODE §§ 19.190.010–.110; the

6  Washington "Prize Statute," WASH. REV. CODE §§ 19.170.010–.900; and the Washington Consumer

7  Protection Act ("CPA"), WASH. REV. CODE §§ 19.86.010–.920.  Gordon is a Washington resident and

8  registrant of the internet domain gordonworks.com ("Gordonworks").  Gordonworks is an interactive

9  computer service that, among other functions, provides e-mail accounts to individuals.  (Am. Compl.

10  (Dkt. No. 15) ¶ 3.4.)  The internet domain server on which the Gordonworks domain resides is owned by

11  Omni.[1]

12        Defendants Virtumundo, Inc. ("Virtumundo") and Adknowledge, Inc. ("Adknowledge") are non-

13  Washington resident businesses that provide online marketing services to third-party clients.  Virtumundo

14  is a Delaware corporation with its principal place of business in Kansas.  Adknowledge is also a Delaware

15  corporation with its principal place of business in Missouri.  Virtumundo and Adknowledge market

16  products for their clients by transmitting e-mails to interested consumers.  Their services are permission-

17  based, meaning that consumers must voluntarily provide their contact information to the companies and

18  must also specify the subject matter of the advertisements that they are interested in receiving.  Defendant

19  Scott Lynn ("Lynn") is a Missouri citizen and serves as Chief Executive Officer of Adknowledge.  He is

20  also the sole shareholder of both companies.[2]

21        Plaintiff Gordon alleges that between August 21, 2003 and February 15, 2006, he received

22  misleading, unsolicited e-mail advertisements from Defendants that were transmitted through Omni's

23  _____

24        [1]  Unless otherwise indicated, references to "Plaintiffs" include both Gordon and Omni.

25        [2]  Unless otherwise indicated, references to "Defendants" include Adknowledge, Virtumundo, and
    Lynn.

26  ORDER – 2

1   domain server to his e-mail address "jim@gordonworks.com," as well as to other individuals using

2   Gordonworks for domain hosting.  Gordon alleges that he has sent numerous direct e-mail requests to

3   various Virtumundo e-mail addresses to cease transmission of all e-mails, but that the e-mails nevertheless

4   persisted, even after the filing of the present action.  (Am. Compl.)

5   **II.    LEGAL STANDARD**

6       Under Federal Rule of Civil Procedure 12(b)(6), this action cannot be dismissed for failure to

7   state a claim unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their

8   claims that would entitle them to relief.  *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  All factual

9   allegations set forth in the Complaint are taken as true and construed in the light most favorable to the

10  Plaintiffs.  *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1993).

11      As a general rule, courts may not consider materials beyond the pleadings in a ruling on a 12(b)(6)

12  motion.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  Courts may, however, consider

13  documents referenced extensively in the complaint, documents that form the basis of the claim, and

14  matters of judicial notice when determining if a plaintiff has stated a claim upon which relief may be

15  granted.  *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

16  **III.    ANALYSIS**

17      Plaintiffs allege that they were injured by e-mails sent by Defendants.  These e-mails, they

18  contend, violated four separate statutes: (1) the federal CAN-SPAM Act, (2) the Washington CEMA, (3)

19  the Washington Prize Statute, and (4) the Washington CPA.  Defendants argue that Plaintiffs have failed

20  to plead their CAN-SPAM and CEMA claims with particularity under Federal Rule of Civil Procedure

21  9(b), and, alternatively, that Plaintiffs have not met the liberal pleading requirements of Federal Rule of

22  Civil Procedure 8(a) on those claims.  Defendants also assert that Plaintiffs have failed to allege both

23  causation and damages in their claims under the Prize Statute.  Finally, Defendants argue that Plaintiffs

24  have not alleged a nexus between their damages and Defendants' alleged violations of the CPA.

25

26  ORDER – 3

1    *A.    CAN-SPAM and CEMA claims*

2    Defendants contend that Plaintiffs' CAN-SPAM and CEMA allegations sound in fraud and

3    therefore must be pled with particularity under Federal Rule of Civil Procedure 9(b).  Alternatively,

4    Defendants contend that Plaintiffs' CAN-SPAM and CEMA claims are so vague that they cannot

5    meaningfully respond.  Defendants request that this Court require Plaintiffs to articulate how each

6    specific e-mail allegedly sent by Defendants violates CAN-SPAM and CEMA.  (Defs.' Mot. 4–7.)

7    **1.    Failure to plead with particularity**

8    Rule 9(b) requires that: "In all averments of fraud or mistake, the circumstances constituting fraud

9    or mistake shall be stated with particularity."  FED. R. CIV. P. 9(b).  The Ninth Circuit Court of Appeals

10    has yet to address whether the heightened pleading requirements of Rule 9(b) apply to claims under

11    CAN-SPAM or CEMA.   However, even if Plaintiffs do not specifically plead fraud, the Ninth Circuit

12    does require that cases "grounded in fraud" must be pled with particularity regardless of whether the

13    underlying substantive law is federal or state.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1103–04 (9th

14    Cir. 2003).  Where a complaint contains allegations of both fraudulent and non-fraudulent conduct, only

15    the specific "averments" of fraud must be pled with particularity.  *Id.* at 1105.  Fraud consists of (1) a

16    false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the

17    intent to deceive, and (5) with action taken in reliance on the misrepresentation.  *Hart v. McLucas*, 535

18    F.2d 516, 519 (9th Cir. 1976) (citing *Pence v. United States*, 316 U.S. 332, 338 (1942)).

19    In their claims under the CAN-SPAM Act, Plaintiffs allege that Defendants initiated the

20    transmission of commercial e-mail messages to e-mail addresses served by Plaintiffs' domain name and

21    servers which (1) contained materially misleading subject lines, (2) did not include an unsubscribe option,

22    (3) did not disclose that they were advertisements, and (4) did not provide a postal address.  Plaintiffs

23    also contend that Defendants illegally "harvested" their e-mail addresses.  Finally, Plaintiffs contend that

24    Defendants continued to send them e-mails after Plaintiffs had asked not to receive further messages.

25    (Am. Compl. ¶¶ 4.1.4–.8.)  Each of these claims identifies an act prohibited by CAN-SPAM.  *See* 15

26    ORDER – 4

1    U.S.C. § 7704. Only one of these claims incorporates any of the elements of fraud. A "materially

2    misleading" e-mail subject line could be considered a false representation of a material fact. Plaintiffs,

3    however, do not allege that Defendants knew the subject lines were misleading, that they intended the e-

4    mails to be deceptive, or that Plaintiffs took any action in reliance on Defendants' alleged

5    misrepresentations. (*See* Am. Compl. ¶ 4.1.4.) Therefore, under *Vess*, none of Plaintiffs' CAN-SPAM

6    claims constitute averments of fraud and Plaintiffs are not required to plead them with particularity.

7         The result is slightly different under CEMA, however. Plaintiffs claim that e-mails sent by

8    Defendants violated CEMA because the e-mails misrepresented or obscured their point of origin and/or

9    the e-mails contained false or misleading subject lines. (*Id.* ¶¶ 4.2.1–.2.) Like Plaintiffs' CAN-SPAM

10   claims, these allegations do not necessarily allege an intent to defraud, and therefore they are not subject

11   to the requirements of Rule 9(b). Plaintiffs, however, also charge that Defendants' e-mails violated a

12   provision of CEMA, WASH. REV. CODE § 19.190.080, that prohibits "any action to induce a person to

13   provide personally identifying information . . . by representing oneself . . . to be another person." (Am.

14   Compl. ¶ 4.2.3.) This claim does include an element of intent, as well as knowledge, and a material

15   misrepresentation. This claim thus potentially avers fraud within the meaning of *Vess*, alleging all of the

16   requirements of common law fraud except detrimental reliance.

17        In another e-mail spam case brought by Gordon in the Eastern District of Washington, the court

18   ruled that CEMA was not a fraud-based cause of action, and therefore, that the particularity requirements

19   of Rule 9(b) did not apply. *Gordon v. Impulse Marketing Group*, 375 F. Supp. 2d 1040 (E.D. Wash.

20   2005). Defendants ask this Court to ignore *Gordon* and instead follow the Northern District of

21   California's ruling in *Asis Internet Servs. v. Optin Global*, No. C 05-5124 CW, 2006 WL 1820902 (N.D.

22   Cal. June 30, 2006). (Defs.' Mot. 5–6.) In that case, the plaintiff claimed, *inter alia*, that it was injured

23   by "fraudulent e-mail attacks," and that defendants used "stolen or hijacked e-mail identities" to send

24   "deceptive" e-mails containing "falsified, misrepresented, or forged header information" as well as subject

25   lines "likely to mislead a recipient" about material facts related to its contents. The *Asis* court held that

26   ORDER – 5

1   although the plaintiff's allegations did not meet all of the elements of common law fraud, the plaintiff still

2   had to plead with particularity all claims that specifically alleged that the content of defendants' e-mails

3   were fraudulent. *Asis Internet Servs.*, 2006 WL 1820902 at \*4.

4          Although Plaintiffs do not specifically allege "fraud" in any of their CEMA claims, by arguing that

5   Defendants violated Washington Revised Code section 19.190.080, Plaintiffs imply that Defendants

6   intentionally designed their e-mails to deceive Plaintiffs into providing personal information. Under *Asis*,

7   this amounts to an allegation that the contents of Defendants' e-mails were fraudulent. *Vess* therefore

8   requires that Plaintiffs plead this averment of fraud with particularity. Specifically, Plaintiffs must identify

9   which e-mails violate section 19.190.080 and how they run afoul of the provision. Plaintiffs' claim under

10  section 19.190.080 is therefore dismissed pursuant to Rule 9(b), and Plaintiffs are granted leave to amend

11  to cure the identified deficiencies.

12                  **2.      Failure to state a claim**

13         Defendants contend, in the alternative, that Plaintiffs' CAN-SPAM and CEMA claims fail to meet

14  the liberal pleading requirements of Federal Rule of Civil Procedure 8(a). Specifically, Defendants argue

15  that Plaintiffs' Complaint does not afford them a fair opportunity to understand the allegations against

16  them. (Defs.' Mot. 10.) Rule 8(a) requires "a short and plain statement of the claims that will give the

17  defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355

18  U.S. at 47. Although Plaintiffs' Complaint generally tracks the statutory language of CAN-SPAM and

19  CEMA, these statutes are specific to commercial e-mails and Plaintiffs have specified the provisions on

20  which their claims are based. In addition, Plaintiffs have provided Defendants with copies of the e-mails

21  along with explanations of their allegedly illegal contents.[3] (*See* Pls.' Am. Initial Disclosures (Dkt. No.

22  28).) Defendants therefore have had fair notice of the basic events and circumstances giving rise to

23  Plaintiffs' claims.

24  ───────────────────

25         [3] This Court can consider these e-mails in deciding Defendants' motion because they form the
    basis of Plaintiffs' Complaint. *Ritchie*, 342 F.3d at 908.

26  ORDER – 6

1    ### B.    *Prize Statute claims*

2    Defendants argue that Plaintiffs fail to state a cause of action under the Prize Statute because they

3    do not allege that they were damaged by Defendants' promotional offers.  Defendants contend that

4    Plaintiffs have no standing to bring a claim under the Prize Statute unless they actually pursued an offered

5    prize and were damaged by Defendants' failure to comply with the statute's disclosure requirements.

6    (Defs.' Mot. 12.)  Plaintiffs concede that they "inadvertently omitted the recital of damages" in their

7    cause of action under the Prize Statute and request leave to file an amended complaint.   They deny,

8    however, that a claimant must pursue an offered prize before he can claim that he has been damaged

9    under the statute.  (Pls.' Resp. 19.)

10    Plaintiffs' numerous claims under the Prize Statute relate to disclosure requirements for

11    promotional offers (WASH. REV. CODE § 19.170.030), as well as requirements for the award of prizes

12    (WASH. REV. CODE § 19.170.040).  Under Washington Revised Code section 19.170.030, Plaintiffs

13    contend that Defendants' e-mails contained promotions for prizes which failed to identify the name and

14    address of the promoter and the sponsor of the promotion.  (Am. Compl. ¶  4.3.2(a)[1].[4])  They also

15    claim that the e-mails failed to state the verifiable retail value and odds of winning each prize in the

16    manner required by the statute.  (*Id.* ¶¶ 4.3.2(b)[1]–(c)[1].)  Each of these claims is valid under the

17    statute and provides adequate notice to Defendants of their nature.  *See* WASH. REV. CODE §

18    19.170.030(1), (2), (4).  Plaintiffs' claims (d)[1] and (e)[1] under section 19.170.030, however, each

19    describe disclosure requirements for specific types of promotional offers.  Plaintiffs fail to allege that

20    Defendants' e-mails contained promotions of the type to which these disclosure requirements apply.[5]

21    _____

22    [4] Plaintiffs' Complaint paragraph "4.3.2" is actually two different sets of identically labeled
claims.  In order to avoid confusion, the Court has added the numbers [1] and [2] to distinguish the two
23    different sets of "4.3.2" claims.

24    [5] Claim (d)[1] in paragraph 4.3.2 of the Complaint corresponds to section 19.170.030(5), which
concerns promotions involving sales presentations.  Claim (e)[1] corresponds to section 19.170.030(6),
25    which applies to promotions where the offeree must give some consideration before a prize is awarded.

26    ORDER – 7

1    (*See* Am. Compl. ¶¶ 4.3.2(d)[1]–(e)[1].)  Plaintiffs must show how the relevant provisions of the Prize

2    Statute apply to Defendants' e-mails in order for these two claims to be valid.  *See* WASH. REV. CODE §

3    19.170.030(5)–(6).  Plaintiffs' claims (d)[1] and (e)[1] in paragraph 4.3.2 are therefore dismissed

4    pursuant to Rule 12(b)(6) and Plaintiffs are granted leave to amend to cure the identified deficiencies.

5    Plaintiffs make six claims under Washington Revised Code section 19.170.040.  In claim (e)[2],

6    Plaintiffs charge that Defendants' e-mails failed to contain a clear and conspicuous statement of a gift

7    recipient's rights regarding a rain check on their prize in the manner required by the Prize Statute.  (Am.

8    Compl. ¶ 4.3.2(e)[2].)  This claim accurately states the statutory requirement and provides Defendants

9    with adequate notice of the charge.  *See* WASH. REV. CODE § 19.170.040(7).  Plaintiffs' five other claims

10   under this section of the statute all concern requirements for prizes that are not immediately available or

11   not received as advertised.  Because Plaintiffs do not allege that they attempted to collect any of the

12   prizes purportedly offered by Defendants, they cannot claim that Defendants' e-mails violated any of

13   these rain check provisions of the Prize Statute.  (*See* Am. Compl. ¶¶ 4.3.2(a)[2], (b)[2], (c)[2], (d)[2],

14   (f)[2].)  Plaintiffs' claims 4.3.2(a)[2], (b)[2], (c)[2], (d)[2], and (f)[2] are therefore dismissed pursuant to

15   Rule 12(b)(6) and Plaintiffs are granted leave to amend to cure the identified deficiencies.

16   Finally, because Plaintiffs fail to allege damages in all of their Prize Statute claims, *all* of these

17   claims are dismissed.  Plaintiffs are granted leave to cure this deficiency as well.  Where the Court has

18   dismissed a claim for multiple reasons, all deficiencies must be corrected for the claim to be valid as

19   amended.

20       *C.     CPA claims*

21   Plaintiffs allege that their CEMA and Prize Statute claims also constitute violations of the

22   Washington CPA.  (Am. Compl. ¶¶ 4.2.4–.5.)  In their Motion to Dismiss, Defendants argue that

23   Plaintiffs' CEMA-based CPA claims are invalid because they do not allege that Plaintiffs suffered

24

25

26   ORDER – 8

1  damages cognizable under the CPA.[6]  There are five elements to a CPA claim: (1) an unfair or deceptive

2  act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to

3  the party in his business or property, and (5) the injury must be causally linked to the unfair or deceptive

4  act.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535–37 (Wash.

5  1986).  Regarding claims under the CPA, CEMA states that:

6
7          The legislature finds that the practices covered by this chapter are matters
           vitally affecting the public interest for the purpose of applying the consumer
           protection act, chapter 19.86 RCW.  A violation of this chapter is not
8          reasonable in relation to the development and preservation of business, and is
           an unfair or deceptive act in trade or commerce and an unfair method of
9          competition for the purpose of applying the consumer protection act, chapter
           19.86.
10

11  WASH. REV. CODE § 19.190.100.  The plain text of CEMA thus clearly shows that the Washington

12  legislature intended that a violation of CEMA would satisfy the first three *Hangman Ridge* elements.[7]

13  Therefore, having already made out a claim under CEMA, Plaintiffs need only allege the last two

14  *Hangman Ridge* elements to complete their CPA claims.

15          Plaintiffs have alleged causation and damages to the extent necessary to defeat Defendants'

16  12(b)(6) motion on Plaintiffs' CPA claims.   Plaintiffs' Complaint states simply that they "have been

17  damaged as a result of Defendants' [CEMA] violations . . . in an amount to be proved at trial."  (Am.

18  Compl. ¶ 4.2.5.)  In their Response to Defendants' Motion to Dismiss, however, Plaintiffs clarify that

19  Defendants' allegedly large volume of illegal e-mails cost them time away from work, bandwidth, and

20  "other costs associated with ISP time."  (Pls.' Resp. 17.)  This statement is adequate for this Court to

21

22  _____

23          [6] Defendants do not challenge the validity of Plaintiffs' claim that violations of the Prize Statute
    are per se violations of the CPA. (*See* Am. Compl. ¶ 4.3.1; Defs.' Mot. 9–10.)

24          [7] Defendants selectively quote only the second clause of the second sentence in the above section
    and claim that a violation of CEMA satisfies only the first of the *Hangman Ridge* elements. (Defs.' Mot.
25  9.)

26  ORDER – 9

1   infer an allegation of injury to business or property under the fourth *Hangman Ridge* element and

2   causation under the fifth element.  Plaintiffs therefore have stated valid CPA claims as to all of their

3   properly pled CEMA claims.[8]

4   **IV.    CONCLUSION**

5          For the foregoing reasons, this Court hereby ORDERS that:

6          (1)     Defendants' motion to dismiss Plaintiffs' CAN-SPAM Act claims is DENIED;

7          (2)     Defendants' motion to dismiss Plaintiffs' CEMA claims is GRANTED with respect to

8   Plaintiffs' claim under Washington Revised Code section 19.190.080 and DENIED in all other respects;

9
10         (3)     Defendants' motion to dismiss Plaintiffs' Prize Statute claims is GRANTED with respect

11  to Plaintiffs' general failure to allege damages on all Prize Statute claims; and additionally, for the reasons

12  set forth *supra* section III.B, GRANTED with respect to Plaintiffs' deficient claims 4.3.2(d)[1] and (e)[1]

13  under Washington Revised Code section 19.170.030, and Plaintiffs' deficient claims 4.3.2(a)[2], (b)[2],

14  (c)[2], (d)[2], and (f)[2] under Washington Revised Code section 19.170.040;

15         (4)     Defendants' motion to dismiss Plaintiffs' CPA claims is GRANTED to the extent that

16  Plaintiffs' claims under Washington Revised Code section 19.190.080 and the Prize Statute are defective

17  and is DENIED in all other respects.

18         Plaintiffs are GRANTED leave to amend their Complaint as to all invalid dismissed claims.

19         SO ORDERED this 8th day of December, 2006.

20

21

22                                                          John C. Coughenour
                                                            United States District Judge
23

24  _____

25         [8]  All of Plaintiffs' Prize Statute-based CPA claims are invalid to the extent that their underlying
    Prize Statute claims are defective.

26  ORDER – 10