The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DEFENDANTS' MOTION TO COMPEL DISCOVERY**<br><br>NOTE ON MOTION CALENDAR:<br>January 5, 2007 |

## I. INTRODUCTION

Defendants submit this motion to compel Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni Innovations, LLC ("Omni") (together, "Plaintiffs") to produce complete and accurate responses to Defendants' discovery requests in the above-captioned matter. Since the inception of this lawsuit, Defendants have made repeated requests for Plaintiffs to explain the factual basis of their claims. Plaintiffs have consistently refused to respond. Instead, they refer Defendants to their massive

DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 1
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

overproduction of alleged email messages, two-thirds of which they recently admitted are irrelevant. They also refer to an "analysis" and "legend" which do not provide any meaningful information concerning, for example, why Plaintiffs believe certain subject lines are misleading.

If Plaintiffs believe a subject line is misleading or an email transmission path is obscured, the burden is on them to explain why. In fact, the burden is on them to explain all factual bases for their claims. Their repeated failure to do so leaves Defendants with only one alternative – a motion to compel discovery.

## II.  FACTS

**A.    Plaintiffs' complaint does not identify their theories.**

In their First Amended Complaint ("FAC") (Dkt. # 15) Plaintiffs seek statutory damages arising out of emails allegedly received from Defendants (the "Emails"). The FAC alleges violations of 15 U.S.C. 7705 *et seq.* ("CAN-SPAM") (FAC ¶¶ 4.1.1 - 4.1.6); the Washington Commercial Electronic Mail Act, RCW 19.190 *et seq.* ("CEMA") and the Washington Consumer Protection Act ("WCPA") (FAC ¶¶ 4.2.1 - 4.2.5); and the Washington state law governing the promotional advertising of prizes, RCW 19.170 *et seq.* (the "Prize Statute") (FAC ¶¶ 4.3.1 - 4.3.2).

The FAC is replete with conclusory legal allegations but provides no substantive factual support for them. Plaintiffs merely parrot the elements of CAN-SPAM and CEMA (the "Email Statutes") and follow that litany with a conclusory sentence stating that Defendants have violated the statutes. The following is a representative example: Plaintiffs merely allege, without elaboration or explanation, that the Emails violate CEMA because they obscure information identifying the point of origin or the transmission path of a commercial electronic mail message.[1]  (FAC at ¶ 4.2.1.) These allegations are not enough to provide Defendants a fair opportunity to receive notice and

---

[1] Defendants' Motion to Dismiss provides more analysis of the lack of substance in Plaintiffs' claims based on the Email Statutes.  (Dkt. # 30 at 2:10 - 3:15.)

DEFENDANTS' MOTION TO COMPEL DISCOVERY - 2
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

an opportunity to respond to the allegations in this Lawsuit.

Plaintiffs do not allege how, which, or how many of the Emails violate either of the Email Statutes. It is not clear whether the Emails allegedly include false and misleading subject lines, have obscured transmission paths, utilize IP address spoofing, or any other theory of liability under the Email Statutes. The FAC did not attach any copies of Emails and, without pleading how each of the Emails violates the Email Statutes, Defendants cannot ascertain the nature of Plaintiffs' allegations. Plaintiffs' WCPA claim is based entirely on Defendants' alleged violations of CEMA. (FAC ¶ 4.2.4.) Consequently, Defendants' only possible means of understanding the factual basis for Plaintiff's WCPA claim is through discovery.

Plaintiffs' Prize Statute allegations are equally vague. Plaintiffs merely paraphrase the subsections of RCW 19.170.030 and allege the Emails violated one provision "and/or" other provisions of the Prize Statute. (FAC ¶ 4.3.2.) Since the FAC does not provide any relevant facts, Defendants were required to propound discovery requests seeking the factual basis for Plaintiffs' Prize Statute claim.

**B.  Defendants' discovery requests seek the factual basis for Plaintiffs' claims, but Plaintiffs' responses are incomplete and evasive.**

On November 15, 2006, Defendant Scott Lynn ("Lynn") propounded his First Set of Interrogatories and Requests for Production to Plaintiff Gordon (the "Gordon Requests") and his First Set of Interrogatories and Requests for Production to Plaintiff Omni Innovations, LLC (the "Omni Requests") (together, the "Discovery Requests"). (Declaration of Roger Townsend in Support of Defendants' Motion to Compel Discovery ("Townsend Decl.") ¶ 2 Exs. A-1 and A-2.)  On December 20, 2006, Plaintiffs provided a discovery response ("Discovery Response") which was almost entirely unresponsive, evasive, and inadequate.  (Townsend Decl. ¶ 3 Ex. B.)

**1.  Plaintiffs refuse to explain how the emails allegedly violate the above statutes.**

Plaintiffs' entire case is that the Emails allegedly violate the Email Statutes, the

DEFENDANTS' MOTION TO COMPEL DISCOVERY - 3
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

WCPA, and the Prize Statute. Consequently, Defendants' Discovery Requests ask Plaintiffs to explain how the Emails violated them. These are all questions of fact.

### a. Interrogatory No. 7.

By way of example, Interrogatory No. 7 in both sets of Discovery Requests seeks the following information:

> Please identify (including date, subject line, sender email and recipient email) any [Email] that you contend was initiated by Defendants that contained, or were accompanied by header information that was materially false or misleading. For each such [Email], please explain how the header information was materially false or misleading.

(Townsend Decl. ¶ 2 Exs. A-1 and A-2.) This information is highly relevant to Plaintiff's claims, and Defendants are entitled to it. It is insufficient to refer Defendants to thousands of Emails, claim the headers are misleading, and force Defendants to guess why Plaintiffs believe they are misleading. If Plaintiffs were misled by certain Email headers, only they can explain how they were misled. This is clearly a question of fact, and Defendants must depend on Plaintiffs to answer it.

Unfortunately, Plaintiffs chose not to explain how they were misled by the headers of the allegedly offending Emails. Both Gordon and Omni responded to Interrogatory No. 7 as follows:

> Plaintiff has provided copies, in at least 2 different formats, of the subject [Emails]. Each [Email] is alleged to contain false, and/or misleading information in the headers. The information provided by Plaintiff includes a detailed analysis of the headers of each [Email], indicating those particular portions of the headers containing allegedly false and/or misleading information. Plaintiff has also provided a legend explaining how the designations were made...

(Townsend Decl. ¶ 3 Ex. B.)

This evasive response continues Plaintiffs' history of asking Defendants to do their work for them. (Townsend Decl. ¶ 4.) To date, Plaintiffs have provided Defendants with electronic copies of over thirty-eight thousand (38,000) Emails. (Id. ¶ 5.) Plaintiffs have never provided an explanation of why they consider these emails to have violated various provisions of the Email Statutes, WCPA, or Prize Statute. (Id.) What they have done is require Defendants to spend considerable amount of money hiring lawyers to work full-

time preparing an analysis of the thirty-eight thousand (38,000) Emails. (Id.) This week – after Defendants had spent a great deal of money in reviewing those Emails – defendant Gordon admitted two-thirds (2/3) of the Emails were superfluous: "Due to the voluminous number of spams received from Defendants, a precise number has been difficult to ascertain, and I apologize to the Court for having stated different numbers at different times in this litigation... The most recent count, after making my best effort to further sort and delete any duplicates appears to be 13,800 emails." (Declaration of James S. Gordon, Jr. in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. # 63) ¶ 26.) In other words, Plaintiffs required Defendants to sift through twenty-four thousand (24,000) superfluous Emails, wasting a vast amount of Defendants' time and money. (Townsend Decl. ¶ 5.)

Defendants spent this time and money attempting to understand Plaintiffs' claims because Plaintiffs have not bothered to do that themselves. (Townsend Decl. ¶ 6.) Plaintiffs' claims in their above answer to Interrogatory No. 7 are totally inaccurate – they have not provided a "detailed analysis of the headers of each [Email]", and their purported "legend" provides no useful information. (Id.) The response to Interrogatory No. 7 is an apparent reference to Plaintiffs' First Supplemental Responses to Defendant [Virtumundo]'s First Discovery Requests, which they provided to Plaintiffs on September 11, 2006. (Id. Ex. C.) Virtumundo's Discovery Requests, like Lynn's current Discovery Requests, asked detailed factual questions concerning why Plaintiffs believed certain Email headers were misleading, which Email transmission paths were allegedly obscured, and so forth. (See, e.g., Townsend Decl. ¶ 7 Ex. D, Interrogatory No. 4.) In response, Plaintiffs provided an "Email Analysis" (the "Analysis") which does not actually "analyze" anything; rather, it highlights certain portions of certain Emails and requires Defendants to decipher them. (Townsend Decl. ¶ 8 Ex. E.) For example, the first page of the "Email Analysis" highlights the words "Location: Chicago, IL" in one Email, but does not explain how that is misleading. (Id.) Moreover, the Analysis purports to "analyze" only approximately two thousand (2,000) of the thirty-eight thousand (38,000) Emails

1   Plaintiffs have provided to Defendants.  (Id.)

2   Plaintiffs' "Legend" is equally vague, confusing, and inadequate.  (Townsend
3   Decl. ¶ 9 Ex. F.)  For example, on page 3 of the Legend, Plaintiffs highlight the line
4   "Subject: Test your internet connection speed lynkstation", but they do not specify how
5   this subject line misled them.  (Id.)

6   In sum, Plaintiffs' responses to Interrogatory No. 7 of the Discovery Requests do
7   not explain how any subject lines allegedly misled them.  (Townsend Decl. ¶ 10.)
8   Instead, they continue to force Defendants to wade through a massive, disorganized
9   document production Plaintiffs admit was three times as large as it should have been.
10  (Id.)  They also refer Defendants to an Analysis and Legend which do not explain the
11  factual basis of Plaintiffs' claims.  (Id.)  Their response to the Discovery Requests is
12  seriously inadequate, and they should be required to supplement it without delay.

13              b.     <u>Plaintiffs' Other Responses Concerning the Allegedly Offending Emails Are Similar to Interrogatory No. 7 or Incorporate It by Reference.</u>
14

15  Plaintiffs continue their pattern of evasion in other discovery responses.  Gordon
16  incorporates his answer to Interrogatory No. 7 in his responses to the following Gordon
17  Requests: Interrogatory No. 8, and apparently Interrogatories Nos. 16 and 17.[2]
18  (Townsend Decl. ¶ 3 Ex. B.)  Omni incorporates its answer to Interrogatory No. 7 in its
19  responses to the following Gordon Requests: Interrogatories Nos. 8 and 15-17.  (Id.)  As
20  indicated above, Interrogatory No. 7 specifically asks about misleading Email headers.  It
21  is therefore nonresponsive when Defendants reference their answer to that interrogatory
22  when responding to (for example) Interrogatory No. 8, which asks about return email
23  addresses and "opt-out" mechanisms.  (Id. ¶ 2 Exs. A-1 and A-2.)

24

25      [2] Gordon numbered two responses "10 ".  The second "10", through his response
    to Interrogatory No. 22, actually appear to be responses to Interrogatories 11 through 23.
26  Accordingly, Defendants assume for purposes of this motion that Gordon's responses
27  numbered "15 " and "16 " are responses to Interrogatories Nos. 16 and 17.  In the event
    Plaintiffs do not provide clarification before the noting date of this motion, Defendants
28  request this Court order them to do so.

DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 6
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Other nonresponsive answers include the following:

Interrogatory No. 9 in both sets of Discovery Requests asks for information relating to Emails with subject headers Defendants should have know were misleading. Both Plaintiffs respond by claiming the Emails speak for themselves. (Townsend Decl. ¶ 2 Exs. A-1 and A-2; Id. ¶ 3 Ex. B.)

Interrogatory No. 10 in both sets of Discovery Requests seeks information regarding Plaintiffs' attempts to "opt out" of receiving Emails. Both Plaintiffs respond by claiming Defendants already have this information, which they do not. (Townsend Decl. ¶ 2 Exs. A-1 and A-2; Id. ¶ 3 Ex. B.)

Gordon's response to either Interrogatory No. 17 or No. 18 refers to "all emails sent by Defendants on behalf of First Premier Bank, all of which are contained in previously provided discovery responses." Both interrogatories ask Gordon to provide specific information about specific Emails, and he failed to do that in his response to those Discovery Requests. (Townsend Decl. ¶ 2 Exs. A-1 and A-2; Id. ¶ 3 Ex. B.)

Interrogatory No. 18 asks Plaintiffs to identify Emails sent to addresses improperly obtained by third parties using automated means. Both Plaintiffs claim not to understand the question[3], which is at least as clear as their allegations in the FAC. (Townsend Decl. ¶ 2 Exs. A-1 and A-2; Id. ¶ 3 Ex. B.) The question is clear, and both Plaintiffs should be ordered to provide a meaningful response.

**2.     Plaintiffs' discovery responses are deficient in numerous other respects.**

Interrogatory No. 3 in both sets of Discovery Requests asked for registration dates which Plaintiffs failed to provide. (Townsend Decl. ¶ 11.) Also, the responses to Interrogatory No. 6 in the Gordon Requests and Interrogatory No. 5 in the Omni Requests claim Plaintiffs "do not know the name of the particular software" they used to generate the complaint messages in their September 11, 2006 supplemental responses. (Id.) This

---

[3] It is unclear whether Gordon's response numbered "18 " is a response to Interrogatory No. 18 or 19.

DEFENDANTS' MOTION TO COMPEL DISCOVERY - 7
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 lacks credibility.  (Id.)  In addition, both Plaintiffs claim, in their responses to Requests
2 for Production Nos. 2 and 3, that they have no documents relating to their configuration
3 of "auto-responder" files, nor can they produce any contracts which relate to their email
4 accounts.  (Id.)  These are documents Plaintiffs should easily be able to obtain.  (Id.)

**C.  The parties' Fed. R. Civ. P. 37 efforts to meet and confer.**

On December 21, 2006, counsel for Defendants attempted to contact Plaintiffs' counsel for a CR 37 discovery conference.  (Townsend Decl. ¶ 12 Ex. G.)  He was informed that Plaintiff's counsel was unavailable.  (Id.)  Plaintiffs' counsel has a long history of being unavailable for long periods of time for discovery conferences and other matters.  (Id. ¶ 13.)  Accordingly, Defendants' counsel reasonably expects further attempts to resolve this matter without the Court's involvement will be futile.  (Id.)

### III. ARGUMENT & AUTHORITY

**A.  Standards for granting discovery motions.**

FED. R. CIV. P. 37(a)(2) provides: "If . . . a party fails to answer an interrogatory submitted under rule 33 . . . the discovering party may move for an order compelling an answer."  FED. R. CIV. P. 34(b) further provides: "The party submitting the request (for production) may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the request or any part thereof."  An "evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  FED. R. CIV. P. 37(a)(3).  In short, Rule 37 authorizes the Court to make any order it deems just in connection with Plaintiffs' failure to respond to Defendants' Discovery Requests.

"The Federal Rules of Evidence create a 'broad right of discovery' because 'wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth.'"  Epstein v. MCA, 54 F.3d 1422, 1423 (9th Cir. 1995) citing Shoen v. Shoen, 5 F.3d 1289, 1292 (9th Cir. 1993).  "Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'"  Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir.

DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 8
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 2005), *quoting* FED. R. CIV. P. 26(b)(1). For purposes of discovery, relevance is defined broadly to include "all information 'reasonably calculated to lead to the discovery of admissible evidence'". Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992), quoting FED. R. CIV. P. 26(b)(1).

**B.   This Court should compel plaintiffs to produce the requested discovery.**

A party suffers prejudice if the opposing party's failure to cooperate in discovery "impair(s) the [discovering party's] ability to go to trial." Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990); Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993) (A "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case") (citation omitted). Here, Plaintiffs' refusal to produce essential documents and information causes Defendants substantial prejudice. Defendants cannot prepare an adequate defense if Plaintiffs do not provide them with the factual basis for their claims. It is plainly insufficient to force Defendants to search through a massive overproduction of documents, make guesses about what facts Plaintiffs will allege at trial, and then face trial by ambush. Defendants will be severely prejudiced at trial unless this Court orders Plaintiffs to provide accurate and complete supplemental discovery responses.

### IV. CONCLUSION

Defendants respectfully request that this Court order Plaintiffs to produce the information and documents requested without further delay.

DATED this 21st day of December, 2006.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

DEFENDANTS' MOTION TO COMPEL
DISCOVERY - 9
(CV06-0204JCC)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800