**The Honorable John C. Coughenour**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DECLARATION OF ROGER M. TOWNSEND IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY**<br><br>NOTE ON MOTION CALENDAR: January 5, 2007 |

I, Roger M. Townsend, declare and testify as follows:

1. I am over eighteen years of age, counsel for defendants in the above captioned action, competent to testify to the matters stated in this declaration, and make this declaration from personal knowledge of those matters.

2. On November 15, 2006, Defendant Scott Lynn ("Lynn") propounded his First Set of Interrogatories and Requests for Production to Plaintiff Gordon (the "Gordon Requests") and his First Set of Interrogatories and Requests for Production to Plaintiff

DECL. OF ROGER M. TOWNSEND IN SUPP.
OF DEFS.' MOT. TO COMPEL DISC. - 1
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Omni Innovations, LLC (the "Omni Requests") (together, the "Discovery Requests").
2  True and correct copies of the Discovery Requests are attached hereto as **Exhibit A-1** (the
3  Gordon Requests) and **Exhibit A-2** (the Omni Requests).
4      3.    On December 20, 2006, Plaintiffs provided a discovery response
5  ("Discovery Response") which was almost entirely unresponsive, evasive, and
6  inadequate. A true and correct copy of Plaintiffs' Discovery Response is attached as
7  **Exhibit B**.
8      4.    Plaintiffs' Discovery Responses are hopelessly vague and inadequate. For
9  example, Interrogatory No. 7 asks Plaintiffs to explain why they believe certain email
10 subject headers are misleading. Unfortunately, Plaintiffs chose not to explain how they
11 were misled by the headers of the allegedly offending Emails. Both Gordon and Omni
12 responded to Interrogatory No. 7 as follows:

> Plaintiff has provided copies, in at least 2 different formats, of the subject [Emails]. Each [Email] is alleged to contain false, and/or misleading information in the headers. The information provided by Plaintiff includes a detailed analysis of the headers of each [Email], indicating those particular portions of the headers containing allegedly false and/or misleading information. Plaintiff has also provided a legend explaining how the designations were made...

18 This evasive response continues Plaintiffs' history of asking Defendants to do their work
19 for them.
20     5.    To date, Plaintiffs have provided Defendants with electronic copies of over
21 thirty-eight thousand (38,000) Emails. Plaintiffs have never provided an explanation of
22 why they consider these emails to have violated various provisions of the Email Statutes,
23 WCPA, or Prize Statute. What they have done is require Defendants to spend
24 considerable amount of money hiring lawyers to work full-time preparing an analysis of
25 the thirty-eight thousand (38,000) Emails. This week – after Defendants had spent a great
26 deal of money in reviewing those Emails – defendant Gordon admitted two-thirds (2/3) of
27 the Emails were superfluous. In other words, Plaintiffs required Defendants to sift
28 through twenty-four thousand (24,000) superfluous Emails, wasting a vast amount of

DECL. OF ROGER M. TOWNSEND IN SUPP.
OF DEFS.' MOT. TO COMPEL DISC. - 2
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Defendants' time and money.

2      6. Defendants spent this time and money attempting to understand Plaintiffs' claims because Plaintiffs have not bothered to do that themselves. Plaintiffs' claims in their above answer to Interrogatory No. 7 are totally inaccurate – they have not provided a "detailed analysis of the headers of each [Email]", and their purported "legend" provides no useful information. The response to Interrogatory No. 7 is an apparent reference to Plaintiffs' First Supplemental Responses to Defendant [Virtumundo]'s First Discovery Requests, which they provided to Plaintiffs on September 11, 2006. A true and correct copy of Defendants' transmittal letter served with their September 11 supplemental responses is attached as **Exhibit C**.

    7. Virtumundo's Discovery Requests, like Scott Lynn's current Discovery Requests, asked detailed factual questions concerning why Plaintiffs believed certain Email headers were misleading, which Email transmission paths were allegedly obscured, and so forth. A true and correct copy of Virtumundo's discovery requests to Plaintiff Gordon is attached as **Exhibit D**.

    8. In response to the Virtumundo discovery requests, Plaintiffs provided an "Email Analysis" (the "Analysis") which does not actually "analyze" anything; rather, it highlights certain portions of certain Emails and requires Defendants to decipher them. For example, the first page of the "Email Analysis" highlights the words "Location: Chicago, IL" in one Email, but does not explain how that is misleading. Moreover, the Analysis purports to "analyze" only approximately two thousand (2,000) of the thirty-eight thousand (38,000) Emails Plaintiffs have provided to Defendants. A true and correct copy of the Analysis is attached as **Exhibit E**.

    9. Plaintiffs' "Legend" is equally vague, confusing, and inadequate. For example, on page 3 of the Legend, Plaintiffs highlight the line "Subject: Test your internet connection speed lynkstation", but they do not specify how this subject line misled them. A true and correct copy of the Legend is attached as **Exhibit F**.

    10. In sum, Plaintiffs' responses to Interrogatory No. 7 of the Discovery

DECL. OF ROGER M. TOWNSEND IN SUPP.
OF DEFS.' MOT. TO COMPEL DISC. - 3
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Requests do not explain how any subject lines allegedly misled them. Instead, they continue to force Defendants to wade through a massive, disorganized document production Plaintiffs admit was three times as large as it should have been. They also refer Defendants to an Analysis and Legend which do not explain the factual basis of Plaintiffs' claims. Their response to the Discovery Requests is seriously inadequate, and they should be required to supplement it without delay.

11. Interrogatory No. 3 in both sets of Discovery Requests asked for registration dates which Plaintiffs failed to provide. Also, the responses to Interrogatory No. 6 in the Gordon Requests and Interrogatory No. 5 in the Omni Requests claim Plaintiffs "do not know the name of the particular software" they used to generate the complaint messages in their September 11, 2006 supplemental responses. This lacks credibility. In addition, both Plaintiffs claim, in their responses to Requests for Production Nos. 2 and 3, that they have no documents relating to their configuration of "auto-responder" files, nor can they produce any contracts which relate to their email accounts. These are documents Plaintiffs should easily be able to obtain.

12. On December 21, 2006, counsel for Defendants attempted to contact Plaintiffs' counsel for a CR 37 discovery conference. He was informed that Plaintiffs' counsel was unavailable. A true and correct copy of a letter Defendants' counsel sent concerning his attempt to reach Plaintiffs' counsel, as well as Plaintiffs' discovery deficiencies, is attached as **Exhibit G**.

13. Plaintiffs' counsel has a long history of being unavailable for long periods of time for discovery conferences and other matters. Accordingly, Defendants' counsel reasonably expects further attempts to resolve this matter without the Court's involvement will be futile.

14. Attached as **Exhibit H** is a true and correct copy of excerpts from the recent deposition of Brett Brewer in the above captioned matter. Those excerpts (at 83:20-25) indicate Plaintiffs' counsel feels he must "check with [his] client" before complying with discovery deadlines. Those excerpts also indicate Defendants' and

DECL. OF ROGER M. TOWNSEND IN SUPP.
OF DEFS.' MOT. TO COMPEL DISC. - 4
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Plaintiffs' counsel previously met and conferred regarding Plaintiffs' discovery responses,
2  and agreed Defendants could move to compel discovery in the event Plaintiffs' responses
3  to the Discovery Requests were incomplete, which they are.

6       I certify and declare under the penalty of perjury under the laws of the State of
7  Washington and the United States that to my knowledge the foregoing is true and correct.

9       Executed on this 21st day of December, 2006, at Seattle, Washington.

_____
Roger M. Townsend

DECL. OF ROGER M. TOWNSEND IN SUPP.
OF DEFS.' MOT. TO COMPEL DISC. - 5
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800