# EXHIBIT A-1

Dockets.Justia.com

The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC, a Washington limited liability company;<br><br>Plaintiff,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual, and his marital community; and JOHN DOES, 1-X,<br><br>Defendants. | No. CV06-0204JCC<br><br>**DEFENDANT SCOTT LYNN'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON** |

**TO:**  James S. Gordon, Jr., d/b/a 'GORDONWORKS.COM'; and

**AND TO:**  Robert J. Siegel, Attorney for James S. Gordon, Jr.

Defendant Scott Lynn hereby propounds the following requests for production and interrogatories to Plaintiff, pursuant to Fed. R. Civ. P. 26, 33 and 34. The requests should be answered in full and the original returned to this office (Newman & Newman, Attorneys at Law, LLP, 505 Fifth Avenue S., Suite 610, Seattle, Washington 98104) within 30 days after the date of service. The requested documents should be produced for inspection and copying at the offices

---

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON
[NO. CV06-0204JCC] - Page 1 of 14

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

of Newman & Newman, Attorneys at Law, LLP, 505 Fifth Avenue S., Suite 610, Seattle, Washington 98104. You should respond to each discovery question in accordance with the instructions and definitions set forth below. The requests for production are continuing in nature within the meaning of Fed R. Civ. P. 26.

### I. INSTRUCTIONS/DEFINITIONS

1. In answering these requests for production, You are required to furnish all information that is available to You, not merely such information as You know of Your own personal knowledge, including information in the possession of Your attorneys, or other persons directly or indirectly employed by or connected with You or Your attorneys, or anyone acting on Your behalf or otherwise subject to Your control.

2. In answering these requests for production, You are requested to make a diligent search of Your records and of other papers and materials in the possession, custody or control of You or Your representatives.

3. The documents requested are not privileged and are reasonably calculated to lead to the discovery of admissible evidence. If any document is withheld from production on the ground that its production is privileged due to the attorney-client privilege, work-product rule or other legally recognized standard preventing its disclosure to a requesting party, then state separately for each such document: (1) the legal basis on which You claim protection against discovery; (2) the date of the document; (3) the nature of the document (*e.g.* letter); (4) the full name, job title and employer for each author of the document; (5) the full name, job title, and employer or principal of each addressee and named recipient of the document; (6) the full name, job title, and employer of each person who to Your knowledge has knowledge of the communication; and (7) in general, the substance of the document.

4. These discovery requests shall, to the fullest extent permitted by law, be deemed continuing, so as to require You, without further request, to provide supplemental responses within **15 days** of acquiring any additional material pertaining to the subject matter of any of these requests.

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 2 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

5.      Unless otherwise specified, You are instructed to answer for the period from January 1, 2003 to the present.

6.      If You cannot answer any of the following discovery requests in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to respond in full, stating whatever information or knowledge You have concerning the unanswered portion and detailing what You did in attempting to secure the unknown information.  If You do know the name of a person or entity that may have such information, the name, address and telephone number and the nature of the information known by such person or entity shall be disclosed in Your response.

7.      The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

8.      The lower case form of a defined word shall be considered to include within its meaning the capitalized form of the word and vice versa.

9.      Whenever it is necessary to bring within the scope of these requests information that otherwise might be construed to be outside their scope, "any" should be understood to include and encompass "all"; and "all" should be understood to include and encompass "any"; and "or" should be understood to include and encompass "and," and "and" should be understood to include and encompass "or."

10.      "**AOMs**" shall refer to the e-mails with respect to which You seek damages from Defendants in this lawsuit.

11.      "**Communications**" means any written communication, conversation, note, SMS, instant message,  email, letter, correspondence or exchange of document.  When identifying or referencing a communication, identify the date of the communication, the location or means of communication, the parties and witnesses to the communication, and the substance of the communication.  When identifying or referencing an exchange of more than one communication,

DEFENDANT'S  FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 3 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  include each document in the exchange.

2    12. The term "**Defendants**" means the above-captioned defendants in this lawsuit.

3    13. The terms "**document**" and "**documents**" mean and include any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, without limitation, and papers, agreements, contracts, notes, applications, memoranda, correspondence, instant message exchange, SMS communications, studies, working papers, letters, telegrams, invoices, personal diaries, journals, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, video tapes, wire recordings, disks and printed cards, data sheets, data processing cards, calendars, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The terms "document" and "documents" include, without limitation, originals and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in Your possession, custody or control, a copy of that document should be produced.

18    14. The term "**identify**," when used in connection with a document, means to state the date on which the document was prepared, the author of the document, and any and all recipient(s) of the document.

21    15. The term "**identify**," when used in connection with an individual, means to state the individual's full current name, to state the individual's full current residential address, full current business address, email address, instant messaging name, and the individual's telephone numbers.

25    16. The use of the words "**include(s)**" and "**including**" should be construed to mean without limitation.

27    17. The term "**person**" includes both individuals and business entities.

28    18. The term "**Plaintiffs**" means the above-captioned plaintiffs in this lawsuit..

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 4 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

19. The terms "**present**" or "**presently**" refer to the date of service of these interrogatories and shall continue through resolution of this litigation.

20. The term "**Responses**" refers to Your responses and/or answers to interrogatories and/or requests for production.

21. The phrase "**relating to**" means consisting of, summarizing, describing, reflecting, or referring to in any way.

22. "**You**" means JAMES S. GORDON, Jr., d/b/a 'GORDONWORKS.COM,' Your agents, affiliates and subsidiaries.

23. Defendants will move to preclude You from presenting evidence regarding responsive matters You have failed to set forth in Your responses.

## II. INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each and every e-mail address to which You contend (as alleged in Paragraph 4.1.3 of Your First Amended Complaint) that "[D]efendants sent at least one (1) separate item of electronic mail to the Plaintiffs to an address most likely harvested from domain name registration and/or by other means of anonymous internet information harvesting."

ANSWER:

**INTERROGATORY NO. 2:** Identify each and every web hosting service, internet service provider, or other provider of online services from whom You have purchased, leased, or otherwise obtained services in relation to Your operation of the 'GORDONWORKS.COM' domain.

ANSWER:

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 5 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**INTERROGATORY NO. 3:** Please identify all internet domain names registered in Your name or on Your behalf since January 1, 2003 as well as the dates of such registration and, if applicable, the dates on which such registrations expired.

ANSWER:

**INTERROGATORY NO. 4:** Please explain the purpose and scope of Your "doctoral studies" (as referred to in Paragraph 9 of Your Answers to Interrogatories) and their relation to Your use of the 'GORDONWORKS.COM' domain.

ANSWER:

**INTERROGATORY NO. 5:** Please identify any filters, software, or other system used by You to prevent or reduce the receipt of unsolicited commercial email.

ANSWER:

**INTERROGATORY NO. 6:** Please identify the type(s) and/or brand(s) of "auto-responder" software applications that You used to generate the complaint messages contained in the mailbox files produced in Your First Supplemental Responses to Defendant's First Discovery Requests on September 11, 2006. Please identify any service you provide that enables users to access content, information, electronic mail, or other services offered over the Internet. For each such service, please identify the users to whom you provide that service (including their address, email and phone number), the nature of the service, the consideration paid for the service.

ANSWER:

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 6 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**INTERROGATORY NO. 7:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that contained, or were accompanied by header information that was materially false or misleading. For each such AOM, please explain how the header information was materially false or misleading.

ANSWER:

**INTERROGATORY NO. 8:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that did not contain a clearly and conspicuously displayed functioning return email address or Internet-based mechanism that a recipient may have used to submit, in a manner specified in the message, a reply email message or other form of Internet-based communication requesting not to receive future commercial email messages at the email address where the message was received. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 9:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that the Defendants had actual or fairly implied knowledge that the subject headings of the messages would be likely to mislead a reasonable recipient, under the circumstances, about a material fact regarding the subject or content matter of the message. For each such AOM, please explain how the subject headings are likely to mislead a reasonable recipient.

ANSWER:

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 7 of 14

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**INTERROGATORY NO. 10:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that Your users attempted to request, <u>using a mechanism specified in the AOM</u>, to not receive some or any commercial email from the Defendant and subsequent transmission by that Defendant was made to that user more than 10 business days after the receipt of such request. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 11:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that did not provide clear and conspicuous identification that the message was an advertisement or solicitation. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 12:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that did not provide clear and conspicuous identification of the opportunity to decline to receive further commercial emails from the message's sender via the methods specified in the message. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 8 of 14

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  **INTERROGATORY NO. 13:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that did not include the valid physical postal address of either the person who initiated the message or the person whose product, service, or Internet website is advertised in the message. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 14:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that were sent to email addresses obtained using an automated means of generating email addresses by combining names, letters, or numbers into numerous permutations. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 15:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that used a third party's Internet domain name without permission of the third party, or otherwise misrepresented or obscured any information in identifying that message's point of origin or transmission path. For each such AOM, please explain the nature of the alleged misrepresentation or obscured information.

ANSWER:

**INTERROGATORY NO. 16:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 9 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

that contained false or misleading information in the subject line. For each such AOM, please explain how the subject line is false or misleading.

ANSWER:

**INTERROGATORY NO. 17:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that sought to solicit, request, or take any action to induce a person to provide personally identifying information by representing oneself, either directly or by implication, to be another person, without that person's approval or authority. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 18:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that were sent to email addresses obtained using an automated means from an Internet website or proprietary online service operated by another person that included, at the time the address was obtained, a notice stating that the website or service would not give, sell, or transfer addresses maintained by such website or online service to any other party for the purposes of initiating email messages. For each such AOM, please explain the basis upon which you make such contention.

ANSWER:

**INTERROGATORY NO. 19:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that contained offers or promotions for prizes which the promoter knew or had reason to

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 10 of 14

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  know would not be available in a sufficient quantity based on the reasonably anticipated
2  response to the offer. For each such AOM, please explain the basis upon which you
3  make such contention.
4      ANSWER:

**INTERROGATORY NO. 20:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that contained offers or promotions for prizes which were not available for immediate delivery to the recipient for which the recipient was given a rain check which could not be honored within thirty days and the promoter or sponsor failed to mail the recipient a valid check for the verifiable retail value of the prize. For each such AOM, please explain the basis upon which you make such contention.

    ANSWER:

**INTERROGATORY NO. 21:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that contained offers or promotions for prizes for which a rain check was issued and the person named as being responsible for the rain check failed to honor and the sponsor then failed to fulfill the rain check within thirty days. For each such AOM, please explain the basis upon which you make such contention.

    ANSWER:

**INTERROGATORY NO. 22:** Please identify (including date, subject line, sender email and recipient email) any AOM that you contend was initiated by Defendants that contained offers or promotions for prizes which failed to state, clearly and

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON
[NO. CV06-0204JCC] - Page 11 of 14

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  conspicuously, printed in type at least as large as the typeface used in the standard text of
2  the offer: "If you receive a rain check in lieu of the prize, you are entitled by law to
3  receive the prize, an item of equal or lesser value, or the cash equivalent of the offered
4  prize within thirty days of the date on which you claimed the prize."  For each such
5  AOM, please explain the basis upon which you make such contention.
6      ANSWER:

9  **INTERROGATORY NO. 23:**  Please identify (including date, subject line,
10 sender email and recipient email) any damages alleged by you as a result of an AOM you
11 contend was initiated by Defendants that violated RCW 19.170 *et seq.*  For each such
12 AOM, please explain the basis upon which you make such contention.
13     ANSWER:

17     **III.  REQUESTS FOR PRODUCTION**
18 **REQUEST FOR PRODUCTION NO. 1:**  REQUEST FOR PRODUCTION NO.
19 1: Please produce for inspection all documents evidencing notices included on websites
20 or online services from which You allege that Defendants obtained e-mail addresses for
21 recipients at your domain using automated means which stated at the time the address
22 was obtained that the operator of such website or online service will not give, sell, or
23 otherwise transfer addresses maintained by such website or online service to any other
24 party for the purposes of initiating, or enabling others to initiate, electronic messages.
25     RESPONSE:

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 12 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 **REQUEST FOR PRODUCTION NO. 2:** Please produce for inspection all documents relating to any agreements, contracts, or relationships which You may have had with website hosting services, internet service providers, or other providers of online services in relation to your use of the domain name GORDONWORKS.COM.

RESPONSE:

**REQUEST FOR PRODUCTION NO. 3:** Please produce for inspection all documents relating to Your configuration and customization of the "auto-responder" files used to generate the messages contained in the mailbox files produced in Your First Supplemental Responses to Defendant's First Discovery Requests on September 11, 2006.

RESPONSE:

Interrogatories and Requests for Production dated this 15th day of November, 2006.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman,   WSBA No. 26967
Roger M. Townsend, WSBA No. 25525
**Attorneys for Defendants**

505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON [NO. CV06-0204JCC] - Page 13 of 14

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**VERIFICATION**

I, _____, have read the foregoing Responses to DEFENDANT LYNN'S FIRST INTERROGATORIES & REQUESTS FOR PRODUCTION, know the contents thereof, and believe the same to be true.

Dated this _____ day of _____, 2006.

_____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2006.

Printed Name:
NOTARY PUBLIC in and for the State of _____, residing at
My Commission Expires:

**CERTIFICATION**

The undersigned attorney for Plaintiff has reviewed the foregoing Responses to DEFENDANT LYNN'S FIRST INTERROGATORIES & REQUESTS FOR PRODUCTION, and certifies that they are in compliance with Civil Rules 26 and 34.

DATED: _____, 2006.

By: _____
Attorneys for James S. Gordon, Jr.

DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON
[NO. CV06-0204JCC] - Page 14 of 14

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 15th day of November, 2006, I caused the foregoing **DEFENDANT SCOTT LYNN'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF GORDON AND CERTIFICATE OF SERVICE** to be served via the methods listed below on the following party

**Via Email and Fax to:**

Robert Siegel, Esq.
Merkle Siegel & Friedrichsen, P.C.

Email: bob@msfseattle.com
Fax:   206-624-0717

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on November 15th, 2006, at Seattle, Washington.

*Diana Au* (signature)
_____
Diana Au

CERTIFICATE OF SERVICE

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800