# EXHIBIT B

Dockets.Justia.com

## MERKLE SIEGEL & FRIEDRICHSEN, P.C.
### ATTORNEYS AT LAW

DANIEL R. MERKLE*
ROBERT J. SIEGEL
TIMOTHY M. FRIEDRICHSEN*

1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: 206-624-9392   FAX: 206-624-0717

*OF COUNSEL

December 20, 2006

Derek A. Newman
Roger Townsend
Newman & Newman, LLP
505 Fifth Ave., Suite 610
Seattle, WA 98104

RE:  Gordon v. Virtumundo

Gentlemen:

This is in response to the issue raised in your letter of November 29, 2006, regarding Plaintiffs' prior productions of documents, specifically the emails that are the subject of this lawsuit.

Our first production of the subject emails was provided on a CD in February, 2006. That production was in the form of "business records"s kept and produced in the ordinary course of Plaintiffs' business. That production included all of the many thousands of offending emails, which had been identified and collected by that date. They were produced chronologically in .MBX files for use in the Eudora email client, the email program regularly used by Plaintiffs, and on which they were originally received. We also included on that first CD, for your convenience, the .exe files for installing the Eudora program so that you could access and review that data. You have since advised that you in fact did review and analyze that production using the Eudora program.

Subsequently, you raised the issue that the emails produced on the original CD were not bates stamped, and that you believed it would be useful and helpful to all concerned to bates stamp the emails. Initially, in my letter of September 26, 2006 responding to that issue, I set forth our position on Bates stamping in some detail, and advised that although I didn't believe it was either required, or necessarily the most effective way to produce what is otherwise *electronic* data, that we were open to working together to come to some understanding and agreement about how best to proceed in that regard. I stated there that "I have no problem in principle with your request to Bates stamp "the evidence", however I am not sure how you would like it done to make it most useful to you and the Court." The letter went on to welcome further dialogue and your further suggestions stating: "If this approach is unsatisfactory, please let me know by suggesting a reasonable alternative. As I've indicated above, notwithstanding the burdensome nature of such a request, I am perfectly willing to provide the emails as

text files with Bates stamps, but it does appear to me that to do so would be a waste of time and energy. In any event, your thoughts and suggestions on how to proceed here are welcome."

Subsequently, and in the interim, my client took the following actions. Due to the fact that *your clients' continued to send spam emails to him, and through his network (as recent as 11/30/06)*, he updated his email records, which meant that he further vetted his original production, attempting to identify and eliminate duplicates, searched his server and files further for emails that appeared to be from Defendants, and collected emails appearing to be from Defendants from his email clients, many of whom had also received commercial emails from Defendants sent to their email addresses, and at their domains, sent to and through the Omni server. In an attempt to accommodate your earlier request to Bates stamp a production of the emails, he also undertook to do that. Accordingly, the second production, the DVD produced to you on November 29, 2006 included a refined version of the earlier production, in that although all of the emails earlier produced were included therein, the records had been further vetted, duplicates deleted, newer and subsequently identified emails included, and it was Bates stamped.

Notwithstanding the foregoing, apparently, you now believe that our production of documents is somehow deficient, as you contend that it is difficult for you to ascertain exactly what is different between the first and second productions. I certainly hope that this explanation makes that clear.

I here reiterate that it is our position that we have now produced all of Plaintiffs' business records, in the form of the emails which are the subject of this lawsuit in several different formats. Although not obligated to do so, pursuant to your request, we have even made the effort to Bates stamp a set of the emails provided with the second production.

I willl remind you that it is the excessive volume of your clients' emails that has created the complexity and difficulty of tracking, sorting and managing the documents in the first place. Accordingly, our willingess to accommodate your further requests has its limits.

As I have also indicated previously, contrary to your assertions, each and every email that was provided on the CDs as Eudora files can easily be individually identified. As with all emails, each of the emails contains a time, a date, a recipient, and other uniquely identifying information, which provides a simple and specific way to distinguish between them for search and sort criteria. See for example Plaintiff's sorting of the emails alphabetically using the "From" name field.

For purposes of presentation to the Court at trial, we will likely be prepared to present the email evidence in its electronic form, the most accurate and original format. We will be prepared to make a computer available to the Court (with the emails and the Eudora program loaded on the computer), so that the judge and jury can review the emails in their original format.

In sum, we have now produced the subject emails two times, in different formats, and, in response to your request have also Bates stamped them. It is our position therefore, that Plaintiffs' obligations in this regard have been fulfilled. Any motions you may seek to file attempting to force Plaintiffs to produce the same evidence in yet another format, more convenient for you, will be met with strenuous opposition.

As always, your cooperation is appreciated.

Sincerely,
MERKLE SIEGEL & FRIEDRICHSEN, P.C.

Robert J. Siegel

cc: client

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC, a Washington limited liability company;<br>**Plaintiffs,**<br><br>v.<br><br>VIRTUMUNDO, INC., a Delaware corporation d/b/a ADKNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN and individual and his marital community; and JOHN DOES I-X,<br><br>**Defendants.** | NO.<br><br>PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT LYNN'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO GORDON |

Plaintiff Gordon answers Defendant Virtumundo's First Interrogatories and Requests For Production of Documents as follows:

### GENERAL OBJECTIONS

1. Plaintiff objects to each interrogatory to the extent that it seeks material or information that is privileged as an attorney-client communication. This objection hereinafter will be referred to as the **"Attorney-Client Privilege Objection."**

2. Plaintiff objects to each interrogatory to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is

- 1

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

protected and privileged as attorney work product. This objection hereinafter will be referred to as the **"Attorney Work Product Objection."**

3. Plaintiff objects to each interrogatory to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for trial. This objection hereinafter will be referred to as the **"Material Prepared in Anticipation of Litigation Objection."**

4. Plaintiff objects to each interrogatory to the extent that it seeks information irrelevant to the parties' claims or defenses in this case. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire co., 41 F.R.D. 55 (D.P.R. 1966). This objection hereinafter will be referred to as the **"Irrelevancy Objection."**

5. Plaintiff objects to each interrogatory to the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass the Plaintiff. This objection hereinafter will be referred to as the **"Undue Burden Objection."**

6. Plaintiff objects to each interrogatory to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response. This objection hereinafter will be referred to as the **"Ambiguity Objection."**

7. Plaintiff objects to each interrogatory to the extent that it seeks information outside the allegations of the Complaint in this action. This objection hereinafter will be referred to as the **"Overbreadth Objection."**

8. Plaintiff objects to each request to the extent that it seeks information that is in Defendant's possession, and just as available to Defendant as to Plaintiff. This objection hereinafter will be referred to as the **"Defendant's Possession Objection."**

9. Plaintiff objects to each interrogatory to the extent that it repeats a request made elsewhere in Defendant's Demand. This objection hereinafter will be referred to as the **"Redundancy Objection."**

10. Plaintiff objects to each interrogatory to the extent that it seeks information relating to unspecified periods of time, and/or periods outside the scope of Plaintiff's Complaint. This objection hereinafter will be referred to as the **"Time Frame Objection"**

11. Plaintiff objects to each interrogatory to the extent that it seeks information that constitutes a trade secret or proprietary information. This objection hereinafter will be referred to as the **"Trade Secret Objection."**

12. Insofar as any request seeks information falling within the scope of the foregoing General Objections, except as provided above, it is specifically noted below by

- 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC


reference to the General Objection defined herein. To the extent an answer is required to a request for admission for which an objection is lodged, it shall be deemed denied.

### Answers to Interrogatories

1. Plaintiff will voluntarily dismiss this allegation of the lawsuit.

2. Since 1/1/03 Webmasters.com and Charter.net

3. gordonworks.com; rcw19190020.com; and omniinnovations.com

4. Ph.D. not related to gordonworks.com Ph.D. not related to gordonworks.com. The doctorate is in business, i.e. Applied Management and Decision Sciences. My self-designed "major" entails a Human Resource Development focus – studies in strategic, team, and personal planning.

5. MailWasherPro and SpamCrime; SpamAssasin

6. a. I do not know the name of the particular software.

   b. The web pages gordonworks.com was or has been linked to hundreds of other web sites including, but not limited to the States of WA, OR; numerous colleges and universities, Small Business Administration, foreign web sites – UK, Canada, Australia. I no longer keep information on who is linked to my web site. One of the most recent web sites that I built and linked to gordonworks.com was an election campaign for Western Regional Vice President of the Alpha Phi Alpha Fraternity, Inc., have built web pages for individuals, church, social service groups, etc. – at no charge

7. Plaintiff has provided copies, in at least 2 different formats, of the subject AOMs. Each AOM is alleged to contain false, and/or misleading information in the headers. The information provided by Plaintiff includes a detailed analysis of the headers of each AOM, indicating those particular portions of the headers containing allegedly false, and/or misleading information. Plaintiff has also provided a legend explaining how the designations were made. For a more detailed explanation as to 7,890 of these please refer to Plaintiff's Motion For Partial Summary Judgment pending before the Court.

8. See response to No. 7.

9. Objection. Plaintiff asserts the ambiguity objection. Further, calls for a legal conclusion, which Plaintiff is neither qualified nor prepared to render.

   Notwithstanding the foregoing objections, the emails speak for themselves.

   _____
   Robert J. Siegel, WSBA# 17312

10. Objection. Plaintiff asserts the ambiguity objection.

- 3

**MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
ATTORNEYS AT LAW

1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

Robert J. Siegel, WSBA# 17312

Notwithstanding and without waiving the foregoing objections: Defendants are in possession of information regarding attempts by Plaintiff and others who received AOMs through Plaintiff's domain and server. Further, Plaintiff has provided information establishing the "opt-out" attempts in response to other discovery requests in this lawsuit.

10. Objection. Plaintiff asserts the Ambiguity and Relevancy objections. Further, calls for a legal conclusion, which Plaintiff is neither qualified nor prepared to render.

Notwithstanding and without waiving the foregoing objections, the emails speak for themselves. Plaintiff contends that all of the AOMs previously identified and provided in response to prior discovery requests failed to provide "clear and conspicuous" identification that the message was an advertisement or solicitation.

Robert J. Siegel, WSBA# 17312

11. Objection. Plaintiff asserts the Ambiguity and Relevancy objections. Further, calls for a legal conclusion, which Plaintiff is neither qualified nor prepared to render.

Notwithstanding and without waiving the foregoing objections, the emails speak for themselves. Plaintiff contends that all of the AOMs previously identified and provided in response to prior discovery requests failed to provide "clear and conspicuous" identification in the header of the "opportunity to decline to receive further commercial emails from the message's sender via the methods specified in the message."

Robert J. Siegel, WSBA# 17312

12. Plaintiff does not have knowledge regarding whether a particular physical postal address was "valid", or whether any address contained in an AOM was that of the person who initiated the AOM, or the person whose product, service, or Internet website is advertised in the message.

13. None

14. None

15. See response to No. 7 above.

16. See response to No. 7.

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392 FAX: (206) 624-0717

17. All emails sent by Defendants on behalf of First Premier Bank, all of which are contained in previously provided discovery responses.

18. Don't understand the request

19. None, however Virtumundo purported permission to spam me came from emailprize.com, a web site which uses fake prizes to "cheat" people out of their email addresses – Defendant benefited from this scheme to defraud.

20. See #19

21. See #19

22. See #19

### Requests for Production of Documents

1. I have no such documents

2. Any electronically stored documents were lost during several malware attacks in 2004-5.

    I have no hard copies

3. I have no such documents

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

1  I, James S. Gordon, am the plaintiff in the above captioned case, and hereby declare under
2  penalty of perjury under the laws of the State of Washington that I have read the foregoing
   Answers to Interrogatories and Responses, know the content thereof and believe the same to be
3  true and correct.

4

5  **James S. Gordon, Jr. , plaintiff/declarant**

6

7

8                              Attorney's Certificate

9      The undersigned attorney for Plaintiff has read the foregoing Answers to Interrogatories

10 and Responses to Requests for Production and states that they are in compliance with CR 26(g).

11     DATED this _____ day of _____, 2006.

12

13

14                              _____
                                Robert J. Siegel WSBA#17312
15                              Attorney for Plaintiff

- 6

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

I, James S. Gordon, am the plaintiff in the above captioned case, and hereby declare under penalty of perjury under the laws of the State of Washington that I have read the foregoing Answers to Interrogatories and Responses, know the content thereof and believe the same to be true and correct.

_____
James S. Gordon, Jr., plaintiff/declarant

Attorney's Certificate

The undersigned attorney for Plaintiff has read the foregoing Answers to Interrogatories and Responses to Requests for Production and states that they are in compliance with CR 26(g).

DATED this _____ day of _____, 2006.

_____
Robert J. Siegel WSBA#17312
Attorney for Plaintiff

- 6

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
Attorneys at Law
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101-2509
Phone (206)624-9362 Fax (206)624-0717

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC, a Washington limited liability company;<br>**Plaintiffs,**<br><br>v.<br><br>VIRTUMUNDO, INC., a Delaware corporation d/b/a ADKNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN and individual and his marital community; and JOHN DOES I-X,<br><br>**Defendants.** | NO.<br><br>**PLAINTIFF'S ANSWERS AND RESPONSES TO DEFENDANT LYNN'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO OMNI** |

Plaintiff Gordon answers Defendant Virtumundo's First Interrogatories and Requests For Production of Documents as follows:

## GENERAL OBJECTIONS

1. Plaintiff objects to each interrogatory to the extent that it seeks material or information that is privileged as an attorney-client communication. This objection hereinafter will be referred to as the **"Attorney-Client Privilege Objection."**

2. Plaintiff objects to each interrogatory to the extent that it seeks material or information prepared by or developed at the direction of counsel insofar as it is

- 1

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

protected and privileged as attorney work product. This objection hereinafter will be referred to as the **"Attorney Work Product Objection."**

3.  Plaintiff objects to each interrogatory to the extent that it seeks information that is protected as being prepared in anticipation of litigation or for trial. This objection hereinafter will be referred to as the **"Material Prepared in Anticipation of Litigation Objection."**

4.  Plaintiff objects to each interrogatory to the extent that it seeks information irrelevant to the parties' claims or defenses in this case. The information sought will not lead to the discovery of admissible evidence. Bushman v. New Holland, 83 Wn. 2d 429, 433-34 (1974); Felix A. Thillet, Inc. v. Kelly-Springfield Tire co., 41 F.R.D. 55 (D.P.R. 1966). This objection hereinafter will be referred to as the **"Irrelevancy Objection."**

5.  Plaintiff objects to each interrogatory to the extent that it calls for information that would impose a vexatious and undue burden on the grounds that the request is oppressive and/or is intended to harass the Plaintiff. This objection hereinafter will be referred to as the **"Undue Burden Objection."**

6.  Plaintiff objects to each interrogatory to the extent that it is vague, ambiguous, or otherwise lacks sufficient precision to permit a response. This objection hereinafter will be referred to as the **"Ambiguity Objection."**

7.  Plaintiff objects to each interrogatory to the extent that it seeks information outside the allegations of the Complaint in this action. This objection hereinafter will be referred to as the **"Overbreadth Objection."**

8.  Plaintiff objects to each request to the extent that it seeks information that is in Defendant's possession, and just as available to Defendant as to Plaintiff. This objection hereinafter will be referred to as the **"Defendant's Possession Objection."**

9.  Plaintiff objects to each interrogatory to the extent that it repeats a request made elsewhere in Defendant's Demand. This objection hereinafter will be referred to as the **"Redundancy Objection."**

10. Plaintiff objects to each interrogatory to the extent that it seeks information relating to unspecified periods of time, and/or periods outside the scope of Plaintiff's Complaint. This objection hereinafter will be referred to as the **"Time Frame Objection"**

11. Plaintiff objects to each interrogatory to the extent that it seeks information that constitutes a trade secret or proprietary information. This objection hereinafter will be referred to as the **"Trade Secret Objection."**

12. Insofar as any request seeks information falling within the scope of the foregoing General Objections, except as provided above, it is specifically noted below by

- 2

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

reference to the General Objection defined herein. To the extent an answer is required to a request for admission for which an objection is lodged, it shall be deemed denied.

**Answers to Interrogatories**

1. Plaintiff will voluntarily dismiss this allegation of the lawsuit.

2. Since 1/1/03 Webmasters.com and Charter

3. gordonworks.com, rcw19190020.com, and omniinnovations.com

4. MailWasherPro, SpamCrime, and SpamAssasin

5. I do not know the name of the particular software.

6. The web pages gordonworks.com was or has been linked to hundreds of other web sites including, but not limited to the States of WA, OR; numerous colleges and universities, Small Business Administration, foreign web sites – UK, Canada, Australia. I no longer keep information on who is linked to my web site. One of the most recent web sites that I built and linked to gordonworks.com was an election campaign for Western Regional Vice President of the Alpha Phi Alpha Fraternity, Inc., have built web pages for individuals, church, social service groups, etc. – at no charge

7. Plaintiff has provided copies, in at least 2 different formats, of the subject AOMs. Each AOM is alleged to contain false, and/or misleading information in the headers. The information provided by Plaintiff includes a detailed analysis of the headers of each AOM, indicating those particular portions of the headers containing allegedly false, and/or misleading information. Plaintiff has also provided a legend explaining how the designations were made. For a more detailed explanation as to 7,890 of these please refer to Plaintiff's Motion For Partial Summary Judgment pending before the Court.

8. See response to No. 7.

9. Objection. Plaintiff asserts the ambiguity objection. Further, calls for a legal conclusion, which Plaintiff is neither qualified nor prepared to render.

Notwithstanding the foregoing objections, the emails speak for themselves.

_____
Robert J. Siegel, WSBA# 17312

10. Defendants are in possession of information regarding "opt-out" attempts by Plaintiff and others who received AOMs through Plaintiff's domain and server. Some of those attempts were made at the originating websites of Defendants' affiliates, and some were made in direct response to emails from Defendants. Further, Plaintiff has provided information establishing the "opt-out" attempts in response to other discovery requests in this lawsuit.

11. Objection. Plaintiff asserts the Ambiguity and Relevancy objections. Further, calls for a legal conclusion, which Plaintiff is neither qualified nor prepared to render.

- 3

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

    Notwithstanding the foregoing objections, the emails speak for themselves. Plaintiff contends that all of the AOMs previously identified and provided in response to prior discovery requests failed to provide "clear and conspicuous" identification that the message was an advertisement or solicitation.

_____
Robert J. Siegel, WSBA# 17312

12. Objection. Plaintiff asserts the Ambiguity and Relevancy objections. Further, calls for a legal conclusion, which Plaintiff is neither qualified nor prepared to render.

    Notwithstanding the foregoing objections, the emails speak for themselves. Plaintiff contends that all of the AOMs previously identified and provided in response to prior discovery requests failed to provide "clear and conspicuous" identification in the header of the "opportunity to decline to receive further commercial emails from the message's sender via the methods specified in the message."

_____
Robert J. Siegel, WSBA# 17312

13. Plaintiff does not have knowledge regarding whether a particular physical postal address was "valid", or whether any address contained in an AOM was that of the person who initiated the AOM, or the person whose product, service, or Internet website is advertised in the message.

14. None

15. See response to No. 7 above

16. See response to No. 7 above.

17. All emails sent by Defendants on behalf of First Premier Bank, all of which are contained in previously provided discovery responses See response to No. 7 above

18. Don't understand the request

19. None directly

20. None, however Virtumundo purported permission to spam me came from emailprize.com, a web site which uses fake prizes to "cheat" people out of their email addresses – Defendant benefited from this scheme to defraud.

21. See #19

- 4

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

1. 22. See #19

2. 23. See #19

**Requests for Production of Documents**

1. I have no such documents

2. Any electronically stored documents were lost during several malware attacks in 2004-5. I have no hard copies

3. I have no such documents

- 5

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC

I, James S. Gordon, am the plaintiff in the above captioned case, and hereby declare under penalty of perjury under the laws of the State of Washington that I have read the foregoing Answers to Interrogatories and Responses, know the content thereof and believe the same to be true and correct.

_____
James S. Gordon, Jr., on behalf of
Omni Innovations, LLC as its managing
member, plaintiff/declarant

## Attorney's Certificate

The undersigned attorney for Plaintiff has read the foregoing Answers to Interrogatories and Responses to Requests for Production and states that they are in compliance with CR 26(g).

DATED this _____ day of _____, 2006.

_____
Robert J. Siegel WSBA#17312
Attorney for Plaintiff

- 6

1  I, James S. Gordon, am the plaintiff in the above captioned case, and hereby declare under
2  penalty of perjury under the laws of the State of Washington that I have read the foregoing
   Answers to Interrogatories and Responses, know the content thereof and believe the same to be
3  true and correct.

4

5  **James S. Gordon, Jr., on behalf of
   Omni Innovations, LLC as its managing
6  member, plaintiff/declarant**

7

8

9                              Attorney's Certificate

10     The undersigned attorney for Plaintiff has read the foregoing Answers to Interrogatories

11 and Responses to Requests for Production and states that they are in compliance with CR 26(g).

12     DATED this _____ day of _____, 2006.

13

14

15                         Robert J. Siegel WSBA#17312
                           Attorney for Plaintiff
16

17

18

19

20

21

22

23

24

25

26

- 6

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
ATTORNEYS AT LAW
1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: (206) 624-9392  FAX: (206) 624-0717

J:\RJS\CLIENTS\COLE\CAPTION.DOC