# EXHIBIT G

Dockets.Justia.com



505 Fifth Avenue South
Suite 610
Seattle, Washington
98104

————

phone 206.274.2800
fax 206.274.2801

————

www.newmanlaw.com
info@newmanlaw.com

**SENT VIA EMAIL AND FACSIMILE**

December 21, 2006

Robert J. Siegel
Merkle Siegel & Friedrichsen, P.C.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101

> **Re:     Gordon v. Virtumundo, Inc., United States District Court,**
> **W. Dist. Wa., Case No.  CV06-0204JCC**

Dear Bob:

Yesterday, we received your clients' responses to Defendant Scott Lynn's First Set of Interrogatories and Requests for Production to Plaintiff Gordon (the "Gordon Requests") and his First Set of Interrogatories and Requests for Production to Plaintiff Omni Innovations, LLC (the "Omni Requests") (together, the "Discovery Requests").  The responses are deficient in numerous ways, and I request you contact me immediately for a Fed. R. Civ. P. 37 conference.  If you cannot remedy the deficiencies today, Defendants intend to file a motion to compel this evening, but we will withdraw it if you cure the deficiencies before the deadline for filing our reply brief in support of that motion.  Our basis for the discovery motion is as follows:

**REFUSAL TO STATE FACTS SUPPORTING PLAINTIFFS' THEORIES**

Defendants are entitled to an explanation of how Plaintiffs were misled by the subject lines of emails they claim are misleading.  This is not a question of law; rather, it is clearly one of fact.  Only Plaintiffs can tell us how they were misled.  Consulting the relevant statutes will not explain that to us.

In their responses to Interrogatory No. 7, both Plaintiffs refuse to provide Defendants with this explanation, which they are entitled to as a matter of law.  Instead, Plaintiffs require us to examine the thousands of emails you have produced, two-thirds of which your client recently admitted are irrelevant and duplicative.  Plaintiffs also refer to an "analysis" and "legend" you provided in a supplemental discovery response on Septemeber 11, 2006.  Neither the "legend" nor the "analysis" explains

*Robert J. Siegel*
*December 21, 2006*
*Page 2 of 2*

why Plaintiffs believe certain subject lines are misleading. Consequently, your clients' answers to Interrogatory No. 7 are unresponsive, and unfairly deprive Defendants of the opportunity to understand the factual basis of Plaintiffs' claims.

Similarly, many other discovery responses concerning the allegedly offending emails are evasive or merely incorporate by reference other defective responses. This is true of the responses to the following Gordon Requests: Interrogatories 8-10, 13, and 16-23.[1] It is also true of Omni's response to Interrogatories 8-10, 13, and 16-23.

**OTHER DEFICIENCIES**

Interrogatory No. 3 in both sets of Discovery Requests asked for registration dates which Plaintiffs failed to provide. Also, the responses to Interrogatory No. 6 in the Gordon Requests and Interrogatory No. 5 in the Omni Requests claim Plaintiffs "do not know the name of the particular software" they used to generate the complaint messages in their September 11, 2006 supplemental responses. We believe this lacks credibility. Plaintiffs must know their own software, especially considering they used it in furtherance of litigation. In addition, both Plaintiffs claim in their responses to Requests for Production Nos. 2 and 3 that they have no documents relating to their configuration of "auto-responder" files, nor can they produce any contracts which relate to their email accounts. These are documents we know your clients should easily be able to obtain.

Please call me immediately to discuss the above deficiencies and, as always, do not hesitate to contact me with any additional questions or comments.

Regards,

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

Derek A. Newman

---

[1] There are two "10"s in Gordon's responses, and it appears his responses to Interrogatories 10-22 are actually responses to Interrogatories 11-23. Please advise if this is not the case.