**The Honorable John C. Coughenour**

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | No. CV06-0204JCC<br><br>**DECLARATION OF DEREK LINKE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL**<br><br>NOTE ON MOTION CALENDAR:<br>January 5, 2007 |

I, Derek Linke, swear under penalty of perjury under the laws of the United States of America to the following:

1. I am a contract attorney for Newman and Newman, Attorneys at Law, LLP, counsel of record for Defendants Virtumundo, Inc. ("Virtumundo") and Adknowledge, Inc. ("Adknowledge"), am over age 18, and competent to be a witness. I am making this Declaration based on facts within my own personal knowledge.

//

//

DECL. OF DEREK LINKE IN SUPP. OF DEFS.' MOT. TO COMPEL DISCOVERY - 1 (CV06-0204JCC) | **NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP** | 505 Fifth Ave. S., Ste. 610 Seattle, Washington 98104 (206) 274-2800

Dockets.Justia.com

## A. PLAINTIFFS' FIRST AND SECOND PRODUCTION OF EMAILS

2. On or about February 24, 2006, Defendants received Plaintiffs' First Production ("First Production") with a cover letter dated February 16th, 2006.

3. Attached hereto as **Exhibit A** is a true and accurate copy of the cover letter received by Defendants' counsel that accompanied the First Production.

4. Plaintiffs' First Production consists of a CD-ROM disc containing two (2) mailbox archives in Eudora format containing email allegedly giving rise to Plaintiffs' cause of action.

5. On or about July 25, 2006, Defendants received Plaintiffs' Second Production ("Second Production") with no accompanying cover letter.

6. Plaintiffs' Second Production consists of a CD-ROM disc containing an additional two (2) Eudora mailbox archives containing email allegedly giving rise to Plaintiffs' cause of action.

7. The mailbox archives contained in the Second Production are "Virtumundo.mbx," containing 5,047 emails, and "Virtumundo - Omni.mbx," containing 7,016 emails.

## B. DEFENDANTS REVIEW OF PLAINTIFFS' EMAILS

8. Beginning on or about November 16, 2006, Defendants' counsel engaged a team of seven contract attorneys to create a comprehensive log of all of the emails contained in the First Production and the Second Production and their compliance with 15 U.S.C. § 7701 ("CAN-SPAM") and the Washington Commercial Email Act, RCW 19.190.

9. We trained the contract attorneys on the review process and the relevant law and spent nearly two weeks reviewing all of the emails in the First Production and the Second Production.

10. The review of all of the emails in the First Production and the Second Production required approximately 500 hours of work by the contract attorneys at a cost of tens of thousands of dollars to Defendants.

DECL. OF DEREK LINKE IN SUPP. OF
DEFS.' MOT. TO COMPEL DISCOVERY - 2
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

11. Upon completion of the project on or about December 3, 2006, the contract attorneys terminated their involvement with Defendant's counsel.

**C.     PLAINTIFFS' THIRD PRODUCTION OF EMAILS**

12. On or about November 29, 2006, Defendants received Plaintiffs' ("Third Production"). Although the Third Production was accompanied by a cover letter dated November 14, 2006, Plaintiffs included an additional note about the production dated September 27, 2006, and digital files with modification dates of September 9, 2006 and September 13, 2006.

13. The dates on the additional note included in the Third Production and on the produced archives indicate that Plaintiffs could have produced the evidence contained in The Third Production much earlier than they actually did.

14. Attached hereto as **Exhibit B** is a true and accurate copy of the cover letter received by Defendants' counsel that accompanied Plaintiffs' Third Production.

15. Attached hereto as **Exhibit C** is a true and accurate copy of the additional note from Plaintiffs, dated September 27, 2006, detailing the contents of the Third Production.

16. Plaintiffs' Third Production consists of a CD-ROM disc containing email stored in Eudora's mailbox archive format.

17. The archives produced in Plaintiffs' Third Production have the same file names as archives produced in the First Production and the Second Production but contain many additional emails. The archives are "Virtumundo.mbx," containing 8,124 emails, and "Virtumundo - Omni.mbx," containing 11,201 emails.

18. We estimate that around 9,000 messages in the Third Production were previously produced in the First Production and the Second Production, these emails must also be individually analyzed by Defendants to assess potential liability in this case.

19. Attached hereto as **Exhibit D** is a true and accurate copy of a letter sent by Defendants to Plaintiffs' counsel on November 29, 2006, containing objections to the form and manner of Plaintiffs' Third Production.

DECL. OF DEREK LINKE IN SUPP. OF
DEFS.' MOT. TO COMPEL DISCOVERY - 3
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

20. As of this date, Defendants have been unable to segregate any new emails contained in the Third Production from emails previously provided.

21. Attached hereto as **Exhibit F** is a true and accurate copy of a letter from Plaintiffs' counsel dated December, 20, 2006 in which Defendants appear to be unwilling to assist us in understanding their production in this case.

22. The emails in Plaintiffs' Third Production are hopelessly disorganized and unduly burdensome for Defendants to parse and understand.

**D.   DEFENDANTS' BURDEN TO REVIEW PLAINTIFFS' THIRD PRODUCTION**

23. If Defendants' counsel had received Plaintiffs' Third Production prior to November 16, by the beginning of our comprehensive review, the new messages could have been included in our review process, thus avoiding substantial prejudice to Defendants.

24. Attached hereto as **Exhibit E** is a true and accurate copy of an email sent by Plaintiffs' counsel to Derek Newman, of this firm, advising that Eudora provided a software utility relating to sorting mail by date that would automatically segregate the emails which had been previously produced.

25. I have performed a diligent inquiry and have concluded that Eudora does not contain any utility to compare mailboxes, not any utility to remove duplicate emails, nor any utility that could segregate the previously produced emails unless information identifying such emails were already available.

26. Additionally, the process of sorting by date will not permit us to identify all additional emails because while a date sort might identify any new emails, which would appear at the end of the date range, it would not suffice to identify any new emails within the date range of the emails from the First Production or the Second Production.

27. Attached hereto as **Exhibit F** is a true and accurate copy of a letter sent by Plaintiffs' counsel on December 20, 2006, in which he refused to commit to producing only the new emails, they have not in fact been produced.

DECL. OF DEREK LINKE IN SUPP. OF
DEFS.' MOT. TO COMPEL DISCOVERY - 4
(CV06-0204JCC)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1    28.   In a final attempt to eliminate the Court's involvement in this dispute,
2 Roger Townsend of this firm sent a letter to Plaintiffs' counsel, dated December 21, 2006,
3 a true and accurate copy of which is attached as **Exhibit G**.

4    29.   Attached hereto as **Exhibit H** is a true and accurate copy of an email sent
5 by Plaintiffs' counsel to Derek Newman and Roger Townsend, of this firm, on December
6 21, 2006, in which Plaintiffs' counsel stated that he would consult with his client, but
7 refused to commit to producing only the new emails.

8    30.   Thus, there was and remains no obvious means of segregating any new
9 emails that may be contained in the Third Production from the thousands of duplicative
10 messages that had previously been produced in the First Production and the Second
11 Production. The only means of comparing them appears to be by undertaking a manual,
12 one-by-one review of all of the thousands of emails included in the Third Production.

13    31.   Furthermore, even if we were able to segregate any new emails contained in
14 the Third Production, Plaintiffs' inexplicable delay in producing the emails contained in
15 the Third Production until the end of our comprehensive review meant that we were
16 unable to have the contract team review them prior to ending our relationship with them.

17    32.   In order to review those additional messages now, Defendants would have
18 to compare all of the new messages contained in Plaintiffs' Third Production, with our
19 completed log or begin a new extensive document review. Either option would cost the
20 client tens of thousands of dollars in additional fees.

21    33.   Also, it is unknown whether the contract attorneys that have already been
22 trained to review the emails in this case would be available again or whether we would
23 have to locate and train a new group of attorneys, at considerable expense to Defendants.
24 //
25 //
26 //
27 //
28 //

1  I certify and declare under the penalty of perjury under the laws of the State of
2  Washington and the United States that to my knowledge the foregoing is true and correct.

4  DATED this 21th day of December, 2006, at Seattle, Washington

*[signature]*
Derek Linke

DECL. OF DEREK LINKE IN SUPP. OF
DEFS.' MOT. TO COMPEL DISCOVERY - 6
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800