# EXHIBIT G



505 Fifth Avenue South
Suite 610
Seattle, Washington
98104

phone 206.274.2800
fax 206.274.2801

www.newmanlaw.com
info@newmanlaw.com

**SENT VIA EMAIL AND FACSIMILE**

December 21, 2006

Robert J. Siegel
Merkle Siegel & Friedrichsen, P.C.
1325 Fourth Avenue, Suite 940
Seattle, WA 98101

    **Re:**    **Gordon v. Virtumundo, Inc., United States District Court, W. Dist. Wa., Case No. CV06-0204JCC**

Dear Bob:

We are in receipt of your letter of yesterday's date concerning your clients' production in the above referenced matter. We take issue with a number of your factual representations, and the conclusions you draw therefrom.

In your letter, you refer to the November 29 production as the "second production." This is incorrect. In truth, you have produced collections of allegedly violative emails on three occasions, not two. First, on February 24, 2006 we received a CD from you containing two (2) .mbx files, "Virtumundo," containing 5,101 emails, and "adknowledgemailcom," containing 1,695 emails. Next, on or around July 24, 2006 we received Gordon's responses to Virtumundo's first set of Interrogatories and Requests for Production. That production included a CD containing two (2) .mbx files, "Virtumundo," containing 5,047 emails, and "Virtumundo - Omni," containing 7,016 emails. Finally, on November 29, 2006 we received a DVD containing two (2) .mbx files, "Virtumundo," containing 8,124 emails, and "Virtumundo - Omni," containing 11,201 emails.

Notwithstanding our repeated request, at no time have you provided an adequate explanation of the similarities and differences between these files. In your letter of yesterday's date, you wrote that the November 29th production included "all of the emails earlier produced" but that "the records had been further vetted, duplicates deleted, [and] newer and subsequently identified emails included." Since you do not mention the July production, however, and refer to the November production as the "second," we are unable to ascertain whether the emails produced in July are among those you intend to include in your reference to "all of the emails earlier produced." Moreover, your reference to "subsequently identified emails" suggests that the November production includes emails not previously produced that fall within the date range of the emails included in the first and/or second productions. This supports our contention that although a date sort within Eudora may allow us to identify any "newer" emails, and thus separate newly-produced from previously-produced emails, it would *not* suffice to allow us to identify those emails which were "subsequently identified." Moreover,

*Robert J. Siegel*
*December 21, 2006*
*Page 2 of 2*

because duplicates have been deleted between the various productions, the total number of emails within a given date range differs between mailboxes produced in different productions. Without your representation that no new emails have been added within a given date range, the "sort by date" procedure that you suggest does not obviate the need for manual email-by-email comparison, since it could be the case that, say, 30 emails were deleted and 20 added.

Your letter suggests that you believe that you have attempted in good faith to provide us the information we have requested, and that you believe our additional (or more accurately, continuing) request is burdensome and unreasonable. We obviously have a different view of matters, at least as to the latter of these issues. Suffice it to say that our position, as we have stated before, is that based on the information you have provided, we are unable to segregate newly-produced from previously-produced emails in your production of November 29 without significant burden and expense. This may be a situation that you could remedy simply by telling us (e.g., "sort the November 29 mailbox by date. Everything dated before July 4 was previously provided. Nothing after that date was previously provided"), or it may require a more detailed explanation - you are obviously in a better position than we are to determine which is the case. In any event, the problem could be remedied, at minimal cost to you, by providing mailbox files that contain only emails (and all emails) that had not been produced before November 29. Put another way, the mailboxes we request represent the November 29 mailboxes minus any and all emails that had produced before that date.

You have suggested on a number of occasions that we are being obtuse in our inability to ourselves easily parse this information out of that which you have provided. Whether or not that is the case, we reiterate that we cannot do so, at least without incurring significant costs. The cost to you to honor our request, in contrast, appears insignificant. We therefore ask you once again to produce the files we request. We find it hard to believe that we cannot resolve this issue without the court's assistance, but have prepared a motion to compel which we intend to file today unless you agree to our request. Please reconsider your position and get back to Derek Newman or me at your earliest convenience.

Very Truly Yours,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

Roger M. Townsend