1  MERKLE SIEGEL & FRIEDRICHSEN, P.C.                THE HON. JOHN C. COUGHENOUR
   Robert J. Siegel
2  1325 Fourth Ave., Suite 940
   Seattle, WA 98101
3  (206) 624-9392

4

5

6

7
                    UNITED STATES DISTRICT COURT
8                 WESTERN DISTRICT OF WASHINGTON, SEATTLE

9
   JAMES S. GORDON, Jr., a married
10 individual; OMNI INNOVATIONS,              NO.  CV06-0204JCC
   LLC., a Washington limited
11 liability company;

12                      Plaintiffs,           PLAINTIFF'S RESPONSE IN
                                              OPPOSITION TO DEFENDANTS'
13       v.                                   MOTION TO COMPEL DISCOVERY
                                              RE LYNN INTERROGATORIES
14 VIRTUMUNDO, INC, a Delaware
   corporation, d/b/a                         [Hearing Noted Without Oral
15 ADNOWLEDGEMAIL.COM;                        Argument for January 5, 2007]
   ADKNOWLEDGE, INC., a Delaware
16 corporation, d/b/a
   ADKNOWLEDGEMAIL.COM;
17 SCOTT LYNN, an individual; and
   JOHN DOES, I-X,
18

19                      Defendants.

20

21 Plaintiffs James S. Gordon, Jr., and Omni Innovations, LLC by and through their

22 undersigned attorney of record, respond to Defendants' Motion Compel Discovery as

23 follows:

24

25
   PLAINTIFF'S RESPONSE IN OPPOSITION TO         MERKLE SIEGEL & FRIEDRICHSEN
   DEFENDANTS'MOTION TO COMPEL DISCOVERY              1325 Fourth Ave., Suite 940
   RE LYNN INTERROGATORIES  -1                           Seattle, WA 98101
   GORDON v. VIRTUMUNDO, INC., ET AL                   Phone: 206-624-9392
                                                        Fax: 206-624-0717

Defendants once again complain in this Motion about the voluminous production of emails that they sent to Plaintiffs, and which Plaintiffs have attempted to sort, organize and in turn produce back to Defendants. Plaintiffs expect that such irony will not escape the Court.

**1.     Defendants' Request For "Explanation" Of Plaintiffs' Theories RE False And/Or Misleading Information In Their Email Headers.**

**a.     Defendants Have Been Provided With Information And Tools To Understand Plaintiffs' Claims.**   Contrary to Defendants contention that Plaintiffs have failed to adequately explain their theories of how Defendants' emails violate the statutes, included as part of their First Supplemental Responses, in addition to the updated business records (emails) explained in more detail in the Declaration of James S. Gordon, Jr. submitted in response to Defendants' Motion To Compel Segregation Of Emails, Plaintiffs provided the following:

- A Table of Contents for the DVD;
- A Legend entitled "Normal or Valid 'Transport Path' Protocol (Visualware);
- A 267 page analysis of some 2,000 emails entitled "Email Analysis – Virtumundo" using the Visualware program, which traces emails and inserts coded indications of irregularities, and including highlighted allegedly deceptive/misleading subject lines.

See the Gordon Declaration submitted herewith attaching the Table of Contents, the Legend, and a 5 page representative sample of the Email Analysis.

**b.     Defendants Have Now Received A Detailed Explanation Of The "From" Line Theory Explained In Plaintiffs' Motion For Partial Summary Judgment.**   One of Defendants' principal complaints in their Motion is that Plaintiffs have failed to adequately articulate their theories about "how" Defendants' emails violate the subject statutes. Plaintiffs' claims allege statutory violations and as such largely involve issues of law. This is amply evidenced by Plaintiffs' recent filing of a

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES  -2
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Motion For Partial Summary Judgment involving a majority of Defendants' emails at issue in this lawsuit (Noted for hearing on January 12, 2007). Plaintiffs' Motion sets forth in detail how at least 7,890 of Defendant Virtumundo's emails violate both the Federal Can-Spam Act (15 USC 7701 et seq.) and the Washington CEMA (RCW 19.190 et seq.), the "statutes". Plaintiffs' Motion explains how the information in the email headers of the referenced emails are materially false because they fail to accurately identify the actual sender of the email. In an effort to evade detection, rather than accurately identifying the name of the actual sender in the "From" line of the header, Defendant instead chose to place generic ad copy in the "From" name field. Plaintiffs explain in detail how such intentionally deceptive conduct clearly violates the statutes by impairing the ability of the recipient of the email to easily and accurately identify the actual sender, and obscuring the point of origin, something that both Congress and the Washington legislature intended and required in enacting the respective statutes.

This deceptive "From" line theory is but one way in which Defendants have sought to intentionally deceive and mislead recipients of their emails in violation of the statutes.

    c.    **False, Deceptive And/Or Misleading Subject Lines.**

The highlighted emails in the "Analysis" referenced above in section sub. (a) are merely representative and are by no means exhaustive. Plaintiffs continue to analyze and identify those particular elements of Defendants' email headers that violate the statutes, and will provide further analyses as those are completed by way of further supplementation of their discovery responses. Defendants ostensibly seek to compel Plaintiffs to "explain the factual basis for their claims". However, as noted above, Plaintiffs' claims are statutorily based, and should largely be resolved by the Court as a matter of law. Nonetheless, as part of their First Supplemental Responses to Defendants' discovery Plaintiffs have provided copies of 2,000 of the subject emails analyzed, with sections of the emails they deem to be violations clearly identified, and in the case of subject lines, highlighted. Also provided was a "Legend" explaining the

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES -3
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

analysis and the notations within the analyzed emails. The Declaration of James S. Gordon, Jr. submitted herewith contains an explanation of how the analysis and the legend explaining it is created.

Defendants ask this Court to compel Plaintiffs to explain "why a subject line is misleading" and "how they were misled" by a particular subject line. The "theory" Defendants demand of Plaintiffs is inherent in the language of the statute itself. How does one explain "how" or "why" subject lines such as the following are misleading and/or deceptive?: "Please call in asap"; "20k in 90 days - take my challenge"; "Are they going to choose you?"; "Are you looking for something better out of life?"; "Attention Moms"; "Do you feel trapped?"; "Good as gold It's time you were treated like someone important"; "Knock knock"; "Just what you're looking for – understanding".

Defendants either misunderstand, or misstate the law in this regard. Defendants have not cited, nor is there a requirement under either the Federal Can-Spam Act, or the Washington CEMA that an aggrieved party be "misled" in fact. It is sufficient to sustain a violation in that regard by merely showing that a subject line had the "capacity" to mislead. As the Washington Attorney General's office website states: :*Generally, a subject line is considered legally deceptive if it has a tendency or capacity to deceive consumers. It need not actually deceive or harm consumers and there need not be intent to deceive.*" (See Gordon Declaration attaching a page from the Washington Attorney General's website entitled "Junk Email"). To require anything more would effectively eviscerate the statutes by making proof of violations (in the case of internet service providers often numbering in the tens of thousands) virtually impossible. For instance, would a company such as Microsoft, AOL or Yahoo have to set forth a detailed theory about every one of millions of spams their servers received from a particular spammer whom they were suing? Would the Court require such a plaintiff to explain how each end-user recipient was actually deceived in fact by each and every

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES -4
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

subject line? Plaintiffs contend that the unwieldy administration of such a trial would effectively preclude the bringing of claims by ISPs, the primary group sought to be protected by the Can-Spam Act, and one of the intended beneficiaries under the CEMA, i.e., statutory damages are doubled for each email received by an "interactive computer service", or ISP. Thus, it should be sufficient to present this evidence in a summary fashion, citing to representative examples of particular violations as Plaintiffs have done.

The statutes were created to protect the public from deceptive and misleading commercial email by regulating the conduct of commercial emailers. To accomplish that end both the Washington legislature and Congress created statutes which are wholly prohibitive. That is, the statutes focus upon prohibiting certain conduct on the part of commercial email marketers, but place no burden of any affirmative action upon recipients of commercial emails.

To require that Plaintiffs provide anything further than their allegations that each email contains statutory violations of particular provisions of the applicable statutes, and to specifically identify those violations, as Plaintiffs have done, would require Plaintiffs to make legal conclusions, share their attorney work-product, and provide their trial preparation, all improper subjects to compel. The Court should deny Defendants' Motion.

2. **Allegations Under RCW 19.170 The Deceptive Offers Statute.**

Although Defendants apparently rely for their ostensible "opt-in" defense upon emails sent by one of their marketing "affiliates" known as EmailPrize.com, which did send initial emails to Plaintiffs, and which sought to unlawfully obtain personal information from recipients such as Plaintiffs, Plaintiffs have already indicated and here reiterate that they intend to voluntarily dismiss these allegations from the lawsuit.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES -5
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

3.  **Information RE Plaintiffs' Attempts To "opt-out".** In response to Interrogatory No. 10. Plaintiffs reminded Defendants that they are in possession of documents indicating Plaintiffs' attempts to "opt-out". Attached to the Gordon Declaration submitted herewith are documents actually provided by Defendants as part of their discovery responses, which bear on this issue. Plaintiffs also have previously provided Defendants in prior productions with copies of their "Autoresponder" cease and desist messages, as well as other emails sent to Defendants' "Reply to" email addresses, all of which constitute attempts to "opt-out". Additional copies of these are also attached to the Gordon Declaration.

The Court is urged to take note of Mr. Gordon's discussion of the "opt-in" "opt-out" scam. Because, although spammers such as Defendants often pose a consumer's ostensible "opt-in" as a defense, somehow justifying their sending of unlawful spam email, as poignantly described by Mr. Gordon, it is nothing more than a scam. Moreover, Mr. Gordon is fully prepared to show that thousands of unlawful emails were sent to his domain subsequent to his numerous attempts to "opt-out", and therefore in direct violation of the Can-Spam Act. His Declaration attaches much of that evidence, which has already either been provided to Defendants, or by Defendants.

4.  **Emails Seeking Personally Identifying Information.** In response to Defendants' Interrogatory No. 17 Plaintiffs responded "All emails sent by Defendants on behalf of First Premier Bank, all of which are contained in the previously provided discovery responses." Defendants themselves sent these emails. Plaintiffs produced them back to Defendants in 3 different document productions now. All Defendants need

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES -6
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1  to do is look at their own emails sent on behalf of First Premier Bank to understand
2  Plaintiffs' response here.

### 5. Information Re Plaintiffs' "AutoResponder" Program.

Defendants complain that Plaintiffs are being evasive in their responses to Requests For Production No.s 2 and 3, and Interrogatory No. 6 requesting information related to Plaintiffs' Autoresponder program. However, the Gordon Declaration makes the situation clear. There simply are no documents, or programs about which Mr. Gordon has knowledge, or which he possesses. The Autoresponder mechanism he used was web-based, and provided by his internet service provider. There were no "contracts" related to its use. Whether Defendants are satisfied or not, there is nothing "evasive" about the truth.

### 6. There Has Been No Adverse Admission By Plaintiffs.

Contrary to Defendants assertions and mischaracterizations, Plaintiffs have not "admitted" that two thirds of the Emails were "superfluous", or "irrelevant". In fact, as the Declarations of James S. Gordon, Jr. submitted in support of this response and in response to Defendants' Motion To Compel Segregation Of Emails, incorporated herein by this reference, attest, that as a small one-man interactive computer service business, the task of managing the flow of spam emails from offenders such as Defendants is onerous, yet, he has done his best to identify, collect and sort the massive volume of these spam emails. To the extent that Plaintiffs' business records at any particular time may include duplicates of Defendants emails, that is certainly no "admission" of anything other than the complexity and magnitude of the task at hand, which it should be noted took Defendants' hiring a large team to undertake a "comprehensive review". Again, for Defendants to complain about the "disorganized" form in which their own

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES -7
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1  emails are produced back to them is highly ironic.  To characterize Mr. Gordon's
2  explanation and expression of humility to this Court as some kind of "admission"
3  contrary to his interests is specious at best.
4
5  **RESPECTFULLY SUBMITTED** this 2nd day of January, 2007.
6
   **MERKLE SIEGEL & FRIEDRICHSEN, P.C.**
7
8
   /s/ Robert J. Siegel
9  Robert J. Siegel, WSBA #17312
   Attorneys for Plaintiffs
10

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES  -8
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Certificate of Service

I, hereby, certify that on January 2, 2002, I filed this document with this Court via approved electronic filing, and served the following:
Attorneys for Defendants: Newman & Newman, Derek Newman

*Adana Lloyd*
Adana Lloyd

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCOVERY
RE LYNN INTERROGATORIES -9
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717