MERKLE SIEGEL & FRIEDRICHSEN, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 624-9392

THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

**JAMES S. GORDON, Jr., a married individual; OMNI INNOVATIONS, LLC., a Washington limited liability company;**

                       **Plaintiffs,**

   v.

**VIRTUMUNDO, INC, a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, I-X,**

                     **Defendants.**

NO. CV06-0204JCC

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' ] MOTION TO COMPEL SEGREGATION OF EMAIL PRODUCTIONS**

**[Hearing Noted Without Oral Argument for January 5, 2007]**

Plaintiffs James S. Gordon, Jr., and Omni Innovations, LLC. by and through their undersigned attorney of record, respond to Defendants' Motion Compel Segregation Of Email Productions as follows:

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL SEGREGATION OF EMAIL PRODUCTIONS -1
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

Dockets.Justia.com

1
2
3
4
5

Defendants' latest motion is nothing more than a baseless attempt by Defendants to control and dictate the form of Plaintiffs' discovery responses for their own convenience. The Motion asks this Court to compel Plaintiffs to provide discovery previously produced, i.e., copies of the emails at issue in this lawsuit that Defendants themselves sent, in the form most convenient to Defendants. Such a request is wholly without merit and should be denied.

6
7
8
9
10

(The Court should also note that the subject emails not only were initiated and sent by Defendants, and should therefore be just as available to Defendants as to Plaintiffs, but are also all unique, and self-identifying by virtue of the date, time, and other identifiers contained in the transmission paths of each email, as well as being provided in folders categorized by which Defendant sent them, thus satisfying the "organize and label" requirement of FRCP 34(b))

11
12
13
14
15
16
17
18
19

**1.     Defendants Seek To Force Plaintiffs To Perform Defendants' Work**

First, it should be noted that this entire dispute, has arisen solely as a result of Defendants' unlawful actions. That is, their sending of thousands of commercial emails that violate both Federal and State statutes. Having essentially admitted that they sent the subject emails, they requested in discovery that Plaintiffs provide them with copies of their emails that Plaintiffs received. Plaintiffs have made their best efforts to accurately identify and produce the emails, and have now provided no less than 3 different productions of the subject emails.

20
21
22
23
24

**The First Production (February, 2006).**     The first CD was provided in February, 2006 as part of Plaintiffs' Initial Disclosures. That CD constituted Plaintiffs' business records at the time, were produced in the ordinary course of Plaintiffs' business, and in the manner they were stored, and contained in excess of 6,000 of the subject emails. It also included the .exe files

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL SEGREGATION
OF EMAIL PRODUCTIONS  -2
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1   necessary to load and view the emails on the Eudora email program, which

2   Plaintiffs utilize, and which Defendants have admitted they have also

3   successfully utilized. (See Gordon Declaration submitted herewith).

4   **The Second Production (July, 2006).**    The second production was

5   provided in July, 2006 in response to Defendants' First discovery requests.

6   That production too constituted Plaintiffs' business records at the time, and

7   consisted of a CD containing in excess of 12,000 emails.  Plaintiffs had

8   updated and augmented their production of emails by adding emails received

9   by customers of the Plaintiff's Interactive Computer Service (ICS).  These

10  customers host their domains and email on the Plaintiff's server.  The First

11  production consisted primarily of emails sent to the Plaintiff's domain at

12  "gordonworks.com".  Plaintiffs' customers provide periodic updates, usually

13  quarterly of all their emails to the Plaintiff, typically numbering in the tens of

14  thousands.  Plaintiffs had also searched for, identified, and collected

15  thousands more emails sent by Defendants, who were continuing to send

16  emails in the interim.(See Gordon Declaration submitted herewith)

17      **The Third Production (November, 2006).**    The third production was

18  sent to Defendants in November, 2006 as "Plaintiffs' First Supplemental

19  Responses" partially in response to complaints by Defendants that the emails

20  were not bates stamped, or otherwise satisfactorily organized.  That

21  production consisted of a DVD containing in excess of 19,000 emails.  That

22  production too constituted Plaintiffs' business records at the time, as Mr.

23  Gordon had continued to identify, copy and collect emails sent by Defendants.

24  Plaintiffs had also sought to edit out any duplicate emails that may have been

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL SEGREGATION
OF EMAIL PRODUCTIONS -3
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

1    produced in prior productions, and included, for the first time in this production

2    certain emails forwarded to him from his own network and domain clients, all

3    of which are actionable in this lawsuit.  (See Gordon Declaration submitted

4    herewith)  Plaintiffs were and are under an ongoing duty to supplement their

5    discovery responses, and this production was just such a supplementation.

6    (The foregoing productions of Defendants' emails, of course, do not include the most

7    recent format submitted to the Court on December 18, 2006 in support of Plaintiffs'

8    Motion For Partial Summary Judgment, which included bates stamped copies of 7,890

9    of the subject emails.)

10    Defendants are apparently perturbed due to the fact that they retained the services

11    of contract attorneys and conducted a "comprehensive review" of the emails produced

12    by Plaintiffs prior to the November production.  However, the timing of Defendants'

13    unilateral decision to retain contract labor, and to undertake a "comprehensive" review

14    is not Plaintiffs' responsibility.  Contrary to Defendants' contention that "the timing of the

15    production reflects litigation gamesmanship" Plaintiffs had no way of knowing when

16    Defendants had chosen to undertake such a task, and had no obligation to coordinate

17    the production of their supplemental responses with Defendants in that regard.

18    (Defendants point to no *prior* notice to Plaintiffs of the timing of their "comprehensive

19    review").  Plaintiffs merely had and have an ongoing obligation to supplement their

20    responses, as they have consistently done in this case.  Defendants' complaint rings

21    hollow.

22    Contrary to Defendants' assertion that acceding to their demand to "segregate" their

23    emails would entail "almost no effort whatsoever" on Plaintiffs' part, the Declaration of

24    James S. Gordon, Jr. attests to the monumental burden Defendants seek to place upon

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL SEGREGATION
OF EMAIL PRODUCTIONS -4
GORDON v. VIRTUMUNDO, INC., ET AL

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1   him.  In his Declaration Mr. Gordon goes on to explain that throughout this litigation he

2   has continued to collect, and cull and edit the many thousands of Defendants' emails in

3   order to eliminate duplicates, and to assure better accuracy in identification.  He also

4   reminds the Court that, incredibly, he continued to receive spam emails from

5   Defendants during the pendency of this litigation as recently as November 30, 2006.

6

7   **2.  Plaintiffs' Productions Constitute "Business Records", Which Pursuant To**

8   **FRCP 33(d) Is An Acceptable Form Of Response.**

    FRCP 33(d) states:
9   (d) OPTION TO PRODUCE BUSINESS RECORDS. Where the answer to an interrogatory
    may be derived or ascertained from the business records of the party upon whom the
10  interrogatory has been served or from an examination, audit or inspection of such business
    records, including a compilation, abstract or summary thereof, and the burden of deriving or
11  ascertaining the answer is substantially the same for the party serving the interrogatory as
    for the party served, it is a sufficient answer to such interrogatory to specify the records from
12  which the answer may be derived or ascertained and to afford to the party serving the
    interrogatory reasonable opportunity to examine, audit or inspect such records and to make
13  copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to
    permit the interrogating party to locate and to identify, as readily as can the party served, the
14  records from which the answer may be ascertained.

15  Plaintiffs have now provided Defendants with 3 versions of virtually all of his business

16  records relevant to this matter, and therefore responsive to Defendants' discovery

17  requests.  Defendants' argument to the contrary, it can not reasonably be argued that

18  archived and analyzed emails do not constitute "business records" for purposes of

19  FRCP 33(d) where they are proffered by an Interactive Computer Service ("ICS") such

20  as Plaintiffs.  In fact, commercial emails received and archived on Plaintiffs' computers

21  and servers do constitute virtually all of their "business records". That is, when one is in

22  the business of providing internet access through email accounts, i.e., the sending and

23  receiving of email, how can it reasonably be argued that the emails one receives do not

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL SEGREGATION
OF EMAIL PRODUCTIONS  -5
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

constitute "business records".  If not such emails, what then would be considered

business' records in such a case?

Under FRE 803(6) the archiving of received emails is indeed a "record made" by

"a person with knowledge" and "kept in the course of a regularly conducted business

activity".  The archiving, tracking, and analysis of such received emails by an ICS such

as Plaintiffs would certainly as well constitute a "data compilation, in any form, of acts,

events…or diagnoses,…"  Thus, to contend that the archiving of emails received by an

ICS such as Plaintiffs here does not constitute "business records" is nonsense.

Even if Plaintiff's production was deemed not to satisfy FRCP 33(d) as

constituting "business records", it does not change the fact that Plaintiff has produced

virtually everything in his possession and control.  There is simply nothing more to

provide than what Plaintiff has already provided.  To require anything further of Plaintiff

would be to place an undue burden upon him to accommodate Defendants'

convenience.  Plaintiffs are not aware of, nor have Defendants cited any authority that

would require them to undertake such a burden simply to oblige Defendants' demands.

**3.  Defendants Demanded That Plaintiffs Refrain From "Spoilation" Of**

**Their Evidence.**     In April of 2006, Defendants sent Plaintiffs' counsel a letter

admonishing Plaintiffs to preserve all electronic evidence and to take all steps to avoid

spoliation of same.  (See Declaration of Robert J. Siegel submitted herewith).  The letter

states in pertinent part: "*Immediately refrain from saving new data to media that already*

*contains data (thus overwriting current data).  This would necessitate the use of new*

*media (probably diskettes and CD-ROMs or other removable media) to save any newly*

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL SEGREGATION
OF EMAIL PRODUCTIONS -6
GORDON v. VIRTUMUNDO, INC., ET AL

**MERKLE SIEGEL & FRIEDRICHSEN**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-624-9392**
**Fax: 206-624-0717**

*created information.*"  As explained above, Plaintiffs have now produced to Defendants several CD-ROMs containing versions of their electronic business records, as those records are kept in the ordinary course of Plaintiffs' business as interactive computer services.  (See Declaration of James S. Gordon, Jr.)  Ironically, Defendants effectively now complain that Plaintiffs have "preserved" and produced "too much", and that they cannot meaningfully analyze the data produced, consisting of their own emails sent to Plaintiffs.  Defendants should not be heard to complain about how Plaintiffs collect and organize the thousands of spam emails sent by Defendants, especially in light of the fact that the Defendants themselves asked that the records be maintained in this manner to avoid spoliation.

   **4.    Plaintiffs' Proposal For "Best Evidence" Submission Of Evidence At Trial.**          Notwithstanding the emails produced in discovery, in an effort to comply with the "best evidence" rule, and for the Court's convenience, Plaintiffs intend to present this evidence in a completely different manner for purposes of trial.  That is, since emails in their original form are wholly electronic, Plaintiffs intend to provide the Court, and jury if necessary, with a laptop computer containing only the necessary system operating software, and the Eudora email program loaded with the disputed emails.  That way the Court and/or jury may view the actual emails as they were sent by Defendants and received by Plaintiffs in the most authentic and original format.

   **5.    The "Final" Iteration/Supplementation Of Defendants' Emails.**  As stated in the Gordon Declaration, Plaintiffs have prepared yet another, and hopefully "final" iteration of their business records of Defendants' emails.  These records include 13,906 emails, the vast majority of which have been provided previously, but this

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1  iteration has been further vetted for duplicates, and assuming that no further emails are

2  sent by Defendants, should be the last.  This is what Plaintiffs intend to produce in the

3  event that the Court orders them to provide anything further.

4      **6.    Defendants' Motion Is Baseless And Plaintiffs Should Be Awarded**

5  **Their Attorney Fees.**        Defendants' Motion is nothing more than their attempt to

6  dictate and control the form of Plaintiffs' discovery responses for their own convenience.

7  As the record amply reflects, Plaintiffs have been completely forthcoming, have

8  produced all of their business records in the form of the subject emails as they were

9  collected and stored in the ordinary course of Plaintiffs' business, and have sought to

10  cooperate and accommodate Defendants' requests in nearly all regards.  However,

11  Defendants continue to demand that Plaintiffs produce emails originally sent by

12  Defendants in the most convenient format for Defendants.  Such a demand is

13  insupportable, and should be denied.  Further, the Court should award Plaintiffs their

14  reasonable attorney fees incurred in having to respond to Defendants' baseless motion,

15  intended only to intimidate and harass Plaintiffs.

16

17  **RESPECTFULLY SUBMITTED** this 2nd day of January, 2007.

18

19  **MERKLE SIEGEL & FRIEDRICHSEN, P.C.**

20  /s/ Robert J. Siegel
21  Robert J. Siegel, WSBA #17312
    Attorneys for Plaintiffs

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL SEGREGATION
OF EMAIL PRODUCTIONS  -8
GORDON v. VIRTUMUNDO, INC., ET AL

1

Certificate of Service

2

I, hereby, certify that on January 2, 2002, I filed this document with this Court via
3    approved electronic filing, and served the following:
Attorneys for Defendants: Newman & Newman, Derek Newman
4

5    _Adana Lloyd_

6    Adana Lloyd

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO                      **MERKLE SIEGEL & FRIEDRICHSEN**
DEFENDANTS'MOTION TO COMPEL SEGREGATION                    **1325 Fourth Ave., Suite 940**
OF EMAIL PRODUCTIONS  -9                                   **Seattle, WA 98101**
GORDON v. VIRTUMUNDO, INC., ET AL                          **Phone: 206-624-9392**
                                                           **Fax: 206-624-0717**