1   MERKLE SIEGEL & FRIEDRICHSEN, P.C.          THE HON. JOHN C. COUGHENOUR
    Robert J. Siegel
2   1325 Fourth Ave., Suite 940
    Seattle, WA 98101
3   (206) 624-9392

4

5

6

7

8

9                       UNITED STATES DISTRICT COURT

10            WESTERN DISTRICT OF WASHINGTON, SEATTLE

11   **JAMES S. GORDON, Jr., a married**
     **individual; OMNI INNOVATIONS,**          NO.  CV06-0204JCC
12   **LLC., a Washington limited**
     **liability company,**                     **DECLARATION OF JAMES S.**
13                                               **GORDON, JR. IN RESPONSE AND**
                              **Plaintiffs,**    **OPPOSITION TO DEFENDANTS'**
14       v.                                      **MOTION TO COMPEL**
                                                 **SEGREGATION OF EMAILS.**
15   **VIRTUMUNDO, INC, a Delaware**
     **corporation, d/b/a**
16   **ADNOWLEDGEMAIL.COM;**
     **ADKNOWLEDGE, INC., a Delaware**
17   **corporation, d/b/a**
     **ADKNOWLEDGEMAIL.COM;**
18   **SCOTT LYNN, an individual; and**
     **JOHN DOES, I-X,**
19

20

21                           **Defendants.**

     James S. Gordon, Jr. declares as follows:
22

23   1)      I, James S. Gordon, Jr., am the Plaintiff in the above captioned lawsuit, and am

24           the managing member of Plaintiff Omni Innovations, LLC.  I am over the age of

             18, of sound mind, and am otherwise competent to testify.
25

DECLARATION OF JAMES S. GORDON, JR. IN RESPONSE       **MERKLE SIEGEL & FRIEDRICHSEN**
TO MOTION TO COMPEL SEGREGATION OF EMAILS                **1325 Fourth Ave., Suite 940**
GORDON v. VIRTUMUNDO GROUP, INC. - 1                          **Seattle, WA 98101**
                                                            **Phone: 206-624-9392**
                                                             **Fax: 206-624-0717**

2)    I have done my best to respond to Defendants' discovery requests and to provide them with copies of the many thousands of emails they have sent to me and my clients at my 'gordonworks.com' domain, and to email addresses at other domains hosted on Omni's server.

3)    The management of the massive volume of emails sent by spammers, in general, is extremely time consuming and burdensome to me and Omni. Spammers like the Defendants, send Omni's server between 5,000-8,000 emails or spam every day of the year. My server's clients are distributed over a dozen or more domains and they live in several different cities. The job of collecting, sorting, and compiling records on this and other defendants is a very time-consuming process.  My clients send me emails that are unsorted in lots of 10-50,000 at one time.  Any duplication was a result of this volume.  Even now, I could do a search of several million emails and perhaps capture even more new emails from Defendants - at some point one says enough is enough.  Each update is typically done without the culling of duplicates as this process would require opening each and every email, then expanding the headers, which are about 3-4 lines long (an expanded header could be as few as 5-6 lines or 30-40 lines in length. The expanded header then enables a viewing of each received header. The information available via the expanded header allows the viewer or recipient to sort the email by 1) Date  2) Time  3) Addressee  4) Message Identification Number. Culling emails for duplicates can not effectively be done without expanding the headers.  I do not doubt Defendants' assertion that it took a team of professionals hundreds of hours of labor time to analyze the emails in question.  I ask the Court to imagine the daunting scope of the task, and my investment of time and resources into this process acting alone.

4)    On some days, my server can receive dozens of emails from a single spammer. These emails could be received within seconds of one another. This fact thwarts the efficacy or use of the date and time "field" as sort criteria. One would then have to look at the second that the email was received. Another complication is

---

DECLARATION OF JAMES S. GORDON, JR. IN RESPONSE
TO MOTION TO COMPEL SEGREGATION OF EMAILS
GORDON v. VIRTUMUNDO GROUP, INC. - 2

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

that spammers sometimes send multiple emails to an individual during the same day. Therefore, one must also check the message ID to compare one email to the next – that number can be in different places for any number of emails. An example of a message ID# is  Message-ID: 116750160423820.514269@gisdop.com - each email has a distinct ID#.

5)    One other complicating factor is many spam emails are inaccurate.  Problems with headers include missing Addressees, missing or erroneous dates, missing from fields, and/or missing subject lines.  The foregoing is the reason for the Defendants' desire to shift the work load back onto Plaintiff.  This work can be distinguished from the work of merely sorting a folder of the emails, such as those Plaintiffs have provided to Defendants. The emails in these folders have already undergone much of the work described above.

6)    Defendants continued to send spam emails to my domain and Omni's server during this litigation up until and as recently as November 30, 2006.

7)    There is no way known to me to set a point of demarcation as to the date emails were received and combined with prior contributions of emails from my clients. A few clients' emails are updated every week and others only 3-4 times per year. From these piecemeal submissions of emails, I then sort for the names of Defendants and collect those emails in a single folder.  I have no way to know exactly when an email was added as the Eudora program I use automatically adds new emails in chronological order.  I have no record or means to know the dates and times clients provided updates. This coupled with the fact that all Defendants' emails are now commingled makes it impossible to segregate the emails based on dates and times.

8)    The only clear delineation of emails is on a domain basis. Defendant can accomplish this by using the search feature of Eudora to sort the emails by domain. For example, by placing "gordonworks.com" in the search box and selecting the "To" field in the first of three horizontally aligned search boxes, the Defendants would have a means to segregate the emails by domain.  Once

DECLARATION OF JAMES S. GORDON, JR. IN RESPONSE
TO MOTION TO COMPEL SEGREGATION OF EMAILS
GORDON v. VIRTUMUNDO GROUP, INC. - 3

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

separated by domains, the result can be placed in a box with the name of the domain, i.e. "gordonworks.com". Once in this box, a simple click of the "Date" field organizes the emails in a chronological fashion. The search could take as much as 1-2 minutes per domain – there are less than a dozen domains used by Defendants that are a part of this action. And once emails are in their respective domain boxes all dates and times become evident to whoever views the emails.

9)   It is ironic that the instant motion is predicated on Defendants' belief or realization of how burdensome this process of rendering such a massive amount of emails in various forms is.  Their solution was first to hire ten or more attorneys to do this task, but it was costly and time-consuming.  And now, Defendants wish to avoid the time and cost of future renderings by employing Plaintiff to do work that their team had done at great expense.  Plaintiff is but one individual.  It defies both logic and fairness to now shift the burden to Plaintiffs.

10)   Plaintiff has prepared yet a Fourth production, which has not yet been given to Defendants, except for the 7,890 emails which comprise the current summary judgment motion before this court.  This latest production includes 13,890 emails, and represents Plaintiffs' best effort to cull duplicates from the compilation.  Assuming that Defendants cease sending additional emails, it should be the final one.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 31st day of December, 2006, at Pasco, Washington.

_____
James S. Gordon, Jr.

Certificate of Service

I, hereby, certify that on January 2, 2002, I filed this affidavit with this Court via approved electronic filing, and served the following:
Attorneys for Defendants: Newman & Newman, Derek Newman

DECLARATION OF JAMES S. GORDON, JR. IN RESPONSE
TO MOTION TO COMPEL SEGREGATION OF EMAILS
GORDON v. VIRTUMUNDO GROUP, INC. - 4

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

domain. For example, by placing "gordonworks.com" in the search box and selecting the "To" field in the first of three horizontally aligned search boxes, the Defendants would have a means to segregate the emails by domain. Once separated by domains, the result can be placed in a mail box with the name of the domain, i.e. "gordonworks.com". Once in this mail box, a simple click of the "Date" field organizes the emails in a chronological fashion. The search could take as much as 1-2 minutes per domain – there are less than a dozen Omni client domains used by Defendants that are a part of this action. And once emails are in their respective domain mail boxes all dates and times become evident to whoever views the emails.

9) It is ironic that the instant motion is predicated on Defendants' belief or realization of how burdensome this process of rendering such a massive amount of emails in various forms is. Their solution was first to hire ten or more attorneys to do this task, but it was costly and time-consuming. And now, Defendants wish to avoid the time and cost of future renderings by employing Plaintiff to do work that their team had done at great expense. Plaintiff is but one individual. It defies both logic and fairness to now shift the burden to Plaintiffs.

10) In our continuing effort to provide accurate and updated compilations of the email records, Plaintiff has prepared yet a Fourth production, which has not yet been given to Defendants, except for the 7,890 emails which comprise the current summary judgment motion before this court. This latest production includes 13,906 emails, and represents Plaintiffs' best effort to cull duplicates from the compilation. Assuming that Defendants cease sending additional emails, it should be the final one.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 31st day of December, 2006, at Pasco, Washington.

James S. Gordon, Jr.

MERKLE SIEGEL & FRIEDRICHSEN
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717