**EXHIBIT A**

Case 2:06-cv-00204-JCC   Document 79-2   Filed 01/02/2007   Page 1 of 4



505 Fifth Avenue South
Suite 610
Seattle, Washington
98104

phone 206.274.2800
fax 206.274.2801

www.newmanlaw.com
info@newmanlaw.com

SENT VIA EMAIL AND U.S. MAIL

April 3, 2006

Robert Siegel, Esq.
Merkle, Siegel, & Friedrichsen, P.C.
1325 Fourth Avenue, Suite 940
Seattle, Washington 98101

Re:   Gordon v. Virtumundo, Inc. and Adknowledge, Inc.
W.D. of Washington, Case No. CV06-0204JCC
PRESERVATION OF EVIDENCE

Dear Bob:

I received today Plaintiff's Response In Opposition To Defendants' Motion To Dismiss ("Opposition") in the above-referenced matter. As you will recall, we recently discussed the jurisdictional questions at issue in this motion via teleconference. I inquired about the evidence your client possesses to support the court's purported personal jurisdiction over Virtumundo, Inc. ("Virtumundo") and Adknowledge, Inc. ("Adknowledge"). I also asked about any efforts your client may have made to contact Virtumundo and Adknowledge about the emails allegedly received from them. To the best of my recollection, you indicated that your client had undertaken no such efforts because the law purportedly requires none.

You might imagine I was surprised, therefore, to read your client's testimony that he sent approximately two hundred emails to Virtumundo requesting not to be contacted. (Declaration of James S. Gordon, Jr. ("Declaration") Dkt. # 12, 2: ¶ 7). Interestingly, none of these alleged email communications are attached to his Declaration. We expect to impeach his testimony and credibility by introducing electronic and forensic evidence from his computers showing he did not send the emails alleged in his declaration.

As you are aware, your client is required to preserve discoverable evidence related to this dispute. We will be sending a request to examine his telephone records and to inspect his computer to locate all purported communications with Virtumundo. Accordingly, we expect your client will preserve all such documentary evidence, including discoverable

Robert J. Siegel
April 3, 2006
Page 2 of 3

electronic evidence.

The phrase "electronic evidence" refers to all non-privileged text files such as word processing documents, spreadsheets, electronic mail, all Internet history files and preferences, all graphical image files (i.e., JPG., GIF., BMP. And TIFF. files), all databases, calendars and scheduling programs, all computer and network system activity reports and logs, all file fragments and backup tapes, and all data that exists on any of your client's computers. Electronic evidence may also include personally owned computers used by your client's employees.

A party's affirmative and proactive duty to safeguard documentary and tangible evidence, including electronic evidence, is well established. See, e.g., LEXIS-NEXIS v. Beer, 41 F.Supp.2d 950, 955 (9th Cir. 1999) (awarding monetary sanctions for destruction of electronic data); Wm. T. Thompson Co. v. General Nutrition Corp., 593 F.Supp. 1443 (C.D. Cal. 1985) (imposition of monetary sanctions and striking of defendant chain store's answer and complaint were appropriate sanctions for abuse of discovery and destruction of evidence, including, electronic data, resulting in prejudice to plaintiff manufacturer). Further, Rule 34 of the Federal Rules of Civil Procedure was amended as long ago as 1970 to include within the definition of the term "document" retrievable data stored in electronic or digital form. Accordingly, your client should already have issued instructions to directors, officers, employees, attorneys, agents and anyone else acting on behalf of or within the control of your client to immediately suspend destruction of documents, things and electronic evidence while this matter is pending, or until such items have been conclusively determined not to contain discoverable evidence.

Electronic evidence is extremely volatile and subject to spoilation. Therefore, to prevent the spoilation of electronic evidence, and to avoid a motion for sanctions arising out of such conduct, we suggest that your client issue immediate written instructions to his employees that directs them to:

- Immediately refrain fro the practice of "recycling" backup tapes and storage media.

- Immediately refrain from any activity that would alter or damage data on any computer systems, including deleting, defragmenting, or compressing data, or disposing of any electronic media, including, but not limited, to backup tapes, hard drives, diskettes and CD-ROMs.

- Immediately refrain from saving new data to media that already contains data (thus overwriting current data). This would necessitate the use of new media (probably diskettes and CD-ROMs or other removable media) to save any newly-

Robert J. Siegel
April 3, 2006
Page 3 of 3

      created information.

- Immediately refrain from installing new software or files on any media that already contains data.

Please note that the above list is not exhaustive and there are other measures that must be immediately implemented to protect discoverable electronic evidence depending on your client's computer and network configuration. Your client should thus consult immediately with his systems analysts to determine what additional steps should be implemented to meet his obligation to preserve discoverable electronic evidence.

Finally, be advised that the retrieval of electronic evidence can be extremely time-consuming, difficult and expensive. We understand this and are prepared to work with your client to minimize costs. However, without regard to your client's initial burden to bear the cost of producing documents responsive to discovery requests, be advised that we will expect that your client will bear all additional discovery costs precipitated by your client's failure to preserve discoverable evidence in the manner such evidence existed at the time the duty to preserve evidence arose.

If at any point during the course of this dispute you learn that your client failed to take measures to preserve relevant and discoverable documents, including electronic evidence, or if you believe potentially relevant documents and electronic evidence have been destroyed or made irretrievable, please notify us <u>at once</u> in writing so we can work together to resolve the issue.

Should you have any questions, please do not hesitate to contact me directly at (206) 274-2828.

Thank you for your prompt attention to this matter.

Very Truly Yours,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

*[signature]*

Derek A. Newman

cc:    Virtumundo, Inc.
        Adknowledge, Inc.