**EXHIBIT B**

Case 2:06-cv-00204-JCC    Document 79-3    Filed 01/02/2007    Page 1 of 4

Dockets.Justia.com

# MERKLE SIEGEL & FRIEDRICHSEN, P.C.
### ATTORNEYS AT LAW

DANIEL R. MERKLE*
ROBERT J. SIEGEL
TIMOTHY M. FRIEDRICHSEN*

1325 FOURTH AVENUE, SUITE 940
SEATTLE, WASHINGTON 98101-2509
PHONE: 206-624-9392   FAX: 206-624-0717

*OF COUNSEL

December 20, 2006

Derek A. Newman
Roger Townsend
Newman & Newman, LLP
505 Fifth Ave., Suite 610
Seattle, WA 98104

RE:  Gordon v. Virtumundo

Gentlemen:

This is in response to the issue raised in your letter of November 29, 2006, regarding Plaintiffs' prior productions of documents, specifically the emails that are the subject of this lawsuit.

Our first production of the subject emails was provided on a CD in February, 2006. That production was in the form of "business records"s kept and produced in the ordinary course of Plaintiffs' business.  That production included all of the many thousands of offending emails, which had been identified and collected by that date. They were produced chronologically in .MBX files for use in the Eudora email client, the email program regularly used by Plaintiffs, and on which they were originally received. We also included on that first CD, for your convenience, the .exe files for installing the Eudora program so that you could access and review that data.  You have since advised that you in fact did review and analyze that production using the Eudora program.

Subsequently, you raised the issue that the emails produced on the original CD were not bates stamped, and that you believed it would be useful and helpful to all concerned to bates stamp the emails.  Initially, in my letter of September 26, 2006 responding to that issue, I set forth our position on Bates stamping in some detail, and advised that although I didn't believe it was either required, or necessarily the most effective way to produce what is otherwise *electronic* data, that we were open to working together to come to some understanding and agreement about how best to proceed in that regard. I stated there that "I have no problem in principle with your request to Bates stamp "the evidence", however I am not sure how you would like it done to make it most useful to you and the Court."  The letter went on to welcome further dialogue and your further suggestions stating: "If this approach is unsatisfactory, please let me know by suggesting a reasonable alternative.  As I've indicated above, notwithstanding the burdensome nature of such a request, I am perfectly willing to provide the emails as

text files with Bates stamps, but it does appear to me that to do so would be a waste of time and energy. In any event, your thoughts and suggestions on how to proceed here are welcome."

Subsequently, and in the interim, my client took the following actions. Due to the fact that *your clients' continued to send spam emails to him, and through his network (as recent as 11/30/06)*, he updated his email records, which meant that he further vetted his original production, attempting to identify and eliminate duplicates, searched his server and files further for emails that appeared to be from Defendants, and collected emails appearing to be from Defendants from his email clients, many of whom had also received commercial emails from Defendants sent to their email addresses, and at their domains, sent to and through the Omni server. In an attempt to accommodate your earlier request to Bates stamp a production of the emails, he also undertook to do that. Accordingly, the second production, the DVD produced to you on November 29, 2006 included a refined version of the earlier production, in that although all of the emails earlier produced were included therein, the records had been further vetted, duplicates deleted, newer and subsequently identified emails included, and it was Bates stamped.

Notwithstanding the foregoing, apparently, you now believe that our production of documents is somehow deficient, as you contend that it is difficult for you to ascertain exactly what is different between the first and second productions. I certainly hope that this explanation makes that clear.

I here reiterate that it is our position that we have now produced all of Plaintiffs' business records, in the form of the emails which are the subject of this lawsuit in several different formats. Although not obligated to do so, pursuant to your request, we have even made the effort to Bates stamp a set of the emails provided with the second production.

I willl remind you that it is the excessive volume of your clients' emails that has created the complexity and difficulty of tracking, sorting and managing the documents in the first place. Accordingly, our willingess to accommodate your further requests has its limits.

As I have also indicated previously, contrary to your assertions, each and every email that was provided on the CDs as Eudora files can easily be individually identified. As with all emails, each of the emails contains a time, a date, a recipient, and other uniquely identifying information, which provides a simple and specific way to distinguish between them for search and sort criteria. See for example Plaintiff's sorting of the emails alphabetically using the "From" name field.

For purposes of presentation to the Court at trial, we will likely be prepared to present the email evidence in its electronic form, the most accurate and original format. We will be prepared to make a computer available to the Court (with the emails and the Eudora program loaded on the computer), so that the judge and jury can review the emails in their original format.

In sum, we have now produced the subject emails two times, in different formats, and, in response to your request have also Bates stamped them. It is our position therefore, that Plaintiffs' obligations in this regard have been fulfilled. Any motions you may seek to file attempting to force Plaintiffs to produce the same evidence in yet another format, more convenient for you, will be met with strenuous opposition.

As always, your cooperation is appreciated.

Sincerely,
MERKLE SIEGEL & FRIEDRICHSEN, P.C.

Robert J. Siegel

cc: client