1  
2  The Honorable John C. Coughenour
3  
4  
5  
6  
7  
8  **UNITED STATES DISTRICT COURT**
   **WESTERN DISTRICT OF WASHINGTON**
9  **AT SEATTLE**
10  

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company, | NO. CV06-0204JCC |
| | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL DISCOVERY** |
| Plaintiffs, | |
| v. | NOTE ON MOTION CALENDAR: January 5, 2007 |
| VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X, | |
| Defendants. | |

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

## I. INTRODUCTION

In their Response in Opposition to Defendants' Motion to Compel Discovery (Dkt. # 75) ("Opposition") Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni Innovations, LLC ("Omni") (together, "Plaintiffs") maintain they are entitled to dump a mountain of irrelevant evidence on Defendants and refer to that mountain as a complete response to Defendants' discovery requests. Plaintiffs even admit only around fourteen thousand (14,000) allegedly offending emails ("Emails") out of the thirty-eight thousand (38,000) they produced are potentially relevant, yet refuse to respond to interrogatories inquiring how the remaining 14,000 Emails support their novel legal theories. Their discovery responses are inadequate, and this Court should order Plaintiffs to supplement them.

## II. ARGUMENT

### A. Plaintiffs Should Be Required to Articulate the Factual Basis for Their Claims.

In their Opposition, Plaintiffs continue their refusal to articulate the factual basis for their claims. They claim facts are irrelevant because their "claims are statutorily based, and should largely be resolved by the Court as a matter of law." (Opposition at 3:20-21.) Fed. R. Civ. P. 26(b)(1) provides otherwise: "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party".

Instead of providing straightforward answers to Defendants' discovery requests, Plaintiffs dump tens of thousands of pages on Defendants – two thirds of which they belatedly acknowledge are duplicative. Then, they suggest Defendants should sift through the pile and prepare Plaintiffs' discovery responses themselves. Courts addressing this issue regularly find such practices abusive. See, e.g., Bercut-Vandevoort & Co. v. Maison Terride Ledroit & Cie, 2006 U.S.Dist. LEXIS 93663, *4 (N.D.Cal. Dec. 13, 2006) ("MTL is entitled to interrogatory responses that are complete are unambiguous, and it should not have to piece together the theories and facts on which BVC is relying..."); Cambridge Electronics Corp. v. MGA Electronics, Inc., 227 F.R.D. 313, 323 (C.D.Cal. 2004) (citing with favor Pulsecard, Inc. v. Discover Card Servs., 168

DEFS' REPLY RE MOT. TO COMPEL
DISCOVERY - 1
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  F.R.D. 295, 305 (D. Kan. 1996) ("[D]efendants may not simply refer generically to past
2  or future production of documents. They must identify in their answers to the
3  interrogatories *specifically which documents contain the answer*") (emphasis original).
4      Defendants request this Court adopt the reasoning of the Bercut-Vandevoort and
5  Cambridge Electronics courts, and order Plaintiffs to provide complete, unambiguous
6  responses to Defendants' interrogatories. Also, to the extent Plaintiffs' interrogatory
7  answers refer to the voluminous documents they have produced, this Court should order
8  them to specify exactly which documents are responsive, and how they are responsive.

**1. Plaintiffs' "information and tools to understand" their claims are inadequate.**

11  Plaintiffs' Opposition claims their "Email Analysis" and "Legend" provide a
12  sufficient basis for understanding why Plaintiffs contend the Emails have misleading
13  header information. (Opposition at 2:8-19.) However, even Plaintiffs admit those
14  documents purport to analyze only a fraction of the 14,000 Emails. (Id. at 2:14-15.)
15  Further, the "Email Analysis" and "Legend" simply highlight certain portions of certain
16  Emails without specifying why the highlighted portions are misleading. (Declaration of
17  Roger Townsend in Support of Defendants' Motion to Compel Discovery ("Townsend
18  Decl.") ¶¶ 8-9 Exs. E, F.) This Court should order Plaintiffs to specify exactly why they
19  believe header information is misleading. For example, they should explain how the
20  subject line "Test your internet connection speed lynkstation" is "misleading" (or has a
21  tendency to mislead), as the Legend claims. (Id. ¶ 9 Ex. F at 5.)

**2. Plaintiffs' summary judgment motion is not a discovery response.**

23  Interrogatory No. 7 in both sets of discovery requests (to Gordon and Omni) asks
24  Plaintiffs to "explain how the header information [for each Email] was materially false or
25  misleading." Plaintiffs' Opposition claims their recently filed Motion for Partial
26  Summary Judgment (Dkt. # 53) "explains how the information in the email headers of the
27  referenced emails are materially false." (Opposition at 3:4-5.) However, even Plaintiffs
28  admit that motion only relates to "at least 7,890 of Defendant Virtumundo's emails".

DEFS' REPLY RE MOT. TO COMPEL DISCOVERY - 2
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

(Opposition at 3:2-3.) They do not address the other six thousand (6,000) Emails. Further, a motion is not a discovery response. Fed. R. Civ. P. 33(b) and 34(b) require parties to serve formal answers and objections to discovery requests within thirty (30) days. Pursuant to that rule, this Court should order Plaintiffs to provide a formal discovery response with clear, unambiguous answers. Their response must be signed by an attorney, in accordance with Fed. R. Civ. P. 26(g).

      **3.    Plaintiffs' discovery responses claimed email subject lines were "false or misleading", but they refuse to provide facts in support of this claim.**

Plaintiffs' discussion of the alleged requirements of CAN-SPAM (15 U.S.C. § 7705 *et seq.*) and CEMA (RCW 19.190 *et seq.*) is a red herring and an attempt to distract the Court from their failure to provide accurate and coherent discovery responses. (Opposition at 4:10 - 5:18.)

Plaintiffs' responses to Interrogatory No. 7 claimed, without further explanation, that "Each [Email] is alleged to contain false, and/or misleading information in the headers." (Townsend Decl. ¶ 3 Ex. B.) Gordon's declaration retreats from that position: "I cannot say 'how' I was misled by these, but only that these have the capacity to mislead." (Dkt. # 76 ¶ 5.) Characteristically, Plaintiffs provide an "analysis" which highlights allegedly misleading subject lines, but omits the text of the messages to which the subject lines refer. (Dkt. # 76 ¶ 3 Ex. A.)

Caught without evidence to support their claims, Plaintiffs brazenly insist it is irrelevant anyway.[1] Lacking authority to support that argument, they cite "the Washington Attorney General's office website" and claim it is sufficient under CAN-SPAM and CEMA if a subject line has a "tendency or capacity to deceive consumers." (Opposition at 4:14-16.) Even if this website were a citable authority, which it is not, it underscores the weakness of Plaintiffs' argument. The website includes subject lines

---

[1] Plaintiffs even cite a number of subject lines which are allegedly misleading, without providing any citation to the record which indicates those subject lines appear in any of the Emails. (Opposition at 4:6-9.) This Court should strike these alleged subject lines, as well as all alleged facts in Plaintiffs' Opposition which lack evidentiary support.

DEFS' REPLY RE MOT. TO COMPEL DISCOVERY - 3
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

such as "board meeting 3ish" for an "[o]nline pharmacy solicitation." (Dkt. # 76 ¶ 5 Ex. B.) In contrast, the Emails include subject lines such as "Your Vegas wedding awaits!" for an advertisement for Las Vegas wedding services. (Dkt. # 76 ¶ 8 Ex. C.)

Even if Plaintiffs were correct in their assertion that CAN-SPAM and CEMA only require the "capacity to deceive", which Defendants dispute, Plaintiffs should still be required to explain why they believe the Email headers have this capacity (as Interrogatory No. 9 specifically requests). This is of particular importance since Gordon admits the Emails did not mislead him. (Dkt. # 76 ¶ 5.)

### 4. Plaintiffs refuse to respond to Interrogatory No. 17, and should be ordered to supplement.

Plaintiffs claim their response to Interrogatory No. 17 – "All emails sent by Defendants on behalf of First Premier Bank" – was sufficient, and "All Defendants need to do is look at their own emails." (Opposition at 6:23 - 7:1.) This is totally at odds with the holdings in Bercut-Vandevoort and Cambridge Electronics, supra. This Court should order them to supplement their previous response and explain how each identified Email requested "personally identifying information". (Townsend Decl. ¶ 2 Exs. A-1 and A-2.)

### B. Plaintiffs Should Be Ordered to Provide a Complete and Formal Supplemental Discovery Response.

Plaintiffs consistently make vague references to a vast number of documents, and claim this is a sufficient response to discovery requests.[2] To the contrary, Fed. R. Civ. P. 33(b) and 34 (b) require a formal discovery response. Plaintiffs must provide complete and accurate written responses to Defendants' interrogatories.

---

[2] Plaintiffs also claim the right to supplement their responses well after the discovery cutoff. Interrogatory No. 10 asks for evidence that Plaintiffs received Emails ten (10) days after asking not to receive them. (Townsend Decl. ¶ 2 Exs. A-1 and A-2.) Plaintiffs' response is "Mr. Gordon is fully prepared to show" he received "thousands of unlawful emails" after requesting not to receive them. (Opposition at 6:15-16.) The time for that showing is now, and both Plaintiffs (not just Gordon) should be ordered to respond with a precise explanation of all relevant evidence.

DEFS' REPLY RE MOT. TO COMPEL DISCOVERY - 4
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  The following is an example of Plaintiffs' refusal to provide a formal response:
2  "Plaintiffs... have previously provided Defendants in prior productions with copies of
3  their 'Autoresponder' cease and desist messages..." (Opposition at 6:6-8.) However, as
4  the Cambridge Electronics court noted, Plaintiffs may not "simply refer generically to
5  past or future production of documents"; instead, they must "identify in their answers to
6  the interrogatories *specifically which documents contain the answer*." 227 F.R.D. at 323
7  (emphasis original).

8  Further, their response must be complete. The discovery cutoff is past, yet
9  incredibly Plaintiffs claim the right to "continue to analyze... Defendants' email headers...
10  [and] provide further analyses as those are completed by way of further supplementation
11  of their discovery responses." (Opposition at 3:16-19.) Plaintiffs are entitled to receive
12  complete answers to their interrogatories now, and this Court should order Plaintiffs to
13  produce them rather than face trial by ambush.

**C.   Unaddressed Discovery Requests.**

15  Plaintiffs fail to address Defendants' request that they supplement their responses
16  to the following discovery requests: Interrogatories Nos. 8 and 18 to Gordon;
17  Interrogatories Nos. 8, 15, and 18 to Omni; and Request for Production No. 2 to both
18  Plaintiffs.[3] Their failure to oppose these portions of Defendants' motion constitutes an
19  admission Defendants are entitled to the relief they seek. LR 7(b)(2). The Court should,
20  therefore, grant Defendants relief with respect to uncontested discovery requests.

21  ///
22  ///
23  ///

---

25  [3] Plaintiffs only address Request for Production No. 2 insofar as it requests
documents related to their "Autoresponder program" (Opposition at 7:6). However, that
26  request seeks "all documents related" to "agreements, contracts, or relationships" with
27  Plaintiffs' online service providers. (Townsend Decl. ¶ 2 Exs. A-1 and A-2.) Plaintiffs
fail to oppose Defendants' requests which are not related to the "Autoresponder
28  program".

DEFS' REPLY RE MOT. TO COMPEL
DISCOVERY - 5
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**D.    Plaintiffs Admit Their Document Production Is Three Times the Size It Should Have Been.**

Gordon admitted all but 13,800 of the Emails he produced were "duplicates". (Dkt. #63 ¶ 26.) The plain meaning of "duplicate" indicates he produced three times the number of documents he should have produced. This wasted Defendants' resources and illustrates Plaintiffs' litigation strategy – dump a massive overproduction of documents on Defendants, blame Defendants for Plaintiffs' negligence, give Defendants confusing and vague "tools to understand" their claims, and expect Defendants to make their own case for them. This Court should not tolerate Plaintiffs' abusive tactics. Instead, it should order Plaintiffs to provide complete and accurate discovery responses without delay.

### III.  CONCLUSION

Plaintiffs' apparent goal is to make Defendants work to defend against ambiguous claims they never explain, then surprise Defendants with a trial by ambush. This violates fundamental standards of due process. The Court should order Plaintiffs to provide complete and accurate discovery responses immediately, in the form required by Fed. R. Civ. P. 33(b) and 34(b). Defendants respectfully request that this Court order Plaintiffs to produce the information and documents requested without further delay.

DATED this 5th day of January, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

DEFS' REPLY RE MOT. TO COMPEL
DISCOVERY - 6
(CV06-0204JCC)

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800