The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL SEGREGATION OF EMAIL PRODUCTIONS**<br><br>**NOTE ON MOTION CALENDAR:**<br>January 5, 2007 |

## I. INTRODUCTION

In their Response in Opposition to Defendants' Motion to Compel Segregation of Emails (the "Opposition"), Plaintiffs do not dispute Defendants' essential contention: that in response to Defendants' discovery requests, Plaintiffs have produced thousands of the *same* emails on at least three occasions. Plaintiffs' protestations that this is how the emails are kept in the ordinary course of business are disingenuous: a supplemental production should not include every (or indeed, any) document that was included in a

DEFS.' REPLY RE MOT. TO COMPEL
SEGREGATION OF EMAILS
CASE NO. CV06-0204C - Page 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

previous production. Far from attempting to switch their burden to Plaintiffs, Defendants are merely requesting that Plaintiffs provide their supplemental responses in the manner that they should have provided them in the first place.

Plaintiffs attempt to divert attention from their litigation gamesmanship by complaining that the entire situation is a result of Defendants' "unlawful" actions. (Opposition at 2:14). Of course, whether or not Defendants' actions were unlawful is the very issue to be decided, and in any event does not justify Plaintiffs' lack of cooperation with regard to discovery matters. Plaintiffs' position is especially egregious in that the documents at issue are the very emails for which Plaintiffs claim to recover. Surely Defendants should not have to undertake a monumental investigation simply to learn the basis of Plaintiffs' claims against them. Defendants are reasonable to request that Plaintiffs identify the emails underlying their claims in a manner that Defendants can understand.

As electronic evidence is becoming more common, and is so easily proliferated, parties can abuse the system by causing adversaries to spend needless resources duplicating work. The Court should not permit such gamesmanship in this case. Defendants respectfully request that this Court order Plaintiffs to provide electronic files consisting of *only* emails that have not already been produced.

## II. ARGUMENT & AUTHORITY

Federal Rule of Civil Procedure Rule 26(e) requires parties to supplement their discovery responses with new or newly discovered responsive material. Rule 26(e) provides in relevant part:

> (e) Supplementation of Disclosures and Responses. A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery

DEFS.' REPLY RE MOT. TO COMPEL
SEGREGATION OF EMAILS
CASE NO. CV06-0204C - Page 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 process or in writing.

2 Rule 26(e)(2) thus clearly contemplates that responses will be supplemented with the
3 additional or corrective information *only*, not with the entirety of the previous production
4 as amended by the additional or corrective information. To interpret 26(e) otherwise
5 would be absurd. In a dispute in which thousands of documents have been produced, and
6 one new document is discovered, the proper procedure is plainly to produce only the
7 newly-discovered document, not to re-produce the thousands of documents with the one
8 newly-discovered document included. Additionally, Plaintiffs should have produced the
9 documents timely. Plaintiffs do not dispute their counsel had created the files
10 constituting the third production of emails on September 13, 2006, but did not send them
11 to Defendants until November 26, 2006 (Motion at 3:20-26), after Defendants had
12 reviewed the initial production.

13 Plaintiffs' arguments are entirely beside the point. Defendants do not dispute that
14 the segregated emails they seek have already been produced. Indeed, the same emails
15 were produced *three times*, as Plaintiffs admit (Opp. at 5:15) ("Plaintiffs have now
16 provided Defendants with 3 versions..."). Plaintiffs now threaten to produce these emails
17 a *fourth* time, regardless of what the Court orders on the motion at bar. ("This is what
18 Plaintiffs intend to produce in the event that the Court orders them to provide anything
19 further") (Opp 8:2-3).

20 Plaintiffs contend they have produced emails as kept in the ordinary course of
21 business (though they admit their email services generate no revenue). Even if that is
22 true, Plaintiffs should not repeatedly produce all such records each time they supplement
23 their previous production. Plaintiffs imply that "supplement" really means "substitute"
24 communicating essentially "ignore the previous production, even though you spent tens
25 of thousands of dollars reviewing it - *this* is the correct set of emails." Rule 26(e) plainly
26 does not contemplate or sanction this behavior.

### III. CONCLUSION

28 Defendants spent substantial resources reviewing and analyzing Plaintiffs'

DEFS.' REPLY RE MOT. TO COMPEL
SEGREGATION OF EMAILS
CASE NO. CV06-0204C - Page 3

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800


1  previous productions. If Plaintiffs are substituting their production, they should produce
2  only materials not previously produced. Otherwise, Defendants will have to duplicate the
3  time, effort, and expense associated with their original review. Accordingly, Defendants
4  respectfully request the Court order Plaintiffs to produce electronic files containing only
5  unique, non-identical emails that were included in the November 29 production, and
6  excluding any emails that were produced in any previous production.
7      DATED this 5th day of January, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

DEFS.' REPLY RE MOT. TO COMPEL
SEGREGATION OF EMAILS
CASE NO. CV06-0204C - Page 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800