# EXHIBIT A
# OBJECTIONS TO EVIDENCE CITED IN
# PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

| **Evidence (page:line)** | **Objection** |
| --- | --- |
| "Defendant Virtumundo is a large, highly successful, privately held corporation whose primary business consists of sending billions of commercial electronic mail messages (hereafter commercial "commerical emails," "emails", "spam emails," or "spam") to hundreds of millions of people throughout the United States and the world" (2:2-6) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact. |
| "The Wall Street Journal estimates that by sending this massive volume of spam Defendant Virtumundo generates annual revenues as high as one hundred million dollars ($100,000,000.00)" (2:6-9) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact. Moreover, no citation to any Wall Street Journal article is provided. The contents of any such article would in any event constitute hearsay and unfounded speculation. |
| "Approximately 13,000 of Defendants' spam were received by a small Internet Access Service located in Washington State owned and operated by the Plaintiffs, James S. Gordon Jr. and Omni Innovations" (2:9-12) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact. |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "The information the Defendant placed in the "From" line of these emails does not accurately identify the sender of the emails." (2:13-14) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>FRE 701: Impermissible opinion testimony by a lay witness.<br>Argument: No evidence is cited in support of this supposed fact, which in any event is disputed by Defendants. Shopmaker Decl. ¶ __ ("From" line includes valid, accurate return e-mail address, which identifies the sender of the emails). |
| "Instead, the Defendant placed ambiguously worded advertising copy in the "From" line of the header, followed by an ambiguous email address that provides no further indication of the actual name of the sender." (2:14-15) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>FRE 701: Impermissible opinion testimony by a lay witness.<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. See Shopmaker Decl. ¶ __ ("From" line includes accurate description of Defendants' business line) . Moreover, whether or not information is "ambiguously worded" is a matter of opinion, not fact. No foundation is provided as to how an email address could provide "further indication of the actual name of the sender" |
| "When received by a typical email user, only the advertising copy is shown, and the recipient has no way of knowing who sent the email without opening it." (2:17-18) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. Shopmaker Decl. ¶ __ (emails accurately identify sender in "from" line) |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "Examples of the complete "from" line from these emails include the following:<br>From: "Criminal Justice" <CriminalJustice@vm-mail.com><br>From: "Public Safety" <PublicSafetyDegrees@vmadmin.com><br>From: "Trade In" <TradeIn@vm-mail.com>" (3:2-7) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this fact. |
| "In each of these emails, as is the case with all 7,890 emails at issue here, no actual sender is identified in the "From" line in any meaningful sense." (3:8-9) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. See Shopmaker Decl. ¶ __ ("From" line includes accurate email address and accurate description of Defendants' business line) |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "The Court's ruling in this case will determine how multi-million dollar email marketing corporations like the Defendants must address the trillions of emails they send to the general public. This, in turn, will determine how these trillions of emails will appear in the inboxes of hundreds of millions of email users throughout the United States. Since the Court's ruling will clarify both the Federal and State standard for how the "From" line of these spam emails is displayed to the American public, the Court's ruling will determine the amount of time and effort hundreds of millions of email users will have to expend to accurately distinguish between the flood of unwanted commercial emails that they wish to delete and/or filter from their inboxes, and the vastly smaller volume of non-spam email messages which the recipient actually wants to open and read as part of their private and professional lives." (4:4-14) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. Assumes that "From" line usage urged by Plaintiffs is more informative to email recipients than that used by Defendants, which Defendants dispute. Shopmaker Decl. ¶ __ |
| "The "From name" of the sender is entirely informational, and exclusively directed to human beings. The only proper function of the "From name" is to inform a human recipient of the true identity of the sender." (7:11-13) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "The "From address," on the other hand, is primarily functional. It provides an address for a reply email, and is written using the syntax used by computers to route email across the internet. The "From address" is thus information that is primarily used by computers." (7:13-16) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "The "From name" can thus be distinguished from the "From address" because the only purpose of the "From name" portion of the "from" line is to display, and thereby reveal, the name of the actual sender to the human being who receives the email without the recipient having to actually open the email." (7:15-19) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "An industry publication article from Constant Contact opens with the following quote:<br>According to the DoubleClick Consumer Email Study released in late 2002, 60% of respondents cite the "From" line as the most important factor motivating them to open emails, while 35% cited the "Subject" line." (9:5-10) (Citing Gordon declaration Exhibit "E") | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "The EmailLabs article (Gordon declaration Exhibit "D") agrees, stating: Among the many challenges of distributing email newsletters and campaigns are the varying ways that email clients render your From and Subject lines. Why is optimizing the From and Subject lines so important? It's simple, really. The From line is what recipients use to determine whether to delete an email. The Subject line is what motivates people to actually open the email." (9:12-14) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "As a result, a virtual arms race has developed between the email marketers, sometimes known as "spammers" and their targets, with the spammers continuingly developing ever more nefarious ways to circumvent spam filter countermeasures." (10:7-9) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "Tricking recipients into actually clicking on, and thereby opening spam, is a critical skill for a successful spammer." (10:12-13) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "Thus, the information in the "From name" is critical to preventing a recipient from deleting the spam, and then enticing the recipient to open it." (10:13-14) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "The vast majority of e-mail users decide whether to read the email message, or to delete it as spam, based only upon two pieces of information: the "from name" and the subject line." (10:15-16) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "For the spammer hoping to have their email opened and read, these two fields in a spam header represent their only opportunity to convince the target to open it and read it." (10:17-18) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "It is no surprise that sophisticated, multi-million dollar spammers like the Defendants here would not want to waste this valuable space revealing their actual identity. " (10:19-20) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |
| "Instead, they use that space to falsify their identity by replacing it with advertising copy." (10:20-21) | FRE 901: Lacks foundation<br>FRE 802: Hearsay<br>Argument: No evidence is cited in support of this supposed fact, which is disputed by Defendants. |

| **Evidence (page:line)** | **Objection** |
|---|---|
| "Opening an email message from an unknown source can have catastrophic consequences. Malicious viruses carried by spam emails can not only destroy an unsuspecting recipient's computer by causing it to "crash", but can also hijack the recipient's computer to replicate and send out copies of themselves to all of the recipient's contacts. The mere act of opening malicious emails has resulted in untold damages to computer resources worldwide." (13:1-6) (Citing Exhibit F to Gordon Declaration). | FRE 402: Lacks Relevance<br>Argument: Plaintiffs do not contend that Defendants' emails contained viruses. This is an attempt to tarnish the Defendants' reputation through the "guilt by association" fallacy. |
| "It is notable, perhaps, that one of the most well known and destructive viruses in 2005 was actually named after Defendant "VirtuMundo."" (13:6-8) (Citing Exhibit G to Gordon Declaration). | FRE 402: Lacks Relevance<br>Argument: Plaintiffs do not contend that Defendants' emails contained viruses. This is an attempt to tarnish the Defendants' reputation through the "guilt by association" fallacy. |