# EXHIBIT B

Requests for admissions that Defendant Virtumundo propounded on Plaintiffs

Dockets.Justia.com

The Honorable John C. Coughenour

1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

JAMES S. GORDON, Jr., a married
individual, d/b/a 'GORDONWORKS.COM';
OMNI INNOVATIONS, LLC, a Washington
limited liability company;

        Plaintiff,

    v.

VIRTUMUNDO, INC, a Delaware
corporation d/b/a
ADNOWLEDGEMAIL.COM;
ADKNOWLEDGE, INC., a Delaware
corporation, d/b/a
ADKNOWLEDGEMAIL.COM; SCOTT
LYNN, an individual, and his marital
community; and JOHN DOES, 1-X,

        Defendants.

No.  CV06-0204JCC

**DEFENDANT VIRTUMUNDO, INC.'S**
**FIRST SET OF REQUESTS FOR**
**ADMISSION TO PLAINTIFF OMNI**
**INNOVATIONS, LLC**

**TO:**      **Omni Innovations, LLC; and**

**AND TO:**    **Robert J. Siegel, Attorney for James S. Gordon, Jr.**

      Defendant Virtumundo, Inc. hereby propounds the following Requests for Admission to

Plaintiff James S. Gordon, Jr., pursuant to Fed. R. Civ. P. 26, and 36.  These requests should be

answered in full and the original thereof returned within 30 days after the date of service to

Defendant Virtumundo, Inc.'s attorneys, Newman & Newman, Attorneys at Law, LLP, at 505

**DEFENDANT'S  FIRST SET OF**
**REQUESTS FOR ADMISSION TO**
**PLAINTIFF OMNI**
[NO. CV06-0204JCC]

Fifth Avenue South, Suite 610, Seattle, Washington 98104, and also emailed to derek@newmanlaw.com. You should respond to each request in accordance with the instructions and definitions set forth below. These Requests for Admission are continuing in nature within the meaning of Fed. R. Civ. P. 26.

## I. INSTRUCTIONS/DEFINITIONS

1.    Pursuant to Civil Rule 36, You are to respond to each of these discovery requests separately, fully, and under oath.

2.    In answering these requests for production, You are required to furnish all information that is available to You, not merely such information as You know of Your own personal knowledge, including information in the possession of Your attorneys, or other persons directly or indirectly employed by or connected with You or Your attorneys, or anyone acting on Your behalf or otherwise subject to Your control.

3.    In answering these requests for admission, You are requested to make a diligent search of Your records and of other papers and materials in the possession, custody or control of You or Your representatives.

4.    The information requested herein is not privileged and is reasonably calculated to lead to the discovery of admissible evidence. If any request is objected to on the ground that the information is made non-discoverable by the attorney-client privilege, work-product rule or other legally recognized standard preventing its disclosure to a requesting party, then state separately for each such item: (1) the legal basis on which You claim protection against discovery; (2) the relevant date(s) of the information; (3) the nature of the information (*e.g.*, attorney-client communication); (4) all parties to the communication; (5) the full name, job title, and employer or principal of each person with knowledge of the information in question; and (6) the general, the substance of the information.

5.    These discovery requests shall, to the fullest extent permitted by law, be deemed continuing, so as to require You, without further request, to provide supplemental responses within **15 days** of acquiring any additional material pertaining to the subject matter of any of these requests.

DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

6.     Unless otherwise specified, You are instructed to answer for the period from January 1, 2003 to the present.

7.     If You cannot answer any of the following discovery requests in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying Your inability to respond in full, stating whatever information or knowledge You have concerning the unanswered portion and detailing what You did in attempting to secure the unknown information.  If You do know the name of a person or entity that may have such information, the name, address and telephone number and the nature of the information known by such person or entity shall be disclosed in Your response.

8.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used and vice versa; the use of the masculine form of a pronoun shall be considered to include within its meaning the feminine form of the pronoun so used and vice versa; and the use of any tense of any verb shall be considered to include within its meaning all other tenses of the verb.

9.     The lower case form of a defined word shall be considered to include within its meaning the capitalized form of the word and vice versa.

10.     Whenever it is necessary to bring within the scope of these requests information that otherwise might be construed to be outside their scope, "any" should be understood to include and encompass "all"; and "all" should be understood to include and encompass "any"; and "or" should be understood to include and encompass "and," and "and" should be understood to include and encompass "or."

11.     The terms "**document**" and "**documents**" mean and include any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, without limitation, and papers, agreements, contracts, notes, applications, memoranda, correspondence, instant message exchanges, SMS communications, studies, working papers, letters, telegrams, invoices, personal diaries, journals, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, video tapes, wire recordings, disks and printed cards, data sheets, data processing cards, calendars, interoffice

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned.  The terms "document" and "documents" include, without limitation, originals and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not.  If the original of any document is not in Your possession, custody or control, a copy of that document should be produced.

12.     The term "**identify**," when used in connection with a document, means to state the date on which the document was prepared, the author of the document, and any and all recipient(s) of the document.

13.     The term "**identify**," when used in connection with an individual, means to state the individual's full current name, to state the individual's full current residential address, full current business address, email address, instant messaging name, and the individual's telephone numbers.

14.     The use of the words "**include(s)**" and "**including**" should be construed to mean without limitation.

15.     The term "**person**" includes both individuals and business entities.

16.     The term "**Plaintiffs**" includes You, Plaintiffs, Counter-Defendants, and Third Party-Defendants.

17.     The terms "**present**" or "**presently**" refer to the date of service of these interrogatories and shall continue through resolution of this litigation.

18.     The term "**Responses**" refers to Your responses and/or answers to interrogatories and/or requests for production.

19.     The term "**Responsive Pleading**" means Your Answer, Affirmative Defenses, Counterclaims, Third Party Complaint and any amendments or modifications to any of the foregoing.

20.     The phrase "**relating to**" means consisting of, summarizing, describing, reflecting,

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

or referring to in any way.

21.    "**You**" means OMNI INNOVATIONS, LLC Your agents, affiliates and subsidiaries.

22.    The phrase "**Allegedly Offending Messages**" or "**AOMs**" shall refer to the e-mails with respect to which You seek damages from Defendants in this lawsuit.

23.    The term "block" is as used in *Washington Revised Code* section 19.190.050.

24.    "**Defendants**" means the Defendants in this lawsuit.

24.    "**Defendant Adknowledge**" means Defendants VIRTUMUNDO, INC, d/b/a ADNOWLEDGEMAIL.COM and ADKNOWLEDGE, INC., d/b/a ADKNOWLEDGEMAIL.COM.

24.    The term "**Defendant Adknowledge's marketing Partners and Affilliates**" carries the same meanings herein as they did in Paragragh 4 of Plaintiff's April 3, 2006 declaration in support of Plaintiff's Opposition to Defendants' Motion to Dismiss.

25.    "**Your customers**" means the owners of computers which you contend received Allegedly Offending Messages.

26.    Defendants will move to preclude You from presenting evidence regarding responsive matters You have failed to set forth in Your responses.

## II.  REQUESTS FOR ADMISSION

REQUEST FOR ADMISSION NO. 1: Admit that you 'opted in' to receive e-mail correspondence from Defendant Adknowledge.

RESPONSE:



REQUEST FOR ADMISSION NO. 2: Admit that you 'opted in' to receive e-mail correspondence from one of Defendant Adknowledge's Partners and/or affiliates.

RESPONSE:

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

REQUEST FOR ADMISSION NO. 3: Admit that the e-mails You have produced to Defendants so far in this action are true and correct copies of the AOMs which have not been altered, modified or otherwise changed.

RESPONSE:

REQUEST FOR ADMISSION NO. 4: Admit that You have produced all of the AOMs to Defendants in the course of this lawsuit.

RESPONSE:

REQUEST FOR ADMISSION NO. 5: Admit that You voluntarily provided Your contact information to Defendants, including Your email address.

RESPONSE:

REQUEST FOR ADMISSION NO. 6: Admit that You voluntarily provided Your contact information to one of Defendant Adknowledge's partners or affiliates.

RESPONSE:

REQUEST FOR ADMISSION NO. 7: Admit that You were not "adversely affected" (as that term is used in 15 USC 7706(g)(1)) by the AOMs.

RESPONSE:

REQUEST FOR ADMISSION NO. 8: Admit that You did not suffer any *actual* damages

DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1  from your receipt of the AOMs.

2      <u>RESPONSE</u>:

3

4

5      <u>REQUEST FOR ADMISSION NO. 9</u>: Admit that, before filing suit in this matter, You

6  never communicated an 'opt-out' or 'unsubscribe' request to any Defendant, using the 'opt-out'

7  or 'unsubscribe' procedure provided in the AOMs.

8      <u>RESPONSE</u>:

9

10

11

12      <u>REQUEST FOR ADMISSION NO. 10</u>: Admit that You have no knowledge that

13  Defendants obtained any of the e-mail addresses to which it transmitted the AOMs from an

14  internet website or online service which represented to Plaintiffs that the operator of such website

15  or online service would not "give, sell, or otherwise transfer addresses maintained by such website

16  or online service to any other party for the purposes of initiating, or enabling others to initiate,

17  electronic mail messages."

18      <u>RESPONSE</u>:

19

20

21      <u>REQUEST FOR ADMISSION NO. 11</u>: Admit that You have no knowledge that

22  Defendants obtained the e-mail addresses to which the AOMs were dispatched, using any

23  "automated means."

24      <u>RESPONSE</u>:

25

26

27

28

**DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI**
[NO. CV06-0204JCC]

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
phone: (206) 274-2800
fax: (206) 274-2801

1    <u>REQUEST FOR ADMISSION NO. 12</u>: Admit that None of the subject lines for the

2    AOMs misrepresented any material facts.

3    <u>RESPONSE</u>:

4

5

6

7    <u>REQUEST FOR ADMISSION NO. 13</u>: Admit that You were not *actually* mislead by any

8    of the subject lines in the AOMs.

9    <u>RESPONSE</u>:

10

11

12    <u>REQUEST FOR ADMISSION NO. 14</u>: Admit that the AOMs all contained either an

13    'unsubscribe' hyperlink or else a return address to which You could send an 'unsubscribe'

14    request.

15    <u>RESPONSE</u>:

16

17

18    <u>REQUEST FOR ADMISSION NO. 15</u>: Admit that to the best of your knowledge,

19    Defendant Adknowledge.Com possessed the ability to receive 'unsubscribe' messages for at least

20    30 days following the dispatch of each and every Allegedly Offending Message.

21    <u>RESPONSE</u>:

22

23

24

25    <u>REQUEST FOR ADMISSION NO. 16</u>: Admit that those computers that received the

26    AOMs were not being used in interstate commerce at the time they received the AOMs.

27

28

**DEFENDANT'S FIRST SET OF**
**REQUESTS FOR ADMISSION TO**
**PLAINTIFF OMNI**
[NO. CV06-0204JCC]

1    RESPONSE:

2

3

4    REQUEST FOR ADMISSION NO. 17: Admit that the body of each Allegedly Offending

5    Message contained a postal address.

6    RESPONSE:

7

8

9

10   REQUEST FOR ADMISSION NO. 18: Admit that the body of each Allegedly Offending

11   Message contained either the word "advertise" or the word "solicitation."

12   RESPONSE:

13

14

15   REQUEST FOR ADMISSION NO. 19: Admit that You have no knowledge that the

16   AOMs identified themselves as emanating from a third party's domain name without that third

17   party's permission.

18   RESPONSE:

19

20

21   REQUEST FOR ADMISSION NO. 20: Admit that you have knowledge that the any of

22   the AOMs followed a transmission path other than that which was represented in the respective

23   headers of the AOMs.

24   RESPONSE:

25

26

27

28

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1

2

REQUEST FOR ADMISSION NO. 21: Admit that the AOMs did not represent themselves to originate from an individual without that individual's permission.

RESPONSE:

3

4

5

6

7

8

REQUEST FOR ADMISSION NO. 22: Admit that your belief as to the identity of the sender of the AOMs did not cause you to provide any personal information to Defendants or any of them, their marketing partners or their affiliates.

RESPONSE:

9

10

11

12

13

REQUEST FOR ADMISSION NO. 23: Admit that You did not attempt to block the AOMs.

RESPONSE:

14

15

16

17

REQUEST FOR ADMISSION NO. 24: Admit that You had the ability to block the AOMs.

RESPONSE:

18

19

20

21

22

23

REQUEST FOR ADMISSION NO. 25: Admit that those AOMs that offered prizes, gifts and/or awards identified the promoter offering them as well as the sponsor of the promotion.

RESPONSE:

24

25

26

27

28

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1    REQUEST FOR ADMISSION NO. 26: Admit that those AOMs that offered prizes also

2    stated the retail value of each prize offered.

3    RESPONSE:

4

5

6

7    REQUEST FOR ADMISSION NO. 27: Admit that those AOMs that offered prizes also

8    stated the retail value and odds for each prize "in immediate proximity on the same page with the

9    first listing of each prize in type at least as large as the typeface used in the standard text of the

10    offer."

11    RESPONSE:

12

13

14

15    REQUEST FOR ADMISSION NO. 28: Admit that the AOMs which offered "prizes,"

16    "gifts," "awards" or "premiums," in those terms, did not require any recipients of the AOMs to

17    spend money in order to receive or use any such item for its intended purpose.

18    RESPONSE:

19

20

21    REQUEST FOR ADMISSION NO. 29: Admit that you have no knowledge that any prize

22    offered in the AOMs was unavailable to Defendants in sufficient quantity to satisfy the reasonably

23    anticipated response to the offering of the prize.

24    RESPONSE:

25

26

27

28

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1    REQUEST FOR ADMISSION NO. 30: Admit that any prize offered in the AOMs was

2  available for immediate delivery to recipients.

3    RESPONSE:

4

5

6    REQUEST FOR ADMISSION NO. 31: Admit that You did not claim any prizes, gifts or

7  awards from those AOMs that offered them.

8    RESPONSE:

9

10

11

12    REQUEST FOR ADMISSION NO. 32: Admit that those AOMs that offered prizes did

13  not misrepresent the quality, type, value or availability of those prizes.

    RESPONSE:

14

15

16

17    REQUEST FOR ADMISSION NO. 33: Admit that Those AOMs that offered prizes, gifts

18  and/or awards all contained the following language:

19      "If you receive a rain check in lieu of the prize, you are entitled by law to receive
      the prize, an item of equal or greater value, or the cash equivalent of the offered
20      prize within thirty days of the date on which you claimed the prize."

21    RESPONSE:

22

23

24

25    REQUEST FOR ADMISSION NO. 34: Admit that You did not attend any

26  demonstration, seminar, or sales presentation hosted by Defendants or any of them.

27    RESPONSE:

28

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1

2      REQUEST FOR ADMISSION NO. 35: Admit that none of Your customers attended any

3  demonstration, seminar, or sales presentation hosted by Defendants or any of them.

4      RESPONSE:

5

6

7

8      Requests for Admission dated this 30th day of June, 2006.

9

10                              NEWMAN & NEWMAN,
                                ATTORNEYS AT LAW, LLP
11

12

13              By:    _____
                       Derek A. Newman, WSBA No. 26967
14                     Roger M. Townsend, WSBA No. 25525
                       John Du Wors, WSBA No. 33987
15                     **Attorneys for Defendants**

16
                       505 Fifth Avenue South, Suite 610
17                     Seattle, Washington  98104
                       phone: (206) 274-2800
18                     fax: (206) 274-2801

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S  FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

1

## VERIFICATION

2        I, _____, have read the foregoing Responses to DEFENDANT
VIRUMUNDO, INC.'S FIRST REQUESTS FOR ADMISSION, know the contents thereof, and

3  believe the same to be true.

Dated this _____ day of _____, 2006.

4

_____

5

6       SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2006.

7

Printed Name: _____

8  NOTARY PUBLIC in and for the State of
_____, residing at

9  My Commission Expires:

10

11

## CERTIFICATION

12       The undersigned attorney for Plaintiff has reviewed the foregoing Responses to
DEFENDANT VIRTUMUNDO, INC.'S FIRST REQUESTS FOR ADMISSION, and certifies

13  that they are in compliance with Civil Rules 26 and 34.

14

15      DATED: _____, 2006.

16

17

By: _____

18          Attorneys for James S. Gordon, Jr.

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S FIRST SET OF
REQUESTS FOR ADMISSION TO
PLAINTIFF OMNI
[NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP
505 Fifth Avenue South, Suite 610
Seattle, Washington  98104
phone: (206) 274-2800
fax: (206) 274-2801

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 30th day of June, 2006, I caused the foregoing **DEFENDANT VIRTUMUNDO, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF OMNI INNOVATIONS, LLC AND CERTIFICATE OF SERVICE** to be served via the methods listed below on the following party:

**Via Email to:**

Robert Siegel, Esq.
Merkle Siegel & Friedrichsen, P.C.

Email:  bob@msfseattle.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the forgoing is true and correct and that this declaration was executed on June 30th, 2006,  at Seattle, Washington.

_Diana Au_
_____
Diana Au

CERTIFICATE OF SERVICE