The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL THEIR MOTION TO COMPEL DISCOVERY OF TESTIMONY RE SETTLEMENTS (DKT. NO. 87)**<br><br>NOTE ON MOTION CALENDAR: January 26, 2007 |

Pursuant to Local Rule 5(g) and Paragraph 13 of this Court's October 26, 2006 Protective Order filed in the above-captioned action (Dkt. # 37), Defendants request leave to file their Motion to Compel Discovery of Testimony re Settlements (Dkt. No. 87, the "Motion") under seal. Defendants also request leave to file under seal the Declaration of Derek A. Newman in Support of Motion to Compel Discovery (Dkt. No. 88, "Newman Decl."). Defendants do not believe the material contained in those documents are confidential, but Plaintiffs designated portions of them confidential pursuant to the

DEFS.' MOT. FOR LEAVE TO FILE
UNDER SEAL THEIR MOT. TO COMPEL - 1
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  protective order in place in this case.

2  Local Rule 5(g)(1) requires a showing "that the public's right of access is
3  outweighed by the interests... of the parties in protecting files, records, or other
4  documents from public review."  The Motion and Newman Decl. seek the discovery of
5  relevant information concerning Defendant James Gordon's ("Gordon") prior settlements
6  with third parties alleged to have sent him unsolicited commercial email.  Defendants
7  could not effectively argue the relevance of that information without discussing it.
8  However, Gordon claims that information is confidential.  Filing the Motion and Newman
9  Decl. under seal will allow the Court to strike an effective balance between Defendants'
10 legitimate discovery requests and any legitimate interest Gordon may have in preserving
11 the confidentiality of his settlement discussions.  Accordingly, good cause exists for filing
12 the Motion and Newman Decl. under seal.

13 In addition, Paragraph 13 of the Protective Order provides as follows: "All
14 materials containing CONFIDENTIAL INFORMATION that are submitted to the
15 Court... shall remain confidential and shall be accorded in camera treatment."  Defendants
16 do not believe the information in the Motion and Newman Decl. is confidential.
17 However, for Plaintiffs' benefit they have marked those documents "CONFIDENTIAL
18 INFORMATION" and are moving to file them under seal, to ensure this Court reviews
19 them *in camera* pursuant to the Protective Order.

21 DATED this 11th day of January, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

DEFS.' MOT. FOR LEAVE TO FILE
UNDER SEAL THEIR MOT. TO COMPEL - 2
(CV06-0204JCC)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800