Douglas E. McKinley, Jr.
PO Box 202
Richland WA, 99352
(509) 628-0809

MERKLE SIEGEL & FRIEDRICHSEN, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 624-9392

THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM', <br><br> Plaintiff, <br><br> v. <br><br> VIRTUMUNDO, INC, a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, I-X, <br><br> Defendants. | NO. CV06-0204JCC <br><br> **PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE MOTION FOR UNDERTAKING** |

PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE
MOTION FOR UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC., ET AL.-i

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Plaintiffs file this Surreply pursuant to LR 7(g) of the Local Rules for the U.S. District Court for Western District of Washington. Plaintiffs request the Court to strike the following material contained in Defendants' Reply In Support Of Defendants' Motion For An Undertaking.

**1. Much Of Defendants' "Reply" Should Be Stricken.** Defendants' so-called "Reply" is anything but. It is replete with new material, mostly redacted portions of Gordon's deposition testimony, taken completely out of context from a "draft" transcript, and providing no opportunity for Plaintiffs to respond, or for the Court to be appropriately advised of the totality of Gordon's testimony. On that basis alone the cited deposition testimony should be stricken.

**2. Plaintiffs' Motion For Partial Summary Judgment Constitutes And Should Be Taken As A Substantive Response.** Defendants disingenuously claim that Plaintiffs have failed to "Respond" to their Motion For An Undertaking. Plaintiffs move to strike Defendants' claim in this regard. Plaintiffs moved for relief from deadline in response to Defendants' Motion specifically in order that Plaintiffs be given the opportunity to first file their Motion For Summary Judgment. Accordingly, Plaintiffs' pending Motion was intended and should be considered as their Response to Defendants' Motion. Thus, Plaintiffs' clearly did not "fail" to *contest* Defendants' Motion, and there is no basis to award attorney fees against them.

**3. Defendants' Misstatements Re Plaintiffs' Status As An "IAS".** Defendants erroneously assert that Plaintiffs have not advanced factual support for their claim that they qualify as an Internet Access Service ("IAS") under the Act. Such an assertion should be stricken or disregarded as it is plainly contradicted by the record. In support of their claim, Defendants cite deposition testimony by Mr. Gordon which is, at best, unclear on its face. However, even if the Court assumes the facts alleged, and accepts Defendant's characterization

PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE
MOTION FOR UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC., ET AL.-1

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

of Gordon's testimony, the Court need only look at the Declarations of both Gordon and his client/customers submitted in support of Plaintiffs' Motion to recognize that the Plaintiffs have advanced significant factual support for the claim that they are indeed an IAS. The Declarations of the various clients/customers of Gordon and Omni clearly demonstrate that Plaintiffs provide internet domain hosting services to these various clients/customers, and host their clients' domains on their dedicated server. These facts alone qualify Plaintiffs as an IAS under the Act. The issue of whether Plaintiffs *provide* email accounts, or whether that is more properly characterized as something Go-Daddy does is irrelevant to this determination.

4.  **Defendants' Claim Re Plaintiffs' So-Called "Concession".** Never have Plaintiffs stated, or otherwise indicated that their claims against Defendants are limited only to the "from" line violations articulated in Plaintiffs' Motion. Defendants emphasize and rely upon tortured, and equivocal testimony from Gordon concerning whether he was "actually" misled by any of the "subject" or "from" lines in the subject emails. However, nowhere in either Can-Spam, or CEMA is there any requirement that a particular plaintiff need be "actually" misled about anything in order to sustain a statutory violation. Further, a reading of the transcript testimony submitted by Defendants readily shows that Mr. Gordon, far from conceding that no other violations exist, is replete with statements concerning his position that some of the "subject" lines were misleading, and did "misrepresent". Again, whether or not Mr. Gordon read any particular "subject" or "from" lines at the time he received them, or whether they "actually" misled him in some way, is of no consequence to the merits of his statutory claims herein.

5.  **Plaintiffs Move To Strike Defendants' Statement "Gordon's testimony indicates this lawsuit is frivolous".** Once again, Defendants completely misconstrue the Can-

PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE
MOTION FOR UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC., ET AL.-2

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

Spam Act, and choose to entirely ignore the Washington CEMA. Neither statute requires that email be "unsolicited" in order that it may violate the statute. Both acts are wholly proscriptive in that they prohibit certain conduct on the part of the senders of commercial email, but require no affirmative acts whatsoever on the part of recipients of such email. That is, it is entirely possible for senders such as Defendants to violate both statutes by virtue of how their emails are constructed, regardless of whether a recipient may have "opted-in", or "subscribed" to a website, directly or indirectly, to receive marketing materials. Neither statute requires that for an email to be actionable that it be "unsolicited". The definition section of Can-Spam § 7702. states in pertinent part:  *(2) Commercial electronic mail message (A) In general*

> *The term "commercial electronic mail message" means any electronic mail message the primary purpose of which is the commercial advertisement or promotion of a commercial product or service (including content on an Internet website operated for a commercial purpose).*

Can-Spam only discusses the issue of "opting-in" or "subscribing" insofar as it provides a wholly optional mechanism for recipients to "opt-out". And, under CEMA, consistent with the intent of the statute, there is conspicuously no mention of "opt-in", or "opt-out" whatsoever. Accordingly, even taking Defendants allegations as true, their allegations in this regard, and defenses based thereon, are wholly irrelevant, and should therefore be stricken.

6. **Plaintiffs Move To Strike Defendants' Statements Re "Gordon's "status as a professional plaintiff".** Defendants contend that the fact that Mr. Gordon has sought in other lawsuits to enforce his rights under the anti-spam statutes somehow makes his claims here "frivolous". Lacking any viable counterclaim that Mr. Gordon has violated any law, such a statement is entirely irrelevant to the issues at hand, and should be stricken. Plaintiffs are in good company with the likes of other IASs and ISPs such as Microsoft, AOL, Yahoo, Earthlink, and others who routinely bring such actions against spammers such as Defendants.

PLAINTIFFS' SURREPLY TO DEFENDANTS' REPLY RE
MOTION FOR UNDERTAKING
GORDON v. VIRTUMUNDO GROUP, INC., ET AL.-3

**MERKLE SIEGEL & FRIEDRICHSEN**
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-624-9392
Fax: 206-624-0717

1

2  **RESPECTFULLY SUBMITTED** this 16th day of January, 2007.

3  DOUGLAS E. MCKINLEY, JR.                    MERKLE SIEGEL & FRIEDRICHSEN, P.C.
   Attorney at Law
4

5  /S/ Douglas E. McKinley, Jr.                /S/ Robert J. Siegel
   Douglas E. McKinley, Jr., WSBA #20806       Robert J. Siegel, WSBA #17312
6  Attorney for Plaintiffs                     Attorney for Plaintiffs

7                          **Certificate of Service**

8  I, hereby, certify that on January 16th, 2007, I filed this affidavit with this Court via approved
9  electronic filing, and served the following:
   Attorneys for Defendants: Derek A. Newman, Newman & Newman.

10 
11  Adana Lloyd

12

13

14

15

16

17

18

19

20

21

22

23

24

25