MERKLE SIEGEL & FRIEDRICHSEN, P.C.
Robert J. Siegel
1325 Fourth Ave., Suite 940
Seattle, WA 98101
(206) 624-9392

THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON, SEATTLE

JAMES S. GORDON, Jr., a married individual; OMNI INNOVATIONS, LLC., a Washington limited liability company;

    Plaintiffs,

v.

VIRTUMUNDO, INC, a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, I-X,

    Defendants.

NO. CV06-0204JCC

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL SETTLEMENT AGREEMENTS**

[Hearing Noted Without Oral Argument for January 26, 2007]

Plaintiffs James S. Gordon, Jr., and Omni Innovations, LLC by and through their undersigned attorney of record, respond to Defendants' Motion Compel Discovery as follows:

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL DISCLOSURE
OF CONFIDENTIAL SETTLEMENT AGREEMENTS -1
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

Defendants seek to compel Plaintiffs to disclose the contents of confidential settlement agreements. This request is improper, not calculated to lead to the discovery of admissible evidence, and is wholly irrelevant to the issues presented in this lawsuit.

**1.  Defendants' Request Is *Irrelevant* – Not Calculated To Lead To The Discovery Of Admissible Evidence.** Defendants' request is not calculated to lead to the discovery of admissible evidence, and is only posed to intimidate and harass Plaintiffs. In support of their Motion, Defendants make much of deposition statements by Mr. Gordon indicating that his settlements in anti-spam lawsuits have provided him with a source of income. Of course, Gordon has never denied this. In fact, Mr. Gordon, much like his much larger anti-spam ISP counterparts such as Microsoft, AOL, Earthlink, takes pride in his efforts in this regard. Nonetheless, the terms of settlements with other defendants, which are all understandably confidential pursuant to those settlement agreements, are completely irrelevant to the issues at hand in this lawsuit. Whether Gordon has brought 1 or 1 million other spam lawsuits, and whether he has settled those for $1 or $1 million dollars, has no bearing whatsoever on the claims asserted in this lawsuit, ie., whether <u>Defendants</u>' commercial emails violate the anti-spam statutes. Defendants simply have not pled any affirmative defenses or counterclaims against Plaintiff to which the confidential settlement agreements would be relevant.

**2.  The Confidential Settlements Are Not Relevant To Defendants' Affirmative Defenses.** Defendants' arguments in this regard are a desperate ruse.

    **a.  Failure To Mitigate – There Is No Duty To Mitigate.**

Defendants claim that Gordon's testimony about and disclosure of the confidential settlements may "indicate a strong motivation to <u>create</u> damages to increase his income through settlements, rather than mitigating." However, as

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCLOSURE OF CONFIDENTIAL SETTLEMENT AGREEMENTS -2
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

Plaintiffs have argued in other briefs to this Court, it is axiomatic that statutory damages such as those sought here by Plaintiffs are not subject to the defense of failure to mitigate.

**b.   Accord And Satisfaction.**   Defendants argue that if they are allowed to know the details of the confidential settlements, they may find out that Gordon has already been compensated by some other party for the unlawful email alleged against them. However, even if Gordon has already been compensated by some other party for the unlawful email sent by the Defendants, such is irrelevant to Gordon's claims in the instant action.

First, taking Defendants' contention as true on its face indicates that Defendants anticipate possibly discovering a prior Gordon settlement agreement that somehow releases them – Defendants. That is, that somehow, unknown to them, they were made a party to a prior Gordon settlement. If that were the case, they would presumably have known of that privity relationship previously. *Accord and satisfaction* is a doctrine and/or defense that would only apply as to parties in such contractual privity. Thus, lacking that privity, the defense asserted does not create relevance here as Defendants would argue.

Washington's Commercial Electronic Email Statute, RCW 19.190 et seq. (hereafter the "Act") generally prohibits falsity and deception in commercial electronic mail messages. Overlapping prohibitions in the Act simultaneously apply to those who "initiate the transmission" of false or deceptive messages, to those who "conspire with another to initiate the transmission" of false or deceptive messages, and to those who "assist [in] the transmission" of false or deceptive messages. See RCW 19.190.020. It is obvious from a plain reading of the Act that several persons may each violate

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCLOSURE
OF CONFIDENTIAL SETTLEMENT AGREEMENTS -3
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

1  separate prohibitions in the Act in the transmission of a single commercial electronic
2  mail message, (eg. one individual may have liability for "initiating" transmission, and
3  another for "assisting" transmission of the same message). The provisions of CAN
4  SPAM also provide for this same, overlapping liability.

6  The purpose of the both statutes are clearly punitive in nature. Before passing
7  the Act, both the Washington State legislature and Congress heard copious testimony
8  that the specific conduct prohibited by the statutes cost businesses thousands of hours
9  in lost productivity and millions of dollars in wasted costs. Both Congress and the
10 Washington legislature sought to discourage that conduct by exposing persons sending,
11 assisting in sending, and conspiring to send false and deceptive commercial mail
12 messages to significant financial liability, often vastly exceeding actual damages.

14 Thus, as prescribed by both statutes, Mr. Gordon is seeking to impose a penalty
15 for the Defendant's ongoing violations. The Defendants stand accused as separate
16 entities, each of whom are accountable for their own violations of the Act. Just as the
17 prior conviction of a criminal does not operate to prevent the subsequent prosecution of
18 a different criminal, even if Gordon had at some point settled claims with others for their
19 violations of the statutes, such an act would simply not excuse separate entities, who
20 were not parties to the agreements, for their own violations of the statutes.

22 Generally speaking, the pursuit of a claim against one individual will not bar the
23 pursuit of the same claim against another. See Restatement (Second) of Judgments §
24 49 (1982) ("A judgment against one person liable for a loss does not terminate a claim

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCLOSURE
OF CONFIDENTIAL SETTLEMENT AGREEMENTS -4
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

that the injured party may have against another person who may be who may be liable therefore."); *id.* § 49 cmt. a ("Accordingly, a judgment for or against one obligor does not result in merger or bar of the claim that the injured party may have against another obligor."). Each defendant is liable for their own conduct regardless of the disposition of a separate prosecution against a different party for their separate conduct, even if the various defendants' prohibited acts were related. Any prior settlements are therefore simply not relevant to the claims at issue.

2. **Mr. Gordon's Ability To Pay A Judgment For Fees.** Again, Defendants are reaching into the absurd for this argument. They attempt to justify their request for confidential settlements arguing that how much Gordon may have received in those settlements is somehow relevant to their wholly unfounded motion for an undertaking, to force Gordon to post a prohibitive bond for their fees. Although amusing for its brazenness and creativity, this argument is plainly not seeking information that is relevant to the claims and defenses, as Gordon's ability to post a bond is not relevant to the legal determination that he be required to do so. Under the Defendant's theory, every litigant before the Federal Court would be exposed to having all of their entire financial information, including tax returns and related records, available to the opposing side in discovery, simply because the opposing party included a prayer for attorney fees.

3. **There Will Be No Prejudice To Defendants If They Are Kept From Knowing The Terms Of The Confidential Gordon Settlements.** Defendants argue without any explanation that they will somehow be prejudiced if the Court denies this

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL DISCLOSURE
OF CONFIDENTIAL SETTLEMENT AGREEMENTS -5
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

1 | Motion. However, there will be no prejudice to Defendants if the confidentiality of the
2 | Gordon settlements is protected. In fact, in denying Defendants' Motion, the Court will
3 | be avoiding prejudice to Gordon, and to those other parties with whom Gordon has
4 | contracted for confidentiality.
5 | In light of the foregoing, Plaintiffs request the Court to deny Defendants' Motion.
6 | **RESPECTFULLY SUBMITTED** this 22nd day of January, 2007.

**i.Justice Law, P.C.**

/S/ Robert J. Siegel
Robert J. Siegel, WSBA #17312
Attorneys for Plaintiffs

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS'MOTION TO COMPEL DISCLOSURE
OF CONFIDENTIAL SETTLEMENT AGREEMENTS -6
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, P.C.
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717