**The Honorable John C. Coughenour**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on the Motion for Summary Judgment of Defendants Virtumundo, Inc., Adknowledge, Inc., and Scott Lynn (collectively "Defendants"). Having reviewed the Complaint, Defendants' Motion for Summary Judgment and the Declarations of Dr. Neal Krawetz, Derek Linke and Derek Newman in support thereof, Plaintiff's Response to Defendants' Motion for Summary Judgment, and Defendants' Reply in Support of the Motion for Summary Judgment, the Court finds and rules as follows:

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Dockets.Justia.com

1. No genuine issue of material fact exists with respect to the issues raised by Defendants in their Motion.

2. The effective date of CAN-SPAM, 15 U.S.C. § 7701 *et seq.*, was January 1, 2004. 15 U.S.C. § 7701 (note).

3. At some time prior to 2003, Plaintiff Gordon assigned email accounts at the <<gordonworks.com>> host to family members and others. Gordon did not charge users for such accounts. (Gordon's Response to Virtumundo Interrogatory No. 24.)

4. The technical aspects of providing email services in connection with such accounts were accomplished not by Gordon himself, but by his hosting provider (currently GoDaddy.com. Inc. ("GoDaddy")). (Gordon Dep. At 213:25.)

5. At some time in 2003, prior to the effective date of CAN-SPAM, the individuals to whom Plaintiff Gordon had assigned email accounts at the <<gordonworks.com>> host relinquished those accounts. (Gordon Dep. at 472:14.)

6. After May 2005, Plaintiff Omni Innovations, LLC ("Omni") associated certain domain names registered to third parties with the server it leases from GoDaddy, and assigned users email accounts at those domains. Omni did not charge users for these services. (Omni's Response to Virtumundo Interrogatory No. 22.)

7. The technical aspects of providing such domain name services and email services in connection with such accounts were accomplished not by Omni itself, but by its hosting provider (currently GoDaddy). (Gordon Dep. at 109:2.)

8. Neither plaintiff has offered any evidence of actual damages or adverse affect. (Gordon Dep. at 319-327.)

9. The "from" lines of Defendants' emails include return addresses at domain names registered to Defendants, contact information for which is available through WHOIS. (Krawetz Rpt. at 15; Krawetz Decl. at 20.)

10. Defendants' email headers allow Defendants to be easily identified and located.

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. CV06-0204C - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  (Krawetz Rpt. at 24.)

2  11.  Defendants are accurately identified in the "from" lines of their emails. (Krawetz Rpt. at 15.)

3  12.  Section 7704(a)(2) of CAN-SPAM prohibits a person from transmitting commercial email:

> if such person has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message

13.  Plaintiffs have failed to establish that Defendants knew, or should have known on the basis of objective circumstances, that any subject heading of their emails would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message.

14.  Plaintiffs have failed to establish that Defendants initiated the transmission of a commercial electronic mail message that does not contain a functioning return electronic mail address. 15 U.S.C. §7704(a)(3)(a).

15.  Plaintiffs have failed to establish that Defendants initiated the transmission of a commercial electronic mail message to a recipient who had previously submitted, in a manner specified in the message, a request not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received, and who had not thereafter affirmatively consented to receive such messages. 15 U.S.C. §7704(a)(4).

16.  Plaintiffs have failed to establish that Defendants initiated the transmission of any commercial electronic message to a protected computer in which the message did not provide: i) clear and conspicuous identification that the message is an advertisement or solicitation; (ii) clear and conspicuous notice of the opportunity to decline to receive further commercial electronic mail messages from the sender; or (iii) a valid physical postal address of the sender. 15 U.S.C. §7704(a)(5).

17.  Plaintiffs have failed to establish that Defendants violated section 7704 (a)(1), (b),

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV06-0204C - 3

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

or (d) of this title, or have engaged in a pattern or practice that violates paragraph (2), (3), (4), or (5) of section 7704 (a).

18. Plaintiffs have failed to establish that Defendants initiated the transmission of any emails that fail to contain a working unsubscribe link.

19. Plaintiff Gordon has failed to establish that he is a provider of Internet access service adversely affected by a violation of section 7704 (a)(1), (b), or (d) of CAN-SPAM, or by a pattern or practice that violates paragraph (2), (3), (4), or (5) of section 7704 (a). Plaintiff Gordon therefore lacks standing under CAN-SPAM.

20. Plaintiff Omni has failed to establish that it is a provider of Internet access service adversely affected by a violation of section 7704 (a)(1), (b), or (d) of CAN-SPAM, or by a pattern or practice that violates paragraph (2), (3), (4), or (5) of section 7704 (a). Plaintiff Omni therefore lacks standing under CAN-SPAM.

21. Defendants' emails contain header information that is not materially false or materially misleading. 15 U.S.C. § 7704(a)(1)(b).

22. Defendants' email headers are not false or misleading for the purposes of CAN-SPAM. 15 U.S.C. § 7706(a)(1). Omega World Travel, Inc. v. Mummagraphics, Inc., 469 F. 3d 348 (4th Cir. 2006).

23. Defendants have not falsified or obfuscated transmission paths for the purposes of Washington's Commercial Electronic Mail Act, RCW 19.190.020. Benson v. Or. Processing Serv., 2007 Wash. App. LEXIS 31 (Wash. Ct. App. 2007).

24. Email accounts that have been relinquished by their users are not "held by a Washington resident" for the purposes of Washington's Commercial Electronic Mail Act, RCW 19.190.020.

25. Plaintiff Gordon does not provide services to others and is thus not an "interactive computer service" as defined in RCW 19.190.

26. Plaintiff Gordon's claims under RCW 19.190.20 are dismissed to the extent that they are based on email messages received by accounts that had been relinquished

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV06-0204C - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

by their users prior to the date and time the messages were received.

27. Washington's Commercial Electronic Mail Act is preempted to the extent that it conflicts with the national standard established by CAN-SPAM. <u>Omega World Travel, Inc. v. Mummagraphics, Inc.</u>, 469 F. 3d 348 (4th Cir. 2006).

28. RCW 19.190.20 conflicts with CAN-SPAM to the extent that it seeks to impose liability for false or misleading information in the subject line regardless of whether the person initiating the message "has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message."

29. RCW 19.190.20 conflicts with CAN-SPAM to the extent that it seeks to impose liability for individual instances of false or misleading information in the subject line, rather than a pattern or practice of false or misleading information in the subject line as determined in a manner consistent with No. 28 above.

30. Plaintiffs have failed to establish a pattern or practice of false or misleading subject lines by Defendants.

31. Plaintiffs have failed to offer any evidence that defendant Scott Lynn is directly or indirectly liable for any of the acts complained of in the Complaint.

32. CAN-SPAM allows standing for providers of Internet access service "adversely affected" by a violation of certain of its provisions. 15 U.S.C. § 7706(g)(1). Thus, evidence of actual damages is required to establish standing, even if a plaintiff is seeking only statutory damages under the Act. <u>Id</u>.

33. An account that has been "relinquished" by its user is inactive, notwithstanding the fact that it can still receive and accumulate email messages.

34. Email messages sent to inactive accounts cannot provide a basis for standing under CAN-SPAM, because they do not represent services provided to customers.

35. Defendants are entitled to summary judgment.

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV06-0204C - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

36. Plaintiffs' CAN-SPAM claims are dismissed with respect to emails sent before January 1, 2004.
37. All claims against defendant Scott Lynn are dismissed with prejudice.
38. Plaintiff Omni's CAN-SPAM claims are dismissed with prejudice.
39. Plaintiff Gordon's CAN-SPAM claims are dismissed with prejudice.
40. Plaintiff Omni's CEMA claims are dismissed with prejudice.
41. Plaintiff Gordon's CEMA claims are dismissed with prejudice.
42. Defendants are entitled to their reasonable attorneys' fees and costs in defending this lawsuit. Defendants are directed to file an accounting with respect thereto and Plaintiff may respond within 7 calendar days of that accounting.

It is HEREBY ORDERED. The Clerk of the Court is directed to enter judgment in favor of Defendants.

DATED this ____ day of ____ 2007.

_____
UNITED STATES DISTRICT JUDGE

///
///
///
///
///
///
///
///
///

Presented by:

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CASE NO. CV06-0204C - 6

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

By: _____
Derek A. Newman, WSBA #26967
Roger M. Townsend, WSBA #25525

NEWMAN & NEWMAN ATTORNEYS AT LAW, LLP
505 Fifth Ave South, Suite 610
Seattle, WA 98104
Phone (206) 274-2800
FAX (206) 274-2801

Attorneys for Defendants Virtumundo, Inc.;
Adknowledge, Inc.; and, Scott Lynn

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT
CASE NO. CV06-0204C - 7

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800