The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY OF TESTIMONY RE SETTLEMENTS**<br><br>NOTE ON MOTION CALENDAR: January 26, 2007 |

## I. INTRODUCTION

In their Response in Opposition (the "Opposition") to Defendants' Motion to Compel Discovery of Testimony re Settlements (the "Motion"), Plaintiffs broadly aver that the settlement agreements sought by Defendants (the "Settlement Agreements") are not relevant to Defendants' affirmative defenses and are not calculated to lead to the discovery of admissible evidence. Plaintiffs' argument is based on an impermissibly narrow interpretation of the standards governing discovery. "Litigants 'may obtain

REPLY RE DEFS.' MOT. TO COMPEL DISCOVERY RE SETTLEMENTS - 1 (CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005), quoting FED. R. CIV. P. 26(b)(1). For purposes of discovery, relevance is defined broadly to include "all information 'reasonably calculated to lead to the discovery of admissible evidence'". Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992), quoting FED. R. CIV. P. 26(b)(1).   The Settlement Agreements meet this broad standard because they will lead to evidence regarding Plaintiffs' standing and Defendants' affirmative defenses.

## II.    ARGUMENT

### A.    The Settlement Agreements will lead to the discovery of admissible evidence regarding plaintiffs' standing under CAN-SPAM.

Plaintiffs' argument that Defendants can be penalized notwithstanding Plaintiffs' having received substantial settlements from other unrelated defendants misses the point. The CAN-SPAM act, 15 U.S.C. § 7701 *et seq.*, ("CAN-SPAM" or "the Act") includes a limited private right of action for "provider(s) of Internet access service" who are "adversely affected" by a violation. 15 U.S.C. § 7706(g)(1).3.  If Plaintiffs have been fully compensated - and more - for the damages they claim were caused by Defendants (such as load on their computers), they lack standing under CAN-SPAM because they were not adversely affected by Defendants' alleged actions.

Although the Act authorizes statutory damages, the plain language of the precludes recovery by a provider who has not suffered actual damages in the first instance.  The Settlement Agreements are reasonably calculated to lead to the discovery of admissible evidence on this issue.  Plaintiff Gordon admits he suffered no actual damages from the unsolicited commercial email he allegedly received from Defendants, (Dkt. #15 at 19:18-20), and at his deposition admitted that the receipt of unsolicited commercial email actually benefits him. (Newman Declaration In Support of Defendant's Motion for Summary Judgment ("Newman Decl.") (Dkt. No. 101), ¶ 2 Ex. A at 218:3 - 219:3 ("I'm doing research on the spam that I receive, and there is a benefit in receiving spam because

REPLY RE DEFS.' MOT. TO COMPEL
DISCOVERY RE SETTLEMENTS - 2
(CV06-0204JCC)

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

of that.").)

Mr. Gordon's testimony in this regard conflicts with his responses to Virtumundo's Interrogatory No. 17, in which he claimed that he was adversely affected by Defendants' emails because they "use up bandwidth on my server, interfere with my interactive service business, clog my computer, require wasted time to deal with, are unlawful; and violate my right to privacy and the sanctity of my personal space, and right to be free from intrusive solicitation." (Dkt. 102-11). Omni made substantially identical claims in its response to Virtumundo Interrogatory No. 17. (Dkt. 102-9). The Settlement Agreements are likely to demonstrate that these are the same damages that Plaintiffs have alleged were caused by defendants to Plaintiffs' past lawsuits. The Settlement Agreements are further likely to reveal that Plaintiffs have been compensated for these exact (alleged) damages, and that in any case Plaintiffs do not have any factual basis upon which to allocate such damages to any particular defendant.

By way of example, Mr. Gordon previously admitted that he has not come close to using the bandwidth provided with his account with his hosting provider, GoDaddy. (Gordon Dep. 110:16-20) (Dkt. No. 101, Exh. A). To the extent that the Settlement Agreements reveal that Mr. Gordon has already been compensated for *all* the bandwidth he used, he has no uncompensated damages in that regard, and thus has not been "adversely affected" by Defendants' alleged use of his bandwidth. As such, the Settlement Agreements are relevant to whether Plaintiffs have been adversely affected by Defendants' alleged violations of CAN-SPAM, and are properly discoverable under Rule 26(b)(1) of the Federal Rules of Civil Procedure.

**B. The Settlement Agreements will lead to the discovery of admissible evidence regarding Defendants' affirmative defenses.**

Plaintiffs assert that statutory damages such as those sought by Plaintiff are not subject to the defense of failure to mitigate. The failure to mitigate defense is not briefed herein and is an unresolved issue. The court should not rule on whether there is a mitigation of damages defense until the issue becomes ripe for consideration. In the

REPLY RE DEFS.' MOT. TO COMPEL
DISCOVERY RE SETTLEMENTS - 3
(CV06-0204JCC)

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  meantime, evidence relevant to that defense is discoverable.

2  Whether or not Plaintiffs' position on mitigation of damages is correct, the
3  Settlement Agreements are relevant to other affirmative defenses. Defendants' Answer
4  (Dkt. No. 31) asserts numerous equitable defenses to Plaintiffs' claims, including, *inter
5  alia*, unclean hands. Id. at ¶ 6.4. This affirmative defense is based in part on Gordon's
6  admission that he trumps up lawsuits, solicits unsolicited commercial email from
7  so-called "clients" for the purpose of collecting statutory damages, and shares his
8  litigation awards with those who provide him with the email he claims damages him. (Id.
9  ¶ 2 Ex. A at 416:5 - 417:6.). The Court should discourage manufacturing lawsuits by
10 exercising its inherent equitable authority to declare that Plaintiffs' claims are barred by
11 the equitable doctrine of unclean hands. Again, whether the affirmative defense has merit
12 is not before the Court. Until the issue is ripe for consideration, the facts to support the
13 defense are discoverable. The Settlement Agreements are relevant to demonstrate the
14 extent of Plaintiffs' self-admitted "spam business" (Gordon Dep. 118:2-6), and thus are
15 properly discoverable to prove unclean hands.

### III. CONCLUSION

The Settlement Agreements are reasonably calculated to lead to the discovery of admissible evidence regarding Plaintiffs' standing under CAN-SPAM and the applicability of Defendants' affirmative defenses. Defendants' Motion should therefore be granted.

DATED this 26th day of January, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants