1  The Honorable John C. Coughenour

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DEFENDANTS' MOTION TO EXCLUDE TESTIMONY FROM LATELY DISCLOSED WITNESSES OR TO COMPEL THEIR DEPOSITIONS**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>March 30, 2007 |

## I. INTRODUCTION

Plaintiffs James S. Gordon, Jr. ("Gordon") and Omni Innovations, LLC ("Omni") (together, "Plaintiffs") disclosed seven (7) new witnesses after the December 15, 2006 discovery cutoff. Consequently, Defendants have suffered prejudice by not cross-examining these witnesses in preparation for trial. Defendants respectfully request that the Court exclude any testimony from these witnesses pursuant to FED. R. CIV. P. 37(c)(1). In the alternative, Defendants request the Court compel Plaintiffs to provide Defendants with an opportunity to depose the witnesses to evaluate their credibility and

DEFS.' MOT. TO COMPEL OR EXCLUDE
[NO. CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

reconcile their testimony with the representations of Mr. Gordon.

## II. FACTS

**A.   Plaintiffs Disclosed Seven New Fact Witnesses After the Discovery Cutoff**

The discovery cutoff in this case was December 15, 2006.  (Stipulation and Order Modifying Cutoff for Discovery Motions (Dkt. #67) at 1:24-25.)  After the cutoff, Plaintiffs filed their Motion for Partial Summary Judgment.  (Dkt. #53.)  In support of that motion, Plaintiffs served the declarations of seven new witnesses: Anthony Potts, Bonnie Gordon, Emily Abbey, Jamila Gordon, Jay Gordon, Jonathan Gordon, and Russell Flye.  (Dkt. #56-62.)  None of these witnesses were mentioned in Plaintiff's June 5, 2006 Initial Disclosures (Dkt. #25), and Plaintiffs never supplemented their original disclosures. (Declaration of Roger Townsend in Support of Defendants' Motion to Compel or Exclude ("Townsend Decl.") ¶ 2.)

On December 20, 2006, counsel for Defendants sent a letter to Plaintiffs' counsel requesting the opportunity to depose Plaintiffs' seven (7) new witnesses.  (Townsend Decl. ¶ 3 Ex. A.)  The letter noted "Defendants have incurred substantial prejudice as a result of your failure to timely disclose these witnesses."  (Id.)  It also provided as follows:

> We are hopeful that you will realize the improper nature of relying on witnesses in support of your case-in-chief and will voluntarily agree to make the seven new witnesses available for depositions prior to January 15, 2006 [sic].

(Townsend Decl. ¶ 3 Ex. A.)

DEFS.' MOT. TO COMPEL OR EXCLUDE
[NO. CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**B.  Defendants Have Not Had Sufficient Opportunity to Depose Plaintiffs' Late-Disclosed Witnesses**

On December 27, 2006, a week after Defendants' counsel asked to depose Plaintiffs' new witnesses, Plaintiffs' counsel responded with an email. (Townsend Decl. ¶ 4 Ex. B.) The email only referred to three of the seven new witnesses, and did not provide any contact information for them. (Id.) The email suggested some possible deposition dates. Notably, while Defendants' counsel had requested the depositions take place <u>before</u> January 15, Plaintiffs indicated January 15 was the earliest date on which the first of the depositions could take place. (Id.) Plaintiffs' counsel later sent an email regarding one more witness, but again provided no contact information which would enable Defendants to contact her directly. (Id. ¶ 5 Ex. C.)

As the docket indicates, January 2007 was a busy month for the parties in this case which the parties reasonably calculated may lead to a final resolution through summary judgment or settlement through mediation. Defendants filed their response to Plaintiffs' Motion for Partial Summary Judgment, as well as supporting declarations, on January 8, 2007. (Dkt. #82-84.) The court-ordered deadline for Defendants to file their own Motion for Summary Judgment was January 22, 2007. (Dkt. #50 at 3:7-8.) Defendants complied with this deadline, and filed the motion and supporting declarations on that date. (Dkt. #98-102.)

The following month, Defendants again contacted Plaintiffs' counsel regarding the depositions. (Townsend Decl. ¶ 7.) On February 21, 2007, counsel for Defendants sent an email to Plaintiffs' counsel stressing the need to conduct depositions of Plaintiffs' late-disclosed witnesses as soon as possible. (Id. ¶ 7 Ex. D.) Plaintiffs never provided an adequate response. (Id.) On March 13, 2007, the case mediator filed his notice advising that the Fed. R. Civ. P. 39.1 mediation had officially concluded without settlement. (Dkt. # 113). On the same date, Defendants' counsel followed up with a letter providing as follows:

> This follows up our conversation from last week regarding

DEFS.' MOT. TO COMPEL OR EXCLUDE
[NO. CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> depositions in the above referenced matter. Effective today, settlement discussions have officially ended. (*See* Dkt. # 113). Accordingly, we need to arrange for depositions to be conducted as soon as possible.

(Townsend Decl. ¶ 8 Ex. E.)

However, Plaintiffs' counsel now refuses to cooperate in arranging the depositions of Plaintiffs' late-disclosed witnesses. (Townsend Decl. ¶ 9.) Despite Plaintiffs' failure to provide contact information for any of their late-disclosed witnesses, failure to mention possible deposition dates for several of them, and repeated delays in responding to Defendants' requests, Plaintiffs' counsel now ironically claims Defendants are "late" in requesting depositions. (Id. ¶ 9 Ex. F.) "Accordingly," Defendants' counsel writes, "we will oppose your attempt to depose those witnesses now." (Id.)

Defendants do not have contact information for Plaintiffs' late-disclosed witnesses and therefore cannot serve subpoenas on them. (Townsend Decl. ¶10.) Upon information and belief, many of the witnesses are family members of Plaintiff Gordon (Bonnie Gordon, Jamila Gordon and Jonathan Gordon) domiciled in the same household and, therefore, Plaintiff is in a position to facilitate arranging depositions. Moreover, at least one of the witnesses, Emily Abbey, is represented by Plaintiffs' counsel in separate litigation brought under the same email statutes at issue in the present matter. (*see e.g., Emily Abbey at el v. Ascentive LLC et al* (2:06-cv-01284-TSZ); see also *Emily Abbey at el v. Inviva Inc et al*, (2:06-cv-01537-JCC)). In fact, Plaintiffs obtained declarations from all seven (7) witnesses, and it is therefore reasonable to expect Plaintiffs can enable the requested depositions at mutually convenient times and locations even though their late-disclosed witnesses are non-parties to the instant litigation. (Id.)

**C.  The Parties' Compliance with Fed. R. Civ. P. 37 Meet and Confer Requirements**

Counsel for the parties discussed the need for further depositions on March 14, 2007. (Townsend Decl. ¶ 11 Ex. F.) Defendants' counsel insisted on taking the depositions and Plaintiffs' counsel insisted on opposing Defendants' efforts. (Id. ¶ 11.)

DEFS.' MOT. TO COMPEL OR EXCLUDE [NO. CV06-0204JCC]

NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  Accordingly, Defendants' counsel sent an email to Plaintiffs' counsel providing as
2  follows:

> Per our discussion today, we will move to compel depositions of the individual customers. If you believe further discussion would be fruitful, then we are available to discuss arrangements to facilitate their depositions.

(Townsend Decl. ¶ 11 Ex. F.) Plaintiffs' counsel has not changed his position.

### III. ARGUMENT & AUTHORITY

**A.   Standards for Granting Discovery Motions**

FED. R. CIV. P. 37(c)(1) provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

In <u>Wong v. Regents of the University of California</u>, 410 F.3d 1052, 1062 (9th Cir. 2005), the Ninth Circuit emphasized Rule 37(c)(1) "excludes evidence from an untimely disclosed witness unless 'the parties' failure to disclose the required information is substantially justified or harmless.'" <u>Id</u>. (citing <u>Yeti by Molly, Ltd. v. Deckers Outdoor Corp.</u>, 259 F.3d 1101, 1106 (9th Cir. 2001)). The <u>Wong</u> court upheld the district court's decision to strike a late-disclosed witness, and noted the importance of following deadlines:

> If Wong had been permitted to disregard the deadline for identifying expert witnesses, the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. <u>Disruption to the schedule of the court and other parties in that manner is not harmless.</u> Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

<u>Wong</u>, 410 F.3d at 1062. (emphasis added).

This Court is equally intolerant of parties' efforts to ignore case deadlines. In a

DEFS.' MOT. TO COMPEL OR EXCLUDE
[NO. CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  case similar to this one, the plaintiffs disclosed eight witnesses after the discovery cutoff,

2  and the Court prohibited them from using testimony from any of those witnesses:

> [After the discovery cutoff,] Plaintiffs provided a supplemental witness disclosure to Defendants. This disclosure is untimely. Plaintiffs have not provided a reasonable excuse for the untimeliness of the disclosure. And the untimely disclosure, if allowed, would be prejudicial to Defendants because the disclosure took place after the discovery deadline... Plaintiffs are therefore prohibited from using as evidence any of the eight witnesses listed in the untimely disclosure.

Eden v. Washington State Patrol, 2006 U.S. Dist. LEXIS 77119, *2 (W.D.Wash. Oct. 11, 2006) (Pechman, J.).

**B.     This Court Should Either Compel Depositions of Plaintiffs' Late-Disclosed Witnesses or Strike Their Testimony**

A party suffers prejudice if the opposing party's failure to cooperate in discovery "impair(s) the [discovering party's] ability to go to trial." Adriana Int'l Corp. v. Lewis & Co., 913 F.2d 1406, 1412 (9th Cir. 1990); Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993) (A "defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case") (citation omitted).

Here, Plaintiffs' refusal to make the late-disclosed witnesses available for deposition causes Defendants substantial prejudice. Defendants cannot prepare an adequate defense unless they have an adequate opportunity to conduct depositions, cross-examine the witnesses, and evaluate the credibility of their testimony. Cross-examination is widely recognized as an important means of evaluating witness credibility. "Indeed, it has been said that cross-examination is nothing less than the 'greatest legal engine ever invented for the discovery of truth.'" Fowler v. Sacramento County Sheriff's Dept., 421 F.3d 1027, 1044 (9th Cir. 2005) (citing California v. Green, 399 U.S. 149, 174 (1970) (quoting 5 J. Wigmore, Evidence § 1367 (3d ed. 1940))). Defendants will be severely prejudiced at trial unless the Court either prohibits Plaintiffs from presenting the lately disclosed witnesses pursuant to Fed. R. Civ. P. 37(c)(1), or requires the witnesses to

DEFS.' MOT. TO COMPEL OR EXCLUDE
[NO. CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1 appear for cross-examination. In the event the Court does not exclude the witnesses, the
2 Court should order Plaintiffs to provide contact information for all late-disclosed
3 witnesses, and to cooperate in making those witnesses available for depositions without
4 further delay.

## IV.  CONCLUSION

6     If the Court permits Plaintiffs to rely upon the testimony of undeposed witnesses,
7 then trial will be inefficient and unnecessarily protracted.  Defendants request the Court
8 strike the late-disclosed witnesses' declarations offered in support of Plaintiff's Motion
9 for Partial Summary Judgment, and prohibit Plaintiffs from offering any further testimony
10 of those witnesses in connection with this lawsuit. In the alternative, Defendants
11 respectfully request the Court order Plaintiffs to provide contact information for all late-
12 disclosed witnesses in order to effect service of a deposition subpoena, and to cooperate
13 in making those witnesses available for depositions without further delay.

15     DATED this 15th day of March, 2007.

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

By: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

DEFS.' MOT. TO COMPEL OR EXCLUDE
[NO. CV06-0204JCC]

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800