The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DECLARATION OF ROGER M. TOWNSEND IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL OR EXCLUDE**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>March 30, 2007 |

I, Roger M. Townsend, declare and testify as follows:

1. I am over eighteen years of age, counsel for defendants in the above captioned action, competent to testify to the matters stated in this declaration, and make this declaration from personal knowledge of those matters.

2. The discovery cutoff in this case was December 15, 2006. After the cutoff, Plaintiffs filed their Motion for Partial Summary Judgment. In support of that motion, Plaintiffs served the declarations of seven new witnesses: Anthony Potts, Bonnie Gordon, Emily Abbey, Jamila Gordon, Jay Gordon, Jonathan Gordon, and Russell Flye. None of

DECL. OF ROGER M. TOWNSEND IN SUPPORT OF DEFS.' MOT. TO COMPEL OR EXCLUDE - 1 [CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  these witnesses were mentioned in Plaintiff's Initial Disclosures, and Plaintiffs never
2  supplemented their original disclosures.

3      3.    Attached as Exhibit A hereto is a true and correct copy of a letter I sent to
4  Plaintiff's counsel on December 20, 2006, requesting the opportunity to depose Plaintiffs'
5  seven (7) new witnesses.

6      4.    On December 27, 2006, a week after Defendants' counsel asked to depose
7  Plaintiffs' new witnesses, Plaintiffs' counsel responded with an email. A true and correct
8  copy of that email is attached as Exhibit B hereto. The email only referred to three of the
9  seven new witnesses, and did not provide any contact information for them. The email
10 suggested some possible deposition dates. Notably, while I had previously requested the
11 depositions take place <u>before</u> January 15, Plaintiffs indicated January 15 was the earliest
12 date on which the first of the depositions could take place.

13     5.    Plaintiffs' counsel later sent an email regarding one more witness, but again
14 provided no contact information which would enable Defendants to contact her directly.
15 A true and correct copy of that December 28, 2006 email is attached as Exhibit C hereto.

16     6.    As the docket indicates, January 2007 was a busy month for the parties in
17 this case. Defendants filed their response to Plaintiffs' Motion for Partial Summary
18 Judgment, as well as supporting declarations, on January 8, 2007. Moreover, the court-
19 ordered deadline for Defendants to file their own Motion for Summary Judgment was
20 January 22, 2007. Defendants complied with this deadline, and filed the motion and
21 supporting declarations on that date.

22     7.    The following month, Defendants again contacted Plaintiffs' counsel
23 regarding the depositions. On February 21, 2007, I sent an email to Plaintiffs' counsel
24 stressing the need to conduct depositions of Plaintiffs' late-disclosed witnesses as soon as
25 possible. A true and correct copy of that email is attached hereto as Exhibit D. Plaintiffs
26 never provided an adequate response.

27     8.    On March 13, 2007, I followed up with a letter to Plaintiffs' counsel
28 providing as follows:

DECL. OF ROGER M. TOWNSEND IN SUPPORT
OF DEFS.' MOT. TO COMPEL OR EXCLUDE - 2
[CV06-0204JCC]

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

> This follows up our conversation from last week regarding depositions in the above referenced matter. Effective today, settlement discussions have officially ended. (*See* Dkt. # 113). Accordingly, we need to arrange for depositions to be conducted as soon as possible.

A true and correct copy of that letter is attached as Exhibit E hereto.

9. However, Plaintiffs' counsel now refuses to cooperate in arranging the depositions of Plaintiffs' late-disclosed witnesses. Despite Plaintiffs' failure to provide contact information for any of their late-disclosed witnesses, failure to mention possible deposition dates for several of them, and repeated delays in responding to Defendants' requests, Plaintiffs' counsel now ironically claims Defendants are "late" in requesting depositions. A true and correct copy of the March 13-14 email exchange in which Defendants' counsel made this claim is attached as Exhibit F hereto. "Accordingly," Defendants' counsel writes, "we will oppose your attempt to depose those witnesses now."

10. Defendants do not have contact information for Plaintiffs' late-disclosed witnesses and therefore cannot serve subpoenas on them. Further, Plaintiffs obtained declarations from all seven (7) witnesses, and it is therefore reasonable to expect Plaintiffs can facilitate the requested depositions even though their late-disclosed witnesses are non-parties.

11. Counsel for the parties discussed the need for further depositions on March 14, 2007. Defendants' counsel insisted on taking the depositions and Plaintiffs' counsel insisted on opposing Defendants' efforts. Accordingly, Defendants' counsel sent an email to Plaintiffs' counsel providing as follows:

> Per our discussion today, we will move to compel depositions of the individual customers. If you believe further discussion would be fruitful, then we are available to discuss arrangements to facilitate their depositions.

A true and correct copy of that email is attached as Exhibit F hereto. Plaintiffs' counsel has not changed his position. Accordingly, Defendants' counsel reasonably expects further attempts to resolve this matter without the Court's involvement will be futile.

DECL. OF ROGER M. TOWNSEND IN SUPPORT OF DEFS.' MOT. TO COMPEL OR EXCLUDE - 3 [CV06-0204JCC]

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  I certify and declare under the penalty of perjury under the laws of the State of
2  Washington and the United States that to my knowledge the foregoing is true and correct.

4  Executed on this 15TH day of March, 2007, at Seattle, Washington.

*[signature]*

Roger M. Townsend

DECL. OF ROGER M. TOWNSEND IN SUPPORT
OF DEFS.' MOT. TO COMPEL OR EXCLUDE - 4
[CV06-0204JCC]

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800