1    i.Justice Law, P.C.                          THE HON. JOHN C. COUGHENOUR
     Robert J. Siegel
2    1325 Fourth Ave., Suite 940
     Seattle, WA 98101
3    (206) 624-9392

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON, SEATTLE
10

11   **JAMES S. GORDON, Jr., a married**
     **individual; OMNI INNOVATIONS,**        **NO.  CV06-0204JCC**
12   **LLC., a Washington limited**
     **liability company;**
13
                           **Plaintiffs,**    **PLAINTIFF'S RESPONSE IN**
14                                            **OPPOSITION TO DEFENDANTS' ]**
          v.                                  **MOTION TO EXCLUDE OR**
15                                            **COMPEL TESTIMONY FROM**
     **VIRTUMUNDO, INC, a Delaware**          **LATELY DISCLOSED WITNESSES**
16   **corporation, d/b/a**
     **ADKNOWLEDGEMAIL.COM;**                 **[Hearing Noted Without Oral**
17   **ADKNOWLEDGE, INC., a Delaware**        **Argument for March 30, 2007]**
     **corporation, d/b/a**
18   **ADKNOWLEDGEMAIL.COM;**
     **SCOTT LYNN, an individual; and**
19   **JOHN DOES, I-X,**

20
                           **Defendants.**
21   _____

22

23

24

25

     PLAINTIFF'S RESPONSE IN OPPOSITION TO              **i.Justice Law, PC**
     DEFENDANTS'MOTION TO EXCLUDE OR COMPEL          **1325 Fourth Ave., Suite 940**
     TESTIMONY OF LATE DISCLOSED WITNESSES  -1            **Seattle, WA 98101**
     GORDON v. VIRTUMUNDO, INC., ET AL                **Phone: 206-304-5400**
                                                        **Fax: 206-624-0717**

Dockets.Justia.com

1
2
3

Plaintiff James S. Gordon, Jr., by and through his attorney of record, responds to Defendants' Motion To Exclude Or Compel Testimony Of Lately Disclosed Witnesses as follows:

4
5
6
7
8
9

**Defendants' Motion Is Unnecessary – Plaintiffs Have Offered The Very Relief Sought In Their Motion.**   In the Introduction to their Motion Defendants state as the basis for their Motion "…*Defendants have suffered prejudice by not cross-examining these witnesses in preparation <u>for trial</u>*".  Defendants go on to request that any "further" testimony of the new witnesses be excluded at trial, or in the alternative their testimony be compelled.

10
11
12
13
14
15
16
17

First, the Court should note, as evidenced by the correspondence attached to Defendants' Motion, that Plaintiffs initially sought to cooperate with Defendants' request to depose the "late" witnesses, and even contacted them and forwarded possible deposition dates to Defendants as early as December 27, 2006 (See Exhibit B to Defendants' Motion).  The available dates extended into February.  By then, Defendants' time to file their response to Plaintiffs' summary judgment having long since passed, Plaintiffs counsel had come to believe that Defendants no longer desired or saw the need to take the depositions.

18
19
20
21

It was not until February 21, 2007 that Plaintiffs received the next communication from Defendants about this matter (See Exhibit D to Defendants' Motion).  That email from Mr. Townsend was the first indication that Defendants still wanted to pursue the depositions, but notably, proposed no dates or other suggested arrangements.

22
23
24

Subsequently, on March 6, 2007, following a status conference before this Court, counsel spoke briefly and once again Mr. Townsend indicated Defendants' desire to

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCLUDE OR COMPEL
TESTIMONY OF LATE DISCLOSED WITNESSES  -2
GORDON v. VIRTUMUNDO, INC., ET AL

**i.Justice Law, PC**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-304-5400**
**Fax: 206-624-0717**

depose the witnesses. That conversation was followed by a letter from Mr. Townsend a week later on March 13, 2007, and a responsive email from Plaintiffs' counsel on that same day indicating Plaintiffs' position that further discovery extensions in this matter were unreasonable at this point (Exhibit E to Defendants' Motion).

Subsequently, Plaintiffs have communicated with Defendants and agreed to exclude the witnesses' testimony from trial, the very relief sought by Defendants, and requested that Defendants strike their Motion. (See email communication at **Exhibit "A"** hereto). However, Defendants have refused to strike their Motion, apparently now contending that they seek the deposition testimony from the witnesses for "other" purposes related to the summary judgment motions, which, as the Court is well aware, are due to be decided imminently. (See email communication at **Exhibit "B"** hereto.).

Aside from being wholly disingenuous, and a moving target, Defendants' new position, i.e., that they should be allowed to belatedly depose the witnesses to seek evidence related to the summary judgment motions, is simply unsupportable. Defendants may not effectively re-open the discovery process at their own whim to seek evidence that they could have obtained much earlier, but failed to. Moreover, it is difficult to conceive of what evidence Defendants might obtain now that would persuade this Court to allow them to submit it in support of their opposition to Plaintiff's pending summary judgment motion. Defendants fail to articulate such a position in their Motion.

Accordingly, the Court should deny Defendants' Motion, or grant it by excluding the testimony of the late witnesses as Plaintiffs have offered to do, and award Plaintiffs their attorney fees for being forced to respond hereto unnecessarily.

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCLUDE OR COMPEL
TESTIMONY OF LATE DISCLOSED WITNESSES -3
GORDON v. VIRTUMUNDO, INC., ET AL

**i.Justice Law, PC**
**1325 Fourth Ave., Suite 940**
**Seattle, WA 98101**
**Phone: 206-304-5400**
**Fax: 206-624-0717**

1  **RESPECTFULLY SUBMITTED**  this 26th day of March, 2007.

2

3  **i.JUSTICE LAW, P.C.**

4

5  /s/ Robert J. Siegel
   Robert J. Siegel, WSBA #17312
6  Attorneys for Plaintiffs

7

8  Certificate of Service

9  I, hereby, certify that on March 26, 2007, I filed this affidavit with this Court via approved
   electronic filing, and served the following:
10  Attorneys for Defendants:  Derek A. Newman, Roger Townsend of Newman & Newman

11  /s/ Robert J. Siegel
   Robert J. Siegel, WSBA #17312
12

13

14

15

16

17

18

19

20

21

22

23

24

25

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO EXCLUDE OR COMPEL
TESTIMONY OF LATE DISCLOSED WITNESSES  -4
GORDON v. VIRTUMUNDO, INC., ET AL

**i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717**

**EXHIBIT "A"**
**[EMAIL CORRESPONDENCE]**

**From:** Bob Siegel
**Sent:** Friday, March 23, 2007 3:09 PM
**To:** 'Derek Newman'; 'Roger Townsend'
**Cc:** 'Douglas E. McKinley, Jr.'
**Subject:** Gordon v Virtumundo: Witness Depositions

Gentlemen,

After further consideration of this issue, in light of your pending motion,

we have determined that we do not intend to call the Gordon customer

witnesses at trial.  Consequently, we do not believe that your motion

is necessary, and request that you withdraw it in an effort to conserve

the resources of the parties and the Court.

Please advise.

Sincerely,

Bob Siegel

**From:** Bob Siegel
**Sent:** Monday, March 26, 2007 10:12 AM
**To:** 'Derek Newman'
**Cc:** 'Douglas E. McKinley, Jr.'
**Subject:** RE: Gordon v Virtumundo: Witness Depositions

Derek,

It doesn't address pending motions because, as the response time is clearly over on those, it simply doesn't matter.  The issue that the testimony is pertinent to is to establish that some of the emails at issue in our motion, ie., those received by Gordon customers, were in fact received by Washington residents.

Bob

---

**From:** Derek Newman [mailto:dn@newmanlaw.com]
**Sent:** Monday, March 26, 2007 9:56 AM
**To:** Bob Siegel
**Subject:** RE: Gordon v Virtumundo: Witness Depositions

Bob,

I'm in a CLE right now.  We don't really understand your offer because it does not address the testimony attached to pending motions.  Accordingly, we do not see how your proposal obviates the need to resolve the motion.

~Derek

**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
**Seattle**
505 Fifth Avenue South, Suite 610 * Seattle, Washington 98104
(206) 274-2800 Seattle phone * (206) 274-2801 Seattle fax
**Los Angeles**
1801 Century Park East, Suite 2400 * Los Angeles, California 90067
(310) 385-5955 Los Angeles phone * (310) 385-5956 Los Angeles fax
**(206) 274-2828 Direct Dial**
http://www.newmanlaw.com

**EXHIBIT "B"**
**[EMAIL CORRESPONDENCE]**

**From:** Roger Townsend [roger@newmanlaw.com]
**Sent:** Monday, March 26, 2007 12:28 PM
**To:** Bob Siegel; Derek Newman; Derek Newman
**Cc:** Jr. Douglas E. McKinley; Roger Townsend
**Subject:** Re: Virtumundo
Bob:
Based upon your representations at this point, we cannot agree to strike defendants' pending motion.  At issue is your reliance on undisclosed witnesses in support of your case-in-chief -- whether that reliance is in the context of summary judgment or trial.  Those witnesses should be excluded or defendants should have the opportunity to depose the witnesses.

We do not believe that you will be awarded sanctions.  You were aware of the requested relief and declined our offer for the parties to stipulate to extend the discovery period and for plaintiffs to facilitate defendants' depositions of the witnesses.  After the motion was drafted and filed, you agreed to strike the witnesses from trial but not from the record entirely.  You required defendants draft and file a motion to address the disposition of your untimely disclosed witnesses.  Importantly, you did not make the offer prior to defendants filing their motion and, instead, waited until the eve of your opposition.  Moreover, your offer is incomplete as it does not adequately and fully address plaintiffs' reliance on the untimely disclosed witnesses.

In fact, the court is likely to award sanctions in favor of defendants because -- after notice -- you waited until this late date to make an offer which purports to render defendants' motion moot.  Of course, defendants disagree that your offer renders the motion moot and, at this time, cannot agree to strike the motion.

Feel free to contact Derek or me with any questions regarding this matter.  Further negotiation is unlikely to be productive unless your offer is revised to either: (1) strike plaintiffs' reliance on plaintiffs' customers in any filing or at trial, or (2) cooperate to schedule the witnesses' depositions such that they may be taken in a timely and efficient manner.

Regards,

Roger



**NEWMAN & NEWMAN, ATTORNEYS AT LAW, LLP**
505 Fifth Avenue South, Suite 610
Seattle, Washington 98104
(206) 274-2800 phone * (206) 274-2801 fax
**(206) 274-2825 Direct Dial**
**(206) 898-2616 Mobile**


>>> On 3/26/2007 at 12:42 PM, in message
<F5B4BAA1E0433F41B34EE5AD016231FD469F30@EXVBE014-
12.exch014.msoutlookonline.net>, "Bob Siegel" <Bob@iJusticelaw.com> wrote:

Gents,

Our response is due today to your motion to exclude or compel

testimony of Gordon customers.



Please advise asap re whether you will strike your pending motion

For the reasons I have already cited, we believe that testimony

from these witnesses is unnecessary at this point, as we do not

intend to call them at trial, and it is obviously far too late to

submit additional evidence to the court on the pending motions

for summary judgment.

In the event that you do not agree to withdraw the motion, making

our response necessary, we will be seeking an award of fees.

Sincerely,

Bob Siegel