1                        The Honorable John C. Coughenour

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>        Plaintiffs,<br><br>        v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>        Defendants. | NO. CV06-0204JCC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE OR COMPEL**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>March 30, 2007 |

## I. INTRODUCTION

In support of their motion for summary judgment, Plaintiffs first disclosed their reliance on seven witnesses in support of their case-in-chief. This disclosure was after the discovery cutoff and the witnesses were not included in Plaintiffs' Fed. R. Civ. P. 26(a) initial disclosure. Accordingly, Plaintiffs should not be permitted to rely upon the witnesses in their case.

Plaintiffs do not dispute that the witnesses were disclosed in violation of the Civil

REPLY RE DEFS.' MOT. TO EXCLUDE
[NO. CV06-0204JCC] - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Rules. Plaintiffs' only opposition is that (i) they agreed to exclude the witnesses from trial; and (ii) that Plaintiffs previously proposed limited deposition dates for some of the witnesses. Neither of Plaintiffs' arguments are persuasive.

In fact, the seven witnesses are essential to Plaintiffs' burden to prove standing under CAN-SPAM or RCW § 19.190.090(2). Plaintiffs' standing under those statutes require that Plaintiffs demonstrate that they are a "provider of Internet access service adversely affected" and "engaged in the business of providing internet access service to the public." RCW § 19.190.090(2); 15 U.S.C. § 7706(g)(1). Without customers, Plaintiffs cannot establish these essential elements and those claims should be dismissed as a matter of law for lack of standing.

## II. ARGUMENT AND AUTHORITY

### A. Plaintiffs' Offer To Exclude Witnesses From Trial Is Incomplete

While Plaintiffs have offered to exclude the seven belatedly disclosed witnesses from trial, Plaintiffs expressly refused to remove the witnesses from consideration by the Court in support of Plaintiffs' motion for summary judgment. Indeed, Plaintiffs mock the very suggestion as "disingenuous". (Opposition at p.3). However, it is Plaintiffs' position that is unsupportable.

It is nonsensical to rely upon witnesses in support of Plaintiffs' motion for summary judgment, but not rely upon the witnesses at trial. In both instances, Plaintiffs have the burden of proof. Plaintiffs cannot have it both ways; either the witnesses are relevant to their *prima facie* case, or they are not. If the witnesses are not relevant to Plaintiffs' case, then they should be struck from the record at trial and summary judgment. However, if they are relevant, then they should be subject to the Fed. R. Civ. P. 26(a)(1) disclosure rules and made available for depositions.

Plaintiffs' agreement to exclude the seven witnesses at trial but not summary judgment is based upon a fundamental misconception of the nature of summary judgment. A plaintiff moving for summary judgment bears the burden of production and persuasion

REPLY RE DEFS.' MOT. TO EXCLUDE
[NO. CV06-0204JCC] - 2

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

on each genuine issue of material fact for each of the elements of the asserted causes of action. *See* Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id., 477 U.S. at 248. The primary purpose of summary judgment is to dispose of factually unsupported claims and defenses prior to trail. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).

Strictly speaking, facts are not, at summary judgment, admitted into the evidentiary record. Rather, facts asserted at summary judgment are a reflection of the facts that will be asserted at trial and that Plaintiffs will move to enter into the record. Fed. R. Civ. P. 56(e) provides, in pertinent part, that

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts <u>as would be admissible in evidence</u>, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

Fed. R. Civ. P. 56(e) (emphasis added). If the Court concludes that no reasonable trier of fact could rule but that those facts - when they have been admitted into evidence - support each of the elements of the cause of action, then summary judgment is appropriate. It makes no sense to assert facts by declaration in support of summary judgment unless those facts are reflective of the expected testimony at trial. Defendants dependence upon the seven witnesses on summary judgment but not at trial is a logical fallacy.

**B.   Without the Seven Customer Witnesses, Plaintiffs Cannot Allege Standing under CAN-SPAM or RCW § 19.190.090(2)**

The seven witnesses are essential to Plaintiffs' *prima facie* case and, if the witnesses are not included in the record, much of Plaintiffs' case should be dismissed forthright. The seven witnesses constitute all of the purported customers of Plaintiffs' Internet access service. As has previously been briefed (*see e.g.*, Dkt. 108 at p. 9-11), Plaintiffs' standing under CAN-SPAM requires that Plaintiffs are a "provider of Internet access service adversely affected" by certain violations and a pattern of practice of other violations. 15 U.S.C. § 7706(g)(1). Without customers, Plaintiffs cannot establish (i) that

REPLY RE DEFS.' MOT. TO EXCLUDE
[NO. CV06-0204JCC] - 3

**NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

they provide an Internet access service, or (ii) their business suffers as a result of a violation. Both are essential to Plaintiffs' claims under CAN-SPAM. Similarly, Plaintiffs' standing under CEMA relies, in part, upon Plaintiffs' alleged status as a "person engaged in the business of providing internet access service to the public." RCW § 19.190.090(2); *see also* First Amended Complaint (Dkt. # 15) at 13. Unless Plaintiffs can establish they have customers, then they cannot establish that they are providing an Internet access service to the public. *See* Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002); T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.1987) (uncorroborated allegations and "self-serving testimony" do not create a genuine issue of material fact).

Without the testimony of Plaintiffs' seven customers, Plaintiffs cannot establish a *prima facie* case of standing under CAN-SPAM or RCW § 19.190.090(2)[1]. These witnesses were not timely disclosed as required pursuant to Fed. R. Civ. P. 26(a)[2]. (*See* Dkt. # 25 (Plaintiffs' Initial Disclosures)). Moreover, Plaintiffs have volunteered to strike the testimony of the witnesses from Plaintiffs' case-in-chief at trial. Without the trial testimony of the seven customers, Plaintiffs do not have standing under CAN-SPAM or RCW § 19.190.090(2) and their claims brought pursuant thereto should be dismissed. *See* Hart v. Parks, 450 F.3d 1059, 1065 (9th Cir. 2006) (where the moving party bears the burden of proof at trial, the non-moving party meets the summary judgment standard by pointing to the absence of evidence to support the moving party's case.)

---

[1] Defendants do not concede that seven customers of friends and family are sufficient to confer standing under CAN-SPAM or RCW § 19.190.090(2). To the contrary, Defendants have moved for summary judgment on the ground that, *inter alia*, Plaintiffs do not have standing even if the Court considers the testimony of Plaintiffs' seven customers. (*See* Dkt. #108)

[2] Fed. R. Civ. P. 26(a)(1) provides, in pertinent part, that,
Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

REPLY RE DEFS.' MOT. TO EXCLUDE [NO. CV06-0204JCC] - 4

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

**C.    Plaintiffs' Waiver Argument has no Basis in Law or Fact**

Plaintiffs' second argument is equally unavailing. Plaintiffs concede that they failed to disclose the seven customer witnesses until after the discovery cutoff. Thereafter, Plaintiffs proposed a window of dates during which the witnesses would be available for depositions which began "as early as December 27, 2006." (Opposition at p.2). When Defendants requested the depositions in February 2007, however, Plaintiffs decreed that the window of opportunity for the depositions were closed. Having ignored the deadline imposed by Fed. R. Civ. P. 26 and the Court-ordered discovery cutoff (*see* Dkt. #67), Plaintiffs ask the Court to enforce their unilaterally imposed deadline. Plaintiffs ask the Court for an order which ignores firm Court ordered deadlines but enforces their arbitrary deadlines. However, Plaintiffs site no rule, law or logic that supports their contention or their proposed relief. This effort should be rejected by the Court.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs' reliance on the seven customer witnesses not timely disclosed be struck from the record on summary judgment <u>and</u> at trial. Furthermore, because Plaintiffs cannot establish standing under CAN-SPAM or RCW § 19.190.090(2) without the testimony of its alleged customers, Plaintiffs' causes of action under CAN-SPAM and RCW § 19.190.090(2) should be dismissed as a matter of law. Without the testimony of customers, Plaintiffs have no corroboration that they are a "provider of Internet access service adversely affected" or a "person engaged in the business of providing internet access service to the public." 15 U.S.C. § 7706(g)(1); RCW § 19.190.090(2). Plaintiffs' only testimony supporting those claims are their own uncorroborated allegations and "self-serving testimony" which cannot, by themselves, create a genuine issue of material fact.

///

///

REPLY RE DEFS.' MOT. TO EXCLUDE
[NO. CV06-0204JCC] - 5

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1   DATED this 30th day of March, 2007.

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

BY: _____
Derek A. Newman, WSBA No. 26967
Roger M. Townsend, WSBA No. 25525

Attorneys for Defendants

REPLY RE DEFS.' MOT. TO EXCLUDE
[NO. CV06-0204JCC] - 6

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800