1  Douglas E. McKinley, Jr.                    THE HON. JOHN C. COUGHENOUR
   PO Box 202
2  Richland WA, 99352
   (509) 628-0809
3

4  iJustice Law, P.C.
   Robert J. Siegel
5  1325 Fourth Ave., Suite 940
   Seattle, WA 98101
6  (206) 304-5400

7

8

9

10

11

12                      UNITED STATES DISTRICT COURT
                       WESTERN DISTRICT OF WASHINGTON
13                                AT SEATTLE

14
   JAMES S. GORDON, et al.,
15                                          Case No. CV06-0204 JCC
                            Plaintiffs,
16                                          PLAINTIFFS' MOTION TO SEAL
                                            CERTAIN DOCUMENTS AND
17     v.                                   REPLACE WITH REDACTED
                                            VERSIONS
18  VIRTUMUNDO, INC. et al.,
                                            [NOTE ON MOTIN CALENDAR FOR
19                          Defendants.     HEARING: JUNE 29, 2007]

20

21                        I.      INTRODUCTION

22      On May 15, 2007, this Court entered an order (1) denying plaintiffs' Motion to Seal the

23  Declaration of Derek Newman (Dkt. No. 120); (2) denying Defendants' Motion to Seal their

24  Reply filed in support of their Motion for Bond (Dkt No. 91); and (3) denying Defendants'

25  Motion to Seal their Motion to Compel Further Testimony of James Gordon Regarding Prior

26

PLAINTIFFS' MOTION TO SEAL CERTAIN
DOCUMENTS AND REPLACE WITH REDACTED
VERSIONS- 1
Case No. CV06-0204 JCC
Seattle-3370863.2 0036491-00001

                                                              Dockets.Justia.com

1    Settlements (Dkt. No. 86).  See Dkt. No. 121 (Order).  As a result, the following documents were

2    either unsealed or ordered to remain unsealed pursuant to the Court's order:

3        1.   Defendant's Motion To Compel Further Testimony of James Gordon Re Prior

4             Settlements (Dkt. No. 87);

5        2.   Declaration of Derek A. Newman in Support of Defendants' Motion to Compel (Dkt. No.

6             88);

7        3.   Reply in Support of Defendant's Motion for Undertaking (Dkt. No. 92);

8        4.   Declaration of Derek A. Newman re Reply in Support of Defendants' Motion for

9             Undertaking (Dkt. No. 93); and

10       5.   Declaration of Derek Newman (Dkt. No. 101);

11           In denying these motions to seal, the Court noted that "Local Rule 5(g)(1) requires more

12   than a 'confidential' designation and an unspecific sweeping request to seal an entire brief and

13   all of its exhibits."  See Dkt. No. 121, p. 22.  Plaintiffs understand that they requested the sealing

14   of material in excess of the confidential portions within the documents.  However, at the time,

15   plaintiffs believed that the only way to redact confidential information from already filed

16   documents was to file a motion to seal the entire document because the ECF system does not

17   allow for the replacement of filed documents.[1]  Plaintiffs now understand that they may request

18   the documents to be sealed and have redacted versions of those documents in question refiled on

19   the ECF system, thereby narrowly protecting any confidential information from public disclosure

20   where warranted.

21           Pursuant to Local Rule 5(g) and Paragraphs 13 and 15 of this Court's October 26, 2006

22   Protective Order filed in the above-captioned action (Dkt. No. 37) (hereinafter the "Protective

23   Order"), plaintiffs file this motion to seal and replace certain documents in the public record with

24   the redacted versions of those documents.  The motion affects only eleven pages of the 484 page

25   _____

26       [1] The ECF Helpdesk stated that the only way to seal or redact portions of a filed
     document on the ECF system was to file a motion to seal the document in its entirety.

     PLAINTIFFS' MOTION TO SEAL CERTAIN
     DOCUMENTS AND REPLACE WITH REDACTED
     VERSIONS- 2
     Case No. CV06-0204 JCC
     Seattle-3370863.2 0036491-00001

1   deposition of James Gordon, Jr. which was put into the public record as a result of this Court's

2   rulings. Good cause exists to redact minor portions of these 11 pages of the public record that

3   reference and identify a third party, who was not involved in this action, whose relationship and

4   agreement with plaintiffs are irrelevant and unrelated to any issue in this case, and whose identity

5   was inadvertently disclosed in ten pages of the voluminous documents submitted by defendants.

6                      **II.      EXHIBITS AT ISSUE**

7          Plaintiffs seek to seal and replace the following documents in the public record:

8   1.   Exhibit A to the Declaration of Derek A. Newman in Support of Defendants' Motion to

9        Compel (Dkt. No. 88);

10  2.   Exhibit A to the Declaration of Derek A. Newman re Reply in Support of Defendants'

11       Motion for Undertaking (Dkt. No. 93); and

12  3.   Exhibit A to the Declaration of Derek Newman in Support of Defendants' Motion for

13       Summary Judgment (Dkt. No. 101).[2]

14  Hereinafter, these documents shall be referred to as the "Exhibits to Newman's Declarations."

15         Each of these exhibits contain excerpts from the Deposition Transcript of James S.

16  Gordon ("Gordon Dep. Transcript"). In the deposition transcript, Mr. Gordon disclosed the

17  name of a non-party with whom plaintiffs entered into a confidential settlement agreement in an

18  unrelated dispute. Gordon disclosed this information with the understanding that it was to be

19  protected from public disclosure under the Protective Order. However, the defendants

20  inadvertently disclosed this confidential information in the Exhibits to Newman's Declarations.

21  Plaintiffs now seek only to redact from these documents the name and identifying information of

22  the third party to the confidential settlement agreement. Proposed redacted versions of the

23  _____

24         [2] In the ECF system, Defendants filed the exhibit to Derek Newman's declarations
    separately for all of these declarations except for Dkt. No. 101, where the declaration and exhibit

25  were filed as one document. Plaintiffs are not requesting that the content of Derek Newman's
    declarations be altered in any way. Plaintiffs' request is limited to sealing the exhibits to his

26  declarations and replacing them with the attached redacted versions.

1   Exhibits to Newman's Declarations are attached hereto as Exhibits A, B, and C.[3]

2                                **III. ARGUMENT**

3          The information that plaintiffs wish to seal and replace all come from the Gordon Dep.

4   Transcript, and is information that the deponent provided subject to the Protective Order entered

5   in this case.  Paragraph 15 of the Protective Order provides that the "inadvertent or unintentional

6   disclosure of confidential information shall not be construed to be a waiver, in whole or in part,

7   of [the supplying or obtaining party's] claims of confidentiality."[4]  During Gordon's deposition,

8   counsel for both parties agreed to have pages 39 through 75 of the Gordon Dep. Transcript,

9   which included information relating to the confidential settlement agreement between Plaintiffs

10  and a third party, "marked as confidential pursuant to the Protective Order."  See Dkt. No. 101,

11  Ex. A (Transcript of the Deposition of James Gordon, Jr., Plaintiff), 38:8-9; see also id. at 36:10-

12  37:14.  These pages were already redacted from one of the submitted exhibits pursuant to

13  counsel's agreement.  See Dkt. No. 101, Ex. A (Transcript of the Deposition of James Gordon,

14  Jr., Plaintiff), 39-75.  However, defendants should have redacted all references to the third party

15  prior to filing the Exhibits to Newman's Declarations.  The Protective Order allows plaintiffs to

16  now request that these inadvertent disclosures be sealed and/or redacted.

17          CR 5(g) sets forth a uniform procedure for sealing court records.  See CR 5(g)(1).

18  Records may be sealed when there is "a compelling showing that the public's right of access is

19  outweighed by the interests of the public and the parties in protecting files, records, or

---

20          [3] Pursuant to the Protective Order, Plaintiff has redacted the name of the third party to the

21  confidential settlement agreement (or specifically identifying information) from the following
    pages of the following documents:

22              1.      Exhibit A (Dkt. No. 88) – Pages 35, 36, 41, 44, 45.

23
                2.      Exhibit B (Dkt. No. 93) –  Page 45.
24
                3.      Exhibit C (Dkt. No. 101) – Pages 38, 80, 82, and 83.
25

26          [4] By its terms, the Protective Order remains in full force and effect even after the entry of
    the final judgment in this case.  See Dkt. No. 37, ¶ 17.

PLAINTIFFS' MOTION TO SEAL CERTAIN
DOCUMENTS AND REPLACE WITH REDACTED
VERSIONS- 4
Case No. CV06-0204 JCC
Seattle-3370863.2 0036491-00001

1  documents from public review." See id.  However, the public's right of access does not apply to

2  documents that were filed under seal pursuant to a valid protective order because the Court has

3  already determined that "good cause" exists to protect this information from public disclosure.

4  See Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)

5  ("When a court grants a protective order for information produced during discovery, it already

6  has determined that 'good cause' exists to protect this information from being disclosed to the

7  public by balancing the needs for discovery against the need for confidentiality.").  As here,

8  federal courts have generally granted protective orders to protect confidential settlement

9  agreements. Id. at 1212.

10    Good cause exists to seal the Exhibits to Newman's Declarations.  The Exhibits to

11  Newman's Declarations contain excerpts from the Gordon Dep. Transcript that disclose

12  information that is protected by a confidential settlement agreement entered into between

13  plaintiffs and a third party in an unrelated matter.  It is also protected by the Protective Order

14  entered in this case.  Pursuant to that Protective Order, this information should be sealed/redacted

15  to protect the intent and expectations of the parties to that settlement to keep it confidential.  Id.

16  at 1212.

17    The Declarations of Derek A. Newman filed in support of Defendants' Motion to Compel

18  (Dkt. No. 88) and Defendants' Motion for Undertaking (Dkt. No. 93) were filed under seal

19  pursuant to the Protective Order.  See Dkt. Nos. 86, 91.  While the Declaration of Derek A.

20  Newman in support of Defendants' Motion for Summary Judgment (Dkt. No. 101) was not filed

21  under seal, it contained the same deposition transcript under which Gordon disclosed the identity

22  of the third party assuming it would be protected under the Protective Order.  See Dkt. No. 101,

23  Ex. A (Transcript of the Deposition of James Gordon, Jr., Plaintiff), 38:8-9 (parties agreed to

24  mark certain testimony relating to the confidential settlement agreement between plaintiffs and a

25  third party, "as confidential pursuant to the protective order"); see also id. at 36:10-37:14.  Under

26  the Protective Order "[a]ll materials containing CONFIDENTIAL INFORMATION that are

1  submitted to the Court . . . shall remain confidential and shall be accorded in camera treatment."

2  Dkt. No. 37, ¶ 13.  Because this information was disclosed only pursuant to the Protective Order,

3  there is a presumption that good cause exists to protect this information from public disclosure.

4  See Phillips, 307 F.3d at 1213.

5       Moreover, redacting minor portions of Gordon's Dep. Transcript, that are wholly

6  irrelevant to the underlying cause of action and were not relied upon by the Court in rendering its

7  final judgment in this matter, is unlikely to harm the public's "interest in understanding the

8  judicial process." See Phillips, 307 F.3d at 1213.  The information that the plaintiffs now wish to

9  seal/redact, is information relating to a separate and independent settlement agreement with a

10  third party in an unrelated action.  Not only are the terms underlying the confidential settlement

11  agreement with a third party irrelevant, the identity of the third party to the independent

12  settlement agreement is completely unrelated to the underlying cause of action.  Indeed, the

13  motions and reply, for which these declarations are filed in support, make no reference to the

14  identity of the third party to the confidential settlement agreement.[5]  And, this Court ruled on

15  defendants' motion for summary judgment without reliance on the identity of the third party and

16  without ruling on Defendants' Motion to Compel Further Testimony of James Gordon Re Prior

17  Settlements (Dkt. No. 86), wherein defendants sought to obtain additional information relating to

18  confidential settlement agreements that plaintiffs entered into with other third parties.  Therefore,

19  the public does not need access to the identity of the third party to understand the Court's ruling.

20  See id.  Additionally, since plaintiffs only ask that the name and identifying information of the

21  third party be redacted from the Exhibits to Newman's Declaration, while keeping all remaining

22  information intact, whatever minimal harm that would result to the public is likely eliminated.

23                              **IV.  CONCLUSION**

24  ───────────
          [5] Plaintiffs do not request that the Court seal or replace Defendant's Motion To Compel
25  Further Testimony of James Gordon Re Prior Settlements (Dkt. No. 87), or Defendants' Reply in
    Support of Defendant's Motion for Undertaking (Dkt. No. 92), which this Court ordered
26  unsealed.

1   This action is now closed.  The information plaintiffs seek to seal/redact are minimal and

2   had no bearing the Court's decision or any issue in this action.  Good cause exists to grant

3   plaintiffs' motion, and any public interest in accessing this particular information is probably

4   minimal.  Plaintiffs only disclosed the confidential information pursuant to the Protective Order.

5   Allowing this confidential information to remain public will unnecessarily expose plaintiffs to

6   potential third-party liability for breach of the confidential settlement agreement.  For all the

7   foregoing reasons, plaintiffs respectfully request that this Court grant its Motion to Seal Certain

8   Documents and Replace with Redacted Versions.

9

10  DATED:  June 14, 2007.

11                                          I.JUSTICE LAW, P.C.

12

13                                          By___/s/ Robert J. Siegel____
                                            Robert J. Siegel, WSBA No. 17312
14                                          I.Justice Law PC
                                            1325 4th Avenue, Ste 940
15                                          Seattle, WA 98101-2509
16                                          bob@ijusticelaw.com

17

18                                    **Certificate of Service**

19

20  I, hereby, certify that on June 14, 2007, I filed this document with this Court via approved

21  electronic filing, and served the following:

22  Attorneys for Defendants: Newman & Newman, Derek Newman

23

24  /s/ Robert J. Siegel_____

25  Robert J. Siegel

26

PLAINTIFFS' MOTION TO SEAL CERTAIN
DOCUMENTS AND REPLACE WITH REDACTED
VERSIONS- 7
Case No. CV06-0204 JCC
Seattle-3370863.2 0036491-00001