The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JAMES S. GORDON, Jr., a married individual, d/b/a 'GORDONWORKS.COM'; OMNI INNOVATIONS, LLC., a Washington limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>VIRTUMUNDO, INC, a Delaware corporation d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, 1-X,<br><br>Defendants. | NO. CV06-0204JCC<br><br>**DECLARATION OF DEREK A. NEWMAN IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS** |

I, Derek A. Newman, swear under penalty of perjury under the laws of the United States to the following:

1. I am counsel of record for defendants Virtumundo, Inc. ("Virtumundo") and Adknowledge, Inc. ("Adknowledge"), am over age 18, and competent to be a witness. I am making this Declaration based on facts within my own personal knowledge.

NEWMAN DECL. IN SUPP. OF DEFS.'
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. CV06-0204JCC - 1

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

Dockets.Justia.com

2.  In this case, James Gordon and Omni Innovations, LLC ("Plaintiffs") raised novel questions of law which had no precedent in the Ninth Circuit Court of Appeals or this judicial district. The allegations were based on highly technical facts and could only have been addressed by counsel familiar with high-technology disputes and Internet-related litigation.

3.  Defendants were principally represented by Roger Townsend and myself, Derek Newman. Combined, Mr. Townsend and I devoted a total of 552 hours to defending this case. We made efforts to delegate work to less expensive, junior attorneys where appropriate. The junior attorneys devoted a total of 890.7 hours defending this case.

4.  The document analysis attorneys devoted 533.1 hours to the creation of our necessary extensive log of Plaintiffs' emails.

5.  Defendants' counsel was actively involved in dispositive motion briefing in this case.

6.  Defendants' counsel also filed various discovery motions, including a motion to compel Plaintiffs to produce and segregate their emails and a motion to permit Defendants to depose Plaintiffs' witnesses disclosed after the discovery cutoff. Each of these discovery motions was either required by court order or was a reasonable expenditure of legal effort in defending the lawsuit.

7.  Defendants' counsel traveled to Chicago, Illinois to take the deposition of Plaintiffs' expert witness, Pete Resnick and to Kansas City, Missouri to defend Plaintiffs' depositions of Defendants.

8.  Attached hereto as Exhibit A are true and accurate copies of Defendants' counsel's invoices for legal services incurred defending Defendants in the above captioned case.

9.  Exhibit A also includes summaries of the reasonable and necessary costs billed to Defendants in defending this lawsuit.

10. Attached hereto as Exhibit B is a true and accurate copy of the invoice provided by Defendants' expert witness, Dr. Neal Krawetz, for his expert services in this case.

NEWMAN DECL. IN SUPP. OF DEFS.'
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. CV06-0204JCC - 2

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800

1  I certify and declare under the penalty of perjury under the laws of the State of
2  Washington and the United States that to my knowledge the foregoing is true and correct.

4  Executed on this 19th day of June, 2007, at Seattle, Washington.

_____
Derek A. Newman

NEWMAN DECL. IN SUPP. OF DEFS.'
MOTION FOR ATTORNEYS' FEES AND COSTS
CASE NO. CV06-0204JCC - 3

**NEWMAN & NEWMAN,**
**ATTORNEYS AT LAW, LLP**

505 Fifth Ave. S., Ste. 610
Seattle, Washington 98104
(206) 274-2800