i.Justice Law, P.C.  
Robert J. Siegel  
1325 Fourth Ave., Suite 940  
Seattle, WA 98101  
(206) 624-9392

THE HON. JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT  
WESTERN DISTRICT OF WASHINGTON, SEATTLE

| | |
|---|---|
| **JAMES S. GORDON, Jr., a married individual; OMNI INNOVATIONS, LLC., a Washington limited liability company;**<br><br>      **Plaintiffs,**<br> v.<br><br>**VIRTUMUNDO, INC, a Delaware corporation, d/b/a ADNOWLEDGEMAIL.COM; ADKNOWLEDGE, INC., a Delaware corporation, d/b/a ADKNOWLEDGEMAIL.COM; SCOTT LYNN, an individual; and JOHN DOES, I-X,**<br><br>      **Defendants.** | NO. CV06-0204JCC<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEESS**<br><br>[Hearing Noted Without Oral Argument for July 6, 2007] |

Plaintiff James S. Gordon, Jr., by and through his attorney of record, responds to Defendants' Motion For Attorney Fees as follows:

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES -1  
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC  
1325 Fourth Ave., Suite 940  
Seattle, WA 98101  
Phone: 206-304-5400  
Fax: 206-624-0717

At the outset, the Court should note the deep irony and manifest injustice that would result if the Court grants the Defendants' motion for attorney fees.

In the Court's May 15 ruling, the Court explicitly stated that the Court never considered the merits of Plaintiff's claims (hereafter Gordon).[1] Rather, the Court held that Gordon did not have standing to bring Gordon's complaint. The Court included an extensive analysis of Gordon's standing under the CAN-SPAM Act of 2003, Pub. L. No. 108-187, 117 Stat. 2699 (2003), 15 U.S.C. §§ 7701-7713 (hereafter "CAN SPAM" or the "Act"). The Court allowed that Gordon qualified as an "Internet Access Service" which is specifically authorized to bring claims under the Act.[2] However, the Court held that Gordon had not suffered a sufficient "adverse impact" which is also required for standing. The Court's finding that Gordon had not suffered a sufficient adverse impact thus formed the sole and exclusive basis given by the Court for finding that Gordon lacked standing, and in turn dismissing Gordon's complaint, under CAN SPAM. As a result, the Defendants are now asking the Court to award them over a half a million dollars, also under CAN SPAM, for the sole reason that the Court previously held Gordon had not endured sufficient adverse impact to bring his claims.

---

[1] "Because Plaintiffs have no standing, their CAN-SPAM claims must be DISMISSED and the Court has no occasion to reach the parties' arguments on the merits of those claims." (Court's May 15, 2007 Order, Dkt. 121, pg. 15, lines 18-19)

[2] "Nevertheless, it is fairly clear that Plaintiffs are, in the most general terms, a "service that enables users to access" Internet content and e-mail, and accordingly, they qualify as an IAS under the statute's capacious definition." (Court's May 15, 2007 Order, Dkt. 121, pg. 13, lines 10-12)

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES -2
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

If the Court grants the Defendants' motion, Gordon will be financially ruined. Gordon possesses nowhere near the resources necessary to satisfy such an award. If the Court grants the Defendants' motion, the Court will thus have ruled in rapid succession that Gordon had not suffered a sufficient adverse impact to bring his claims under CAN SPAM, yet for the mere act of trying, Gordon will have been ordered to pay over a half million dollars and forced into bankruptcy. One can only wonder, if the Court grants the Defendants' motion and forces Gordon into financial ruin, will the Court then change its mind and agree that Gordon has indeed suffered a sufficient adverse impact to have his claims considered on the merits?

If the Court did, it is clear that Gordon would prevail. There is no question that Gordon has made it crystal clear to the Defendants that he wants them to stop sending him commercial email. Even if the Court ignores Gordon's repeated requests as set forth in his sworn declarations, this entire lawsuit is irrefutable evidence that the Defendants are on notice that Gordon has made such a request. The Defendants are highly sophisticated multi-million dollar corporations. In the face of this litigation, it is simply inconceivable that the Defendants could have failed to note that Gordon doesn't want their commercial email. Thus, there is no question whatsoever that the Defendants have both actual and constructive notice that Gordon doesn't want their spam.

CAN SPAM contains a clear prohibition against sending commercial email to a party who has asked to be left alone. 15 USC 7704(a)(4). Yet the Defendants continue to send Gordon commercial email to this day, on a daily basis. (See Gordon Declaration)

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR ATTORNEY FEES
 -3
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

Since the Court has ruled that Gordon's receipt of this commercial email is an insufficient "adverse impact" to give Gordon standing to do anything about the Defendants' ongoing conduct under the Act, Gordon is effectively powerless to stop these ongoing commercial emails. Gordon can only imagine the howls of laughter the Defendants enjoy each and every day at Gordon's expense, as they send Gordon additional commercial email knowing that their conduct, while plainly contrary to CAN SPAM, is nevertheless completely insulated from any redress by Gordon as a result of this Court's May 15 ruling.

The awarding of attorney's fees is a matter for the District Court's discretion. To guide that discretion, the Supreme Court endorsed the non-exclusive list employed by the Third Circuit in *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986) (the so-called "Lieb factors"). *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534, n.19, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). The list includes "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Id. Examining these factors in order plainly indicates that it would be an abuse of the Court's discretion to grant the Defendants attorney fees.

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES -4
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

**Frivolousness**

As stated by the Court, it never reached the merits of Gordon's CAN SPAM complaint. Accordingly, Gordon's claims cannot possibly be termed "frivolous." Further, it is plain that if the Court had examined Gordon's CAN SPAM claims on the merits, Gordon would have prevailed. In addition to the other substantive claims, including, but not limited to the "From" name argument asserted in Gordon's motion for partial summary judgment, and deceptive subject line claims, Gordon has repeatedly asked the Defendants to stop sending Gordon commercial email. The Defendants were and are on actual notice that Gordon wanted them to stop sending Gordon commercial email. CAN SPAM contains a clear prohibition against sending commercial email to a party who has asked to be left alone 15 USC 7704(a)(4). Despite Gordon's repeated requests, and the Defendants actual notice of those requests, the Defendants continue to send Gordon commercial email on a daily basis (See Gordon Declaration herewith). For Gordon to bring this suit under these conditions cannot be considered "frivolous."

Nor was it frivolous for Gordon to assume he had standing to bring this suit based on his status as an "Internet Access Service." As discussed above, the Court itself agreed that Gordon was an "Internet Access Service" under a plain reading of the definition at 15 USC 7702(11) and 47 USC 231(e)(4). The Court also agreed that Gordon had suffered an "adverse impact." The Court's rationale for denying standing thus required the Court to reach into the legislative history to make a determination that Congress intended something more than an "adverse impact." The Court then concluded that

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES -5
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

1  Gordon was required to show "ISP- or IAS-specific burdens," that these be burdens be
2  "significant" and held that Gordon had not done so. (Court's May 15, 2007 Order, Dkt.
3  121, pg. 13, lines 12-13).  However, had Gordon known in advance that the Court would
4  apply this more stringent standard, Gordon easily could have established that he had
5  experienced "ISP- or IAS-specific burdens" and that the cost of these burdens were
6  "significant." (See Gordon Declaration herewith)  For example, the record plainly reflects
7  that due to a continually escalating avalanche of spam, Gordon was forced to migrate
8  his service from a shared server to a dedicated server.  Had Gordon known that the
9  Court would apply this standard in advance, all Gordon would have had to do to meet it
10 is to point out to the Court that this forced migration entailed additional costs.  However,
11 the point is not to re-litigate the Court's prior ruling.  The point is simply that Gordon's
12 assumption that he had standing to bring his suit was based on a good faith, and
13 reasonable interpretation of the statutory language.  The Court ultimately interpreted
14 that language to be more stringent.  Gordon's complaint cannot be considered
15 "frivolous" merely because he lacked the omniscience to know in advance that the Court
16 would adopt this more stringent standard, and thus an award of attorney fees is
17 unwarranted based upon frivolousness.

19 Moreover, as the Court has noted, and as Gordon readily acknowledges, Gordon has
20 brought numerous other lawsuits attempting to enforce both Federal and State anti-
21 spam statutes.  In each and every case in which Gordon's standing as an IAS under
22 Can-Spam was challenged, other courts have found in Gordon's favor, confirming his
23 status, on the facts as pled, as an IAS.  In its decision herein the Court specifically

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR ATTORNEY FEES
 -6
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

noted one such decision by the Eastern District Court of Washington *Gordon v Impulse Marketing, et al.* where that Court, ruling on a challenge to Gordon's status as an IAS ruled in Gordon's favor. Thus, there was certainly nothing frivolous, or otherwise unreasonable in Gordon's belief that he did have standing as an IAS to bring this action.

## Motivation

Gordon's motivation was to stop the Defendants from sending him spam. He filed his lawsuit after a long and extended effort to stop the spam without resorting to litigation. Unfortunately, that effort failed. The reasons that effort failed are best illustrated by the fact that the Defendants are still sending spam to Gordon. (See Gordon Declaration herewith) Unless the Court is willing to say that Gordon's simple desire to be left alone is an insufficient basis to bring an action when all else has failed, Gordon's motivation for bringing the suit does not support an award of attorney fees.

## Objective Unreasonableness

In both the factual and the legal components of the case, Gordon's position is entirely reasonable. Factually, the Defendants were sending spam to Gordon despite his requests that they stop. As noted above, they are legally required to do so under the Act. The questions of standing are, at best, very close questions of first impression that required the Court to review the legislative history to make a determination of Congressional intent. Thus, in no sense was Gordon's lawsuit "objectively

PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR ATTORNEY FEES
-7
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

unreasonable" either factually or legally, and Gordon's reasonableness in bringing the suit does not support an award of attorney fees.

### The Need to Advance Considerations of Compensation and Deterrence

As with the analysis of Gordon's motivation, considerations of compensation and deterrence do not support an award of attorney's fees.  Gordon's intent was to stop the Defendants from sending him spam.  He filed his lawsuit only after a long and extended effort to stop the spam without resorting to litigation.  Sadly, the Defendants are still sending spam to Gordon.  Unless the Court is willing to say that it is the Court's job to deter Gordon from seeking redress in the Courts against a party who refuses to leave Gordon alone, considerations of compensation and deterrence do not support an award of attorney's fees.

### Conclusion

In light of the foregoing an award of attorney fees to Defendants is not warranted and would create a manifest injustice.  Consequently, Defendants' Motion should be denied.

**RESPECTFULLY SUBMITTED** this 2nd day of July, 2007.

DOUGLAS E. MCKINLEY, JR                    i.Justice Law, P.C.
Attorney at Law

/S/ Douglas E. McKinley, Jr.               /S/ Robert J. Siegel
Douglas E. McKinley, Jr., WSBA #20806      Robert J. Siegel, WSBA #17312
Attorney for Plaintiffs                    Attorney for Plaintiffs

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES -8
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2007, I electronically filed the subjoined pleading with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Attorneys for Defendants: Derek A. Newman, Newman & Newman, Michael Geroe.

/s/ Robert J Siegel
Robert J. Siegel, WSBA
WSBA #17312
ATTORNEY FOR PLAINTIFFS

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEY FEES -9
GORDON v. VIRTUMUNDO, INC., ET AL

i.Justice Law, PC
1325 Fourth Ave., Suite 940
Seattle, WA 98101
Phone: 206-304-5400
Fax: 206-624-0717